IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARABELLA PH 3201 LLC, ET AL | § | |
| PLAINTIFFS. | § | |
| VS. | § | 4:26-cv-09592 |
| ALAN D. ROSEN, ET AL | § | |
| DEFENDANTS. | § | |

# RECEIVER TRAVIS VARGO'S MOTION TO DECLARE ALI CHOUDHRI A VEXATIOUS LITIGANT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Travis Vargo, State Court Appointed Receiver ("Receiver") and shows the Court as follows:

## SUMMARY

1. Texas Courts maintain an online list of vexatious litigants at https://www.txcourts.gov/judicial-data/vexatious-litigants/ per Tex. Civ. Prac. & Rem. Code § 11.001 *et seq*. The "evident purpose of the statute is to make it possible for courts to control their dockets rather than permitting them to be burdened with repeated filings of frivolous and malicious litigation by litigants without hope of success."[1] A Court's finding that a *pro se* party belongs on that list is more than a scarlet letter—a vexatious litigant may be required to submit its *pro se* filings to the local administrative judge for a pre-filing determination of whether the claims have merit and are not for the purposes of harassment or delay. The Court may also require a bond. Ali Choudhri should be on that list.

## LEGAL STANDARD

2. "State sanctions rules therefore apply to pleadings filed in state court before the case is

[1] *In re Douglas*, 333 S.W.3d 273, 284 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

removed." *Frank v. Wells Fargo Bank*, No. 4:22-cv-00065, 2023 U.S. Dist. LEXIS 134914, at *15 (S.D. Tex. 2023) (applying Tex. Civ. Prac. & Rem. Code § 11.001 *et seq*, the vexatious litigant statute, to a removed case). This Court has the authority to declare that Mr. Choudhri is a vexatious litigant under § 11.001 *et seq*.

3. Tex. Civ. Prac. & Rem. Code § 11.001 *et seq* controls. It permits a defendant[2] to move the trial court for a finding that a plaintiff is a vexatious litigant on three grounds: (1) repeated unsuccessful *pro se* litigations; (2) repeated *pro se* relitigations of issues they already lost; and (3) prior declarations of vexatious litigants by other courts. This motion moves on the first and second grounds only; at this time, Receiver is not aware of any other courts stating that Mr. Choudhri is a vexatious litigant. Receiver is however aware of other court's orders stating that Mr. Choudhri is a "liar and a forger".

> This Court now has a long history with Ali Choudhri. This Court has held that his truth and veracity are questionable in prior proceedings in this case. The Court after hearing finds again that
>
> [2] Case No. 20-32564, Stage Stores, Inc.
>
> 2 / 3
>
> Case 23-34815 Document 717 Filed in TXSB on 09/09/24 Page 3 of 3
>
> his truth and veracity are questionable, unfortunately entirely questionable. He did not appear for this hearing, claiming again, falsely, that he was ill.[3] The Court understands his failure to appear, as the only witnesses before the Court testified that Choudhri was of questionable conduct and created false documents. There are questions that Choudhri does not want to answer and if he had appeared, the Court would have forced him to answer them. The Court believes that Choudhri is a forger and a liar, but he at least is smart enough to avoid a Court hearing where he would be forced to testify and face what is now very evident to this Court.

[2] Receiver is a Defendant within the meaning of the statute. *See* Tex. Civ. Prac. & Rem. Code § 11.001(a). Receiver intervened into the state court action and is not named as a Defendant in the original petition, but the Plaintiffs expressly seek relief against the Receiver. *See* Petition ¶ 83 ("Plaintiffs therefore seek a declaration that the Receiver has no authority to take possession of the Property, that the July 28, 2026 Order is void as to Arabella PH 3201 LLC and as to the Property, and that Defendant [Constable Alan Rosen] may not lawfully execute any writ or process against the Property."). Plaintiffs also filed a motion requesting relief against Receiver. Docket 6.

Exhibit 1, 23-34815, Order Disallowing Proof of Claim and Referral to United States Attorney, 23-34815, *In re Galleria 2425 Owner LLC*, in the Southern District of Texas, Houston Division, Judge Jeffrey Norman.

4. Chapter 11 defines some terms. Relevant here are: "'Plaintiff' means an individual who commences or maintains litigation pro se". § 11.001(5). "'Litigation' means a civil action commenced, maintained, or pending in any state or federal court." § 11.001(4). "Defendant" means a personal or governmental entity against whom a plaintiff commences or maintains or seeks to commence or maintain a litigation."

5. Under § 11.054(1), a plaintiff is vexatious if

> "the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been:
> (A) finally determined adversely to the plaintiff;
> (B) permitted to remain pending at least two years without having been brought to trial or hearing; or
> (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;"

6. Under § 11.054(2), a plaintiff is vexatious if

> "after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:
>
> (A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or
>
> (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined;"

7. Mr. Choudhri qualifies under either standard.

8. If the Court finds a plaintiff to be vexatious, it may order the plaintiff to post security for "the moving defendant's reasonable expenses incurred in or in connection with a litigation

commenced, caused to be commenced, maintained, or caused to be maintained by the plaintiff, including costs and attorney's fees." § 11.055.

9. The Court may also enter an order that the vexatious litigant obtain pre-filing authorization from the local administrative judge. §§ 11.101, 11.102. The local administrative judge may only grant permission to the vexatious litigant to file new litigation *pro se* if the judge finds the new litigation has merit and is not been filed for the purposes of harassment or delay. § 11.102(d). The local administrative judge may also require the *pro se* vexatious litigant to furnish security. § 11.102(e).

**THERE IS NOT A REASONABLE PROBABILITY THAT CHOUDHRI WILL PREVAIL IN THIS LITIGATION.**

10. The statute requires a finding that Mr. Choudhri is not likely to prevail on the merits of this case. § 11.054(a). This is satisfied because Mr. Choudhri already brought this case once and lost.

11. Mr. Choudhri's live petition in this case is the Original Petition filed on September 2, 2026. His causes of action are (a) a request for a declaratory judgment that the Penthouse is his homestead (Petition ¶¶ 64-69); (b) wrongful execution of a writ of possession (¶¶ 70-73); (c) violation of constitution rights (¶¶ 74-76); (d) "threatened conversion of personal property" (¶ 77-79); (e) declaratory judgment that the writ not be executed as to the Penthouse because Arabella owns it (¶¶ 80-83); (f) "ultra vires – prospective relief" (¶¶ 84-88).[3] Mr. Choudhri also requests temporary and permanent injunctive relief (¶¶ 89-107).

12. This case is a virtual carbon copy of 2026-59605, *Ali Choudhri v. Alen Rosen*, in the District Court of Harris County, Texas, 127th Judicial District. In that case, Mr. Choudhri asserted

[3] "It is well recognized that a trial court may take judicial notice of its own records in a cause involving the same subject matter between the same, or practically the same, parties." In re A. M., No. 01-22-00689-CV, 2023 Tex. App. LEXIS 1601, at *16 (Tex. App.—Houston [1st Dist.] Mar. 14, 2023, no pet.). The Court may take judicial notice of the live pleadings in this case.

the same four first causes of action: (a) a request for a declaratory judgment that the Penthouse is his homestead (Exhibit 2, Petition, ¶¶ 23-27); (b) wrongful execution of a writ of possession (*id.* ¶¶ 28-31); (c) violation of constitution rights (*id.* ¶¶ 32-34); (d) conversion (*id.* ¶¶ 35-37). Exhibit 2. He also requested a temporary restraining order with virtually verbatim language as he does in this case. *Cf. id.* ¶¶ 38-47 *with* Petition ¶¶ 89-97). *Id.* He is relitigating what he has lost already—there is no probable right to relief.

13. To be clear, Mr. Choudhri already lost whether any court other than the 333rd, the Honorable Randy Wilson presiding, has authority to enjoin writs out of that court. *Corea v. Bilek*, 362 S.W.3d 820, 827 (Tex. App.—Amarillo 2012, no pet.) ("Texas courts have previously held that dismissing a case for lack of personal jurisdiction precludes relitigation of the jurisdictional issues that were actually litigated and essential to the dismissal."). Judge Brown's order in 2026-59605 literally states the court lacks jurisdiction:

**ORDER DISSOLVING TEMPORARY RESTRAINING ORDER**
**AND DISMISSING CASE**

On this day, the Court heard Intervenor's (Receiver Travis Vargo) Emergency Motion to Dissolve Temporary Restraining Order. The Court hereby GRANTS the motion. It is therefore

ORDERED, that the Temporary Restraining Order in this case signed on August 21, 2026, is hereby DISSOLVED.

It is further ORDERED that Plaintiff's requests for temporary injunction AND permanent injunction are both DENIED and Plaintiff's claims are DISMISSED for lack of jurisdiction.

This is a final and appealable order

DATE: Signed: 9/1/2026

Presiding Judge

Exhibit 3 (order of dismissal).

14. That order is *res judicata* on whether any court, other than the 333rd District Court, Judge Randy Wilson presiding, has the jurisdiction to issue an injunction to stop the writ of possession. Mr. Choudhri had no chance of prevailing on his claims at all when this case was filed.

15. To anticipate an argument, Mr. Choudhri is going to say that this case was transferred over to Judge Wilson on September 16, 2026. Yes, but Judge Wilson already litigated whether the writ of possession should be issued, and then there was an entire separate oral hearing on the motion to reconsider that order, which was denied. The entire reason Mr. Choudhri is running to other courts for relief is because the 333rd District Court is clearly of the opinion that the writ should be executed. There is no probability at all that he prevails on the merits in this case. The Receiver incorporates by reference its filings on the Penthouse issues in the other cases attached as Exhibit 4. In short summary, the Receiver has demonstrated to this Court through admissible evidence that the Penthouse is owned by a defunct Wyoming LLC that in turn is owned by Mr. Choudhri—the Penthouse is not his homestead because he cannot have homestead rights to property he does not own. And the Receiver can reach the LLC assets through the *WC 4th and Colorado* line of cases.

**MR. CHOUDHRI IS VEXATIOUS UNDER § 11.054(1) FOR THE VOLUME OF UNSUCCESSFUL *PRO SE* LITIGATIONS HE HAS BROUGHT SINCE 2019.**

16. Mr. Choudhri vexatiously brought at least twelve litigations in the past seven years:

i. **19-DCV-262281, *Azhar Chaudray v. George Lee*, in the District Court of Fort Bend County, Texas, 268th Judicial District**. Mr. Choudhri intervened *pro se* into this case on May 16, 2024.[4] His intervention was struck on June 3, 2024.[5]

ii. **2021-63370, *Galleria 2425 Owner LLC v. National Bank of Kuwait SAKP, New York Branch*, in the District Court of Harris County, Texas, 281st Judicial District.** Mr.

[4] Exhibit 5.
[5] Exhibit 6.

Choudhri intervened *pro se* on July 18, 2022.[6] He nonsuited his claims on September 1, 2022.[7]

iii. **23-03263, *Galleria 2425 Owner LLC v. National Bank of Kuwait SAKP, New York Branch et al*, in the Bankruptcy Court, Southern District of Texas.** This case began as 2023-22748, in the District Court, Harris County, Texas, 281st Judicial District. Mr. Choudhri intervened *pro se* on November 29, 2023.[8] This case was removed on December 18, 2023[9] and then closed in March 2026 without Mr. Choudhri obtaining any relief at all.[10]

iv. **14-24-00354-CV, *in re Ali Choudhri*, in Court of Appeals for the Fourteenth District of Texas.** This mandamus proceeding was brought by Mr. Choudhri *pro se* on May 20, 2024[11] and denied by the 14th Court of Appeals on that very same day.[12]

v. **24-03224, *Mokaram-Latif West Loop Ltd. v. Ali Choudhri*, in the Bankruptcy Court for the Southern District of Texas.** This was the first attempted removal of the A-Case by Mr. Choudhri, filed through counsel on November 4, 2024.[13] Mr. Choudhri appeared for himself *pro se* at the December 2, 2024 hearing on the Motion to Remand.[14] The Court remanded the case that day.[15]

vi. **24-03225, Mokaram-Latif West Loop Ltd. v. Ali Choudhri, in the Bankruptcy Court for the Southern District of Texas.** This is the first attempted removal of the D-Case by Mr. Choudhri, also filed through counsel on November 4, 2024.[16] Mr. Choudhri appeared for himself pro se at the December 2, 2024 hearing on the Motion to Remand.[17] The Court remanded the case that day.[18]

vii. **25-90797, *in re Ali Choudhri*, in the Bankruptcy Court, Southern District of Texas.** Ali Choudhri filed this Chapter 11 bankruptcy *pro se*[19] on December 5, 2025. It was dismissed on December 19, 2025.[20] Mr. Choudhri appeared again *pro se* on October 13,

---

[6] Exhibit 7.

[7] Exhibit 8. Nonsuits count for purposes of the statute. *Copeland v. MIC Gen. Ins. Corp.*, No. 05-21-01009-CV, 2023 Tex. App. LEXIS 2212, at *7 (Tex. App.—Dallas Apr. 5, 2023, no pet.) ("A dismissal, however, is an adverse determination for purposes of section 11.054(1)(A) … An action which is ultimately dismissed by the plaintiff, with or without prejudice, is nevertheless a burden on the target of the litigation and the judicial system, albeit less of a burden than if the matter had proceeded to trial. A party who repeatedly files baseless actions only to dismiss them is no less vexatious than the party who follows the actions through to completion. The difference is one of degree, not kind.")

[8] Exhibit 9.

[9] Exhibit 10.

[10] Exhibit 11.

[11] Exhibit 12. For purposes of the vexatious litigant statute, "a person who seeks mandamus relief commences a civil action in the appellate court." *Beasley v. Soc'y of Info. Mgmt.*, No. 05-19-00607-CV, 2020 Tex. App. LEXIS 6998, at *24-25 (Tex. App.—Dallas Aug. 28, 2020, pet. denied).

[12] Exhibit 13.

[13] Exhibit 14.

[14] Exhibit 15 3:17-18.

[15] Exhibit 16.

[16] Exhibit 17.

[17] Exhibit 15 3:17-18.

[18] Exhibit 16.

[19] Mr. Choudhri signed the petition, and his purported attorney did not. *See* Exhibit 18 pgs. 6-7.

[20] Exhibit 19.

2026 seeking a show cause order.[21] That motion was denied the next day, on October 14, 2026.[22]

viii. **1285136, *Ali Choudhri v. Arabella PH 3201 LLC*, in the County Court at Law No. 4, Harris County, Texas.** On August 24, 2026 Mr. Choudhri sued *pro se* an entity he owns, Arabella PH 3201 LLC, on a sham claim for adverse possession.[23] It was dismissed for lack of subject matter jurisdiction on October 19, 2026.[24] He has moved for a new trial. That motion is pending as of this filing.

ix. **26-03644, *Mokaram-Latif West Loop, Ltd., et al v Ali Choudhri et al*, in the Bankruptcy Court, Southern District of Texas, Houston Division.** This was a removal of the A-Case filed on September 13, 2026. Mr. Choudhri appeared *pro se*.[25] This case was terminated when it was remanded on October 16, 2026.[26]

x. **26-32580, *In re MCITBE LLC*, in the Bankruptcy Court for the Northern District of Texas.** Ali Choudhri has appeared pro se in this case multiple times. On August 27, 2027, he filed a *pro se* objection to a motion for relief from stay.[27] Then, on October 7, 2026, Mr. Choudhri filed *pro se* a joint objection with the Debtor to oppose dismissal of the bankruptcy case.[28] Mr. Choudhri appeared *pro se* at the hearing on October 15, 2026.[29] The bankruptcy was dismissed with prejudice on October 19, 2026.[30] Following the dismissal, Mr. Choudhri acting *pro se* joined with MCITBE, LLC requesting that the Bankruptcy Court reconsider her dismissal order.[31] Mr. Choudhri acting *pro se* also joined with the MCITBE, LLC seeking a stay of the dismissal order pending appeal.[32] Both motions were denied.[33]

xi. **2026-59605, *Ali Choudhri v. Alan Rosen*, in the District Court, Harris County, Texas, 333rd Judicial District.** Mr. Choudhri filed this proceeding *pro se* on August 20, 2026; he sought to enjoin the Harris County Constable from executing a writ of possession.[34] This case was dismissed for lack of subject matter jurisdiction on September 1, 2026.[35]

xii. **01-26-00895-CV, *in re Ali Choudhri,* in the Court of Appeals for the First District of Texas.** Mr. Choudhri brought this mandamus proceeding *pro se* on September 2, 2026 seeking reinstatement of the case dismissed the previous day (2026-59605, *Ali Choudhri*

[21] Exhibit 20.
[22] Exhibit 21.
[23] Exhibit 22.
[24] Exhibit 23.
[25] Exhibit 24.
[26] Exhibit 25.
[27] Exhibit 26.
[28] Exhibit 27.
[29] Exhibit 28 pg. 4 (docket entry).
[30] Exhibit 29.
[31] Exhibit 36
[32] Exhibit 37
[33] Exhibit 38
[34] Exhibit 30.
[35] Exhibit 31.

*v. Alan Rosen*, in the District Court, Harris County, Texas, 333rd Judicial District).[36] Mandamus was denied on September 9, 2026.[37]

17. § 11.054(1) requires only five *pro se* litigations that terminated adversely to Choudhri to support a finding that he is a vexatious litigant. This motion identifies twelve such litigations. This is not a close call. The Court should enter a finding that he is a vexatious litigant, and order that he be required to post security for this cause of action, and order that all of his future *pro se* filings are subject to a pre-filing review.

**MR. CHOUDHRI IS VEXATIOUS UNDER § 11.054(2) FOR REPEATEDLY RELITIGATING ISSUES ON WHICH HE HAS ALREADY LOST.**

18. As argued above, this case is an example of an instance where Mr. Choudhri is bringing back litigation on claims that he already lost. In the three cases against Constable Rosen alone, there have been **nine** oral hearings on whether to stop the writ of possession. The only time Mr. Choudhri prevailed was on August 21, 2026, in an *ex parte* hearing that the Receiver was not allowed to participate in. Here is the list of oral hearings in state court:

**2026-59605, Ali Choudhri v. Alan Rosen (prior case)**

| | | |
|---|---|---|
| August 21, 2026 | Temporary Restraining Order | Granted *ex parte*[38] |
| August 26, 2026 | Temporary Restraining Order | Denied |
| September 14, 2026 | Motion to Vacate Dismissal and for Interim Relief | Denied |

**This case**

| | | |
|---|---|---|
| September 2, 2026 | Temporary Restraining Order | Denied |
| September 10, 2026 | Temporary Restraining Order | No Ruling |
| September 14, 2026 | Temporary Injunction | Passed (Bankruptcy) |
| October 14, 2026 | Temporary Restraining Order | No Ruling |

[36] Exhibit 32.
[37] Exhibit 33.
[38] Exhibit 35.

**2026-79990, Ali Choudhri v. Travis Vargo and Alan Rosen**

| | | |
|---|---|---|
| October 23, 2026 | Temporary Restraining Order | No Ruling[39] |
| October 26, 2026 | Temporary Restraining Order | Denied.[40] |

19. While all that was occurring in state court, Mr. Choudhri brought a mandamus proceeding in the First Court of Appeals (01-26-00895-CV), where again he litigated whether the 127th Court could enter orders to restrain writs out of the 333rd Judicial District Court of Harris County. *See* Exhibit 24 pg. 7 (Issue 5 is "Whether dismissal rested on an erroneous construction of Texas Civil Practice and Remedies Code § 65.023(b)"). The appellate court denied mandamus on September 9, 2026, and then Mr. Choudhri filed a motion for rehearing on September 25, 2026—again, all of this *pro se*—which was denied on October 2, 2026.

20. So, from August 19, 2026—the date the motion for reconsideration was denied in the A-Case— until October 2, 2026, Mr. Choudhri *pro se* initiated three litigations and had nine hearings all on the same issue. On this single issue alone, Mr. Choudhri has been told "no" by Judge Denise Brown, by Judge Tracy Good, by Judge Michael Gomez, by Chief Justice Terry Adams, by Justice Andrew Johnson, and by the late Justice Kristin Guiney, and of course by the 333rd Judicial District Court. He cannot take "no" for an answer. In other contexts, his conduct might be called tenacious. But here, the waste of judicial resources is enormous, and the word to call his conduct is vexatious.

## REMEDY

21. Section 11.055 requires that a Court order a vexatious litigant to furnish security "to assure payment to the moving defendant of the moving defendant's reasonable expenses incurred in or in connection with a litigation commenced, caused to be commenced, maintained, or caused to be maintained by the plaintiff, including costs and attorney's fees." Here, the litigation is over the

[39] At the hearing, Mr. Choudhri objected to visiting Judge Fredericka Phillips.
[40] Exhibit 34.

Penthouse. Mr. Choudhri lists the Penthouse for sale for $4,499,000.00. The Court should set this as the bond amount.

22. Section 11.101 also permits the Court to enter an order that prevents Mr. Choudhri from filing new litigations in Texas state court without the permission of the local administrative judge. The Court should impose this restriction on Mr. Choudhri.

23. Section 11.104 requires that the Office of Court Administration publish a list of vexatious litigants on its website. Mr. Choudhri's name should be added to that list.

**PRAYER**

Wherefore, premises considered, Receiver respectfully prays that the Court enter an order declaring that Ali Choudhri is vexatious, for all other relief, in law and in equity, as is just.

Respectfully submitted,

Luttrell + Carmody Law Group
One International Centre
100 N.E. Loop 410, Suite 615
San Antonio, Texas 78216
Tel. 210.426.3600
luttrell@lclawgroup.net

By: *<u>/s/ Leslie M. Luttrell</u>*
Leslie M. Luttrell
State Bar No. 12708650

**ATTORNEYS FOR TRAVIS B. VARGO, COURT-APPOINTED RECEIVER**

## CERTIFICATE OF SERVICE

I do hereby certify that on the 5th day of November 2026, I caused a copy of the foregoing instrument to be served on the following through the Court's ECF System.

Ali Choudhri
4521 San Felipe St. #3201
Houston, Texas 77027
Email: ali@jetalcapital.com

Courtney Ann Vincent
Vincent Law, PLLC
1035 Dairy Ashford, Suite 145
Houston, TX 77079
Email: info@vincentlawpllc.com

Brian Joseph Hrach
1010 Lamar St., 11th Floor
Houston, TX 77002
Email: brian.hrach@harriscountytx.gov

Daniel Hu
Harris County Attorney
1010 Lamar
Houston, TX 77002
Email: daniel.hu@harriscountytx.gov

Felipe Silvestre Guevara
Office of the Harris County Attorney
Affirmative and Special Litigation
1010 Lamar St., 11th Floor
Houston, TX 77002
Email: felipe.guevara@harriscountytx.gov

*/s/ Leslie M. Luttrell*
Lesie M. Luttrell