# EXHIBIT 2

8/20/2026 11:28 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 118914950
By: Bernitta Barrett
Filed: 8/20/2026 11:28 PM

2026-59605 / Court: 127

CAUSE NO. ____________________

| | | |
|---|---|---|
| **ALI CHOUDHRI,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | **OF HARRIS COUNTY, TEXAS** |
| | § | |
| **ALAN ROSEN, CONSTABLE** | § | |
| **PRECINCT 1, HARRIS COUNTY** | § | |
| **Defendant.** | § | **______ JUDICIAL DISTRICT** |

**PLAINTIFF'S VERIFIED EMERGENCY ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT,

COMES NOW, ALI CHOUDHRI ("Plaintiff") and hereby files suit against Defendant, ALAN ROSEN, CONSTABLE PRECINCT NO. 1, HARRIS COUNTY ("Defendant") and in support thereof, respectfully avers as follows:

## I. DISCOVERY CONTROL PLAN

1. Pursuant to Tex. Civ. P. 190, Plaintiff intends to conduct discovery under Level 3. Pursuant to Tex. R. Civ. P. 47, Plaintiff seeks monetary relief over $5,000,000.00 but not more than $10,000,000.00. Plaintiff also seeks non-monetary relief in the form of injunctive relief. The damages sought are within the jurisdictional limits of the Court.

## II. EMERGENCY RELIEF REQUESTED

2. Plaintiff seeks emergency injunctive relief in the form of a temporary restraining order and temporary injunction and permanent injunction to enjoin Alan Rosen, Constable of Precinct 1 from taking the following action against Plaintiff's Constitutionally protected homestead: Executing a writ of possession against, seizing, attaching, levying upon, freezing, or

Certified Document Number: 128368410 - Page 1 of 14

otherwise interfering with the following described property located at 4521 San Felipe Street, #3201, Houston, Texas 77027 ("Property"):

> Unit 3201 and its appurtenant undivided interest in and to the general and limited common elements of ARABELLA CONDOMINIUMS, a condominium regime in the City of Houston, HARRIS County, Texas, created by and subject to that certain Amended and Restated Declaration of Arabella Condominiums dated September 30, 2015, recorded with, and as amended by, that certain First Amendment to Amended and Restated Declaration of Arabella Condominiums dated October 1, 2018, recorded October 5, 2018, as Document No. 216849 (Volume 216, Page 849) of the Condominium Records of Harris County, Texas, as referenced in Clerk's File No. RP-2018-459164 of the Official Public Records of Real Property of Harris County, Texas

3. Ali Choudhri has lived in Unit 3201 — the Arabella Penthouse — continuously since November 2021. He sleeps there. He eats there. He keeps his clothing and personal belongings there. He receives his mail there. He has no other home. Article XVI, Section 50(a) of the Texas Constitution provides that a homestead "shall be, and is hereby protected from forced sale." That protection is self-executing. It does not depend on a filing. It does not depend on a deadline. It arises from occupancy and intent.

4. The Texas Supreme Court in *Laster v. First Huntsville Properties Co.*, 826 S.W.2d at 130, holds that homestead protection requires only a "present possessory interest in the subject property." And *Inwood North Homeowners' Ass'n v. Harris*, 736 S.W.2d at 635, confirms that "homestead may attach to interest less than an unqualified fee simple title." Ali has a present possessory interest — that is undisputed.

## III. PARTIES

5. Plaintiff, Ali Choudhri, is an individual residing in in Harris County Texas.

6. Defendant, Alan Rosen, is the Harris County Constable for Precinct 1, who may be served at 1302 Preston, Ste. 301, Houston, Harris County, Texas 77002 or wherever he may be found.



Certified Document Number: 128368410 - Page 2 of 14

## IV. JURISDICTION AND VENUE

7. The amount in controversy is within the jurisdictional limits of this Court.

8. Venue is proper in this Court because the events upon which this suit is based occurred in Harris County and the Property at issue is in Harris County.

## V. BACKGROUND FACTS

### The Property at 4521 San Felipe St. #3201, Houston, Texas 77027.

9. Plaintiff's claims relate to the real property located at 4521 San Felipe Street, Unit 3201 (the "Penthouse" or "Property"), Houston, Texas 77027. The Property is a residential condominium unit in Harris County, Texas, and the recorded instruments identifying it are attached to this Petition as Exhibits A and B.

> Unit 3201 and its appurtenant undivided interest in and to the general and limited common elements of ARABELLA CONDOMINIUMS, a condominium regime in the City of Houston, HARRIS County, Texas, created by and subject to that certain Amended and Restated Declaration of Arabella Condominiums dated September 30, 2015, recorded with, and as amended by, that certain First Amendment to Amended and Restated Declaration of Arabella Condominiums dated October 1, 2018, recorded October 5, 2018, as Document No. 216849 (Volume 216, Page 849) of the Condominium Records of Harris County, Texas, as referenced in Clerk's File No. RP-2018-459164 of the Official Public Records of Real Property of Harris County, Texas

10. Ali Choudhri has resided continuously at 4521 San Felipe Street, Unit 3201 (the "Penthouse"), Houston, Texas 77027 since on or about November 2021 as his sole primary residence and homestead. He lives there, sleeps there, eats his meals there, keeps his personal belongings, clothing, furniture, and household items there, and receives his mail there. He has no other homestead.

11. The recorded chain of title begins with a General Warranty Deed from Anosh Ahmed to Arabella PH 3201 LLC, a Wyoming limited liability company, dated November 11, 2021, and recorded in the Official Public Records of Harris County, Texas on November 12, 2021, as Document No. RP-2021-654150.



Certified Document Number: 128368410 - Page 3 of 14

12. A General Warranty Deed (Exhibit B) purports to convey the Property from Anosh Ahmed to Ali Choudhri, acknowledged November 12, 2021, and recorded in the Official Public Records of Harris County, Texas on July 29, 2024, as Document No. RP-2024-272170.

13. A Correction General Warranty Deed (Exhibit A) corrects the grantor on the second deed from Anosh Ahmed to Ali Choudhri, so that the conveyance reads as a conveyance from Arabella PH 3201 LLC to Ali Choudhri rather than from Anosh Ahmed to Ali Choudhri. The Correction General Warranty Deed was executed March 4, 2026, is effective November 12, 2021, and was recorded March 5, 2026, as Document No. RP-2026-83776, pursuant to Texas Property Code Section 5.029.

14. Plaintiff is the fee-simple owner of the Property based on the recorded chain of title described above. At a minimum, and regardless of any dispute concerning the instruments, Plaintiff has a present possessory interest in the Penthouse and has continuously used it as his home since November 2021.

15. On October 23, 2023, a Final Judgment for $3,332,366.98 was entered against Choudhri in Cause No. 2012-27197-A, Mokaram-Latif West Loop, Ltd. v. Ali Choudhri, et al., in the 333rd Judicial District Court of Harris County, Texas.

16. Travis Vargo was appointed Court-Appointed Receiver pursuant to Amended Turnover Orders signed April 8, 2025, in the underlying receivership proceeding.

17. On July 28, 2026, the 333rd District Court signed an Order Granting Receiver's Motion for Writ of Possession, directing the clerk to "immediately issue a writ of possession ... to remove all occupants and personal property" from the Penthouse. The writ of possession was issued on August 6, 2026.



Certified Document Number: 128368410 - Page 4 of 14

18. On August 5, 2026, Choudhri filed a Motion for New Trial, an Emergency Verified Motion to Stay Enforcement, and a Notice of Appeal.

19. On August 19, Judge Wilson, on assignment in the 333rd District Court, denied the Motino for New Trial and Motion to Stay.

20. Now, Defendant Alan Rosen has scheduled execution of the writ of possession for August 20, 2026 at 9:30 a.m. Execution at that time would remove Choudhri from his home before the 333rd District Court has ruled on his pending motions.

21. The underlying judgment being enforced through the receivership is a general unsecured money judgment. It is not a purchase-money lien, a tax lien, a mechanic's lien, a home-equity loan, or any other type of encumbrance that permits forced sale of a homestead under Article XVI, Section 50(a) of the Texas Constitution.

22. The planned execution would dispossess Plaintiff from his sole primary residence and place his home and personal property at immediate risk before the underlying court can decide the pending motions. The threatened harm is imminent and is the reason emergency relief is necessary.

## VI. CAUSES OF ACTION

### A. COUNT I: DECLARATORY JUDGMENT — HOMESTEAD PROTECTION (TEX. CIV. PRAC. & REM. CODE CHAPTER 37)

23. Plaintiff incorporates by reference the allegations in paragraphs 7 through 19 as if fully set forth herein.

24. An actual and justiciable controversy exists concerning the nature and extent of Plaintiff's homestead rights and Defendant's authority to execute the writ against the Property. Under Chapter 37 of the Texas Civil Practice and Remedies Code, Plaintiff seeks a declaration of



Certified Document Number: 128368410 - Page 5 of 14

the parties' rights and legal relations under the Texas Constitution, Texas Property Code, and the writ of possession.

25. Plaintiff seeks a declaration that the Property is his constitutionally protected homestead under Article XVI, Section 50(a) of the Texas Constitution and Texas Property Code Section 41.001(a), and that the writ of possession may not be executed against homestead property to satisfy a general money judgment.

26. The homestead exemption is self-executing. It arises from actual occupancy and intent to claim the property as a homestead, not from the filing of a particular document. As the First Court of Appeals has held, "No specific writing is needed to claim a homestead exemption." *Hankins v. Harris*, 500 S.W.3d 140, 145 (Tex. App.—Houston [1st Dist.] 2016). Plaintiff's continuous occupancy of the Penthouse as his sole primary residence since November 2021 establishes both use and intent.

27. Homestead rights are liberally construed in favor of the claimant. *Heggen v. Pemelton*, 836 S.W.2d 145, 148 (Tex. 1992). "Homestead protection can arise only in the person or family who has a present possessory interest in the subject property." *Laster v. First Huntsville Properties Co.*, 826 S.W.2d 125, 130 (Tex. 1991). Homestead protection may attach to an interest less than an unqualified fee-simple title. *Inwood N. Homeowners' Ass'n v. Harris*, 736 S.W.2d 632, 635–36 (Tex. 1987). Plaintiff has both a claimed fee-simple interest and, at minimum, the present possessory interest and continuous residential use required by these authorities.

**B. COUNT II: WRONGFUL EXECUTION OF WRIT OF POSSESSION**

28. Plaintiff incorporates by reference paragraphs 7 through 24 as if fully set forth herein.



Certified Document Number: 128368410 - Page 6 of 14

29. Defendant is executing, or is preparing to execute, a writ of possession against the constitutionally protected homestead to satisfy and enforce a general money judgment. A general money judgment is not among the narrow exceptions to homestead protection listed in Article XVI, Section 50(a) of the Texas Constitution. The planned execution is therefore wrongful and beyond the lawful reach of the writ.

30. A forced sale of homestead property for a debt not specifically permitted by Article XVI, Section 50 is void, and "the purchaser receives no rights in the property." *Hankins v. Harris*, 500 S.W.3d 140, 145 (Tex. App.—Houston [1st Dist.] 2016). Defendant may not accomplish indirectly through dispossession, seizure, or execution what the Constitution forbids directly through a forced sale.

31. Choudhri has suffered, and will imminently suffer, actual damages from the wrongful execution, including loss of his home, displacement and threatened loss or damage to his personal property, and emotional distress.

## C. COUNT III: VIOLATION OF CONSTITUTIONAL RIGHTS (TEX. CONST. ART. XVI, § 50(a); ART. I, § 19)

32. Plaintiff incorporates by reference paragraphs 7 through 28 as if fully set forth herein.

33. Execution of the writ against Plaintiff's homestead violates Article XVI, Section 50(a) of the Texas Constitution, which provides absolute protection against forced sale for general debts except for the specifically enumerated encumbrances. The general unsecured money judgment at issue does not fall within those exceptions.

34. Execution also violates Article I, Section 19 of the Texas Constitution's due-course-of-law guarantee. Choudhri has pending motions for new trial and to stay enforcement, together with a notice of appeal, in the underlying proceeding, yet enforcement is proceeding



Certified Document Number: 128368410 - Page 7 of 14

before those matters have been resolved. Removing him and his property first would deprive him of a meaningful opportunity to preserve the status quo and obtain effective review.

**D. COUNT IV: CONVERSION**

35. Plaintiff incorporates by reference paragraphs 7 through 31 as if fully set forth herein.

36. If the writ of possession is executed, Defendant's agents will physically remove Choudhri's personal property—including furniture, clothing, personal belongings, and household items—from the Penthouse. The removal of that property from Plaintiff's constitutionally protected homestead, without his authorization and contrary to his right to possession, constitutes conversion.

37. Choudhri has the right to possess and control his personal property. Defendant's unauthorized exercise of dominion and control over that property, or permitting others to exercise such dominion and control, will be inconsistent with Choudhri's rights and will cause actual damages, including the loss of use, damage to, and possible destruction or conversion of the property.

## VII. APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION

38. Plaintiff incorporates by reference paragraphs 7 through 34 as if fully set forth herein.

39. Plaintiff seeks an order immediately restraining Defendant Alan Rosen, Harris County Constable Precinct 1, together with his agents, servants, employees, deputies, representatives, and all persons in active concert or participation with him who receive actual notice of the order, from directly or indirectly executing the writ of possession against, entering to seize, removing occupants or personal property from, attaching, levying upon, freezing, selling, or



Certified Document Number: 128368410 - Page 8 of 14

otherwise interfering with the Property located at 4521 San Felipe Street, Unit 3201, Houston, Texas 77027.

> Unit 3201 and its appurtenant undivided interest in and to the general and limited common elements of ARABELLA CONDOMINIUMS, a condominium regime in the City of Houston, HARRIS County, Texas, created by and subject to that certain Amended and Restated Declaration of Arabella Condominiums dated September 30, 2015, recorded with, and as amended by, that certain First Amendment to Amended and Restated Declaration of Arabella Condominiums dated October 1, 2018, recorded October 5, 2018, as Document No. 216849 (Volume 216, Page 849) of the Condominium Records of Harris County, Texas, as referenced in Clerk's File No. RP-2018-459164 of the Official Public Records of Real Property of Harris County, Texas

40. To obtain temporary injunctive relief, a party must plead and prove a cause of action, a probable right to relief on the merits, and a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Plaintiff has pleaded the four causes of action above and satisfies each required element as follows.

**A. PROBABLE RIGHT TO RELIEF ON THE MERITS**

41. Plaintiff has a probable right to relief because: (1) the Property is his constitutionally protected homestead under Article XVI, Section 50(a) of the Texas Constitution; (2) the underlying judgment is a general money judgment, not a constitutionally permitted encumbrance; (3) the homestead exemption is self-executing and arises from occupancy and intent, not from any filing, and Choudhri has occupied the Property continuously since November 2021; and (4) "homestead protection can arise only in the person or family who has a present possessory interest in the subject property," *Laster v. First Huntsville Properties Co.*, 826 S.W.2d 125, 130 (Tex. 1991). Choudhri has precisely such an interest.

**B. PROBABLE, IMMINENT, AND IRREPARABLE INJURY**

42. Absent immediate injunctive relief, Choudhri will be physically removed from his home of nearly five years tomorrow morning, August 20, 2026, at 9:00 a.m. His furniture, clothing, personal belongings, and household items will be removed from the Penthouse. Once that occurs,



Certified Document Number: 128368410 - Page 9 of 14

no subsequent ruling can restore the status quo. The injury is irreparable because: (1) loss of a homestead residence cannot be adequately compensated in money damages; (2) displacement of personal property creates a risk of loss, damage, or conversion; (3) disruption of Choudhri's settled domestic life cannot be undone; and (4) Choudhri has pending motions and an appeal in the underlying case that may result in vacatur or withdrawal of the writ, but those proceedings cannot provide relief if the writ is executed first.

**C. NO ADEQUATE REMEDY AT LAW**

43. Choudhri has no adequate remedy at law because: (1) money damages cannot restore him to his home; (2) the Property is unique because it is his sole residence and homestead; (3) execution of the writ will moot or substantially impair his pending motions and appeal in the 333rd District Court; and (4) the Texas Constitution guarantees homestead protection as a matter of right, not merely as a damages remedy. "It is not enough that there is some remedy at law, but that such remedy must be plain, adequate, or as practical and efficient to the ends of justice and its prompt administration as the remedy at equity." *Baucum v. Texan Oil Corp.*, 423 S.W.2d 434, 440–41 (Tex. Civ. App.—El Paso 1967, writ ref'd n.r.e.). The remedy must be practical, available, and effectual. *Id.*

**D. BALANCE OF EQUITIES**

44. The balance of equities strongly favors injunctive relief. Choudhri will lose his home if the writ is executed. Defendant will suffer no cognizable harm from a brief delay in execution: the Property will remain available and will not disappear while the Court determines whether the writ may lawfully be enforced, and Choudhri is willing to post bond. The public interest favors enforcement of constitutional homestead protections and preservation of the status quo while the underlying court considers the pending motions and appeal. Choudhri requests that



Certified Document Number: 128368410 - Page 10 of 14

any bond be set no higher than $100.00, or in such other amount and form as the Court deems appropriate.

**E. SPECIFIC FACTS SUPPORTING *EX PARTE* RELIEF (TEX. R. CIV. P. 680)**

45. Plaintiff seeks *ex parte* relief without notice because: (1) the writ of possession is scheduled for execution tomorrow morning, August 20, 2026, at 9:00 a.m.; (2) Plaintiff will suffer immediate and irreparable injury before notice can be given and a hearing can be held; and (3) Plaintiff, acting pro se, has been unable to confer with Defendant or Defendant's counsel because execution is imminent and there is insufficient time to do so.

46. Plaintiff, acting pro se, certifies that these specific facts demonstrate that immediate and irreparable injury will result to Plaintiff before Defendant can be heard. Plaintiff requests that the Court issue the temporary restraining order immediately and set the earliest practicable hearing on the temporary injunction.

47. After notice and hearing, Plaintiff requests a temporary injunction maintaining the restraint pending trial, and after trial on the merits, a permanent injunction granting the same relief. Plaintiff requests that the Court preserve the status quo until it can adjudicate the declaratory and other claims pleaded above.

## VIII. CONDITIONS PRECEDENT

48. All conditions precedent to Plaintiff's recovery have occurred or have been performed.

## IX. RULE 193.7 NOTICE

49. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff may enter into evidence at trial or any other proceeding during the pendency of this matter all documents produced to Plaintiff in response to discovery requests.



Certified Document Number: 128368410 - Page 11 of 14

## IX. PRAYER

50. Plaintiff, ALI CHOUDHRI, respectfully prays for the following relief against Defendant, ALAN ROSEN, CONSTABLE PRECINCT NO. 1, HARRIS COUNTY:

a. A temporary restraining order immediately restraining Defendant, and those acting in concert with him, from executing the writ of possession or removing Choudhri or any personal property from the Property;

b. A temporary injunction, after notice and hearing, maintaining the restraint requested above pending trial on the merits;

c. A permanent injunction, after trial on the merits, permanently enjoining the conduct described above;

d. A declaration under Chapter 37 of the Texas Civil Practice and Remedies Code that the Property is Plaintiff's constitutionally protected homestead under Article XVI, Section 50(a) of the Texas Constitution and Texas Property Code Section 41.001(a), and that the writ of possession may not be executed against it to satisfy the general money judgment;

e. Actual damages, including damages for loss of use of the homestead, displacement and loss or damage to personal property, emotional distress, and all other damages recoverable by law;

f. Exemplary damages as allowed by law;

g. Attorney's fees and costs, including all fees and costs recoverable under Chapter 37 and other applicable law;

h. All other and further relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

*/s/ Ali Choudhri*

Ali Choudhri
4521 San Felipe Street, #3201,
Houston, Texas 77027
281-630-6627
ali@jetallcapital.com

PLAINTIFF PRO SE

Certified Document Number: 128368410 - Page 12 of 14

# VERIFICATION

STATE OF TEXAS §
COUNTY OF HARRIS §

My name is Ali Choudhri. My address is 4521 San Felipe St. #3201, Houston, Texas 77027. I declare under penalty of perjury that the foregoing is true and correct. I am over the age of 18 and am competent to testify and make this Declaration. I have reviewed the attached Plaintiff's Original Petition and Application for Injunctive Relief and the facts contained therein are within my personal knowledge and are true and correct.

My name is Ali Choudhri. My birthdate is January 24, 1980 and my address is 4521 San Felipe St. #3201, Houston, Texas 77027. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, State of Texas, on August 20, 2026:

Ali Choudhri

August 20, 2026 | 5:50:47 PM CDT

Certified Document Number: 128368410 - Page 13 of 14

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 118914950
Filing Code Description: Petition
Filing Description: Petition
Status as of 8/21/2026 8:47 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ali Choudhri | | ali@jetallcapital.com | 8/20/2026 11:28:32 PM | SENT |

Certified Document Number: 128368410 - Page 14 of 14

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this October 22, 2026

Certified Document Number: 128368410 Total Pages: 14

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**