# EXHIBIT 4

6/12/2026 4:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 116103935
By: Jessica Pannell
Filed: 6/12/2026 4:50 PM

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd. Plaintiff, | § § § | IN THE DISTRICT COURT OF |
| V. | § § | HARRIS COUNTY, TEXAS |
| Ali Choudhri et al Defendants | § § | 333rd JUDICIAL DISTRICT |

**RECEIVER'S MOTION FOR WRIT OF POSSESSION, COMFORT ORDER, AND EXPUNGEMENT OF RECORDED DOCUMENTS RELATING TO <u>4521 SAN FELIPE ST #3201, HOUSTON, TEXAS</u>**

TO THE HONORABLE JUDGE RANDY WILSON:

Receiver Travis Vargo ("Receiver") respectfully shows:

**AMENDED RECEIVERSHIP ORDERS**

1. In March 2025, this Court (in the A-Case and D-Case) entered Orders Appointing Receiver and then amended them less than ten (10) days later to address issues relating to various Ali Choudhri ("Choudhri") bankruptcy cases. Tex. R. Evid. 201. The "Amended Receiver Orders" were signed April 8, 2025, and April 9, 2025, and were never appealed by Ali Choudhri.

2. Both Amended Receiver Orders expressly dispossessed Choudhri from management of the businesses he operates in favor of the Receiver. Receiver's control of the "Choudhri LLCs" was later confirmed and ratified by United States Bankruptcy Judges Parker and Bradley in the Western District of Texas as previously discussed and analyzed in *Receiver's Response to Plea in Intervention & Emergency Motion to Stay Enforcement of Receivership Orders and Application for Temporary Restraining Order and Temporary Injunction* filed on March 3, 2026 in the D-Case that resulted in the Court's Order signed March 12, 2026 striking the interventions of MCITBE LLC and Memorial Glen Cove LLC.

Certified Document Number: 127198494 - Page 1 of 11

3. An entity that is similarly situated to Memorial Glen Cove LLC and MCITBE LLC is Arabella PH 3201 LLC ("ARABELLA"). Arrabella is another "Choudhri LLC" under the Receiver's control per the Amended Receiver Orders:

> 9) "Choudhri LLC's" shall mean each limited liability company in which Choudhri owns a membership interest, including but not limited to the following, but excluding his interest in the Bankrupt LLCs (defined below):
>
> a. ARABELLA PH 3201 LLC
> b. 2727 Kirby 26L LLC
> c. 9201 Memorial Drive LLC
> d. 50BH Acquisition, LLC
> e. BDFI LLC

(Above is from the A-Case Amended Order; below is from the D-Case Amended Order)

> 16) "Choudhri LLC's" shall mean each limited liability company in which Choudhri owns a membership interest, including but not limited to the following, but excluding his interest in the Bankrupt LLCs (defined below):
>
> a) ARABELLA PH 3201 LLC
> b) 2727 Kirby 26L LLC
> c) 9201 Memorial Drive LLC
> d) 50BH Acquisition, LLC
> e) BDFI LLC

## THE 610 WEST LOOP PENTHOUSE

4. ARABELLA is the record owner the penthouse in the Arabella[1] high-rise located at 4521 San Felipe St. Houston, TX 77027 also known as:

---

[1] According to their website, the "Arabella is a striking luxury high-rise condominium that blends sophisticated design and premium urban convenience. Completed around 2017–2018, the building rises 33 stories and contains 99 residences, offering a relatively intimate yet prominently visible presence in the Uptown/River Oaks area. Residents enjoy hotel-style service including 24-hour concierge and valet parking, an indoor heated lap pool plus an outdoor pool and entertainment deck, a full fitness centre [sic], sauna and steam rooms, and even a pet salon and dog park. Situated just a few blocks from the upscale River Oaks District and a short walk to the Galleria shopping complex, its address offers both prestige and walkability." Taken from https://arabellacondominiums.com/. To see more pictures of the unit, go to: https://www.har.com/homedetail/4521-san-felipe-st-3201-houston-tx-77027/14850468.

Certified Document Number: 127198494 - Page 2 of 11

> Unit 3201, and its appurtenant undivided interest in and to the general and limited common elements of ARABELLA Condominiums, a condominium regime in the City of Houston, Harris County, Texas, created by and subject to that certain Amended and Restated Declaration of ARABELLA Condominiums dated September 30, 2015, recorded with, and as amended by, that certain First Amendment to Amended and Restated Declaration of ARABELLA Condominiums dated October 1, 2018, recorded October 5, 2018 as Document No. 216849 ( Volume 216, Page 849) of the Condominium Records of Harris County, Texas as referenced in Clerks File No. RP-2018-459164 of the Official Public Records of Real Property of Harris County, Texas (as may be further amended or supplemented, the "Declaration").

(hereinafter, the "Penthouse"). The deed vesting ARABELLA with title in the Penthouse is attached as Exhibit 1. Anosh Ahmed is the grantor. The Harris County Appraisal District values the property at $3,436,100.00. It is a 5,486 square foot, five bedroom, five and a half bath penthouse located on San Felipe, near 610. Here is a picture from a former listing of the Penthouse (red oval in original).



5. Here is a picture of its kitchen, from the same listing:

Certified Document Number: 127198494 - Page 3 of 11



6. And finally here is the floorplan:




Arabella - Penthouse 3201

Certified Document Number: 127198494 - Page 4 of 11

7. Choudhri has not turned over the Penthouse to Receiver. Receiver does not have access to the premises because it is protected by locks, a full-time security staff, and presumably an alarm. To avoid a situation involving law enforcement, Receiver moves for a peaceable solution, an Order of Possession.

8. This Court may issue writs of possession to secure real property that is the subject of a turnover receivership. *Byrom v. Penn*, No. 12-18-00335-CV, 2019 Tex. App. LEXIS 4505, at *4 (Tex. App.—Tyler May 31, 2019, pet. denied) (specifically overruling appellant's issue that court appointing receiver lacked jurisdiction to order eviction of property subject to receivership).

**TITLE CLOUDS FROM CHOUDHRI RECORDED DOCUMENTS**

9. To keep the Penthouse away from his creditor's, Choudhri recorded two (2) documents:

a. Harris County Clerk Document # RP-2024-272170, a document titled "*General Warranty Deed*" attempting to change the chain of title to avoid collections. The grantor is Anosh Ahmed, and the grantee is Ali Choudhri. It is attached as Exhibit 2. This deed dated November 12, 2021, but was recorded on July 29, 2024. Anosh Ahmed could not convey the penthouse to Ali Choudhri because he had already deeded it to Arabella in the deed attached as Exhibit 1.

b. Harris County Clerk Document # RP-2026-83776, a "*Correction General Warranty Deed*" recorded on March 5, 2026 that attempts to make changes to the chain of title. It attempts to change the grantor from the previous conveyance (Exhibit 2) from Anosh Ahmed to Arabella. It was signed by Ali Choudhri. It is attached Exhibit 3.

10. The two documents are nonsensical when read together, because Anosh Ahmed signed Exhibit 2, but Exhibit 3 states that the grantor of Exhibit 2 was supposed to be Arabella. Thus,

Anosh Ahmed would have signed a deed on behalf of Arabella, an entity he does not own. The documents are clearly part of an attempted scheme to change title to be held by Ali Choudhri, instead of his entity Arabella.

11. A debtor's attempt to transfer property in *custodia legis* is ineffective. *First S. Props., Inc. v. Vallone*, 533 S.W.2d 339, 341 (Tex. 1976) ("No one has the authority, even under a prior deed of trust or execution, to sell property held in custodia legis by a duly appointed receiver, unless the sale is authorized by the court in which the receivership is pending."). A trial court may relate the appointment of a receiver to an earlier event in the litigation, such as the filing of the petition for receiver, or the setting of a hearing to determine whether to appoint a receiver. *See Riesner v. Gulf, C. & S.F.R. Co.*, 89 Tex. 656, 661, (1896) (appointment of receiver may relate back to the filing of the application for receiver).[2] Here, the Court put the Penthouse in *custodia legis* on or about December 14, 2023 when the Court set the application to appoint receiver for hearing:

---

[2] A trial court may relate the appointment of a receiver to an earlier event in the litigation, such as the filing of the petition for receiver, <u>or the setting of a hearing to determine whether to appoint a receiver</u>. *See Riesner v. Gulf, C. & S.F.R. Co.*, 89 Tex. 656, 661, (1896) (appointment of receiver may relate back to the filing of the application for receiver). In *La Rue Holding Co. v. Essex*, a party filed a petition for receiver in Tarrant County on July 2, 1931, which was subsequently granted on July 16. 45 S.W.2d 319, 320 (Tex. Civ. App.—Fort Worth 1931, no writ). Other parties filed an application for receiver over the same property on July 15, 1931, in Smith County, which was granted on the same day. *Id.* at 320. The appellate court held that the court's jurisdiction attached at the time of filing, not when the application for receiver was granted. *Id.* at 322. "[N]otwithstanding that the [second] court had first appointed a receiver, the jurisdiction of the [first] court had attached to the property and subject-matter when the petition was filed, and the receiver in the [first] court had prior right of possession to the property; and [] the subsequent appointment of a receiver by the [first] court related back, so that it might be said that it was in constructive possession of the property from the time the action was commenced; and that where the declared purpose of an action in whole or in part is directed to specific property and a full accomplishment thereof may require jurisdiction, dominion, and control, jurisdiction of the property attaches at the beginning of the action." (discussing *McKinney v. Landon*, 209 F. 300 (8th Cir. 1913), *Carter-Mullaly Transfer Co. v. Robertson*, 198 S.W. 791, 793 (Tex. Civ. App. 1917, no writ) (appointment of receiver relates back to filing of petition), see also *Huffmeyer v. Mann*, 49 S.W.3d 554, 560 (Tex. App.—Corpus Christi 2001, no pet.) ("The appointment of the receiver relates back to the presentation of the application to the judge and his recognition of the same by setting it down for hearing.").

Unofficial Copy Office of

**Order**

Pending before this Court are two motions to appoint a receiver in the 2012-27197-D case and a motion for turnover and appointment of a receiver in the 2012-27197-A case. These motions will be heard on Friday December 22, 2023 at 9:00 a.m. in the 333rd courtroom. If the defendants wish to file a response, that response needs to be filed by 5:00 p.m. on Wednesday December 20, 2023.

In the meantime, in order to preserve the status quo, defendant Ali Choudhri is ordered to not sell, transfer, alienate, hypothecate, or otherwise encumber any real estate assets prior to the hearing without leave of court.

Signed December 14, 2023.

The hearing is re-set to Jan. 4, 2024 at 9:00 a.m. in the 333rd Courtroom.

[signature]
Judge Randy Wilson

The stay order in the second paragraph above remains in place until the hearing. Dec. 21, 2023 [signature]

This order is attached as Exhibit 4. Tex. R. Evid. 201.

12. Receiver moves that the Court declare RP-2024-272170 and RP-2026-83776 void because they were recorded after the Penthouse was in *custodia legis.*

13. Last, Receiver seeks a comfort order authorizing the retention of a realtor to market and sell the Penthouse, which will eliminate any disputes with other realtors hired by Ali Choudhri and/or the Texas Real Estate Commission.

**RECEIVERSHIP ASSETS ARE BEING WASTED**

14. Ali Choudhri has not paid the taxes on the Penthouse since 2023 and the balance due to Harris County taxing authorities is <u>$365,490.27, excluding collection fees</u>. Attached as Exhibit 5 and pictured below is the most recent tax statement for the Penthouse:

Certified Document Number: 127198494 - Page 7 of 11

# 2025 Property Tax Statement

Pay 2025 Property Tax Bill

| Account Number | Current As Of: | Assessed Owner |
|---|---|---|
| 140-440-023-0001 | June 01, 2026 | ARABELLA PH 3201 LLC<br>PO BOX 10219<br>JACKSON WY 83002-0219 |
| Supplement 01 | | |

| Property Description | Appraised Values | | Notes/Exemptions |
|---|---|---|---|
| 4521 SAN FELIPE ST 3201 77027<br>UNIT 3201<br>.0176 INT COMMON LAND & ELE<br>ARABELLA CONDO 8TH AMEND | Land - Market Value:<br>Impr - Market Value:<br>Total Market Value:<br>Less Capped Mkt Value:<br>Appraised Value: | 652,589<br>2,782,091<br>3,434,680<br>0<br>3,434,680 | Taxes under Judgment<br><br>Taxes in Litigation - Other Fees May Be Due Call 713-274-8000 for Final Balance |

| Taxing Jurisdiction | Exemption | Taxable Value | Tax Rate | Taxes |
|---|---|---|---|---|
| Houston ISD | 0 | 3,434,680 | 0.878300 | $30,166.79 |
| Harris County | 0 | 3,434,680 | 0.380960 | $13,084.76 |
| Harris County Flood Control Dist | 0 | 3,434,680 | 0.049660 | $1,705.66 |
| Port of Houston Authority | 0 | 3,434,680 | 0.005900 | $202.65 |
| Harris County Hospital District | 0 | 3,434,680 | 0.187610 | $6,443.80 |
| Harris County Dept. of Education | 0 | 3,434,680 | 0.004798 | $164.80 |
| Houston City College | 0 | 3,434,680 | 0.098802 | $3,393.53 |
| City of Houston | 0 | 3,434,680 | 0.519190 | $17,832.52 |

| | | |
|---|---|---|
| **Total 2025 Taxes Due by January 31, 2026:** | | **$72,994.51** |
| **Payments applied to 2025 taxes:** | | **$0.00** |
| **Total Current Taxes Due:** | | **$96,535.25** |
| **Prior year(s) taxes due (if any):** | **2022 - 2024** | **$268,955.02** |
| **Total Amount Due For June 2026:** | | **$365,490.27** |

| Penalties for Late Payments | Rate | Current | Delinquent | Total |
|---|---|---|---|---|
| By February 28, 2026 | 7% | $89,819.77 | $261,089.49 | $350,909.26 |
| By March 31, 2026 | 9% | $91,498.62 | $263,055.82 | $354,554.44 |
| By April 30, 2026 | 11% | $93,177.49 | $265,022.17 | $358,199.66 |
| By May 31, 2026 | 13% | $94,856.35 | $266,988.56 | $361,844.91 |
| By June 30, 2026 | 15% | $96,535.25 | $268,955.02 | $365,490.27 |

## CONCLUSION

Receiver requests that the Court enter the attached Order for writ possession, expunging recorded instruments as void, and authorizing the retention of a realtor to market the Penthouse for sale.

Certified Document Number: 127198494 - Page 8 of 11

Respectfully submitted,

By: /s/Travis B. Vargo

Travis Vargo
State Bar No. 24047027
12012 Wickchester, Suite 670
Houston, TX 77079
(713) 524-2441 telephone
(832) 779-8838 facsimile
tvargo@vargolawfirm.com

COURT APPOINTED RECEIVER

CERTIFICATE OF SERVICE

This is to certify that on June 12, 2026, a true and correct copy of this document was served on all parties and counsel of record through the e-service system and/or email as authorized by the Texas Rules of Civil Procedure.

By: /s/Travis B. Vargo
Travis B. Vargo

Certified Document Number: 127198494 - Page 9 of 11

DECLARATION

1. My name is Travis Vargo. I am the court appointed receiver for Ali Choudhri, Dalio Investments I LLC and Dalio Investments II LLC. I have knowledge of the facts stated in this declaration because I am the receiver and/or as a result of my investigations and activities as receiver.

2. The documents attached as Exhibits 1, 2, and 3 are true and correct copies of the documents from the real property records of Harris County Texas. Exhibit 4 is a true and correct copy of a Court Order from the docket in this case and Exhibit 5 is a true and correct copy of a tax statement for the Penthouse that was obtained from the Harris County Tax Assessor Collector's website on June 2, 2026.

3. The facts stated in paragraph 7 are true, correct, and within my personal knowledge.

4. My date of birth is June 29, 1979 and my address is 12012 Wickchester, Suite 670, Houston, TX 77079, United States of America. I declare under penalty of perjury the foregoing declaration is true and correct.

/s/Travis Vargo

Travis Vargo

Certified Document Number: 127198494 - Page 10 of 11

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Poynter on behalf of Michael Poynter
Bar No. 24092991
eservice@vargolawfirm.com
Envelope ID: 116103935
Filing Code Description: Motion (No Fee)
Filing Description: Receiver's Motion re Arabella Penthouse
Status as of 6/15/2026 8:49 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| James RWetwiska | | jwetwiska@akingump.com | 6/12/2026 4:50:13 PM | SENT |
| William NDrabble | | wdrabble@grayreed.com | 6/12/2026 4:50:13 PM | SENT |
| Preston Kamin | 24062817 | pkamin@grayreed.com | 6/12/2026 4:50:13 PM | SENT |
| D. Scott Funk | | sfunk@grayreed.com | 6/12/2026 4:50:13 PM | SENT |
| Leigh Malinowski | | lmalinowski@grayreed.com | 6/12/2026 4:50:13 PM | SENT |
| Michael Poynter | | mpoynter@vargolawfirm.com | 6/12/2026 4:50:13 PM | SENT |
| S. Scott CBoyd | | ssboyd@pattersonboyd.com | 6/12/2026 4:50:13 PM | SENT |
| Osama Abdullatif | | osama1966@sbcglobal.net | 6/12/2026 4:50:13 PM | SENT |
| Beth Mendez | | pbmendez@sbcglobal.net | 6/12/2026 4:50:13 PM | SENT |
| Cameron Roth | | croth@akingump.com | 6/12/2026 4:50:13 PM | ERROR |
| T. Michael Ballases | | Ballases@hooverslovacek.com | 6/12/2026 4:50:13 PM | SENT |
| Brice B.Beale | | Beale@hooverslovacek.com | 6/12/2026 4:50:13 PM | SENT |
| Christi Lillie | | clillie@grayreed.com | 6/12/2026 4:50:13 PM | SENT |
| Mark Yablon | | service@yablonlaw.com | 6/12/2026 4:50:13 PM | SENT |
| Linda Graham | | Graham@hooverslovacek.com | 6/12/2026 4:50:13 PM | SENT |
| Travis Vargo | | tvargo@vargolawfirm.com | 6/12/2026 4:50:13 PM | SENT |
| Justin  Rayome | | justin.r@jetallcompanies.com | 6/12/2026 4:50:13 PM | ERROR |

Certified Document Number: 1271198494 - Page 11 of 11

DISTRICT COURT OF HARRIS COUNTY TEXAS

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this October 22, 2026

Certified Document Number: 127198494 Total Pages: 11

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| Ali Choudhri et al<br>Defendants | §<br>§ | 333rd JUDICIAL DISTRICT |

**RECEIVER'S MOTION FOR WRIT OF POSSESSION, COMFORT ORDER, AND EXPUNGEMENT OF RECORDED DOCUMENTS RELATING TO <u>4521 SAN FELIPE ST #3201, HOUSTON, TEXAS</u>**

EXHIBIT 1

Certified Document Number: 127198497 - Page 1 of 5

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

## General Warranty Deed

**Date:** November 11, 2021

**Grantor:** Anosh Ahmed

**Grantor's Mailing Address:**

Anosh Ahmed
4521 San Felipe St. # 3201
Houston, TX 77027

**Grantee:** Arabella PH 3201 LLC

**Grantee's Mailing Address:**

Arabella PH 3201 LLC
PO Box 10219
Jackson, WY 83002

**Consideration:**

TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged.

**Property (including any improvements):**

Unit 3201, and its appurtenant undivided interest in and to the general and limited common elements of ARABELLA Condominiums, a condominium regime in the City of Houston, Harris County, Texas, created by and subject to that certain Amended and Restated Declaration of ARABELLA Condominiums dated September 30, 2015, recorded with, and as amended by, that certain First Amendment to Amended and Restated Declaration of ARABELLA Condominiums dated October 1, 2018, recorded October 5, 2018 as Document No. 216849 ( Volume 216, Page 849) of the Condominium Records of Harris County, Texas as referenced in Clerks File No. RP-2018-459164 of the Official Public Records of Real Property of Harris County, Texas (as may be further amended or supplemented, the "Declaration").

UNOFFICIAL COPY

**Reservations from Conveyance:**

None

**Exceptions to Conveyance and Warranty:**

Liens described as part of the Consideration and any other liens described in this deed as being either assumed by Grantee or subject to which title is taken by Grantee; validly existing restrictive covenants common to the platted subdivision in which the Property is located; standby fees, taxes, and assessments by any taxing authority for the year 2021 and subsequent years, and subsequent taxes and assessments by any taxing authority for prior years due to change in land usage or ownership; validly existing utility easements created by the dedication deed or plat of the subdivision in which the Property is located; any discrepancies, conflicts, or shortages in area or boundary lines, or any encroachments or protrusions, or any overlapping of improvements; homestead or community property or survivorship rights, if any, of any spouse of Grantee; and any validly existing titles or rights asserted by anyone, including but not limited to persons, the public, corporations, governments, or other entities, to (a) tidelands or lands comprising the shores or beds of navigable or perennial rivers and streams, lakes, bays, gulfs, or oceans, (b) lands beyond the line of the harbor or bulkhead lines as established or changed by any government, (c) filled-in lands or artificial islands, (d) water rights, including riparian rights, or (e) the area extending from the line of mean low tide to the line of vegetation or the right of access to that area or easement along and across that area.

Grantor, for the Consideration and subject to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty, grants, sells, and conveys to Grantee the Property, together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Grantee and Grantee's heirs, successors, and assigns forever. Grantor binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the Property to Grantee and Grantee's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty.

When the context requires, singular nouns and pronouns include the plural.

[CONTINUED ON FOLLOWING PAGE]

UNOFFICIAL COPY

RP-2021-654150

Certified Document Number: 1271198497 - Page 3 of 5

Anosh Ahmed

STATE OF Texas )

COUNTY OF Harris )

This instrument was acknowledged before me on November 11th, 2021, by Anosh Ahmed.

Notary Public, State of ___________

PREPARED IN THE OFFICE OF:

Umatiya Law Firm, PLLC
P.O. Box 22642
Houston, Texas 77227
Phone: (281)456-3870
Fax: (281)402-1970
GF# 1210607

AFTER RECORDING RETURN TO:

Umatiya Law Firm, PLLC
P.O. Box 22642
Houston, Texas 77227
Phone: (281)456-3870
Fax: (281)402-1970

UNOFFICIAL COPY

RP-2021-654150

Certified Document Number: 1271198497 - Page 4 of 5

RP-2021-654150
# Pages 4
11/12/2021 12:23 PM
e-Filed & e-Recorded in the
Official Public Records of
HARRIS COUNTY
TENESHIA HUDSPETH
COUNTY CLERK
Fees $26.00

UNOFFICIAL COPY

RP-2021-654150

RECORDERS MEMORANDUM
This instrument was received and recorded electronically and any blackouts, additions or changes were present at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or use of the described real property because of color or race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED in the Official Public Records of Real Property of Harris County, Texas.

COUNTY COURT OF HARRIS COUNTY, TEXAS

Teneshia Hudspeth
COUNTY CLERK
HARRIS COUNTY, TEXAS

Certified Document Number: 1271198497 - Page 5 of 5

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this October 22, 2026

Certified Document Number: 127198497 Total Pages: 5

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| Ali Choudhri et al<br>Defendants | §<br>§ | 333rd JUDICIAL DISTRICT |

**RECEIVER'S MOTION FOR WRIT OF POSSESSION, COMFORT ORDER, AND EXPUNGEMENT OF RECORDED DOCUMENTS RELATING TO <u>4521 SAN FELIPE ST #3201, HOUSTON, TEXAS</u>**

EXHIBIT 2

Certified Document Number: 127198500 - Page 1 of 5

RP-2024-272170
07/29/2024 ER $33.00

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

# GENERAL WARRANTY DEED

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF HARRIS | § | |

THAT ANOSH AHMED, an individual, hereinafter referred to as "**Grantor**", for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration to the undersigned in hand paid by the Grantee herein named, the receipt and sufficiency of which are hereby acknowledged, GRANTED, BARGAINED, SOLD and CONVEYED, and by these presents does GRANT, BARGAIN, SELL and CONVEY unto ALI CHOUDHRI, an individual, hereinafter referred to as "**Grantee**", that certain tract of real property situated in Harris County, Texas and described on Exhibit A annexed hereto, together with all buildings, structures, fixtures and improvements located on the Property and all of Grantor's right, title and interest in and to the appurtenances to the Property, including but not limited to all right, title and interest of Grantor in and to all roads, rights-of-way, alleys, drainage facilities, easements and utility facilities on, or adjoining, the real property (hereinafter, collectively, the "**Property**").

This General Warranty Deed and the conveyance hereinabove set forth is executed by Grantor and accepted by Grantee subject to all liens, easements, restrictions, encumbrances, mineral reservations, covenants, limitations and other matters recorded in the public records concerning the Property to the extent the same are validly existing and applicable to the Property on the date below (hereinafter referred to collectively as the "Permitted Encumbrances").

TO HAVE AND TO HOLD the Property, together with all and singular the rights and appurtenances thereunto in anywise belonging, unto Grantee, its heirs, successors and assigns forever, and Grantor does hereby bind herself, her heirs, personal representatives, successors, and assigns, to WARRANT AND FOREVER DEFEND all and singular the title to the Property, subject only to the Permitted Encumbrances, unto the said Grantee, her heirs, successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof.

Grantee's address is: 1001 W. Loop South #700 Houston

[Signature Page Immediately Follows]

UNOFFICIAL COPY

RP-2024-272170

Certified Document Number: 1271988500 - Page 2 of 5

EXECUTED to be effective as of the 12th day of November 2021.

**"GRANTOR"**

ANOSH AHMED

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

This instrument was acknowledged before me on this 12th day of November 2021, by Anosh Ahmed.

Notary Public, State of Texas

STEPHANIE WITTENBROOK
Notary Public, State of Texas
Comm. Expires 03-24-2023
Notary ID 130164837

UNOFFICIAL COPY

RP-2024-272170

Certified Document Number: 1271198500 - Page 3 of 5

**EXHIBIT "A"**

**PROPERTY**

Unit 3201 and its appurtenant undivided interest in and to the general and limited common elements of ARABELLA CONDOMINIUMS, a condominium regime in the City of Houston, HARRIS County, Texas, created by and subject to that certain Amended and Restated Declaration of Arabella Condominiums dated September 30, 2015, recorded with, and as amended by, that certain First Amendment to Amended and Restated Declaration of Arabella Condominiums dated October 1, 2018, recorded October 5, 2018, as Document No. 216849 (Volume 216, Page 849) of the Condominium Records of Harris County, Texas, as referenced in Clerk's File No. RP-2018-459164 of the Official Public Records of Real Property of Harris County, Texas

UNOFFICIAL COPY

RP-2024-272170

Certified Document Number: 1271198500 - Page 4 of 5

RP-2024-272170
# Pages 4
07/29/2024 10:10 AM
e-Filed & e-Recorded in the
Official Public Records of
HARRIS COUNTY
TENESHIA HUDSPETH
COUNTY CLERK
Fees $33.00

UNOFFICIAL COPY

RECORDERS MEMORANDUM
This instrument was received and recorded electronically and any blackouts, additions or changes were present at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or use of the described real property because of color or race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED in the Official Public Records of Real Property of Harris County, Texas.

COUNTY COURT OF HARRIS COUNTY, TEXAS

COUNTY CLERK
HARRIS COUNTY, TEXAS

RP-2024-272170

Certified Document Number: 127198500 - Page 5 of 5

DISTRICT COURT OF HARRIS COUNTY TEXAS

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this October 22, 2026

Certified Document Number: 127198500 Total Pages: 5

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| Ali Choudhri et al<br>Defendants | §<br>§ | 333rd JUDICIAL DISTRICT |

**RECEIVER'S MOTION FOR WRIT OF POSSESSION, COMFORT ORDER, AND EXPUNGEMENT OF RECORDED DOCUMENTS RELATING TO <u>4521 SAN FELIPE ST #3201, HOUSTON, TEXAS</u>**

EXHIBIT 3

Certified Document Number: 127198496 - Page 1 of 7

5 CORREC #

RP-2026-83776
03/05/2026 RP1 $41.00

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

# CORRECTION GENERAL WARRANTY DEED

THE STATE OF TEXAS §
§ KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF HARRIS §

THAT, **ARABELLA PH 3201 LLC, a Wyoming limited liability company,** hereinafter referred to as **"Grantor,"** for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration to the undersigned in hand paid by the Grantee herein named, the receipt and sufficiency of which are hereby acknowledged, GRANTED, BARGAINED, SOLD and CONVEYED, and by these presents does GRANT, BARGAIN, SELL and CONVEY unto **ALI CHOUDHRI, an individual,** hereinafter referred to as **"Grantee,"** that certain tract of real property situated in Harris County, Texas and described on **Exhibit A** annexed hereto, together with all buildings, structures, fixtures and improvements located on the Property and all of Grantor's right, title and interest in and to the appurtenances to the Property, including but not limited to all right, title and interest of Grantor in and to all roads, rights-of-way, alleys, drainage facilities, easements and utility facilities on, or adjoining, the real property (hereinafter, collectively, the **"Property"**). 1EE

This General Warranty Deed and the conveyance hereinabove set forth is executed by Grantor and accepted by Grantee subject to all liens, easements, restrictions, encumbrances, mineral reservations, covenants, limitations and other matters recorded in the public records concerning the Property to the extent the same are validly existing and applicable to the Property on the date below (hereinafter referred to collectively as the "Permitted Encumbrances").

TO HAVE AND TO HOLD the Property, together with all and singular the rights and appurtenances thereunto in anywise belonging, unto Grantee, his heirs, successors and assigns forever, and Grantor does hereby bind itself, its heirs, personal representatives, successors, and assigns, to WARRANT AND FOREVER DEFEND all and singular the title to the Property, subject only to the Permitted Encumbrances, unto the said Grantee, his heirs, successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof.

**This Correction General Warranty Deed is executed pursuant to Texas Property Code Section 5.029 to have the effect stated in Section 5.030 of the Texas Property Code and to correct the following error in the General Warranty Deed dated November 12, 2021,**

UNOFFICIAL COPY

RP-2026-83776

Certified Document Number: 127198496 - Page 2 of 7

**recorded on July 29, 2024 in the Official Public Records of Harris County, Texas, under Instrument # RP-2024-272170 (the "Corrected Deed"): The Grantor was erroneously stated as "Anosh Ahmed, an individual" instead of "Arabella PH 3201 LLC, a Wyoming limited liability company."**

**In compliance with Section 5.029(b) of the Texas Property Code, this Correction General Warranty Deed is executed by (i) the original Grantee, Ali Choudhri, and (ii) Arabella PH 3201 LLC, as the assign of the original Grantor, Anosh Ahmed, by virtue of the General Warranty Deed dated November 11, 2021 and recorded on November 12, 2021 in the Official Public Records of Harris County, Texas, under Instrument # RP-2021-654150. Pursuant to Section 5.029(b) of the Texas Property Code, Arabella PH 3201 LLC, as the assign of the original Grantor, Anosh Ahmed, is authorized to execute this Correction General Warranty Deed in place of the original Grantor, Anosh Ahmed, who is unavailable.**

**The parties to this Correction General Warranty Deed each acknowledge and agree that the Grantor in the Corrected Deed should have been Arabella PH 3201 LLC instead of Anosh Ahmed.**

GRANTEE'S MAILING ADDRESS:

4521 San Felipe St. #3201
Houston, Texas 77027

AFTER RECORDING RETURN TO:

Ali Choudhri ✓✓
4521 San Felipe St. #3201
Houston, Texas 77027

**[Signatures Begin on Following Page]**



RP-2026-83776
Certified Document Number: 127198496 - Page 3 of 7
UNOFFICIAL COPY

EXECUTED this the 4 day of March, 2026, to be effective on and after November 12, 2021.

ARABELLA PH 3201 LLC
A Wyoming limited liability company

10R

By: ____________________
Name: Ali Chowdhri
Its: Mgr/Auth Agent

STATE OF Texas §
§
COUNTY OF Harris §

BEFORE ME, the undersigned authority, on this day personally appeared Ali Chowdhri (name), manager/Auth Agt (title), Arabella PH 3201 LLC, a Wyoming limited liability company, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that s/he executed the same for the purposes and consideration therein and in the capacity therein stated on behalf of Arabella PH 3201 LLC, a Wyoming limited liability company.

GIVEN UNDER MY HAND AND SEAL OF OFFICE THIS 4 day of March, 2026.

DYLAN H. CLARK
Notary Public, State of Texas
Comm. Expires 01-10-2029
Notary ID 135226618

____________________
Notary Public, State of Texas
Printed Name: Dylan Clark
My commission expires: 1-10-2029

**[Signatures Continue on Following Page]**



UNOFFICIAL COPY

RP-2026-83776

Certified Document Number: 1271198496 - Page 4 of 7

ALI CHOUDHRI

STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared Ali Choudhri, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein.

GIVEN UNDER MY HAND AND SEAL OF OFFICE THIS 5 day of March, 2026.

RODNEY L. HALL
Notary Public, State of Texas
Comm. Expires 07-21-2028
Notary ID 124130788

Notary Public, State of Texas

Printed Name: Rodney L. Hall
My commission expires: 7-21-2028

UNOFFICIAL COPY

RP-2026-83776

Certified Document Number: 1271198496 - Page 5 of 7

**Exhibit A**

**Property**

Unit 3201 and its appurtenant undivided interest in and to the general and limited common elements of ARABELLA CONDOMINIUMS, a condominium regime in the City of Houston, HARRIS County, Texas, created by and subject to that certain Amended and Restated Declaration of Arabella Condominiums dated September 30, 2015, recorded with, and as amended by, that certain First Amendment to Amended and Restated Declaration of Arabella Condominiums dated October 1, 2018, recorded October 5, 2018, as Document No. 216849 (Volume 216, Page 849) of the Condominium Records of Harris County, Texas, as referenced in Clerk's File No. RP-2018-459164 of the Official Public Records of Real Property of Harris County, Texas

UNOFFICIAL COPY

RP-2026-83776

Certified Document Number: 127198496 - Page 6 of 7

FILED FOR RECORD

11:21:11 AM

Thursday, March 5, 2026

Teneshia Hudspeth

COUNTY CLERK, HARRIS COUNTY, TEXAS

UNOFFICIAL COPY

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.

THE STATE OF TEXAS
COUNTY OF HARRIS

I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED; in the Official Public Records of Real Property of Harris County Texas

Thursday, March 5, 2026

COUNTY COURT OF HARRIS COUNTY, TEXAS

Teneshia Hudspeth

COUNTY CLERK
HARRIS COUNTY, TEXAS

RP-2026-83776

Certified Document Number: 127198496 - Page 7 of 7

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this October 22, 2026

Certified Document Number: 127198496 Total Pages: 7

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| Ali Choudhri et al<br>Defendants | §<br>§ | 333rd JUDICIAL DISTRICT |

**RECEIVER'S MOTION FOR WRIT OF POSSESSION, COMFORT ORDER, AND EXPUNGEMENT OF RECORDED DOCUMENTS RELATING TO <u>4521 SAN FELIPE ST #3201, HOUSTON, TEXAS</u>**

EXHIBIT 4

Certified Document Number: 127198495 - Page 1 of 2

FILED
Marilyn Burgess
District Clerk

DEC 21 2023

Time:______ Harris County, Texas
By______ Deputy

Pg-1
CASO

Cause No. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd., et al.<br>Plaintiffs | § | In the District Court of |
| v. | § | |
| | § | Harris County, Texas |
| Ali Choudhri | § | |
| Defendant | § | 333rd Judicial District |

Cause No. 2012-27197-D

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff | § | In the District Court of |
| v. | § | |
| Ali Choudhri and Angel Valle<br>Defendants | § | Harris County, Texas |
| v. | § | |
| Ali Mokaram<br>Intervenor | § | 333rd Judicial District |

Unofficial Copy Office of Marilyn Burgess District Clerk

**Order**

Pending before this Court are two motions to appoint a receiver in the 2012-27197-D case and a motion for turnover and appointment of a receiver in the 2012-27197-A case. These motions will be heard on Friday December 22, 2023 at 9:00 a.m. in the 333rd courtroom. If the defendants wish to file a response, that response needs to be filed by 5:00 p.m. on Wednesday December 20, 2023.

In the meantime, in order to preserve the status quo, defendant Ali Choudhri is ordered to not sell, transfer, alienate, hypothecate, or otherwise encumber any real estate assets prior to the hearing without leave of court.

Signed December 14, 2023.

[signature]
Judge Randy Wilson

The hearing is re-set to Jan. 4, 2024 at 9:00 a.m. in the 333rd Courtroom. The stay order in the ~~first~~ second paragraph above remains in place until the hearing. Dec. 21, 2023 [signature]

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Certified Document Number: 127198495 - Page 2 of 2

DISTRICT COURT OF HARRIS COUNTY TEXAS

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this October 22, 2026

Certified Document Number: 127198495 Total Pages: 2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| Ali Choudhri et al<br>Defendants | §<br>§ | 333rd JUDICIAL DISTRICT |

**RECEIVER'S MOTION FOR WRIT OF POSSESSION, COMFORT ORDER, AND EXPUNGEMENT OF RECORDED DOCUMENTS RELATING TO <u>4521 SAN FELIPE ST #3201, HOUSTON, TEXAS</u>**

EXHIBIT 5

Certified Document Number: 127198498 - Page 1 of 3



**ANNETTE RAMIREZ**
Tax Assessor-Collector

Search

HARRIS COUNTY TAX ASSESSOR-COLLECTOR VOTER REGISTRAR

Property Tax | Vehicle Registration | Permits & Special Taxes | Online Services | Military

Search
Search By Account ▼
Search Value
Search text here
Search

Current Statement
Delinquent Tax Statement
5 Year Account History
Print Statement
e-Bill
HCAD
Tax Receipts

# 2025 Property Tax Statement

Pay 2025 Property Tax Bill

| Account Number | Current As Of: | Assessed Owner |
|---|---|---|
| **140-440-023-0001** | June 01, 2026 | ARABELLA PH 3201 LLC<br>PO BOX 10219<br>JACKSON WY 83002-0219 |
| Supplement 01 | | |

| Property Description | Appraised Values | Notes/Exemptions |
|---|---|---|
| 4521 SAN FELIPE ST 3201 77027<br>UNIT 3201<br>.0176 INT COMMON LAND & ELE<br>ARABELLA CONDO 8TH AMEND | Land - Market Value: 652,589<br>Impr - Market Value: 2,782,091<br>Total Market Value: 3,434,680<br>Less Capped Mkt Value: 0<br>Appraised Value: 3,434,680 | Taxes under Judgment<br><br>Taxes in Litigation - Other Fees May Be Due Call 713-274-8000 for Final Balance |

| Taxing Jurisdiction | Exemption | Taxable Value | Tax Rate | Taxes |
|---|---|---|---|---|
| Houston ISD | 0 | 3,434,680 | 0.878300 | $30,166.79 |
| Harris County | 0 | 3,434,680 | 0.380960 | $13,084.76 |
| Harris County Flood Control Dist | 0 | 3,434,680 | 0.049660 | $1,705.66 |
| Port of Houston Authority | 0 | 3,434,680 | 0.005900 | $202.65 |
| Harris County Hospital District | 0 | 3,434,680 | 0.187610 | $6,443.80 |
| Harris County Dept. of Education | 0 | 3,434,680 | 0.004798 | $164.80 |
| Houston City College | 0 | 3,434,680 | 0.098802 | $3,393.53 |
| City of Houston | 0 | 3,434,680 | 0.519190 | $17,832.52 |

| | | |
|---|---|---|
| **Total 2025 Taxes Due by January 31, 2026:** | | **$72,994.51** |
| **Payments applied to 2025 taxes:** | | **$0.00** |
| **Total Current Taxes Due:** | | **$96,535.25** |
| **Prior year(s) taxes due (if any):** | **2022 - 2024** | **$268,955.02** |



Certified Document Number: 127192498 - Page 2 of 3

| Total Amount Due For June 2026: | $365,490.27 |
|---|---|

| Penalties for Late Payments | Rate | Current | Delinquent | Total |
|---|---|---|---|---|
| By February 28, 2026 | 7% | $89,819.77 | $261,089.49 | $350,909.26 |
| By March 31, 2026 | 9% | $91,498.62 | $263,055.82 | $354,554.44 |
| By April 30, 2026 | 11% | $93,177.49 | $265,022.17 | $358,199.66 |
| By May 31, 2026 | 13% | $94,856.35 | $266,988.56 | $361,844.91 |
| By June 30, 2026 | 15% | $96,535.25 | $268,955.02 | $365,490.27 |

Totals due may contain an additional section 33.07 collection penalty of 20%

IF YOU ARE 65 YEARS OF AGE OR OLDER OR ARE DISABLED AND THE PROPERTY DESCRIBED IN THIS DOCUMENT IS YOUR RESIDENCE HOMESTEAD, YOU SHOULD CONTACT THE APPRAISAL DISTRICT REGARDING ANY ENTITLEMENT YOU MAY HAVE TO A POSTPONEMENT IN THE PAYMENT OF THESE TAXES.

Certified Document Number: 127192498 - Page 3 of 3

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this October 22, 2026

Certified Document Number: 127198498 Total Pages: 3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

6/23/2026 2:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 116490840
By: Melanie Rosa
Filed: 6/23/2026 2:24 PM

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd. | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| Ali Choudhri et al | § | |
| Defendants | § | 333rd JUDICIAL DISTRICT |

**RECEIVER'S REPLY TO**
**ALI CHOUDHRI'S RESPONSE TO**
**MOTION FOR WRIT POSSESSION, COMFORT ORDER, AND EXPUNGEMENT OF RECORDED DOCUMENTS RELATING TO**
**4521 SAN FELIPE ST #3201, HOUSTON, TEXAS**

**AND**

**RESPONSE TO ALI CHOUDHRI'S CLAIM OF HOMESTEAD**

TO THE HONORABLE JUDGE RANDY WILSON:

Receiver Travis Vargo ("Receiver") respectfully shows:

## SUMMARY

1. Ali Choudhri and Arabella PH 3201 LLC ("Arabella") filed a response asking the court to deny the turnover of the multi-million dollar penthouse titled in Arabella's name that Choudhri lives in. Choudhri separately filed a document claiming the penthouse is his homestead (even though he judicially admits he does not own it). The Response fails to analyze the prior interpretations of this Court's turnover orders. The Response also seems to pretend that the case of *WC 4th Colorado, L.P. v. Colorado Third Street, LLC*, No. 14-22-00764-CV, 2025 Tex. App. LEXIS 2857 (Tex. App.—Houston [14th Dist.] Apr. 29, 2025, pet. filed), does not exist. The Court should grant the motion to turnover the penthouse to the Receiver.

## THE COURT SHOULD AFFIRM RECEIVER CONTROL OF ARABELLA.

2. The Amended Turnover Orders give operational control of the Choudhri LLC's to the Receiver. This court has expressly found so regarding Memoria Glen Cove LLC and MCITBE LLC when it struck their interventions. Two separate bankruptcy courts entered similar orders on other Choudhri LLC's. *See Order Regarding Motion of Travis Vargo, State Court Receiver to Show Authority of Justin Rayome and Cavazos Hendricks Poirot*, PC, ECF 784, *In re Texas Reit*, 24-10120-SMR, United States Bankruptcy Court, Western District of Texas (finding Receiver had the sole authority to prosecute Dalio Holdings I LLC and Choudhri himself), *Order Regarding Motions to Show Authority*, ECF 996, *In re 1001 WL LLC*, United States Bankruptcy Court, Western District of Texas, (finding Receiver had the sole authority to litigate on behalf of BDFI LLC, Galleria Loop Note Holder, LLC and Jetall Capital, LLC, and Choudhri himself), *Order Granting Motion of Travis Vargo, Court Appointed Receiver, to Dismiss Bankruptcy Proceeding for Cause – Lack of Authority – Pursuant to 11 USC § 707(a)*, ECF 125, *In re Meandering Bend, LLC*, United States Bankruptcy Court, Western District of Texas (finding Ali Choudhri did not have authority to authorize Meandering Bend LLC to file for bankruptcy).

3. A ruling that Receiver controls Arabella is consistent with the past rulings in this matter and related bankruptcy matters involving the same parties. The Court should grant the motion.

**A CHARGING ORDER IS NOT THE EXCLUSIVE REMEDY**

**UNDER THESE CIRCUMSTANCES.**

4. Choudhri contends that a charging order is the most relief the Receiver is entitled to. In making that argument, Choudhri conspicuously fails to analyze controlling precedent authored by the presiding judge of this case**,** *WC 4th & Colo. v. Colo. Third St., LLC*, No. 14-22-00764-CV, 2025 Tex. App. LEXIS 2857, at *11 (Tex. App.—Houston [14th Dist.] Apr.

Certified Document Number: 127344104 - Page 2 of 11

29, 2025, pet. filed)

5. Tex. Bus. Orgs. Code § 101.112 states a general rule that a charging order is the only remedy a judgment creditor may use to reach a judgment debtor's membership interest in an LLC. *See, e.g.*, *WC 4th & Colo.* (discussing § 101.112 and collecting cases). There are exceptions to this general rule. *See id.* (discussing *Gillet v. ZUPT, LLC*, 523 S.W.3d 749, 757 (Tex. App.—Houston [14th Dist.] 2017, no pet.) , *Heckert v. Heckert*, No. 02-16-00213-CV, 2017 Tex. App. LEXIS 10570, 2017 WL 5184840 (Tex. App.—Fort Worth Nov. 9, 2017, no pet.) (mem. op.), and *Klinek v. LuxeYard, Inc*., 672 S.W.3d 830, 839 (Tex. App.—Houston [14th Dist.] 2023, no pet.)). The exception here is "whether [the llc] was an operating business, and whether any party's interest would have been disrupted by granting turnover relief." *Id.* *12.

6. Whether this exception applies to the "Choudhri LLCs" listed in the amended turnover order has been litigated already. This Court applied the reasoning of *WC 4th & Colo.* to turn over the Debtor's membership interest in Memorial Glen Cove LLC to the Receiver. *See* Order on Receiver's Motion to Approve Sale and Judgment Creditor's Limited Objection, dated February 9, 2026.

7. Choudhri just pretends like this line of cases does not exist. It mischaracterizes other cases' holdings to support that argument. Choudhri cites to *Gillet*, but does not mention that that court found an exception to the exclusive remedy provision of § 101.112 and affirmed the turnover of a membership interest in an LLC to the LLC itself. *Gillet* at 758 ("unlike a case in which a judgment creditor seeks to collect on its money judgment by forcing a sale of a membership interest, this case involves an explicit award of the membership interest itself from one party to the other as part of the judgment. For these reasons, we conclude that a charging

Certified Document Number: 127344104 - Page 3 of 11

order was not the exclusive remedy available to ZUPT, and the trial court did not abuse its discretion by ordering turnover of Gillet's 45 percent interest in ZUPT.").

8. Choudhri contends that "[n]ot a single Texas appellate court has permitted a creditor or receiver to take possession of LLC property in contravention of Section 101.112." Response pg. 9. That is not correct. For example, in *WC 4th & Colo.*, the receiver took control of litigation (i.e. personal property)[1] of WC 4th & Colorado LP, an entity wholly owned by the judgment debtor in that case.

9. Relatedly, Choudhri contends that *Bran v. Spectrum MH, LLC*, No. 14-22-00479-CV, 2023 Tex. App. LEXIS 6547, at *17 (Tex. App.—Houston [14th Dist.] Aug. 24, 2023, pet. denied) controls. *Bran* was authored by the presiding judge in this case. Choudhri contends that per *Bran,* § 101.112 "constitutes the exclusive remedy of the LLC's membership structure." Response pg. 10. Except that when *Bran* identifies the exclusive remedy rule of § 101.112, in its breath it identifies that exceptions to the rule exist:

> Under the unambiguous language of section 101.112, the entry of a charging order is the exclusive remedy by which a judgment creditor of a member or of any other owner of a membership interest may satisfy a judgment out of the judgment debtor's membership interest. *See* Tex. Bus. Organs. Code Ann. § 101.112; *Klinek*, 2023 Tex. App. LEXIS 5064, 2023 WL 4497063, at *6; Gillet, 523 S.W.3d at 757. This court has held that there is an exception to this exclusivity in a case in which (1) the judgment creditor seeking turnover of the membership interest is the very same limited liability company from which the membership interest derives, and (2) the judgment being satisfied explicitly awards the membership interest itself from one party to the other. *See Klinek*, 2023 Tex. App. LEXIS 5064, 2023 WL 4497063, at *6; *Gillet*, 523 S.W.3d at 757-58.

*Bran v. Spectrum MH, LLC*, No. 14-22-00479-CV, 2023 Tex. App. LEXIS 6547, at *17 (Tex. App.—Houston [14th Dist.] Aug. 24, 2023, pet. denied).

[1] Personal property "includes interests in goods, money, **choses in action**, evidence of debts, and chattels real." Austin Nursing Ctr., Inc. v. Lovato, 171 S.W.3d 845, 850 n.2 (Tex. 2005) (emphasis supplied).

Certified Document Number: 127344104 - Page 4 of 11

10. Choudhri would have this Court apply § 101.112 without reference to binding authority—some of it authored by the presiding judge in this case—that numerous exceptions exist. Choudhri does not want to discuss the exceptions because this is obviously an exceptional case such that *WC 4th & Colo.* should apply. Arabella's only asset is the penthouse at issue, which Choudhri somehow also claims is his homestead.[2] Choudhri was ordered to provide the following documents to the Receiver about Arabella, but none have been provided:

17) For all of the Companies (for the avoidance of doubt, Companies does not include Texas REIT, LLC ):

a. Each membership agreement and all other company agreements or organizational documents.
b. All documents evidencing and/or reflecting to whom any payment from any Tenant renting real property owned by such company was made, and where the payment was deposited or sent.
c. All statements from all accounts into which payments to the limited liability company were made.
d. All bank account statements.
e. All credit card statements of Debtors.
f. All documents evidencing and/or reflecting all amounts paid by such company to Choudhri and/or any entity owned and/or controlled by Choudhri.
g. All financial statements of each such company, including but not limited to, profit and loss, balance sheets, cash flow statements, general ledgers, and journal entries.
h. All documents evidencing and/or reflecting any asset owned by such company within the last three years.
i. All documents evidencing and/or reflecting any asset sold, assigned, conveyed, transferred and/or gifted by such company within the last three years

A-Case Turnover Order pg. 14.

11. Choudhri produced zero records of other members of Arabella, because none exist. He produced no records of business activities of Arabella, because it has no business activities. We know it has no business activities because it was permanently dissolved by Wyoming back in January 2024:

[2] More discussion of this double sided argument below.

| | | | |
|---|---|---|---|
| Name | **Arabella PH 3201 LLC** | | |
| **Filing ID** | **2021-001051395** | | |
| Type | Limited Liability Company | Status | Inactive - Administratively Dissolved (Tax) |

Exhibit 6.[3]

12. To anticipate an argument, yes, Choudhri filed a new entity also called Arabella PH 3201 LLC back in March 2026. *See* Exhibit 7. The two entities may share a name but they are legally distinct: the old entity had the ID # of 2021-001051395, but the new entity has 2026-001908972. *See* WY Stat. § 17-29-705 (b) (stating an entity may be dissolved for nonpayment of fees to State). Wyoming law permits an entity to be revived within two years of its dissolution, but not after. *See id.*, see also Exhibit 8 (Wyoming Secretary of State webpage stating "Wyoming statutes do not allow for reinstatement after two (2) years in an administratively dissolved standing."). It is impossible for the defunct Arabella to do anything other than wind up. WY Stat § 17-29-702 (winding up provisions). When it is wound up, it is the Receiver, not Choudhri, who is entitled to its distributions per the charging orders entered in these cases.

13. Courts may order the post-judgment turnover of property when the judgment debtors refuse to participate in post-judgment discovery. *Great Value Storage, LLC v. Princeton Capital Corp.*, No. 01-21-00284-CV, 2023 Tex. App. LEXIS 2537, at *52 (Tex. App.—Houston [1st Dist.] Apr. 20, 2023), *dism'd as moot*, 2024 Tex. LEXIS 216 (Tex. 2024) (judgment debtors cannot "lie behind the log by refusing to respond to discovery seeking

---

[3] Exhibits 6-8 are all printouts from the Wyoming Secretary of State's website and are therefore self-authenticating. *See Williams Farms Produce Sales, Inc. v. R&G Produce Co.*, 443 S.W.3d 250, 258 (Tex. App.—Corpus Christi 2014, no pet.) ("We, however, hold that the printouts from government websites were self-authenticating under Texas Rule of Evidence 902(5).").

Certified Document Number: 127344104 - Page 6 of 11

evidence of their assets and then arguing that [their creditor] is not entitled to aid to satisfy its judgment because it has no evidence of their assets."). Here, there is a permanently defunct entity with no business or members beyond Choudhri that owns a luxury apartment that no one is paying taxes on. Receiver contends that the turnover orders already turned it over, but even if they had not, turnover is appropriate under *WC 4th & Colo.* The Court should enter an order affirming the turnover of the condo to Receiver.

**COURT SHOULD ENTER AN ORDER EXPUNGING OR VOIDING THE TWO DEEDS.**

14. Receiver attached three deeds to his motion. The first controls. Exhibit 1 is the deed from Anosh Ahmed to Arabella, signed and recorded November 2021. Choudhri's response literally concedes that this is the controlling deed by representing over and over again that Arabella owns the property, not Choudhri. Observe the following back-to-back paragraphs of the Response:

> The Penthouse is owned by Arabella PH 3201 LLC, a Wyoming limited liability company ("Arabella" or the "LLC"). Title to the Penthouse was conveyed to Arabella PH 3201 LLC by General Warranty Deed from Anosh Ahmed dated November 11, 2021, recorded as Document No. RP-2021-654150 in the Official Public Records of Harris County, Texas.
>
> The Receiver's own Motion acknowledges this fact. The Motion states that "ARABELLA is the record owner" **of the Penthouse. See Receiver**'s Motion at p. 4. This is a critical admission: the Receiver concedes the property belongs to the LLC, not to Ali Choudhri personally.

Response pg. 4 (emphasis supplied). But later the Response argues Choudhri has title:

> the deed here is not a forgery. Anosh Ahmed signed it; Ali Choudhri received it; the deed was notarized and eventually recorded. The Receiver cannot simply declare the deed "void"—he must obtain a court order setting it aside. Until that order is entered, the deed remains legally operative and Ali Choudhri's title stands.

Response pg. 16.

15. Exhibit 2 is a deed from Anosh Ahmed to Choudhri of the same property. It was purportedly signed the day after Exhibit 1 (i.e. back in November 2021), but was not recorded until July 2024. Even assuming this document is real, it would not convey anything to Choudhri because on November 12, 2021, Mr. Ahmed had nothing to convey—he conveyed it the day before to Arabella. *E.g., Courtade v. Gloria Lopez Estrada Family Tr.*, Nos. 02-14-00295-CV, 02-14-00296-CV, 2016 Tex. App. LEXIS 3072, at *11 (Tex. App.—Fort Worth Mar. 24, 2016, no pet.) ("a deed conveys nothing where no title rests in the grantor."). Apparently recognizing this problem, Choudhri filed a correction deed on March 4, 2026 that purports to change Exhibit 2's grantor to be Arabella. *See* Exhibit 3.

16. As pointed out in the motion, the sum total of these deeds makes no sense because Mr. Ahmed signed Exhibit 2 as the grantor, but Exhibit 3 says that grantor should have been Arabella, an entity he has never owned. Also, Mr. Ahmed did not sign the correction deed so it is statutorily insufficient anyway. Tex. Prop. Code § 5.029 governs material corrections to deeds, and it requires each party to the original must sign such a correction deed. Courts have held that a substitution of a grantee—as opposed to correcting the spelling of the grantee's name—is a material correction requiring everyone's signature. AOC Mgmt. Co. v. AT&T Mobility, LLC, No. 01-16-00896-CV, 2018 Tex. App. LEXIS 1773, at *21, *25-26 (Tex. App.—Houston [1st Dist.] Mar. 8, 2018, pet. denied) ("At issue in this case, however, is not a

Certified Document Number: 127344104 - Page 8 of 11

correction to the spelling of a party's name, but a substitution of an entirely different party as grantee. . . because AIC's Correction Deed was not executed by Aldine ISD, the grantee in the original instrument, or by its successors or assigns, the Correction Deed does not comply with section 5.029, as a matter of law, and is invalid."), *see Brown v. Underwood*, No. 11-20-00138-CV, 2022 Tex. App. LEXIS 3551, at *22 (Tex. App.—Eastland May 26, 2022, no pet.) (only nonmaterial corrections may be unilaterally changed per § 5.028). Also, when the correction deed was executed, Arabella had ceased to exist but-for winding up.

17. In short, Choudhri judicially admits that Arabella is the record owner of the penthouse. The two deeds must be voided or expunged to sell it. The Court should grant the motion.

**CHOUDHRI CANNOT CLAIM A HOMESTEAD IN PROPERTY HE DOES NOT OWN.**

18. Choudhri separately filed a nine page motion arguing that the penthouse is his homestead. It cannot be his homestead because he does not own the real property nor the improvements on it. *See Norris v. Thomas*, 215 S.W.3d 851, 854 (Tex. 2007) (a person may only designate homestead if they own the land or the improvements). The deed to Arabella (Exhibit 1) expressly states that Arabella owns the improvements that are unit 3201.

19. Choudhri claims that the case is halted by the (errant) designation of the penthouse as his homestead. Except the Amended Turnover Orders required Choudhri to make a designation of his exempt property within ten days. A-Case Amended Turnover Order ¶ 19(c), D-Case Amended Turnover Order ¶ 25(c). Choudhri's June 2026 designation is over a year too late.

20. Choudhri also claims that Rule 679b applies. Even assuming it did, and further assuming that claiming an exemption to property he does not own satisfies the rule, the rule

(and the related language of the Amended Turnover Orders, A-Case ¶ 48 and D-Case ¶ 54), only prohibit the sale of property or the distribution of property while the Court considers the exemption claim. It does not prohibit the marketing or taking possession of receivership property. Choudhri's meritless exemption claim is not a full stop to the receivership as he claims. Nonetheless, the Court should immediately enter an order denying his exemption claim. A proposed order has been filed.

## CONCLUSION

Receiver requests that the Court enter the attached Order for writ possession, expunging recorded instruments as void, authorize the retention of a realtor to market the Penthouse for sale.

Respectfully submitted,

By: /s/Travis B. Vargo

Travis Vargo
State Bar No. 24047027
12012 Wickchester, Suite 670
Houston, TX 77079
(713) 524-2441 telephone
(832) 779-8838 facsimile
tvargo@vargolawfirm.com

COURT APPOINTED RECEIVER

CERTIFICATE OF SERVICE

This is to certify that on June 23, 2026, a true and correct copy of this document was served on all parties and counsel of record through the e-service system and/or email as authorized by the Texas Rules of Civil Procedure.

By: /s/Travis B. Vargo
Travis B. Vargo

Certified Document Number: 127344104 - Page 10 of 11

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Poynter on behalf of Michael Poynter
Bar No. 24092991
eservice@vargolawfirm.com
Envelope ID: 116490840
Filing Code Description: No Fee Documents
Filing Description: Receiver's Reply to Ali Choudhri's Response to Motion for Writ Possession, Comfort Order, and Expungement of Recorded Documents Relating to ***
Status as of 6/23/2026 3:02 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| James RWetwiska | | jwetwiska@akingump.com | 6/23/2026 2:24:59 PM | SENT |
| William NDrabble | | wdrabble@grayreed.com | 6/23/2026 2:24:59 PM | SENT |
| Preston Kamin | 24062817 | pkamin@grayreed.com | 6/23/2026 2:24:59 PM | SENT |
| D. Scott Funk | | sfunk@grayreed.com | 6/23/2026 2:24:59 PM | SENT |
| Leigh Malinowski | | lmalinowski@grayreed.com | 6/23/2026 2:24:59 PM | SENT |
| Michael Poynter | | mpoynter@vargolawfirm.com | 6/23/2026 2:24:59 PM | SENT |
| S. Scott CBoyd | | ssboyd@pattersonboyd.com | 6/23/2026 2:24:59 PM | SENT |
| Derek RyanStaub | | dstaub@fbtgibbons.com | 6/23/2026 2:24:59 PM | SENT |
| Osama Abdullatif | | osama1966@sbcglobal.net | 6/23/2026 2:24:59 PM | SENT |
| Cameron Roth | | croth@akingump.com | 6/23/2026 2:24:59 PM | ERROR |
| Beth Mendez | | pbmendez@sbcglobal.net | 6/23/2026 2:24:59 PM | SENT |
| T. Michael Ballases | | Ballases@hooverslovacek.com | 6/23/2026 2:24:59 PM | SENT |
| Brice B.Beale | | Beale@hooverslovacek.com | 6/23/2026 2:24:59 PM | SENT |
| Mark Yablon | | service@yablonlaw.com | 6/23/2026 2:24:59 PM | SENT |
| Travis Vargo | | tvargo@vargolawfirm.com | 6/23/2026 2:24:59 PM | SENT |
| Justin  Rayome | | justin.r@jetallcompanies.com | 6/23/2026 2:24:59 PM | ERROR |

Certified Document Number: 127344104 - Page 11 of 11

DISTRICT COURT OF HARRIS COUNTY TEXAS

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this October 22, 2026

Certified Document Number: 127344104 Total Pages: 11

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2012-27197-D

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| Ali Choudhri et al<br>Defendants | §<br>§ | 333rd JUDICIAL DISTRICT |

**RECEIVER'S MOTION FOR WRIT OF POSSESSION, COMFORT ORDER, AND EXPUNGEMENT OF RECORDED DOCUMENTS RELATING TO <u>4521 SAN FELIPE ST #3201, HOUSTON, TEXAS</u>**

EXHIBIT 6

Certified Document Number: 127344105 - Page 1 of 3

**STATE OF WYOMING ⁎ SECRETARY OF STATE**
**BUSINESS DIVISION**

Herschler Bldg East, Ste.100 & 101, Cheyenne, WY 82002-0020
Phone: 307-777-7311 · Website: https://sos.wyo.gov · Email: business@wyo.gov

# Filing Information

**Please note that this form CANNOT be submitted in place of your Annual Report.**

| | | | |
|---|---|---|---|
| Name | **Arabella PH 3201 LLC** | | |
| **Filing ID** | **2021-001051395** | | |
| Type | Limited Liability Company | Status | Inactive - Administratively Dissolved (Tax) |

## General Information

| | | | |
|---|---|---|---|
| Old Name | | Sub Status | Archived |
| Fictitious Name | | Standing - Tax | Delinquent |
| | | Standing - RA | Delinquent |
| Sub Type | | Standing - Other | Good |
| Formed in | Wyoming | Filing Date | 11/10/2021 1:46 PM |
| Term of Duration | Perpetual | Delayed Effective Date | |
| | | Inactive Date | 01/09/2024 |

**Principal Address**

680 S Cache Street Suite 100
Jackson, WY 83001

**Mailing Address**

PO Box 10219
Jackson, WY 83002

**Registered Agent Address**

No Agent
No Office
Cheyenne, WY 82001

**Parties**

| Type | Name / Organization / Address |
|---|---|
| Organizer | Mountain Business Center, LLC PO Box 12200, Jackson, WY 83002 |

**Notes**

| Date | Recorded By | Note |
|---|---|---|

Certified Document Number: 127344105 - Page 2 of 3

# Filing Information

**Please note that this form CANNOT be submitted in place of your Annual Report.**

| | | | |
|---|---|---|---|
| Name | **Arabella PH 3201 LLC** | | |
| **Filing ID** | **2021-001051395** | | |
| Type | Limited Liability Company | Status | Inactive - Administratively Dissolved (Tax) |

## Most Recent Annual Report Information

| | | | | | |
|---|---|---|---|---|---|
| Type | Original | | | AR Year | 2022 |
| License Tax | $60.00 | AR Exempt | N | AR ID | 08048854 |
| AR Date | 1/10/2023 9:33 AM | | | | |
| Web Filed | Y | | | | |

### Officers / Directors

| Type | Name / Organization / Address |
|---|---|

| Principal Address | Mailing Address |
|---|---|
| 680 S Cache Street Suite 100<br>Jackson, WY 83001 | PO Box 10219<br>Jackson, WY 83002 |

## Annual Report History

| Num | Status | Date | Year | Tax |
|---|---|---|---|---|
| 08048854 | Original | 01/10/2023 | 2022 | $60.00 |

## Amendment History

| ID | Description | Date |
|---|---|---|
| 2026-006308413 | System Archive | 01/10/2026 |
| | Filing Sub Status Changed From: Current To: Archived | |
| 2024-005395115 | RA Resignation | 11/18/2024 |
| 2024-004558038 | Dissolution / Revocation - Tax | 01/09/2024 |
| | Filing Status Changed From: Active To: Inactive - Administratively Dissolved (Tax)<br>Inactive Date Changed From: No Value To: 01/09/2024 | |
| 2023-004436576 | Delinquency Notice - Tax | 11/02/2023 |
| 2023-003988546 | Reinstatement - Tax | 01/10/2023 |
| | Filing Status Changed From: Inactive - Administratively Dissolved (Tax) To: Active | |
| 2023-003981923 | Dissolution / Revocation - Tax | 01/09/2023 |
| | Filing Status Changed From: Active To: Inactive - Administratively Dissolved (Tax)<br>Inactive Date Changed From: No Value To: 01/09/2023 | |
| 2022-003903610 | Delinquency Notice - Tax | 11/02/2022 |
| See Filing ID | Initial Filing | 11/10/2021 |



Certified Document Number: 127344105 - Page 3 of 3

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this October 22, 2026

Certified Document Number: 127344105 Total Pages: 3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2012-27197-D

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| Ali Choudhri et al<br>Defendants | §<br>§ | 333rd JUDICIAL DISTRICT |

**RECEIVER'S MOTION FOR WRIT OF POSSESSION, COMFORT ORDER, AND EXPUNGEMENT OF RECORDED DOCUMENTS RELATING TO <u>4521 SAN FELIPE ST #3201, HOUSTON, TEXAS</u>**

EXHIBIT 6

Certified Document Number: 127344107 - Page 1 of 2

**STATE OF WYOMING ⁎ SECRETARY OF STATE**
**BUSINESS DIVISION**
Herschler Bldg East, Ste.100 & 101, Cheyenne, WY 82002-0020
Phone: 307-777-7311 · Website: https://sos.wyo.gov · Email: business@wyo.gov

# Filing Information

**Please note that this form CANNOT be submitted in place of your Annual Report.**

| | | | |
|---|---|---|---|
| Name | **Arabella PH 3201 LLC** | | |
| **Filing ID** | **2026-001908972** | | |
| Type | Limited Liability Company | Status | Active |

## General Information

| | | | |
|---|---|---|---|
| Old Name | | Sub Status | Current |
| Fictitious Name | | Standing - Tax | Good |
| | | Standing - RA | Good |
| Sub Type | | Standing - Other | Good |
| Formed in | Wyoming | Filing Date | 03/03/2026 2:19 PM |
| Term of Duration | Perpetual | Delayed Effective Date | |
| | | Inactive Date | |

**Principal Address**

1309 Coffeen Avenue STE 1200
Sheridan, Wyoming 82801

**Mailing Address**

1309 Coffeen Avenue STE 1200
Sheridan, Wyoming 82801

**Registered Agent Address**

Company Sage Agents LLC
1095 Sugarview Dr Ste 100
Sheridan, WY 82801

**Parties**

| Type | Name / Organization / Address |
|---|---|
| Organizer | Andrew Pierce 1095 Sugar View Dr STE 500 Sheridan Wyoming 82801 |

**Notes**

| Date | Recorded By | Note |
|---|---|---|

## Annual Report History

| Num | Status | Date | Year | Tax |
|---|---|---|---|---|

## Amendment History

| ID | Description | Date |
|---|---|---|
| See Filing ID | Initial Filing | 03/03/2026 |



Certified Document Number: 127344107 - Page 2 of 2

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this October 22, 2026

Certified Document Number: 127344107 Total Pages: 2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2012-27197-D

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| Ali Choudhri et al<br>Defendants | §<br>§ | 333rd JUDICIAL DISTRICT |

**RECEIVER'S MOTION FOR WRIT OF POSSESSION, COMFORT ORDER, AND EXPUNGEMENT OF RECORDED DOCUMENTS RELATING TO**
**<u>4521 SAN FELIPE ST #3201, HOUSTON, TEXAS</u>**

EXHIBIT 8

Certified Document Number: 127344106 - Page 1 of 6

# Welcome to the FAQs

## Business Entities

Most Frequently Asked Questions

Q. How do I choose a company name?

Please refer to **How to Choose a Company Name** for more information.

Q. How do I find or become a registered agent?

For more information **click here.**

Q. How do I create a Wyoming company?

Please refer to **How do I create a Wyoming company** for more information.

Q. How do I obtain certified copies of my business records?

Please see the **Certified Copy/Certificate Request** form and follow the instructions.

Q. What entity type should I choose?

Click here for the **Choice is Yours pamphlet.** This publication provides a basic overview of each business entity type filed with the Business Division and can be used as an aid in your decision making. For questions, you should consult with a legal advisor to determine which entity type best suits you. **Forms which meet the minimum filing requirements** are available here.

Q. Where can I find the fee schedule for business filings?

The Business Division filing fee schedule can be found **here.**

Q. How do I obtain a certificate of good standing?

Electronic certificates of good standing are available for free **here** The electronic certificate of good standing has a validation number assigned upon generation which allows the certificate to be validated.

If you need a manually signed "original" certificate of good standing, please complete the attached **Certified Copy/Certificate Request** form and follow the instructions.

Q. How do I update the address of my registered business?

You may use the Update Form to update the principal office address, mailing address, phone number, fax and email address on record. **Update Form**

Q. How do I apply for an Employer Identification Number (EIN)?

An EIN number is issued by the Internal Revenue Service and is not collected by the Business Division. Click here for the **Form SS-4, Application for Employer Identification Number (EIN)** and for important IRS links and information.

Annual Reports

Q. Is an annual report or annual renewal required in Wyoming? If so, when is it due?

To remain in good standing each business entity, domestic and foreign, is required to file an annual report and pay a fee based on its assets located and employed in Wyoming or is assessed a flat filing fee. The

Certified Document Number: 127344106 - Page 2 of 6

annual report due date for all registered business entities (with the exception of Statutory Trusts) is based on the anniversary month of formation. For example, if your business registers or qualifies on January 15th, your annual report due date will be January 1st of each year.

Statutory Trusts are required to file an annual report due on or before January 2nd of each year regardless of its formation or qualification date.

An annual report may be filed up to one hundred and twenty (120) days before its due date.

Q. How are annual report fees calculated for domestic and foreign profit corporations, limited liability companies, limited partnerships, and registered limited liability partnerships?

These entities use the same annual license tax schedule and pay a license tax based on all assets located and employed in Wyoming. The tax is $60 or two-tenths of one mill on the dollar ($.0002), whichever is greater.

Q. What will my annual license tax fee be if I have $200,000 in assets located and employed in Wyoming?

The tax is $60. An entity with $300,000 or less in assests pays $60. If filed online, a convenience fee is assessed by the payment processor based on the total license tax due.

Q. What will my annual license tax be if I have $1,210,000 in assets located and employed in Wyoming?

The tax is $242 ($1,210,000 x .0002 = $242). If filed online, a convenience fee is assessed by the payment processor based on the total license tax due.

Q. How are annual reports fees calculated for domestic and foreign nonprofits, statutory trusts and statutory foundations?

Nonprofits are required to pay an annual report fee of $25; Statutory Trusts and Statutory Foundations are required to pay an annual report fee of $100. These entities are not required to provide information on their assets located and employed in Wyoming. If filed online, a convenience fee is assessed by the payment processor based on the total license tax due.

Q. Can I file my annual report online?

Yes, annual reports may be filed online using Visa or Mastercard credit cards or Visa or Mastercard authorized debit cards. Registered business entities which are active can use the **Annual Report Wizard** to file an original annual report. If your annual report fee is greater than $500, e-filing is not permitted.

Q. Can I amend my annual report?

To change officers and/or directors of a profit corporation or nonprofit corporation, you may submit an **Update of Officers/Directors form.** This form may only be used if an annual report is currently on file. For all other changes, please contact the Business Division at Business@wyo.gov.

Q. Do I get reminders when my annual report is coming due?

Courtesy email reminders are sent sixty (60), thirty (30) and ten (10) days prior to a business entity's annual report due date using the email address provided to us. The annual report reminder comes from SOS_AnnualReports@wyo.gov.

Q. What happens if I miss my annual report due date?

The entity will be deemed delinquent on the second day of the month following its due date. If the annual report is not filed within sixty (60) days following the due date, the entity will be administratively dissolved.

## Doing Business in Wyoming

Q. If I am doing business in Wyoming and I am incorporated in another state or jurisdiction, do I need to qualify to do business in Wyoming?

Certified Document Number: 127344106 - Page 3 of 6

Yes, Wyoming law requires entities doing business in this state to qualify by completing and filing a Certificate of Authority Application form with the Business Division. **Click here to access the forms.**

Q. If I am an out-of-state entity doing business in Wyoming without authority from the Secretary of State, will I be penalized?

Yes, any business entity doing business in Wyoming without authority will be liable for a penalty in the amount of $5,000, fees and license taxes, plus interest of eighteen percent (18%) for the years or parts thereof during which it transacted business in this state without a certificate of authority, along with reasonable audit expenses and reasonable attorney fees.

Q. What if I am incorporated in another state and want to do business in Wyoming?

File an Application for Certificate of Authority form with this office. **Click here to access forms.**

Q. Do I need to register my out-of-state-entity in Wyoming?

Refer to W.S. 17-16-1501 and **additional information available on this site.** Then, if you are still in doubt, you should consult legal counsel to determine if you are transacting business within Wyoming in accordance with Wyoming statutes. The Business Division is unable to provide legal advice of any kind.

Q. Do I need to register my out-of-state nonprofit corporation in Wyoming?

Wyoming has no state requirements for charities and fund raisers, however your corporation may be required to qualify as a foreign corporation in Wyoming. Refer to W.S. 17-19-1501 and **additional information available on this site.** Then, if you are still in doubt, you should consult legal counsel to determine if you are transacting business within Wyoming in accordance with Wyoming statutes. The Business Division is unable to provide legal advice of any kind.

Q. What are the differences between Continuation and Domestication filings?

For more information **click here.**

Q. What is a business conversion and who can do it?

For more information **click here.**

Q. How do I reinstate my company?

An entity dissolved/revoked for failure to file annual reports within the past two (2) years, and which has no other delinquencies, may file a reinstatement online, or generate reinstatement forms for mail-in processing. Entities having multiple delinquencies will be provided the appropriate filing form for mail-in processing. **Click here to begin the process**.

Wyoming statutes do not allow for reinstatement after two (2) years in an administratively dissolved standing.

Q. Do I need a sales/use tax license?

Please contact the **Department of Revenue.**

Q. Is a general contractor license required in Wyoming?

For information on electrical contractors, please contact the **Department of Fire Prevention and Electrical Safety.** For information on general contractors, please contact the **local jurisdiction** where the construction activity is to take place.

Q. If I am a general or prime contractor, what are the financial and bond requirements?

For information, please contact **Department of Revenue.**

Q. Do I need specfic license or business permit in Wyoming?

Other than registration with the Secretary of State, a company may be in need of a specific business

Certified Document Number: 127344106 - Page 4 of 6

license or business permit based on their business purpose. For more information on specific licensing and permitting, please contact the City Clerk's Office in the Wyoming city you are conducting business.

Q. As an impact employer, am I required to make a cash prepayment to the unemployment insurance fund? What do I need to do if I employ myself or others?

For information, please contact **Department of Workforce Services, Unemployment Tax Division.**

Q. If I am a nonresident employer, am I required to post a bond with Workers' Compensation? What do I need to do if I employ myself or others?

For information, please contact **Department of Workforce Services, Workers' Compensation Division.**

Q. How long does it take to form a business entity in Wyoming

Some domestic business entity types can **file online.** When filed online, the business entity is active immediately. Out-of-state entities filing a Certificate of Authority, Articles of Continuance or Articles of Domestication are required to submit their application and appropriate filing fee through the mail. Documents received through the mail are reviewed in the order they are received with a maximum processing time of fifteen (15) business days. The Business Division does not offer expedited services at this time.

Q. Do I need an attorney to form a business entity?

No, but you should consult with a legal advisor concerning legal questions or issues. The Business Division is unable to provide legal advice of any kind.

Q. How do I register a "Doing Business As" (DBA) name?

In Wyoming it is not mandatory to register a DBA name. However, you may register a DBA by filing an **Application for Registration of Trade Name.**

General Information

Q. What federal government websites are available with information for businesses?

SBA: **Small Business Administration Home Page**
SEC: **Small Business Information**
USBA: **U.S. Business Advisor**

Q. How do I trace old stock certificates?

Please Refer to **How To Trace Old Stock** for more information.

Q. How can I obtain information on the State's economic development programs?

Information may be obtained by contacting the **Wyoming Small Business Development Center** or the **Wyoming Business Council.**

Q. Does my business need to comply with Wyoming's Securities Laws?

All securities, including limited partnership interests, must be cleared for sale or be exempt from registration under Wyoming's Uniform Securities Act **W.S. 174-201 or 301** before being sold to residents in this state. Information may be obtained by contacting the **Compliance Division of this office**.

Q. Where can I obtain a copy of Wyoming's business entity laws?

The statutes can be obtained from the **Legislative Service Office**.

Online Searches

Q. Does Wyoming have business entity information available online?

Bulk business entity information including the name and address of the registered agent, officers and directors, status, standing, and mailing address, can be purchased through a subscription. **Click here** to

Certified Document Number: 127344106 - Page 5 of 6

find the Business Database Download form and agreement.

Q. How can I obtain copies of business documents?

The quickest way to obtain plain copies is to visit our **Business Center and conduct a search** for the business entity. Once on the business record, click on the "History" option. If a PDF icon appears to the right of the filing or amendment, an image of the filing/amendment is available through that icon. If you still aren't able to obtain all of the documents you need, please email your request to SOSRequest@wyo.gov.

© 2025 Wyoming Secretary of State's Office. All Rights Reserved.

Certified Document Number: 127344106 - Page 6 of 6

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this October 22, 2026

Certified Document Number: 127344106 Total Pages: 6

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

8/12/2026 4:59 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 118555296
By: Melanie Rosa
Filed: 8/12/2026 4:59 PM

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd. | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| Ali Choudhri et al | § | |
| Defendants | § | 333rd JUDICIAL DISTRICT |

**RECEIVER'S RESPONSE TO DEBTOR'S MOTIONS REGARDING ARABELLA PENTHOUSE AND HREP LLC**

TO THE HONORABLE JUDGE OF SAID COURT:

Travis B. Vargo, the Court-Appointed Receiver ("Receiver") represents:

## SUMMARY

1. The emergency motions are actually motions for reconsideration that only recast the arguments this court already considered and rejected. They are not bringing new evidence or new legal theories. The motions should have been titled as motions to reconsider, not emergency motions for relief. In addition, Harris County plans to sell the property in the September tax sale. The Debtor failed to pay the taxes, and then failed to defend the tax suit. His continued possession and control of the Penthouse is a waste of the Receivership asset. The Court should deny his motions and permit the Receiver to take possession and conduct an arm's length sale for a market value.

## RESPONSE TO MOTIONS AGAINST THE WRIT OF POSSESSION

2. The Court ordered that the Receiver retake possession of the Penthouse and market it for sale at market rates. The Debtor asks the Court to reconsider that decision and to halt all progress. It is imperative that the Court hold its course (i.e. by denying the Debtor's motions) so that the Receiver can sell the property at a market rate. Harris County currently has an order of sale against the Penthouse, arising out of a judgment for delinquent taxes. Attached as Exhibit A is the Default



Certified Document Number: 128221707 - Page 1 of 8

Judgment entered in February 2026, and as Exhibit B is the request for an order of sale. The Penthouse is scheduled to be sold in the September 2026 auction to satisfy the tax liens. That is, it is imminently going to be sold for a fraction of its value. The Court should permit Receiver to take control of the situation to achieve the maximum sales price.

3. The Debtor enjoys a multi-million dollar high-rise apartment that is titled in the name of a permanently defunct entity solely owned by the Debtor. The Court correctly entered an order for a writ of possession. The Debtor's numerous motions must be denied.

4. At the beginning of his motion, the Debtor **falsely** alleges that "[n]o charging order has been sought or entered against Choudhri's membership interest in Arabella." Motion ¶ 5. Of course, the turnovers in this proceeding are expressly charging orders against the Debtor's interests in Arabella. Observe the following language in the turnover order entered in this case:

> 9) "Choudhri LLC's" shall mean each limited liability company in which Choudhri owns a membership interest, including but not limited to the following, but excluding his interest in the Bankrupt LLCs (defined below):
>
> a. ARABELLA PH 3201 LLC
>
> 18) Charging Orders. Pursuant to Texas Business Organizations Code Section 101.112, the Court hereby issues this charging order against all membership interests owned by Choudhri in the Choudhri LLC's (collectively, the "Companies"). All Companies and Choudhri shall pay to the Receiver any distributions and/or proceeds that would otherwise be due from such Companies to Choudhri until satisfaction of the Judgment is made in full. Choudhri may not receive any payment from any of the Companies, directly or indirectly, until the Judgment is paid in full and/or without written consent from the Court. For the avoidance of doubt, the foregoing paragraph does not apply to the Bankrupt LLCs. As noted previously herein, nothing in this Order is intended to violate any bankruptcy stay that may be applicable.

5. The Court should stop here and deny the Debtor's motions. It should also sanction his attorneys for making factual statements that are patently, on-their-face, outright false. *See* Tex. R. Civ. P. 13. And the Debtor's counsel knows the true facts—that the Court entered a charging order against Arabella—because as recently June 19, 2026, it filed a nineteen-page motion entirely about



Certified Document Number: 128221707 - Page 2 of 8

the scope of the charging orders. The Debtor's false statements waste the Court's time. *See* Tex. R. Civ. P. 13.

6. The rest of the motion is a rehash of old arguments.

7. "Ground One" attempts to re-litigate the charging order exclusivity provisions of the Tex. Bus. Orgs. Code. This issue was briefed already (*see, e.g.*, the Debtor's response pgs. 8-10) and does not need to be revisited. There is no additional evidence attached. The Debtor does not dispute that title is held by Arabella, or that the entity has been permanently dissolved per Wyoming law. The Debtor does not identify any facts at all that would place the Debtor and Arabella's relationship outside the binding authority of *WC 4th & Colo. v. Colo. Third St., LLC*, No. 14-22-00764-CV, 2025 Tex. App. LEXIS 2857, at *11 (Tex. App.—Houston [14th Dist.] Apr. 29, 2025, pet. filed), which states that when an LLC has no operating businesses and no third parties would be affected, a charging order is not a judgment creditor's sole remedy against a judgment debtor's membership interest. This Court's ruling does not need to be reconsidered, or modified, or vacated because it was correctly made the first time. The Debtor also argues that Arabella was entitled to a "separate, initial proceeding adjudicating competing claims of ownership." Motion ¶ 8. The Court already found that the Debtor owned Arabella in the Amended Turnover Order. It is listed as a "Choudhri LLC's" as one of the assets that is turned over! The Debtor did not appeal that Amended Turnover Order.

8. "Ground Two" rehashes arguments previously made regarding the voiding and expungement of the obviously false deeds recorded by the Debtor. The Court need not reconsider its decision because the Penthouse was in *custodia legis* at the time of the recordings and the deeds are void as a matter of law. *See* Response pgs. 13-15.

9. "Ground Three" is a restatement of the Debtor's argument that he has homestead rights in



Certified Document Number: 128221707 - Page 3 of 8

property he does not own. *Cf. Sur-Reply* pg. 8. Except Mr. Choudhri cannot have a homestead in property he does not own. *Norris v. Thomas*, 215 S.W.3d 851, 854 (Tex. 2007) (a person may only designate homestead if they own the land or the improvements). The Court correctly decided this issue already.

10. "Ground Four" is an additional restatement of the Debtor's argument that he can have homestead rights to the non-real property improvements / chattel in the Penthouse. *Compare* Motion pg. 8 *with* Sur-Reply pg. 8 (both citing to *Norris v. Thomas*, 215 S.W.3d 851, 854 (Tex. 2007)). In *Norris,* the issue was whether a yacht that was not attached to the land could be a homestead—the Supreme Court found no homestead protection: "In order to qualify as a homestead, a residence must rest on the land and have a requisite degree of physical permanency, immobility, and attachment to fixed realty." *Id. at 859.* The Debtor seems to be arguing that his homestead right attached to the improvements, the home/apartment itself. *See* Motion ¶ 22. Except he does not own the improvements, either. The Deed (exhibit 1 to the Receiver's original motion) conveyed the real property **and** the improvements that are Unit 3201. The Debtor does not own the realty or the improvements that are the subject of the writ of possession. The Court already correctly decided this issue.

11. "Ground Five" alleges that "[a] pending petition for writ of mandamus, *In re Choudhri,* No. 14-25-00308-CV, (Tex. App.—Houston [14th Dist.]) challenges the validity of the administrative assignment under which the Honorable Randy Wilson presides over this case." This is **false**—case #14-25-00308-CV is not pending. It was dismissed in October 2025. Another example of an absolutely, verifiably false statement made by the Debtor. *See* Tex. R. Civ. P. 13.

12. The final "Ground Six" rehashes arguments made in the prior response and separately in the Debtor's assertion of a homestead claim per Tex. R. Civ. P. 697a and 679b. They present



Certified Document Number: 128221707 - Page 4 of 8

nothing new for the Court to review. The Receiver complied by sending the required notices when he was appointed. This issue is fully briefed. In addition, Rule 679b on its face applies only to personal property, not to realty, so even if the Debtor was right that the Penthouse was his homestead, 679b would not apply anyway as it is real property. The Receiver submitted a proposed order overruling the Debtor's claimed homestead exemption. The Receiver requests its entry.

**RESPONSE TO MOTION FOR NEW TRIAL re: HREP LLC**

13. The entire premise of the Debtor's motion is the **false** allegation that he did not receive notice of the motion or hearing. This allegation is **false** because Receiver served Mark Yablon with the Motion and the Notice of Submission, and Mr. Yablon is an attorney of record for the Debtor. Mr. Yablon appeared on behalf Ali Choudhri, and he was served. Mr. Yablon also acknowledged receipt of the Court's email concerning the two week pause on Arabella. This is the signature block from an August 2025 filing by Mr. Yablon in this case number:

Respectfully submitted,

YABLON LAW PLLC

*/s/ Mark P. Yablon*
Mark P. Yablon
Texas Bar No. 24100688
2777 Allen Parkway, Floor 10
Houston, Texas 77019
Office: 281-310-5813
service@yablonlaw.com
www.yablonlaw.com

and

By: */s/ Justin Rayome*

JUSTIN RAYOME
SBN: 24130709
1001 West Loop South, Suite 700
Houston, Texas 77027
214-934-9345
justin.rayome.law@gmail.com

**ATTORNEYS FOR ALI CHOUDHRI**

14. What's more, back in July 2025, the Debtor filed a motion to employ Mark Yablon, **which the court granted on June 10, 2026.** Meaning that the Debtor sought express permission from this Court to employ Mr. Yablon as his attorney, and the Court expressly granted that permission.



Certified Document Number: 128221707 - Page 5 of 8

Then Mr. Yablon was served with the motion in question. Somehow the Debtor now—through other counsel, Derek Staub—takes the position that Mr. Yablon is "counsel for other parties to this multi-party litigation, [without] any relationship to or duty to notify Choudhri." That argument is groundless. *See* Tex. R. Civ. P. 13 (authorizing a court to sanction attorneys who present groundless arguments with no basis in law or fact). The Court should deny all of the Debtor's requested relief because every ounce of it requires a lack of notice, but he did receive notice because Mr. Yablon was served.

15. The Debtor also argues that the motion in question is not a "post-verdict motion" and therefore had a certificate of conference requirement. *See Motion for New Trial* ¶ 32 ("The Receiver's motion does not fall within any of the six enumerated exceptions to Local Rule 3.3.6. It is not . . . (5) a post-verdict motion."). A final judgment on a jury verdict was entered on October 23, 2023. The Receiver's motion post-dates that verdict. This argument is also completely groundless. *See* Tex. R. Civ. P. 13 (attorneys who present groundless arguments may be sanctioned). Beyond that, unless the Debtor is unopposed to the motion, where is the harm?

16. The Defendants' arguments about a meritorious defense all fail because they are not presented through admissible evidence. *See Hudson v. Banda*, No. 11-23-00181-CV, 2025 Tex. App. LEXIS 5939, at *6 (Tex. App.—Eastland Aug. 7, 2025, no pet. h.) ("Under *Craddock,* Appellants had to (1) allege facts and attach affidavits to a verified motion to set aside the default judgment that would meet the three *Craddock* requirements or (2) present evidence at the hearing on their motion that met those requirements. Unverified factual allegations in a defaulting party's motion for new trial cannot be used to establish that the failure to file an answer was not intentional or the result of conscious indifference.") (cleaned up). There literally is just not evidence attached to the motion for new trial, so it fails.



Certified Document Number: 128221707 - Page 6 of 8

**MOTION TO STAY SHOULD BE DENIED**

**AND MOTION TO SET BOND SHOULD ALSO BE DENIED**

17. The Debtor requests a stay of the writ of possession and also states he is willing to post a bond based on the rental value of the property. The Court should deny that relief. The issue of how the judgment may be superseded has been litigated time and again in this case. There is no reason to piecemeal out smaller bonds for certain assets and there is no legal authority to support this folly. In addition, absent the Receiver's intervention, Harris County is going to auction the property next month. Entering a stay would be to acquiesce to that auction.

**Prayer**

Receiver respectfully prays that the Court should strike Ali Choudhri's motions, enter an order sanctioning Derek Staub for presenting groundless arguments, and for such other and further relief, in law and in equity, as is just.

Respectfully Submitted,

By: /s/Travis B. Vargo
Travis B. Vargo
State Bar No. 24047027
12012 Wickchester, Suite 670
Houston, TX 77079
(713) 524-2441 telephone
(832) 779-8838 facsimile
tvargo@vargolawfirm.com
mpoynter@vargolawfirm.com

**COURT APPOINTED RECEIVER**

**CERTIFICATE OF SERVICE**

I hereby certify on the 12th day of August, 2026, a true and correct copy of the foregoing was served on all counsel of record.

By: /s/Travis B. Vargo
Travis Vargo



Certified Document Number: 128221707 - Page 7 of 8

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Poynter on behalf of Michael Poynter
Bar No. 24092991
eservice@vargolawfirm.com
Envelope ID: 118555296
Filing Code Description: No Fee Documents
Filing Description: Receiver's Response to Debtor's Motions Regarding Arabella Penthouse and HREP LLC
Status as of 8/13/2026 8:39 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| James RWetwiska | | jwetwiska@akingump.com | 8/12/2026 4:59:35 PM | SENT |
| Preston Kamin | 24062817 | pkamin@grayreed.com | 8/12/2026 4:59:35 PM | SENT |
| D. Scott Funk | | sfunk@grayreed.com | 8/12/2026 4:59:35 PM | SENT |
| Leigh Malinowski | | lmalinowski@grayreed.com | 8/12/2026 4:59:35 PM | SENT |
| Michael Poynter | | mpoynter@vargolawfirm.com | 8/12/2026 4:59:35 PM | SENT |
| S. Scott CBoyd | | ssboyd@pattersonboyd.com | 8/12/2026 4:59:35 PM | SENT |
| Derek RyanStaub | | dstaub@fbtgibbons.com | 8/12/2026 4:59:35 PM | SENT |
| Osama Abdullatif | | osama1966@sbcglobal.net | 8/12/2026 4:59:35 PM | SENT |
| Beth Mendez | | pbmendez@sbcglobal.net | 8/12/2026 4:59:35 PM | SENT |
| T. Michael Ballases | | Ballases@hooverslovacek.com | 8/12/2026 4:59:35 PM | SENT |
| Mark Yablon | | service@yablonlaw.com | 8/12/2026 4:59:35 PM | SENT |
| Travis Vargo | | tvargo@vargolawfirm.com | 8/12/2026 4:59:35 PM | SENT |

Certified Document Number: 128221707 - Page 8 of 8

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this October 22, 2026

Certified Document Number: 128221707 Total Pages: 8

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2012-27197-D

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd. | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| Ali Choudhri et al | § | |
| Defendants | § | 333rd JUDICIAL DISTRICT |

**RECEIVER'S RESPONSE TO DEBTOR'S MOTIONS**

**REGARDING ARABELLA PENTHOUSE AND HREP LLC**

**EXHIBIT A**



Certified Document Number: 128221709 - Page 1 of 20

2/9/2026 2:39 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 111026737
By: Auto Clerk
Filed: 2/9/2026 2:39 PM

Pgs-18

SALPX
DC
ATFEX
5

**SUIT NO. 202367381**

| | | |
|---|---|---|
| **CITY OF HOUSTON, ET AL** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **215TH JUDICIAL DISTRICT** |
| | § | |
| **ARABELLA PH 3201 LLC, ET AL** | § | **HARRIS COUNTY, TEXAS** |

**DEFAULT JUDGMENT**

On the 13th day of February, 2026, this cause being called in its regular order, came the Plaintiff Taxing Unit(s) whether Plaintiff(s), Intervenor(s) or Impleaded Plaintiff(s), as follows:

**Plaintiff(s):**

**CITY OF HOUSTON**

**HOUSTON INDEPENDENT SCHOOL DISTRICT (HOUSTON ISD)**

**HOUSTON CITY COLLEGE, FKA HOUSTON COMMUNITY COLLEGE (HCC)**

**and Intervenor(s):**

**HARRIS COUNTY**

Harris County collects on behalf of itself and certain county-wide taxing authorities which are the Harris County Department of Education, the Port of Houston Authority of Harris County, the Harris County Flood Control District, and the Harris County Hospital District, all of which are included within the references to Harris County made herein, and move for Judgment by Default in the above-styled cause.

The Defendant(s) are as follows:

**Arabella PH 3201 LLC, who was duly served with citation which has been returned to this court and has been on file for more than ten (10) days, failed to appear or answer and wholly made default.**

Certified Document Number: 128281409 - Page 2 of 20

**Osama Abdullatif AKA Osama Ali Abdullatif (In Rem Only), who was duly served with citation which has been returned to this court and has been on file for more than ten (10) days, failed to appear or answer and wholly made default.**

**Abdullatif & Company, LLC (In Rem Only), who was duly served with citation which has been returned to this court and has been on file for more than ten (10) days, failed to appear or answer and wholly made default.**

**John Quinlan (In Rem Only), who was duly served with citation which has been returned to this court and has been on file for more than ten (10) days, failed to appear or answer and wholly made default.**

**Omar Khawaja (In Rem Only), who was duly served with citation which has been returned to this court and has been on file for more than ten (10) days, failed to appear or answer and wholly made default.**

All matters of controversy, both of fact and of law, were submitted to the Court. The Court, after considering the pleadings, evidence, and arguments of counsel, grants judgment as follows:

IT IS ORDERED that Plaintiff Taxing Unit(s) shall not be granted any monetary relief against any defendant identified as IN REM ONLY.

IT IS ORDERED that the Plaintiff Taxing Unit(s) recover of and from the Defendant(s), as indicated above, the total sums of money set out below, which claims are secured by tax liens against the property hereinafter described as follows:

**ACCOUNT NUMBER: 1404400230001**

**LEGAL DESCRIPTION: CONDOMINIUM UNIT NO. 3201 OF ARABELLA CONDOMINIUMS, A CONDOMINIUM REGIME IN HARRIS COUNTY, TEXAS ACCORDING TO THE CONDOMINIUM DECLARATION RECORDED UNDER FILM CODE NO. 216849 IN THE CONDOMINIUM RECORDS OF HARRIS COUNTY, TEXAS AND ALL AMENDMENTS THERETO; TOGETHER WITH THE FOLLOWING INTERESTS: THE SPACE ENCOMPASSED BY THE BOUNDARIES OF THE UNIT AND APPURTENANCES THERETO; THE EXTERIOR SURFACE OF THE ASSOCIATED BALCONY AND/OR PATIO, AND PARKING SPACE(S), IF ANY; AND AN UNDIVIDED INTEREST**

Certified Document Number: 128281709 - Page 3 of 20

**IN THE COMMON ELEMENTS AS DESCRIBED, DEFINED AND DELINEATED IN THE CONDOMINIUM DECLARATION.**

**HCAD DESCRIPTION: UNIT 3201 .0176 INT COMMON LAND & ELE ARABELLA CONDO 8TH AMEND**

**ADJUDGED MARKET VALUE: $3,434,680.00**

| | Tax Years | Delinquent Base Tax | Penalty & Interest | 33.48 Atty Fees | Total |
|---|---|---|---|---|---|
| **HOUSTON ISD** | **2022 - 2025** | **$101,591.10** | **$44,761.77** | **$4,841.77** | **$151,194.64** |
| **HCC** | **2022 - 2025** | **$10,772.49** | **$4,581.20** | **$544.66** | **$15,898.35** |
| **CITY OF HOUSTON** | **2022 - 2025** | **$59,461.89** | **$25,952.72** | **$2,862.12** | **$88,276.73** |
| **HARRIS COUNTY** | **2022 - 2025** | **$66,922.57** | **$16,155.28** | **$12,461.69** | **$95,539.54** |

IT IS ORDERED, ADJUDGED, AND DECREED that the Plaintiff taxing units, do have and recover from the Defendant(s), as indicated above, the total sum of money due for taxes, penalties, interest, and attorney fees with penalty and interest continuing to accrue at the rates set forth in Tex. Prop. Tax Code Sec. 33.01, 33.07 and 33.08 from the date of trial until paid or sold, plus all costs of court, for which let execution issue.

IT IS ORDERED that title research fees incurred herein by LINEBARGER GOGGAN BLAIR & SAMPSON, LLP (hereinafter Linebarger), attorneys for certain Plaintiff Taxing Unit(s), for determining the name, identity and location of necessary parties and in procuring the legal description of the subject property in the amount of **$300.00** be paid by the Defendant(s), for which let execution issue.

IT IS ORDERED that certain costs incurred by Linebarger as attorneys for certain Plaintiff Taxing Units(s) in this matter for service of process, including publication cost, and Secretary of State and/or out of county service of process fees in the amount of **$55.00** be recovered from the Defendant(s), for which let execution issue.

IT IS ORDERED that the Plaintiff Taxing Unit(s) do have and recover from the Defendant(s) all court costs that have been and will be incurred in the prosecution of this cause. All costs of court shall be paid by the Defendant(s), for which let execution issue.

Certified Document Number: 128281409 - Page 4 of 20

IT IS ORDERED that Plaintiff Taxing Unit(s) shall have foreclosure of said tax lien(s) on each of said tracts of land against Defendant(s) or any person(s) claiming under said Defendant(s) by any right, title or interest acquired during the pendency of this suit. Further, said property is ORDERED SOLD in execution of this judgment.

IT IS ORDERED that the property may be sold to a taxing unit that is a party to the suit or any other person, other than a person owning an interest in the property or any party to the suit that is not a taxing unit, for the adjudged market value of the property stated in the judgment or the aggregate amount of the judgments against the property, whichever is less.

IT IS ORDERED that the clerk of this court shall issue a writ of possession as authorized by law, to the purchaser at the foreclosure sale or his heir(s), executor(s), administrator(s) or assigns pursuant to the Texas Property Tax Code.

IT IS ORDERED that for all the above recovery, let execution issue.

Any other relief previously requested and not herein granted is expressly denied. This final judgment disposes of all parties and all claims and is appealable.

If you are an individual (not a company), your money or property may be protected from being taken to pay this judgment. Find out more by visiting www.texaslawhelp.org/exempt-property. *Si usted es una persona física (y no una compañía), su dinero o propiedad pudieran estar protegidos de ser embargados como pago de esta deuda decretada en juicio en contra suya. Obtenga mayor información visitando el sitio* www.texaslawhelp.org/exempt-property.

Certified Document Number: 128281709 - Page 4 of 20

Signed this the ________day of ______________________, 20 Signed:
2/15/2026
11:53 AM

_______________________________________
JUDGE PRESIDING

Submitted by:

Linebarger Goggan Blair & Sampson, LLP
PO Box 3064
Houston, TX 77253-3064
(713) 844-3580, (713) 844-3502 - Fax

______________________
Margaret Alfred
State Bar No. 24104378
margaret.alfred@lgbs.com
Attorney for Plaintiff(s)

Harris County Attorney
Jonathan G. C. Fombonne (99999902)

______________________________
Mary Vu, Assistant County Attorney
State Bar #: 24066250
Susan Wells, Assistant County Attorney
State Bar #: 24048789
J.R. Harris, Assistant County Attorney
State Bar #: 24049808
Susan Fuertes, Assistant County Attorney
State Bar #: 00790895
Vivian Seguro, Assistant County Attorney
State Bar #: 24135672
Holly McAfee, Assistant County Attorney
State Bar #: 24041619
PO BOX 2928
HOUSTON, TX, 77252-2928
Email: TaxEservice.cao@harriscountytx.gov
Phone: 346-286-8787
**Attorneys for Intervenor(s)**

Certified Document Number: 128281409 - Page 6 of 20

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing Final Judgment was mailed, faxed or hand-delivered to all opposing counsel and other parties listed below who have been named as a party in this suit pursuant to rule 21(a) T.R.C.P. on the **13th day of February, 2026.**

**Arabella PH 3201 LLC**
P.O. Box 10219
Jackson, WY 83002

**Osama Abdullatif**
**AKA Osama Ali Abdullatif (In Rem Only)**
5417 Valerie Street
Bellaire, TX 77401

**Abdullatif & Company, LLC (In Rem Only)**
**by serving Osama Abdulatif**
**Registered Agent**
5417 Valerie Street
Bellaire, TX 77041

**John Quinlan (In Rem Only)**
3518 Golden Terrace Ct.
Katy, TX 77494

**Omar Khawaja (In Rem Only)**
611 Pinehaven Dr
Houston, TX 77024

**Current Resident**
4521 San Felipe St
Houston, TX 77027

**Office of the Harris County Attorney**
1019 Congress, 15th Floor
Houston, TX 77008
TaxEservice.cao@harriscountytx.gov
taxlitigation.cao@harriscountytx.gov

M. Alfred

Margaret Alfred
State Bar No. 24104378
margaret.alfred@lgbs.com
Attorney Certifying

Certified Document Number: 128281709 - Page 7 of 20

## CERTIFICATE OF LAST KNOWN MAILING ADDRESS

Pursuant to rule 239(a), T.R.C.P., I do hereby certify that the address of any defaulting defendant named below is the last known address for that defendant as of the **13th day of February, 2026.**

**Arabella PH 3201 LLC**
P.O. Box 10219
Jackson, WY 83002

**Osama Abdullatif**
**AKA Osama Ali Abdullatif (In Rem Only)**
5417 Valerie Street
Bellaire, TX 77401

**Abdullatif & Company, LLC (In Rem Only)**
**by serving Osama Abdulatif**
**Registered Agent**
5417 Valerie Street
Bellaire, TX 77041

**John Quinlan (In Rem Only)**
3518 Golden Terrace Ct.
Katy, TX 77494

**Omar Khawaja (In Rem Only)**
611 Pinehaven Dr
Houston, TX 77024

M. Alfred

Margaret Alfred
State Bar No. 24104378
margaret.alfred@lgbs.com
Attorney Certifying

Certified Document Number: 128281409 - Page 8 of 20

**SUIT NO. 202367381**

| | | |
|---|---|---|
| **CITY OF HOUSTON, ET AL** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **215TH JUDICIAL DISTRICT** |
| | § | |
| **ARABELLA PH 3201 LLC, ET AL** | § | **HARRIS COUNTY, TEXAS** |

**JOINT MOTION FOR DEFAULT JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES,

**Plaintiff(s):**

**CITY OF HOUSTON**

**HOUSTON INDEPENDENT SCHOOL DISTRICT**

**HOUSTON CITY COLLEGE, FKA HOUSTON COMMUNITY COLLEGE (HCC)**

**and Intervenor(s):**

**HARRIS COUNTY**

Harris County collects on behalf of itself and certain county-wide taxing authorities which are the Harris County Department of Education, the Port of Houston Authority of Harris County, the Harris County Flood Control District, and the Harris County Hospital District, all of which are included within the references to Harris County made herein and move for Judgment by Default in the above-styled cause.

It is respectfully submitted to this Court that **Arabella PH 3201 LLC**, who was duly served with citation which has been returned to this court and has been on file for more than ten (10) days, failed to appear or answer and wholly made default.

**Osama Abdullatif AKA Osama Ali Abdullatif (In Rem Only)**, who was duly served with citation which has

Certified Document Number: 128281709 - Page 9 of 20

been returned to this court and has been on file for more than ten (10) days, failed to appear or answer and wholly made default.

**Abdullatif & Company, LLC (In Rem Only)**, who was duly served with citation which has been returned to this court and has been on file for more than ten (10) days, failed to appear or answer and wholly made default.

**John Quinlan (In Rem Only)**, who was duly served with citation which has been returned to this court and has been on file for more than ten (10) days, failed to appear or answer and wholly made default.

**Omar Khawaja (In Rem Only)**, who was duly served with citation which has been returned to this court and has been on file for more than ten (10) days, failed to appear or answer and wholly made default.

The Undersigned Plaintiffs' attorney affirms that a copy of the Petition was attached to the citation delivered to the Defendant(s) in the above-styled lawsuit.

WHEREFORE, Plaintiff(s) and Intervenor(s) request that the Court grant and enter a Default Judgment in favor of Plaintiff(s) and Intervenor(s) for all relief requested in their petitions on file herein.

DATED this **4th day of February, 2026.**

Respectfully Submitted:

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
PO Box 3064
Houston, TX 77253-3064
(713) 844-3580, (713) 844-3502 - Fax

Margaret Alfred
State Bar No. 24104378
margaret.alfred@lgbs.com
Attorney for Plaintiff(s)

Certified Document Number: 128281409 - Page 90 of 180

**SUIT NO. 202367381**

| | | |
|---|---|---|
| **CITY OF HOUSTON, ET AL** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **215TH JUDICIAL DISTRICT** |
| | § | |
| **ARABELLA PH 3201 LLC, ET AL** | § | **HARRIS COUNTY, TEXAS** |

# AFFIDAVIT OF NONMILITARY STATUS

Before me, the undersigned authority, personally appeared the undersigned affiant, known to me as **Margaret Alfred,** who, being duly sworn, on oath stated:

"My name is **Margaret Alfred.** I am over the age of 18 years, of sound mind, and capable of making this affidavit. The facts stated herein are within my personal knowledge and are true and correct.

I am an attorney in the law firm of *Linebarger Goggan Blair & Sampson, LLP*, Counsel for Plaintiff Taxing Units in this cause.

Based upon my review of a *Military Status Report* obtained from the Defense Manpower Data Center, an organization of the United States Department of Defense pursuant to 50 U.S.C. app. §§ 501 et seq, the *Servicemembers Civil Relief Act*, I have good reason to believe and do believe that Defendant(s) **Osama Abdullatif AKA Osama Ali Abdullatif (In Rem Only), John Quinlan (In Rem Only) and Omar Khawaja (In Rem Only),** were not in any branch of the military when this suit was filed, have not been in military service at any time since then, and are not now in military service in any branch of the United States military. The information provided in the *Military Status Report* is based upon the social security number and last name of Defendant(s).

**I have personal knowledge of the matters stated herein, all of which are true and correct**."

M. Alfred

Margaret Alfred
State Bar No. 24104378
margaret.alfred@lgbs.com
Attorney for Plaintiff(s)

SUBSCRIBED AND SWORN TO before me on this **4th day of February, 2026**

ADIATU CEESAY
Notary Public, State of Texas
Comm. Expires 06-11-2028
Notary ID 134941429

Notary Public in and for The State of Texas

Certified Document Number: 128281709 - Page 10 of 20

# Status Report
## Pursuant to Servicemembers Civil Relief Act

SSN: XXX-XX-4576
Birth Date:
Last Name: ABDULLATIF
First Name: OSAMA
Middle Name:
Status As Of: Feb-04-2026
Certificate ID: 7796GY5C9B5Y1B5

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Certified Document Number: 1282814709 - Page 12 of 20

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

Certified Document Number: 128281709 - Page 13 of 20

# Status Report
## Pursuant to Servicemembers Civil Relief Act

SSN: XXX-XX-4576
Birth Date:
Last Name: ABDULLATIF
First Name: OSAMA
Middle Name: ALI
Status As Of: Feb-04-2026
Certificate ID: 48BJMDMT4T7NJNY

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Certified Document Number: 128281409 - Page 14 of 20

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

Certified Document Number: 128281709 - Page 14 of 20

# Status Report
# Pursuant to Servicemembers Civil Relief Act

SSN: XXX-XX-5448
Birth Date:
Last Name: QUINLAN
First Name: JOHN
Middle Name:
Status As Of: Feb-04-2026
Certificate ID: GY6SK5SF4JCWHXS

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Certified Document Number: 1282817409 - Page 16 of 20

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

Certified Document Number: 128281709 - Page 16 of 20

# Status Report
## Pursuant to Servicemembers Civil Relief Act

SSN: XXX-XX-1665
Birth Date:
Last Name: KHAWAJA
First Name: OMAR
Middle Name:
Status As Of: Feb-04-2026
Certificate ID: 8J5W5R9F6HW86X1

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Certified Document Number: 128281409 - Page 18 of 20

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

Certified Document Number: 128281709 - Page 19 of 20

DISTRICT COURT OF HARRIS COUNTY TEXAS

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this August 6, 2026

Certified Document Number: 125181403 Total Pages: 18

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Certified Document Number: 128221709 - Page 20 of 20

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this October 22, 2026

Certified Document Number: 128221709 Total Pages: 20

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2012-27197-D

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff, | §<br>§ | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| Ali Choudhri et al<br>Defendants | §<br>§ | 333rd JUDICIAL DISTRICT |

**RECEIVER'S RESPONSE TO DEBTOR'S MOTIONS**

**REGARDING ARABELLA PENTHOUSE AND HREP LLC**

**EXHIBIT B**

Certified Document Number: 128221708 - Page 1 of 4

6/30/2026 8:57 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 116755847
By: Auto Clerk
Filed: 6/30/2026 8:57 AM

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
ATTORNEYS AT LAW
4828 Loop Central Drive
Suite 600 (77081)
PO Box 3064
Houston, TX 77253-3064
(713) 844-3590
(713) 844-3529 - FAX

June 30, 2026

The Honorable Marilyn Burgess
District Clerk, Harris County
Attn: Civil/Family Post Trial
201 Caroline, Suite 250
Houston, Texas 77002

**Re: Request For: Order of Sale for Tax Suit**
**Cause No.: 202367381; CITY OF HOUSTON, ET AL VS. ARABELLA PH 3201 LLC, ET AL**

Dear Ms. Burgess:

☒ Please issue the enclosed Order of Sale prepared by the law firm for enforcement of the above referenced tax judgment. Please attach a copy of the District Clerk's Bill of Costs to the Order of Sale.

☐ Please find enclosed the unexecuted Order of Sale for the above reference tax judgment. Please back up the Constable's Fee and post it as no cost to plaintiff.

☐ Please find enclosed the expired Order of Sale for the above reference tax judgment. Please back up the Constable's Fee and post it as no cost to plaintiff.

Please place the executed Order of Sale in Linebarger pick-up basket.

If you have any questions, please don't hesitate to call.

Sincerely,

Emily Balderas
Post Judgment Department

Enclosure

Certified Document Number: 128421608 - Page 1 of 4

**ORDER OF SALE IN TAX SUITS** **TR#___________**

**THE STATE OF TEXAS**

TO: ANY SHERIFF OR ANY CONSTABLE WITHIN THE STATE OF TEXAS, GREETING:

**WHEREAS,** in the suit set forth below, the Plaintiff and/or Intervenor taxing units recovered a judgment of foreclosure on delinquent taxes, penalties, interest, costs and expenses of suit and sale, in those amounts and on the date as shown and fully set forth in such judgment, a true & correct copy of which is attached hereto and incorporated by reference;

**WHEREAS**, the Judgment constituted a foreclosure of the lien for taxes due to the Plaintiff(s) and/or Intervenor(s) upon the property described in such Judgment;

**WHEREAS**, the suit on which the Judgment is based is identified as follows, such judgment also providing for the recovery of all court costs and expenses of suit as shown:

Suit No. 202367381, CITY OF HOUSTON, ET AL VS. ARABELLA PH 3201 LLC, ET AL, See attached a true & correct copy of judgment signed on February 15, 2026, recorded in Volume and Page Number and/or Image No. 125181403, of the Minutes of the District Court, for the following matters: a) taxes, penalties, interest, attorney fees, abstractor's fees, attorney ad litem fees and Tax Master fee recovered by said judgment; b) description of the property foreclosed by said judgment; and c) the adjudged market value of said property as fixed in the judgment, all of which matters are incorporated herein by reference. Also see attached Bill of Costs, same being incorporated herein by reference.

**THEREFORE, WITH RESPECT TO THE SUIT SHOWN ABOVE, YOU ARE HEREBY COMMANDED** to proceed to seize, levy upon, and advertise for sale as under Execution the property described in said judgment and sell the same to the highest bidder (hereinafter called "Purchaser") for cash, pursuant to Sections 34.01 and 33.50 of the Texas Property Tax Code. It is further specified herein that the property may be sold to a taxing unit that is a party to the suit or to any other person, other than a person owning an interest in the property or any party to the suit that is not a taxing unit, for the adjudged value of the property as stated in the judgment or the aggregate amount of the judgments against the property, whichever is less. You are further commanded that the property may not be sold to a person owning an interest in the property or to a person who is a party to the suit other than a taxing unit unless (1) that person is the highest bidder at the tax sale, and (2) the amount bid by that person is equal to or greater than the aggregate amount of the judgments against the property, including all costs of suit and sale. You further are commanded to make such sale subject to the right of the Defendant(s) to redeem the property pursuant to Section 34.21 of the Texas Property Tax Code; and, further, you are commanded to make to the Purchaser, or to the Purchaser's designee, your Deed thereto, subject to said right of redemption. You are further commanded to place the Purchaser, or the Purchaser's designee, in possession of the property so sold in accordance with the provisions of said Judgment, attached hereto.

You are commanded to apply the proceeds of such sale to the payment of the judgment, plus the interest, penalties, costs and expenses of suit, and attorneys' fees as set out in said judgment, and the further costs of executing this Order, including your costs of sale; the remainder of the purchase price, if any there be, shall be paid to the Clerk of the District Court to be retained by said Clerk, subject to the order of said Court, in accordance with the statutes of the State of Texas.

**HEREIN FAIL NOT,** and make due return of this Writ within 180 days from the date of issuance hereof, with your endorsement thereon showing how you have executed the same.

ISSUED UNDER MY HAND and the seal of Office at Houston, Texas this ______ day of __________________, 20 _____.

Issued at the request of:
Emily Balderas, PCT 1
LINEBARGER GOGGAN
BLAIR & SAMPSON,
LLP
PO Box 3064
Houston, TX 77253-3064

Marilyn Burgess, District Clerk
Harris County, Texas
By: ___________________________, Deputy

Certified Document Number: 12[illegible] - Page [illegible] of [illegible]

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this August 6, 2026

Certified Document Number: 127452697 Total Pages: 2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Certified Document Number: 128221708 - Page 4 of 4

DISTRICT COURT OF HARRIS COUNTY TEXAS

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this October 22, 2026

Certified Document Number: 128221708 Total Pages: 4

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

8/21/2026 5:04 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 118959689
By: Jessica Pannell
Filed: 8/21/2026 5:04 PM

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd. | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| Ali Choudhri et al | § | |
| Defendants | § | 333rd JUDICIAL DISTRICT |

**RECEIVER'S SUR-REPLY TO DEBTOR'S REPLY TO RECEIVER'S RESPONSE TO DEBTOR'S MOTIONS REGARDING ARABELLA PENTHOUSE AND HREP LLC**

TO THE HONORABLE JUDGE OF SAID COURT:

Travis Vargo, Receiver ("Receiver") represents:

## SUMMARY

1. Receiver filed a motion regarding Houston Real Estate Properties LLC in early July 2026, and served Mark Yablon, attorney of record the Debtor. No response was timely filed, and the Court entered an order on July 28, 2026. The Debtor filed a late reply, claiming Mr. Yablon was not his attorney, and the Receiver responded showing Mr. Yablon was his attorney of record. The Debtor replied again saying that although Mr. Yablon entered an appearance and there was an express order authorizing Mr. Yablon the be the Debtor's attorney, somehow that is not enough notice. This response briefly addresses the odd issue of whether notice to the Debtor's attorney of record is sufficient, and then addresses the remaining arguments of the Debtor.

## MARK YABLON, AN ATTORNEY FOR THE DEBTOR, WAS SERVED

2. The motion was filed July 3, 2026 and Mr. Yablon was served the same day. He has been an attorney of record for the Debtor since at least August 11, 2025, when he made an appearance by filing a motion relating to a supersedeas bond on the Debtor's behalf. This was submitted previously but the Court should look at Mr. Yablon's signature block from that filing:



Certified Document Number: 128397848 - Page 1 of 4

Respectfully submitted,

YABLON LAW PLLC

*/s/ Mark P. Yablon*
Mark P. Yablon
Texas Bar No. 24100688
2777 Allen Parkway, Floor 10
Houston, Texas 77019
Office: 281-310-5813
service@yablonlaw.com
www.yablonlaw.com

and

By: */s/ Justin Rayome*

JUSTIN RAYOME
SBN: 24130709
1001 West Loop South, Suite 700
Houston, Texas 77027
214-934-9345
justin.rayome.law@gmail.com

ATTORNEYS FOR ALI CHOUDHRI

3. **"*/s/ Mark P. Yablon*" and "ATTORNEYS FOR ALI CHOUDHRI".** Yet the Debtor's most recent filing continues with the ridiculous fiction that Mr. Yablon is not the Debtor's attorney in this case. Exhibit A to the Response is Mr. Yablon's affidavit, and he states "I do not serve as Mr. Choudhri's attorney is Cause No. 2012-27197-A/D". Exhibit a pg. 1. It is not explained how someone who made appearances and filings over his signature in a case, stating he is Ali Choudhri's attorney, is somehow not Ali Choudhri's attorney. There is no order or motion to withdraw Mr. Yablon. Mr. Yablon was served. Service on the Debtor's attorneys is sufficient. There is not a document on file identifying that Mr. Yablon should not be served, or that serviced should go to Mr. Staub. The labyrinth of which attorney is responsible for what issues is internal to the Debtor and his counsel—the Receiver cannot presume to know that for such-and-such issue, the attorney handling it is Mr. Yablon, but for another issue, it is Mr. Staub. The motion should be denied.

Certified Document Number: 128397848 - Page 2 of 4

**DEBTOR OFFERS NO EVIDENCE.**

4. It has been almost a month since the order was signed. The Debtor still has not articulated a substantive reason the HREP motion should have been denied. How could he? It is an entity that was liquidated in bankruptcy. He owns all of it. Clearly the *WC 4th Colorado* exception applies and the Receiver is not limited to a charging order. The Court should deny the motion to reconsider.

**PRAYER**

Wherefore, premises considered, Receiver respectfully prays that the Court deny the motion to reconsider, and for such other and further relief, in law and in equity, as is just.

Respectfully Submitted,

VARGO LAW FIRM, PC

By: /s/ Travis B. Vargo

Travis B. Vargo
State Bar No. 24047027
Michael Poynter
State Bar No. 24092991
12012 Wickchester, Suite 670
Houston, TX 7709
(713) 524-2441 telephone
(832) 779-8838 facsimile
tvargo@vargolawfirm.com
mpoynter@vargolawfirm.com

**RECEIVER**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026 a true and correct copy of the foregoing has been served upon all parties of record.

By: /s/ Travis B. Vargo
Travis B. Vargo



Certified Document Number: 128397848 - Page 3 of 4

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Poynter on behalf of Michael Poynter
Bar No. 24092991
eservice@vargolawfirm.com
Envelope ID: 118959689
Filing Code Description: No Fee Documents
Filing Description: Further Reply re HREP
Status as of 8/24/2026 9:33 AM CST

Case Contacts

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| William NDrabble | | wdrabble@grayreed.com | 8/21/2026 5:04:00 PM | SENT |
| D. Scott Funk | | sfunk@grayreed.com | 8/21/2026 5:04:00 PM | SENT |
| Michael Poynter | | mpoynter@vargolawfirm.com | 8/21/2026 5:04:00 PM | SENT |
| Derek RyanStaub | | dstaub@fbtgibbons.com | 8/21/2026 5:04:00 PM | SENT |
| Osama Abdullatif | | osama1966@sbcglobal.net | 8/21/2026 5:04:00 PM | SENT |
| Beth Mendez | | pbmendez@sbcglobal.net | 8/21/2026 5:04:00 PM | SENT |
| T. Michael Ballases | | Ballases@hooverslovacek.com | 8/21/2026 5:04:00 PM | SENT |
| Christi Lillie | | clillie@grayreed.com | 8/21/2026 5:04:00 PM | SENT |
| Travis Vargo | | tvargo@vargolawfirm.com | 8/21/2026 5:04:00 PM | SENT |

Certified Document Number: 128397848 - Page 4 of 4

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this October 22, 2026

Certified Document Number: 128397848 Total Pages: 4

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

8/21/2026 5:04 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 118959689
By: Jessica Pannell
Filed: 8/21/2026 5:04 PM

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd. Plaintiff, | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| Ali Choudhri et al Defendants | § | 333rd JUDICIAL DISTRICT |

**RECEIVER'S RESPONSE TO DEFENDANT'S MOTION TO CLARIFY AND ENFORCE CHARGING-ORDER LIMITATIONS IN THE APRIL 2025 TURNOVER ORDERS**

TO THE HONORABLE JUDGE OF SAID COURT:

Travis Vargo, Receiver ("Receiver") represents:

**SUMMARY**

1. Defendant Ali Choudhri wants the Court to reconsider its prior orders and issue an advisory opinion that Receiver is entitled only to a charging order as to limited liability companies owned by Choudhri. In simple terms, he wants the Court to reconsider the entire scope of the turnover orders. His motion does not attach evidence. His motion fails to address the legal basis of the LLC orders entered by this court—namely, that a charging order is not the exclusive remedy for LLC interests in companies that have no operating businesses and when third parties would not be affected. The motion is little more than a repurposing of arguments rejected already for a request to amend the turnover orders. The Court should deny the motion.

**AMENDED TURNOVER ORDERS WERE NOT APPEALED**

2. At the August 19, 2026 oral argument, Derek Staub, the lead counsel for the Debtor, stated that the motion at bar was brought because he—Derek Staub, individually—did not understand the scope of the Receivership orders. Respectfully, the Debtor's counsel does not understand an order is not a valid reason to reform it.



Certified Document Number: 128397849 - Page 1 of 6

3. But what the Debtor clearly wants this court to modify its amended turnover orders because he lacks the ability to appeal them presently. After the Amended Turnover Orders were signed, Choudhri did not appeal them.[1]

4. If the court modifies them now, he will initiate fresh appeals, which will cause significant delays and expenses for all parties. The Debtor is seeking to reset the clock on the appeals of his turnover motions.

5. This case started in 2011, and there is a judicial interest in the finality of orders and bringing cases to resolution. *See Mabon Ltd. v. Afri-Carib Enters.*, 369 S.W.3d 809, 812 (Tex. 2012) (stating Texas has a general public policy in protecting the finality of judgments).

**CHOUDHRI'S MOTION FAILS TO CITE TO OR ANALYZE CONTROLLING AUTHORITY**

6. Conspicuously absent from Choudhri's motion is citation to or analysis of *WC 4th Colorado, L.P. v. Colorado Third Street, LLC*, No. 14-22-00764-CV, 2025 Tex. App. LEXIS 2857 (Tex. App.—Houston [14th Dist.] Apr. 29, 2025) (op. rehearing). That case, as this Court well knows, relates to an exception to the charging order exclusivity when the company in question has no business operations and no third parties would be affected. *See generally id.* This authority is

[1] *See Notice of Appeal* at 1, *Mokaram-Latif W. Loop, Ltd. v. Choudhri*, No. 2012-27197-A (333rd Dist. Ct., Harris County, Tex. Apr. 20, 2025) (Env. No. 99859149) (stating that he is appealing an order the Harris County court signed on April 1, 2025, and attaching the original A Case turnover order); *Notice of Appeal* at 1, *Mokaram-Latif W. Loop, Ltd. v. Choudhri*, No. 2012-27197-D (333rd Dist. Ct., Harris County, Tex. Apr. 20, 2025) (Env. No. 99859234) (stating that he is appealing an order the Harris County court signed on March 31, 2025, and attaching the original D Case turnover order); *see also Choudhri v. Mokaram-Latif W. Loop, Ltd.*, No. 14-25-00308-CV (Tex. App.—Houston [14th Dist.] Oct. 7, 2025, no pet. h.) (mem. op.) (dismissing the A Case appeal and noting the "appeal is from an order signed April 1, 2025"); *Choudhri v. Mokaram-Latif W. Loop, Ltd.*, No. 14-25-00309-CV (Tex. App.—Houston [14th Dist.] Oct. 7, 2025, no pet. h.) (mem. op.) (dismissing the D Case appeal and noting the "appeal is from an order signed March 31, 2025").



Certified Document Number: 128397849 - Page 2 of 6

cited up and down the Receiver's motions on Memorial Glen Cove, LLC, Arabella PH 3201 LLC, and all of the other entities the Receiver has sought specific authority over. *See, e.g.*, July 30, 2025 Motion to Confirm Authority Concerning Turnover of Judgment Debtor's Interest in Memorial Glen Cove LLC pg. 2 (citing *WC 4th Colorado LP*).

7. The Debtor's motion fails because it does not address the applicable authority. *WC 4th*, and its family of cases, clearly authorizes the Receiver's conduct because there are exceptions to the charging order limits of the statute. The Debtor specifically complains of the Receiver's conduct regarding Memorial Glen Cove LLC, but fails to mention that all of that conduct occurred upon motion practice, hearing, and orders signed by the Court. What the Debtor is really requesting is that the Court undo all of those orders, **and** to cast doubt on the validity of the orders entered by other courts in reliance on the turnover orders.

8. The Receiver has sought, and will continue to seek, express authority from the Court confirming his authority when necessary. The Debtor describes the Receiver's actions as "overreach" (see, e.g. Motion pg. 12). But the very actions the Debtor complains about were authorized expressly by this Court through the Turnover Orders and through subsequent orders. The Debtor has been given notice and an opportunity to be heard. There was even recently an oral hearing on the Debtor's motions to reconsider the penthouse apartment writ. There is no overreach.

**THE MOTION IS A WASTEFUL REHASH OF ISSUES**

**DECIDED MANY TIMES OVER.**

9. The motion rehashes arguments already presented and rejected. For example, the motion spends an entire page discussing *Bran v. Spectrum MH, LLC*, No. 14-22-00479-CV, 2023 WL 5487421 (Tex. App.—Houston [14th Dist.] Aug. 24, 2023, pet. denied). This argument was



Certified Document Number: 128397849 - Page 3 of 6

already presented in Choudhri's June 19, 2026 opposition to the writ of possession for the penthouse. *Compare* Motion pg. 10 *with* Juny 19, 2026 Opposition pg. 10 (both discussing *Bran v. Spectrum*). As this Court knows, the Debtor is selectively discussing *Bran* because that case acknowledges § 101.112 but also expressly acknowledges that exceptions to that doctrine exist. *See* Receiver's June 23, 2026 Response ¶ 9 (discussing Debtor's discussion of *Bran*). Even though we have all been here before, the Debtor makes us return yet again to these arguments. The Court should reject them yet again.

**DEBTOR ATTACHES NO EVIDENCE OF DAMAGES**

10. Debtor contends the Receiver has overreached, but he does not identify with evidence a single instance of damage or harm to the Debtor as a result of the collections. He does not identify a single instance of harm that will come to him if his motion is denied. He wants an advisory opinion that the Receiver is enjoined from actions in the future. Granting the request will immediately put the Receivership into a vast quagmire of litigation where every past action is relitigated, and every proposed future action is hindered. The Debtor has not justified that outcome to this Court. The motion must be denied.

**PRAYER**

Wherefore, premises considered, Receiver respectfully prays that the Court deny the motion to clarify and enforce, and for such other and further relief, in law and in equity, as is just.

Certified Document Number: 128397849 - Page 4 of 6

Respectfully Submitted,

VARGO LAW FIRM, PC

By: /s/ Travis B. Vargo

Travis B. Vargo
State Bar No. 24047027
Michael Poynter
State Bar No. 24092991
12012 Wickchester, Suite 670
Houston, TX 7709
(713) 524-2441 telephone
(832) 779-8838 facsimile
tvargo@vargolawfirm.com
mpoynter@vargolawfirm.com

**RECEIVER**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026 a true and correct copy of the foregoing has been served upon all parties of record.

By: /s/ Travis B. Vargo
Travis B. Vargo

Certified Document Number: 128397849 - Page 5 of 6

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Poynter on behalf of Michael Poynter
Bar No. 24092991
eservice@vargolawfirm.com
Envelope ID: 118959689
Filing Code Description: No Fee Documents
Filing Description: Further Reply re HREP
Status as of 8/24/2026 9:33 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| William NDrabble | | wdrabble@grayreed.com | 8/21/2026 5:04:00 PM | SENT |
| D. Scott Funk | | sfunk@grayreed.com | 8/21/2026 5:04:00 PM | SENT |
| Michael Poynter | | mpoynter@vargolawfirm.com | 8/21/2026 5:04:00 PM | SENT |
| Derek RyanStaub | | dstaub@fbtgibbons.com | 8/21/2026 5:04:00 PM | SENT |
| Osama Abdullatif | | osama1966@sbcglobal.net | 8/21/2026 5:04:00 PM | SENT |
| Beth Mendez | | pbmendez@sbcglobal.net | 8/21/2026 5:04:00 PM | SENT |
| T. Michael Ballases | | Ballases@hooverslovacek.com | 8/21/2026 5:04:00 PM | SENT |
| Christi Lillie | | clillie@grayreed.com | 8/21/2026 5:04:00 PM | SENT |
| Travis Vargo | | tvargo@vargolawfirm.com | 8/21/2026 5:04:00 PM | SENT |

Certified Document Number: 128397849 - Page 6 of 6

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this October 22, 2026

Certified Document Number: 128397849 Total Pages: 6

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd. | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| Ali Choudhri et al | § | |
| Defendants | § | 333rd JUDICIAL DISTRICT |

**RECEIVER'S MOTION EXPRESS RULINGS**

**EXHIBIT 1**

CAUSE NO. 2026-63841

| | | |
|---|---|---|
| Ali Choudhri<br>Plaintiff, | §<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| Alan Rosen<br>Defendant | §<br>§<br>§ | 333rd JUDICIAL DISTRICT |

**<u>RECEIVER TRAVIS VARGO'S BRIEF REGARDING STATUS OF CASE</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

Travis Vargo, Receiver ("Receiver") represents:

**BANKRUPTCY STAY DOES NOT APPLY**

1. Arabella PH 3201 LLC filed for chapter 11 bankruptcy on September 11, 2026 in the United States Bankruptcy Court, District of Wyoming. The case is 26-20432. As the Court remembers, there are two Wyoming entities named Arabella PH 3201 LLC.

PAGE 1 OF 1 RESULTS: 1-2 OF 2

| Entity | Standing - Tax | Standing - RA | Status | Filed On |
|---|---|---|---|---|
| **Arabella PH 3201 LLC - 2021-001051395 (LLC)** | Delinquent | Delinquent | Inactive - Administratively Dissolved (Tax) | 11/10/2021 |
| **Arabella PH 3201 LLC - 2026-001908972 (LLC)** | Good | Good | Active | 03/03/2026 |

Page 1 of 1 Results: 1-2 of 2

*See* Exhibit 1.

2. The first entity ("Dissolved Arabella") holds title to the property at 4521 San Felipe, Unit 3201, Houston, TX 77027. We know this because the deed vesting title—attached as Exhibit 2—was recorded on November 12, 2021, before the second entity was formed. There is no subsequent deed to the second entity ("Current Arabella"). So the question is which Arabella, Dissolved Arabella or Current Arabella, is in bankruptcy? The answer is Current Arabella.

3. We know which Arabella is in bankruptcy because ECF 4 of the bankruptcy file is the Debtor's Memorandum Regarding Title and Reservation of Rights. It is attached as Exhibit 3. In that document, the Debtor states that it has title to the property "from a predecessor entity of the same name."

> 2. The Debtor acquired its interest in the Property in March 2026 from a predecessor company of the same name, which had taken record title by General Warranty Deed recorded in Harris County, Texas on November 12, 2021 as Document No. RP-2021-654150. The Debtor will describe that transaction in its Statement of Financial Affairs and is prepared to address it at any hearing the Court may set.

Exhibit 3 pg. 1 (emphasis supplied).

4. This document makes it 100% clear that Current Arabella, not Dissolved Arabella, is the entity in bankruptcy **but Current Arabella does not own the property**. No deed from Dissolved Arabella to Current Arabella is recorded in the Harris County Clerk's records. The penthouse is therefore not in the bankruptcy estate. The automatic stay does not operate to stay the writ in this instance.

**REMOVED CASES**

5. Three removals are relevant here. This case, *Ali Choudhri v. Alan Rosen*, was removed on September 14, 2026. The notice of removal is attached as Exhibit 4. The cases in which the Receiver was appointed, 2012-27197-A and 2012-27197-D, were each removed the day before, on September 13, 2026. Those notice of removals are attached as Exhibits 5 and 6.

6. The order entered on September 15, 2026 was entered in this case (2026-63841) after it was removed. This Court does not have jurisdiction to enter orders in cases that are removed to federal court. *In re Bennett*, 960 S.W.2d 35, 39 (Tex. 1997) ("Federal law provides that once a case is removed to federal court 'the State court shall proceed no further unless and until the case

is remanded.'") (quoting 28 U.S.C. § 1446(d)). The Court should enter an order vacating the September 15, 2026 Order to acknowledge the removal's effect on jurisdiction.

7. This Court does however retain jurisdiction to sanction attorneys for pre-removal conduct. *Id.* at 40 (Tex. 1997) ("we conclude that state courts retain jurisdiction after removal of a case to federal court to sanction lawyers for pre-removal conduct so long as the sanction does not operate upon the merits of the underlying action"). Derek Staub made affirmative misstatements of material fact to this court regarding Ali Choudhri being "arrested" to create a false emergency. Mr. Staub also did not disclose to this Court that this case had been removed by his client when he requested emergency relief. The Receiver requests sanctions against Mr. Staub. In considering the issue of sanctions, the Court should be aware that Mr. Staub was indicted by the United States Department of Justice in March 2026 for false statements to the FBI, for destruction or removal of property to prevent search or seizure, and for witness tampering. A copy of his indictment is attached as Exhibit 7. The charge for false statements was later dropped (to be refiled in a different district). The indictment suggests that Mr. Staub's false statements to this Court are not an isolated incident.

8. The removal does not disrupt this court's pre-removal orders or writs. 28 USC § 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."). The Receiver is entitled to proceed with his pre-removal writ.

**PRAYER**

Wherefore, premises considered, Receiver respectfully prays that the order entered September 14, 2026 be vacated, that the Court enter an appropriate sanction against Derek Staub, for all other relief, in law and in equity, as is just.

Respectfully Submitted,

VARGO LAW FIRM, PC

By: /s/ Travis B. Vargo

Travis B. Vargo
State Bar No. 24047027
Michael Poynter
State Bar No. 24092991
12012 Wickchester, Suite 670
Houston, TX 7709
(713) 524-2441 telephone
(832) 779-8838 facsimile
tvargo@vargolawfirm.com
mpoynter@vargolawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2026 a true and correct copy of the foregoing has been served upon all parties of record.

By: /s/ Travis B. Vargo
Travis B. Vargo

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| Ali Choudhri et al<br>Defendants | §<br>§ | 333rd JUDICIAL DISTRICT |

**RECEIVER'S MOTION FOR ORDERS SUPPLEMENTING THE COURT'S JULY 28 AND AUGUST 19 ORDERS**

TO THE HONORABLE JUDGE RANDY WILSON:

Receiver Travis Vargo ("Receiver") files this Motion for Orders Supplementing the Court's July 28 and August 19 Orders, and respectfully shows:

**Arguments Made to the Court by Receiver and Choudhri relating to Arabella PH 3201 LLC and the Penthouse**

1. On June 12, 2026, Receiver filed his Motion for Writ of Possession, Comfort Order, and Expungement of Recorded Documents Relating to 4521 San Felipe St #3201, Houston, Texas (the "Penthouse"). Therein, Receiver addressed the scope of turnover order and its application to Arabella PH 3201 LLC (filing ID of 2021-001051395), who Receiver argued was the record owner of the Penthouse. Receiver also sought to expunge deeds to clear title issues created by Ali Choudhri ("Choudhri").

2. On June 22, 2026, Choudhri filed his Opposition to Receiver's Motion for Writ of Possession, Comfort Order, And Expungement of Recorded Documents Relating to the Penthouse. From page 17 to 20, he conspicuously argues that the Penthouse is his homestead. And then separately, also on June 22, 2026, Ali Choudhri filed a Statement of Homestead Exemption Pursuant to Paragraph 28(C) Of the Amended Turnover Order.

3. On June 23, 2026, Receiver filed a Reply to Ali Choudhri's Response to Motion for Writ Possession, Comfort Order, and Expungement of Recorded Documents to the Penthouse. Receiver rebuffed the homestead arguments on pages 9-10.

4. On June 25, 2026, Ali Choudhri filed a Sur-Reply in Opposition to Receiver's Motion for Writ of Possession, Comfort Order, And Expungement of Recorded Documents Relating to the Penthouse. Throughout the filing, Ali Choudhri argues that the Receiver cannot seize or sell the Penthouse because it is his homestead.

5. On July 28, 2026, the Court signed an Order expunging deeds and giving Receiver the authority to seize and sell the Penthouse. Absent from the Order were *express* findings that stating that Arabella PH 3201 LLC (filing ID of 2021-001051395) is the record owner of the Penthouse,[1] a ruling on Ali Choudhri's claim of homestead protection, and a ruling on turnover of the interest and/or assets of Arabella PH 3201 LLC (filing ID of 2021-001051395). The Court could not have signed its July 28 Order without resolving all these issues in Receiver's favor.

6. On August 5, 2026, Ali Choudhri filed an Emergency Verified Motion to Stay Enforcement of the Court's July 28 Order. The Court then set an oral hearing for August 19, 2026, and after hearing even more arguments concerning homestead protection, denied the motion to reconsider the Penthouse rulings in an Order signed the same day, August 19, 2026. The identity of the record owner, assertion of the homestead exemption, and turnover orders relevance were all discussed at the hearing through argument or incorporation of filed briefing.

---

[1] The legal owner can be deduced by examining the deed vesting title in Arabella PH 3201 LLC (RP-2021-654150) and discarding the deeds expunged by the July 28 Order, RP-2024-272170 and RP-2026-83776. Except, Ali Choudhri uses this daylight to argue that a new identically named entity with a different entity number is the record owner.

**Choudhri Files Four (4) Lawsuits, a Bankruptcy, and Removals for Related Cases to Circumvent the July 28 and August 19 Orders**

7. In reliance on the Court's July 28 and August 19, the Receiver began executing a writ of possession on the Penthouse. To avoid same, Choudhri filed Cause No. 2026-59605, *Ali Choudhri v. Alan Rosen*, in the 333rd District Court of Harris County, Texas, claiming that this Court had not ruled on his homestead and that the Constable was attempting to violate his constitutional rights by executing an unlawful writ. Choudhri ultimately lost this case, so he filed another lawsuit making similar (if not identical) claims, Cause No. 2026-63841, *Ali Choudhri v. Alan Rosen*, in the 333rd District Court of Harris County, Texas.

8. Concurrent with these cases, Choudhri filed a civil rights lawsuit against the Receiver, Civil Action No. 4:26-cv-07537, *Arabella PH 3201 LLC v. Vargo et al.* in the United States District Court, Southern District of Texas (Houston), presuming that the Penthouse is his personal homestead and claiming that Receiver has no right to dispossess him. He also filed Cause No. 2026-60637, *Ali Choudhri v. City of Houston*, in the 61st District Court of Harris County, Texas claiming he was the owner of the Penthouse (as opposed to Arabella PH 3201 LLC (filing ID of 2021-001051395)) to prevent a tax foreclosure.

9. Perhaps most consequential, he also concurrently filed a chapter 11 proceeding styled *In re: Arabella PH 3201 LLC,* Case No. 26-20432 In the United States Bankruptcy Court for the District of Wyoming, on behalf of a deceptively and identically named entity that was formed on March 3, 2026, holding a filing ID of 2026-001908972. Choudhri used this to falsely claim that Receiver was violating a bankruptcy stay, which prompted this Court to abate the execution of the writ issued per the July 28 Order. The falsity of their allegations and explanation of the significance is set forth in detail in Exhibit 1. Receiver seeks an express ruling to prevent continued confusion on the issue and abuse of the Court system.

**Receiver Seeks Guidance on Notice to Vacate**

10. The writ of possession is valid and ready to be executed. Receiver seeks the Court's guidance on notice to vacate. Notice to vacate has been posted twice and ignored. The Property Code does not require further notice, but Receiver seeks the Court's preference on whether to give more than the law requires.

**SUMMARY / CONCLUSION / PRAYER**

Receiver prays for entry of the attached proposed order that overrules Ali Choudhri's Statement of Homestead Exemption filed on June 22, 2026, and declares that Arabella PH 3201 LLC (entity # 2021-001051395, administratively dissolved on 11/10/2021) is the record owner of the Penthouse, overrules Ali Choudhri's homestead exemption claim, and specifies that the membership interest of Arabella PH 3201 LLC (filing ID of 2021-001051395) was turned over the Receiver pursuant to the Turnover Order(s).

Respectfully submitted,

By: /s/Travis B. Vargo

Travis Vargo
State Bar No. 24047027
12012 Wickchester, Suite 670
Houston, TX 77079
(713) 524-2441 telephone
(832) 779-8838 facsimile
tvargo@vargolawfirm.com

COURT APPOINTED RECEIVER

CERTIFICATE OF SERVICE

This is to certify that on October 22, 2026, a true and correct copy of this document was served on all parties and counsel of record through the e-service system and/or email as authorized by the Texas Rules of Civil Procedure.

By: /s/Travis B. Vargo