# EXHIBIT 7

7/18/2022 1:00 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 66410328
By: Wanda Chambers
Filed: 7/18/2022 1:00 PM

**NO. 2021-63370**

| | | |
|---|---|---|
| **GALLERIA 2425 OWNER, LLC**<br>**PLAINTIFF** | §<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| **v.** | §<br>§ | **HARRIS COUNTY, TEXAS** |
| **NATIONAL BANK OF KUWAIT S A K P - NEW YORK BRANCH**<br>**DEFENDANT** | §<br>§ | **281 JUDICIAL DISTRICT** |

**ALI CHOUDHRI'S ORIGINAL PETITION IN INTERVENTION**

Intervenor, Ali Choudhri, files this petition in intervention and alleges as follows:

**PARTIES**

1. Intervenor is an individual who conducts business in in Harris County at 1001 West Loop South, Ste 700, Houston, TX 77027.

2. Plaintiff, Galleria 2425 Owner, LLC, is a limited liability company whose address is 1001 West Loop South, Ste 700, Houston, TX 77027. A copy of this petition will be forwarded to Seth Nichamoff, attorney of record for plaintiff.

3. Defendant, National Bank of Kuwait S A K P – New York Branch, a corporation, has appeared and answered. A copy of this petition will be forwarded to Charles Conrad and Liz Klingensmith, attorneys of record for defendant.

**THE ORIGINAL LAWSUIT**

4. On or about September 9th, 2021, plaintiff sued defendant for wrongful foreclosure and other claims.

5. On November 2nd 2021, defendant filed an answer asserting a general denial.

Certified Document Number: 103021545 - Page 1 of 6

## INTERVENOR'S INTEREST IN LAWSUIT

6. A party has a justiciable interest in a lawsuit when its interests will be affected by the litigation. *In re Union Carbide Corp.,* 273 S.W.3d 152, 155 (Tex. 2008)*; Law Offices of Windle Turley, P.C. v. Ghiasinejad,* 109 S.W.3d 68, 70 (Tex. App.—Fort Worth 2003, no pet.). A party may intervene in a suit if it:

   a. could have brought all or part of the same suit in its own name. *In re Union Carbide,* 273 S.W.3d at 155*; Guar. Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 657 (Tex. 1990)*; E & B Carpet Mills v. State,* 776 S.W.2d 286, 290 (Tex. App.—Austin 1989, writ dism'd).

   b. would have been able to defeat all or part of the recovery if the suit had been filed against it. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 657 (Tex. 1990)*; Metromedia Long Distance, Inc. v. Hughes,* 810 S.W.2d 494, 497 (Tex. App.—San Antonio 1991, writ denied).

7. There is no pre-judgment deadline for intervention. *Texas Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008) (citing TEX. R. CIV. P. 60; *Citizens State Bank of Sealy v. Caney Invs.*, 746 S.W.2d 477, 478 (Tex. 1988)). Texas courts recognize an "expansive" intervention doctrine in which a plea in intervention may be untimely only if it is "filed after judgment," *Texas v. Naylor*, 466 S.W.3d 783, 788 (Tex. 2015) (quoting *First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1984)), though even post-judgment interventions are permissible in some circumstances. *Ledbetter*, 251 S.W.3d at 36 (citing *In re Lumbermens Mut. Cas. Co*., 184 S.W.3d 718, 725–26 (Tex. 2006)). There is no final judgment in this case. Mr. Choudhri's intervention is therefore timely.

8. "Any party may intervene [in a case] by filing a pleading, subject to being stricken out by



Certified Document Number: 103021545 - Page 2 of 6

the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60. An intervenor is not required to secure a court's permission to intervene in a cause of action or establish standing. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990). An intervenor need only show a "justiciable interest in a pending suit to intervene in the suit as a matter of right." *In re Union Carbide Corp.*, 273 S.W.3d 152, 154 (Tex. 2008). "A party has a justiciable interest in a lawsuit, and thus a right to intervene, when his interests will be affected by the litigation." *Jabri v. Alsayyed*, 145 S.W.3d 660, 672 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Law Offices of Windle Turley v. Ghiasinejad*, 109 S.W.3d 68, 71 (Tex. App.—Fort Worth 2003, no pet.)). "The interest asserted by the intervenor may be legal or equitable." *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657 (citation omitted).

## INTERVENOR'S CAUSES OF ACTION

### I. COUNT 1 – FRAUDULENT INDUCEMENT

9. Defendant represented to intervenor that in anticipation of obtaining a bank loan, intervenor should transfer a piece of real property he had purchased outright into a new special purpose entity which was formed for the single purpose of holding the real property.

10. Defendant's representation to plaintiff was material because the bank intentionally structured the loan deal in this way, in order to induce intervenor to make this transfer to the new entity, claiming it would then allow intervenor to monetize his investment, but its real underlying goal was to pave the way for itself to tortiously interfere with intervenor's business operations, and fabricate defaults, in an attempt to unlawfully take the property from intervenor.

11. Defendant's conduct amounted to a false representation to intervenor.

12. Defendant made the false representation knowing it was false.

13. Defendant intended for plaintiff to rely on the false representation.



Certified Document Number: 103021545 - Page 3 of 6

14. Plaintiff justifiably relied on defendant's false representation when he in fact transferred the real property to the special purpose entity created at the request of the defendant.

15. Defendant's false representation directly and proximately caused injury to intervenor, which resulted in damages to intervenor.

16. Plaintiff seeks damages within the jurisdictional limits of this court.

17. Exemplary damages. Plaintiff's injury resulted from defendant's actual fraud, gross negligence, or malice, which entitles plaintiff to exemplary damages under Texas civil practice & remedies code section 41.003(a).

**JURY DEMAND**

18. Intervenor demands a jury trial and tenders the appropriate fee with this petition.

**PRAYER**

19. For these reasons, intervenor asks that, after trial, intervenor be awarded a judgment against defendant for the following damages:

a. Actual damages.

b. Exemplary damages.

c. Prejudgment and postjudgment interest.

d. Court costs.

e. All other relief to which plaintiff is entitled.

Respectfully Submitted,

By: /s/ *Ali Choudhri*
Ali Choudhri
Pro Se



Certified Document Number: 103021545 - Page 4 of 6

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served on all parties' counsel of record on July 18, 2022.

*/s/ Ali Choudhri*
Ali Choudhri

Certified Document Number: 103021545 - Page 5 of 6

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 66410328

Status as of 7/18/2022 1:08 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Seth Nichamoff | | seth@nichamofflaw.com | 7/18/2022 1:00:16 PM | SENT |
| Jason Carrington Norwood | 24027579 | jason@jcnorwood-law.com | 7/18/2022 1:00:16 PM | SENT |
| Elizabeth Klingensmith | 24046496 | Liz.Klingensmith@pillsburylaw.com | 7/18/2022 1:00:16 PM | SENT |
| Charles Conrad | | charles.conrad@pillsburylaw.com | 7/18/2022 1:00:16 PM | SENT |
| Nancy Jones | | nancy.jones@pillsburylaw.com | 7/18/2022 1:00:16 PM | SENT |
| Jorge Borunda | 24027205 | jorge@borundapc.com | 7/18/2022 1:00:16 PM | SENT |
| Ryan Steinbrunner | | ryan.steinbrunner@pillsburylaw.com | 7/18/2022 1:00:16 PM | SENT |
| Annarose Harding | | aharding@gallowaylawfirm.com | 7/18/2022 1:00:16 PM | SENT |
| Cody Gartman | | cody.gartman@pillsburylaw.com | 7/18/2022 1:00:16 PM | SENT |
| Haley Sheppard | | hsheppard@gallowaylawfirm.com | 7/18/2022 1:00:16 PM | SENT |
| Branch Sheppard | | BSheppard@gallowaylawfirm.com | 7/18/2022 1:00:16 PM | SENT |
| Allen Zwernemann | | AZ@AZLF.com | 7/18/2022 1:00:16 PM | SENT |
| Jennifer LMacGeorge | | jmac@jlm-law.com | 7/18/2022 1:00:16 PM | SENT |
| Nailah Jackson | | njackson@jlm-law.com | 7/18/2022 1:00:16 PM | SENT |
| Julie Moeller | | julie.moeller@pillsburylaw.com | 7/18/2022 1:00:16 PM | ERROR |
| Samantha Vasquez | | samantha.vasquez@pillsburylaw.com | 7/18/2022 1:00:16 PM | SENT |
| Yona Starosta | | yona.starosta@pillsburylaw.com | 7/18/2022 1:00:16 PM | SENT |
| Yolanda Rodriguez | | yolanda.rodriguez@pillsburylaw.com | 7/18/2022 1:00:16 PM | SENT |
| Jetall Legal | | legal@jetallcompanies.com | 7/18/2022 1:00:16 PM | SENT |
| Michael Clardy | | mclardy@jlm-law.com | 7/18/2022 1:00:16 PM | SENT |

Certified Document Number: 103021545 - Page 6 of 6

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this October 22, 2026

Certified Document Number: 103021545 Total Pages: 6

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**