# EXHIBIT 12

ACCEPTED
14-24-00354-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/20/2024 9:12 AM
DEBORAH M. YOUNG
CLERK OF THE COURT

**No. 14-24-00354-CV**

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
5/20/2024 9:12:23 AM
DEBORAH M. YOUNG
Clerk of The Court

**IN THE COURT OF APPEALS**
**FOR THE FIRST OR THE FOURTEENTH DISTRICT OF TEXAS**
**AT HOUSTON**

**In Re Ali Choudhri, Relator**
**vs.**

**333rd Judicial District Court, Harris County, Texas**
**Respondent**

# EMERGENCY PETITION FOR WRIT OF MANDAMUS

**Respectfully submitted,**
***/s/ Ali Choudhri***
**Ali Choudhri**
**2425 West Loop South,**
**11th Floor**
**Houston, TX 77027**
**Email: ali@jetallcapital.com**
**Telephone: 832-403-3276**
**Relator *Pro Se***

**EMERGENCY RELIEF REQUESTED**
**ORAL ARGUMENT REQUESTED**

# IDENTITY OF THE PARTIES AND COUNSEL

**Relator certifies that the following is a complete list of parties, attorneys, and any other persons who have any interest in the outcome of this petition for writ of mandamus:**

**Relator: Ali Choudhri,**
**Movant's counsel: *Pro se***

**Respondent:**
**Honorable Missy Medary, visiting judge.**
**333rd Judicial District Court**
**Respondent's counsel:**
**This information is unavailable at the time of filing.**

**(1) Real-party-in-interest**
**Mokaram-Latif West loop, Ltd.**
**Respondent's counsel:**
**This information is unavailable at the time of filing.**

**(2) Real-party-in-interest**
**Osama Abdullatif**
**Respondent's counsel:**
**This information is unavailable at the time of filing.**

**(3) Real-party-in-interest**
**Ali Mokaram**
**Respondent's counsel:**
**This information is unavailable at the time of filing.**

**(4) Real-party-in-interest**
**Mokaram-Latif West loop, Ltd.**
**Respondent's counsel:**
**This information is unavailable at the time of filing.**

**(5) Real-party-in-interest**
**Scott Funk**
**Respondent's counsel:**
**This information is unavailable at the time of filing.**

**(6) Real-party-in-interest**
**Rodney Drinnon**
**Respondent's counsel:**
**This information is unavailable at the time of filing.**

**(7) Real-party-in-interest**
**Michael Balases**
**Respondent's counsel:**
**This information is unavailable at the time of filing.**

**(8) Real-party-in-interest**
**Mokaram-Latif West loop, Ltd.**
**Respondent's counsel:**
**This information is unavailable at the time of filing.**

**(9) Real-party-in-interest**
**Hon. Judge Susan Brown**
**Respondent's counsel:**
**This information is unavailable at the time of filing.**

**(10) Real-party-in-interest**
**Hon, Justice Randy Wilson**
**Respondent's counsel:**
**This information is unavailable at the time of filing.**

**Presiding Judge**
**Honorable Missy Medary**
**Judge 347th Judicial District Court,**
**Nueces County, Texas**

**Issue presented:**

**Did the trial court abuse its' discretion when it denied Relator's objection to hearing oral testimony electronically via Zoom in violation of Tex. R. Civ. P. 21d which mandates that: "a court must not require a party or lawyer to appear electronically for a court proceeding in which oral testimony is heard, absent good cause or the agreement of the parties?**

**To the Honorable Court of Appeals:**

## STATEMENT OF JURISDICTION

The Honorable Court of Appeals has original jurisdiction over this proceeding. This Court has jurisdiction to grant this petition for writ of mandamus under Section 22.221(b) of the Texas Government Code, because the orders of the trial court constitute an abuse of discretion that impacts the rights of the parties to the proceedings below for which no adequate remedy exists by ordinary appeal. To be entitled to relief by mandamus, the Relator must show not only that the trial court clearly abused its discretion, but also that he has no adequate remedy by appeal. *In re Prudential*, 148 S.W.3d 124, 135-36 (Tex. 2004).

## STATEMENT OF THE CASE

This Petition for Writ of Mandamus seeks to remedy the order of the 333rd Judicial District Court's order dated May 2, 2024, scheduling a hearing to hear oral testimony electronically via Zoom in violation of Tex. R. Civ. P. 21d. Relator herein is requesting that the Court of Appeals reverse the subject order, because the trial court, in issuing such order, abused its' discretion.

Respondent is the Honorable Missy Medary, Presiding Judge of Fifth Administrative Judicial Region over the hearing to disqualify/recuse Honorable Judge Susan Brown to take place in the 333rd Judicial District Court, Harris County, Texas.

## SUMMARY OF THE ARGUMENT

Relator, Ali Choudhri, ("Choudhri"), hereby files this emergency petition for a writ of mandamus, and respectfully requests this Honorable Court issue a mandate to Honorable Judge Missy Medary who will be presiding over a hearing on May 20, 2024 relative to Relator's motion seeking recusal of Honorable Judge Susan Brown. Relator respectfully request that this Court direct Honorable Judge Missy Medary to withdraw her order granting plaintiff's motion for continuance dated May 2, 2024, and denying relator's objection to hearing oral testimony electronically via Zoom.

The subject order requires witnesses testimony to be heard electronically via Zoom; whereas, the subject evidentiary hearing is specifically scheduled to hear live oral testimony, take in evidence, examination, and cross-examination of witnesses. Consequently, the said Zoom hearing contravenes recently enacted Texas Supreme Court's changes made to Texas. R. Civ. P. Rule 21d, and violates the Apex Court's order dated January 27, 2023.

Pursuant to Texas Supreme Court's order dated January 27, 2023:

(2) A court must not require:

(A) a party or lawyer to appear electronically for a court proceeding in which oral testimony is heard, absent good cause or the agreement of the parties; or

(B) a lawyer, party, or juror to appear electronically for a jury trial, absent the agreement of the parties.

*See* Appendix, Exhibit A.

Succinctly, the subject order of the trial court – hearing oral testimony electronically via Zoom – was entered in violation of the Texas Supreme Court's new administrative order, *supra*, finalizing rule changes regarding notice and appearances at court proceedings. The subject order modified existing Tex. R. Civ. P. 21d relative to "Appearances at Court Proceedings," and effective February 1, 2023, states that, cases in which oral testimony is heard must not require a party or lawyer to appear electronically for a court proceeding in which oral testimony is heard absent good cause or agreement of the parties. Tex. R. Civ. P., Rule 21d(b)(2)(A).

## STANDARD OF REVIEW

The general rule for mandamus relief is when the trial court clearly abuses its' discretion, and there is not an adequate remedy available from a court of appeals. A clear abuse of discretion is determined if no other trial court would have come to the same conclusion. Mandamus will also issue when a trial Court's order is so arbitrary and capricious that it amounts to clear error. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding).

The test for abuse of discretion requires a determination whether the trial court acted in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or without

reference to any guiding rules or principles. *Walker v. Gutierrez*, 111 S.W.3d56, 62(Tex.2003). The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 241-42 (Tex. 1985).

A trial court has no discretion in determining what the law is or in applying the law to the facts. *See Cayton v. Moore*, 224 S.W.3d 440, 445 (Tex.App.-Dallas 2007, no pet.). An abuse of discretion occurs if the trial court clearly failed to analyze and determine the law correctly or applied the law incorrectly to the facts. *Id*. The trial court abuses its discretion if it acts without reference to any guiding principles or acts arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 241-42 (Tex.1985).

**<u>STATEMENT OF FACTS</u>**

1. On April 7, 2024, Ali Choudhri, Relator herein, field a verified motion to disqualify/recuse Hon. Judge Susan Brown of the 333rd Judicial District Court, Harris County, Texas pursuant to Tex. R. Civ. P. Rule s 18a and 18b. *See* Appendix, Exhibit B, Verified motion to disqualify/recuse Hon. Justice Randy Wilson and Hon, Judge Susan Brown.

2. On April 18, 2024, the trial court scheduled Ali Choudhri's above motion for a hearing on Friday, May 4, 2025 at 10:00 am via Zoom. *See*, Appendix, Exhibit C, order scheduling electronic Zoom hearing.

3. On May 1, 2024, Ali Choudhri filed a Motion for Continuance of the hearing on his motion seeking disqualification/recusal of Hon. Judge Susan Brown, and an objection to said hearing via Zoom. *See* Appendix, Exhibit D, motion for continuance and objection to hearing oral testimony electronically via Zoom.
4. On May 2, 2024, the trial court granted Ali Choudhri's motion requesting continuance of the disqualification/recusal hearing, but denied the objection to hearing oral testimony electronically, scheduling the hearing to take place on May 20, 2024.
5. Additionally, the presiding judge decided to conduct this hearing from Corpus Christi, without being physically present in the 333rd Judicial District Court, Harris County, Texas. *See* Appendix, Exhibit E, Order granting motion to continue and scheduling hearing electrically via Zoom.
6. Consequently, if this hearing moves forward, the trial court will hear oral testimony remotely as well as electronically, in violation of Tex. R. Civ. P. Rule 21d, and Relator would be relegated to presenting evidence, examining, and cross-examining witnesses electronically via Zoom.
7. Lastly, there has been no agreement of the parties to participate in the subject hearing where oral testimony would be heard electronically.

## ARGUMENT AND AUTHORITIES

**Issue presented: Did the trial court abuse its' discretion when it denied Relator's objection to hearing oral testimony electronically via Zoom in**

**violation of Tex. R. Civ. P. 21d, which mandates that: "a court must not require a party or lawyer to appear electronically for a court proceeding in which oral testimony is heard, absent good cause or the agreement of the parties?**

**A. Texas Supreme Court and Tex. R. Civ. P. 21d prohibits trial courts from hearing oral testimony via electronic means, such as Zoom.**

8. The Open Courts Provision of the Texas Constitution guarantees the public the right to access and observe court proceedings. Found in Article I, Section 13 of the Texas Constitution, this provision states, "all courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." This means all court proceedings must be conducted in a public forum, and the public has the right to attend and observe court proceedings, subject to certain exceptions.

9. Under 21d (f), if a court conducts a court proceeding in which all participants will appear electronically, the court must provide the public with reasonable notice of how to observe and an opportunity to observe the court proceeding unless the court determines it must close the court proceeding to protect an overriding interest, after considering less-restrictive alternatives to closure, and making findings on the record adequate to support closure.

10. Also, under Rule 21d, a party has the right to object to a method of appearance for good cause shown. The objection must be made within a "reasonable time" after a party receives notice of the method of appearance. The court may but is not required to conduct a hearing on the objection but must rule on the objection

with communication to the parties by written order or on the record. The new rule, Rule 21d, Texas Rules of Civil Procedure, generally allows a court to "allow or require a participant to appear at a court proceeding by videoconference, teleconference, or other available electronic means" as long as the notice of court proceeding so states. Otherwise, appearance means physically appearing in the courtroom. *See* Tex. R. Civ. P. 21d.

11. However, jury trials are carved out and may only be conducted remotely with the agreement of the parties. The Texas Supreme Court has established a presumption that a court proceeding in which oral testimony is heard should be conducted in-person, absent good cause or agreement of the parties. In determining good cause, the court should consider several factors, including: (1) case type; (2) court proceeding type; (3) the number of parties and witnesses; (4) the type of evidence to be submitted, if any; (5) the complexity of the legal and factual issues; (6) technological restrictions such as lack of access to or proficiency in necessary technology; (7) travel restrictions; (8) language access problems or accommodations for persons with disabilities; and (9) the previous abuse of a method of appearance. Tex. R. Civ. P., Rule 21d(b)(2)(A).

**B. The trial court is in violation of Tex. R. Civ. P. 21d.**

12. In accordance with Tex. R. Civ. P. 21d, Relator field a motion to continue Zoom hearing and an objection to trial court hearing testimony electronically. Appendix, Exhibit D.

13. The trial court although granted the motion to continue, it denied Relator's objection to hearing oral testimony electronically via Zoom. See Appendix, Exhibit E. The trial court erred in denying Relator's objection to hearing oral testimony via Zoom, and abused its discretion. Relator would be irreparably harmed if he is deprived his right to a meaningful hearing.

14. Oral witness testimony, delivered live and on oath and subjected to cross-examination in the presence of the jury, is the paradigmatic form of evidence in the common law procedural tradition, integral to normative justifications of an evidentiary hearing. Live oral testimony is fundamental to open justice, trial by jury, effective fact-finding, and procedural due process; accordingly, witnesses' demeanor and their answers in examination/cross-examination are reliable guides to truth-finding.

15. If the trail court proceeds with hearing oral testimony electronically, Relator would not be afforded the opportunity to ensure reliability of evidence, and assess credibility in a particular manner, a full and fair opportunity to probe and expose infirmities in a witness's testimony, a face-to-face meeting with witnesses appearing before the trier of fact, because it is always more difficult to tell a lie

about a person to his face than behind his back – remote or electronic oral testimony would deprive the realtor the opportunity to observe the witness's demeanor.

16. Here, the trial court is abusing its' discretion by violating Tex. R. Civ. P.. Rule 21d, which proscribes hearing oral testimony electronically.

17. The trial court has clearly abused its' discretion, and there is not an adequate remedy available from a court of appeals. A clear abuse of discretion is determined if no other trial court would have come to the same conclusion. No other court would simply circumvent the Tex. R. Civ. P. arbitrarily, mandamus relief should issue because trial court's order is so arbitrary and capricious that it amounts to clear error. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding).

18. The trial court has acted in an arbitrary and unreasonable manner, without reference to any guiding rules or principles. *Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010), and abused its' discretion. A trial court has no discretion in determining what the law is or in applying the law to the facts. *See Cayton v. Moore*, 224 S.W.3d 440, 445 (Tex.App.-Dallas 2007, no pet.). In this case, the trial court clearly failed to analyze and determine the law correctly or applied the law incorrectly to the facts.

**C. There is no agreement of the parties, and no good cause exists for hearing oral testimony electronically.**

19. There is no agreement of the parties regarding the trial court gearing oral testimony electronically. Moreover, no good cause exists for the presiding judge to remotely conduct the subject hearing from Corpus Christi and hear oral testimony electronically.

20. In determining good cause, the court should consider several factors, including: (1) case type; (2) court proceeding type; (3) the number of parties and witnesses; (4) the type of evidence to be submitted, if any; (5) the complexity of the legal and factual issues; (6) technological restrictions such as lack of access to or proficiency in necessary technology; (7) travel restrictions; (8) language access problems or accommodations for persons with disabilities; and (9) the previous abuse of a method of appearance.

21. Here, (1) the case is of paramount importance, because the hearing is relative to a disqualification/recusal of a district court judge; (2) the court proceeding is an evidentiary hearing requiring oral testimony; (3) the number of parties and witnesses includes the list of real-parties-in-interest enumerated above; (4) the type of evidence to be submitted is documentary as well as oral testimony; (5) the complexity of the legal and factual issues is of the highest level, because the presentation of evidence and oral testimony would significantly affect the determination of Relator’s motion to disqualify/recuse Hon. Judge Susan Brown; (6) technological restrictions such as lack of access to or proficiency in necessary

technology would greatly hamper the effectiveness of hearing oral testimony; (7) travel restrictions imposed by the presiding judge in conducting the hearing remotely would place the Relator at a disadvantage in terms of effectively presenting his case-in-chief; (8) language access problems or accommodations for persons with disabilities do not apply to this hearing; and (9) the previous abuse of a method of appearance does apply, because Relator had previously filed a motion to continue this hearing where oral testimony would be heard electronically and filed an objection, but the trial court overruled Relator's objection.

## CONCLUSION

The trial court has acted in an arbitrary or unreasonable manner without reference to any guiding rules or principles, and abused its' discretion. The trial court's May 2, 2024 order – hearing oral testimony electronically via Zoom – was entered in violation of the Texas Supreme Court's new administrative order, *supra*, finalizing rule changes regarding notice and appearances at court proceedings. violates Tex. R. Civ. P. 21d, and must be reversed.

## PRAYER AND RELIEF REQUESTED

**WHEREFORE, PREMISES CONSIDERED**, Relator respectfully request this Court issue a mandate directing the 333rd Judicial District Court of Harris County, Texas to withdraw its' order dated May 2, 2024, and scheduled in in-person

hearing on Ali Choudhri's motion for disqualification/recusal of Hon. Randy Wilson and Hon, Judge Susan Brown, so that Relator may be afforded an opportunity to present evidence and examine/cross-examine witnesses in a live in-person hearing.

**Respectfully submitted,**
***/s/ Ali Choudhri***
**Ali Choudhri**
**2425 West Loop South, 11th Floor**
**Houston, Texas**
**Houston, TX 77027**
**Email: ali@jetallcapital.com**
**Telephone: 832-403-3276**
**RELATOR *PRO SE***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been sent to all known counsel pursuant to the Texas Rules of Civil Procedure on this the day of May 20, 2024.

## CERTIFICATIONS
**TRAP 52.3(j), 52.3(k)(1)(A), and 52.7(a)**

My name is Ali Choudhri. I am over the age of 18, and I am fully competent to execute this Certification. I am the Relators in this case, the person filing the emergency petition for writ of mandamus. I have reviewed the foregoing petition and concluded that every factual statement therein is supported by competent evidence included in the Appendix or Record. The Appendix and Record contain a

true and correct copy of every document that is material to the Relator's claim for relief and that was filed in the underlying proceeding. I certify that the trial court orders filed with the Appendix are a true and correct copy showing the matters complained of. A properly authenticated transcript of the relevant testimony from the underlying proceeding, including any exhibits offered in evidence, as provided by the Court reporter will be supplemented.

## CERTIFICATE OF COMPLIANCE, TRAP 9.4(i)(2)(B)

Pursuant to Texas Rules of Appellate Procedure 9.4, I hereby certify that this Appellants' Emergency Motion to Stay Proceedings contains 2501 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

***/s/ Ali Choudhri***
**Ali Choudhri**

# APPENDIX

# Supreme Court of Texas

Misc. Docket No. 23-9004

## Final Approval of Texas Rules of Civil Procedure 21d and 500.10 and of Amendments to Texas Rules of Civil Procedure 21, 500.2, 501.4, and 505.1

**ORDERED** that:

1. On October 14, 2022, in Misc. Dkt. No. 22-9091, the Court preliminarily approved new Texas Rules of Civil Procedure 21d and 500.10 and amendments to Texas Rules of Civil Procedure 21, 500.2, 501.4, and 505.1 and invited public comment.

2. Following the comment period, the Court made revisions to the rules. This Order incorporates the revisions and contains the final version of the rules, effective February 1, 2023.

3. The amendments to Rules 21, 500.2, 501.4, and 505.1 are demonstrated in redline form. New Rules 21d and 500.10 are demonstrated in clean form.

4. The Clerk is directed to:

   a. file a copy of this Order with the Secretary of State;

   b. cause a copy of this Order to be mailed to each registered member of the State Bar of Texas by publication in the *Texas Bar Journal*;

   c. send a copy of this Order to each elected member of the Legislature; and

   d. submit a copy of this Order for publication in the *Texas Register*.

Dated: January 27, 2023.

Nathan L. Hecht, Chief Justice

Debra H. Lehrmann, Justice

Jeffrey S. Boyd, Justice

John P. Devine, Justice

James D. Blacklock, Justice

J. Brett Busby, Justice

Jane N. Bland, Justice

Rebeca A. Huddle, Justice

Evan A. Young, Justice

**Texas Rules of Civil Procedure**

**PART II - RULES OF PRACTICE IN DISTRICT AND COUNTY COURTS**

**Section 1. General Rules**

***

**RULE 21. FILING AND SERVING PLEADINGS AND MOTIONS (Redline Form)**

***

(b) Service of Notice of ~~Hearing~~Court Proceeding. An application to the court for an order and notice of any ~~hearing thereon~~court proceeding, as defined in Rule 21d(a), not presented during a ~~hearing or trial~~court proceeding, must be served upon all other parties not less than three days before the time specified for the ~~hearing~~court proceeding, unless otherwise provided by these rules or shortened by the court. Notice of any court proceeding must contain the information needed for participants, as defined in Rule 21d(a), to participate in the proceeding, including the location of the proceeding or instructions for joining the proceeding electronically, the court's designated contact information, and instructions for submitting evidence. A court must publish the information needed for participants to participate in its proceedings.

***

Comment to 2023 change: Rule 21(b) is amended to clarify requirements for notices.

***

**RULE 21d. APPEARANCES AT COURT PROCEEDINGS (Clean Form)**

(a) Definitions.

(1) "Court proceeding" means an appearance before the court, such as a hearing or trial.

(2) "Participant" means any party, attorney, witness, court reporter, or juror who participates in a court proceeding.

(b) Participant Method of Appearance.

(1) Unless the notice of court proceeding states otherwise, a person who participates in a court proceeding does so by physical presence in the courtroom. Upon appropriate notice by a party or the court, a court may allow or require a participant to appear at a court proceeding by videoconference, teleconference, or other available electronic means, except as otherwise provided in (2).

(2) A court must not require:

(A) a party or lawyer to appear electronically for a court proceeding in which oral testimony is heard, absent good cause or the agreement of the parties; or

(B) a lawyer, party, or juror to appear electronically for a jury trial, absent the agreement of the parties.

(c) Judge Method of Appearance; Location. A judge may appear at a court proceeding by videoconference, teleconference, or other available electronic means. However, even if appearing electronically, a judge must conduct the court proceeding from a location required by law.

(d) Objection. A party may object to any method of appearance, stating good cause for the objection. The objection must be made within a reasonable time after the party receives notice of the appearance. The court may, but is not required to, conduct a hearing on the objection. Before proceeding by the objected-to method of appearance, the court must rule on the objection and timely communicate the ruling to the parties in a written order or on the record.

(e) Factors. In determining good cause under this rule, the court should consider factors such as:

(1) case type;

(2) court proceeding type;

(3) the number of parties and witnesses;

(4) the complexity of the legal and factual issues;

(5) the type of evidence to be submitted, if any;

(6) technological restrictions such as lack of access to or proficiency in necessary technology;

(7) travel restrictions such as lack of transportation, distance, or inability to take off work;

(8) whether a method of appearance is best suited to provide necessary language access services for a person with limited English proficiency or accommodations for a person with a disability; and

(9) any previous abuse of a method of appearance.

(f) Open Courts. If a court conducts a court proceeding in which all participants appear electronically, the court must:

(1) provide reasonable notice to the public of how to observe the court proceeding; and

(2) provide the public the opportunity to observe the court proceeding, unless the court has determined that it must close the court proceeding to protect an overriding interest, considered all less-restrictive alternatives to closure, and made findings on the record adequate to support closure.

Comment to 2023 change: New Rule 21d clarifies procedures for appearances at court proceedings. Paragraph (a) defines "court proceeding" and "participant." Paragraph (b) governs a participant's method of appearance. Certain statutes expressly prohibit electronic appearances, in which case the governing statute applies. Paragraph (c) provides that the judge may appear by electronic means, but it requires the judge to appear electronically from a location required by law. *See, e.g.*, TEX. CONST. art. V, § 7(d); TEX. GOV'T CODE §§ 24.030(a), 26.002(c). Nothing in paragraph (c) permits the judge to conduct a proceeding away from a location required by law. Paragraph (d) addresses objections to any method of appearance, and paragraph (e) addresses good-cause factors. Paragraph (f) recognizes the public's right to reasonable notice of and access to a fully electronic proceeding unless there is an overriding interest. A court should rarely close a court proceeding from public observation, and in such an exceptional case, the court must use the least restrictive measure to protect the overriding interest.

***

## PART V - RULES OF PRACTICE IN JUSTICE COURTS

## RULE 500. GENERAL RULES

***

### RULE 500.2. DEFINITIONS (Redline Form)

In Part V of these Rules of Civil Procedure:

***

(g) “Court proceeding” is an appearance before the court, such as a hearing or a trial.

(~~g~~h) “Cross-claim” is a claim brought by one party against another party on the same side of a lawsuit. For example, if a plaintiff sues two defendants, the defendants can seek relief against each other by means of a cross-claim.

(~~h~~i) “Default judgment” is a judgment awarded to a plaintiff when the defendant fails to answer and dispute the plaintiff’s claims in the lawsuit.

(~~i~~j) “Defendant” is a party who is sued, including a plaintiff against whom a counterclaim is filed.

(~~j~~k) “Defense” is an assertion by a defendant that the plaintiff is not entitled to relief from the court.

(~~k~~l) “Discovery” is the process through which parties obtain information from each other in order to prepare for trial or enforce a judgment. The term does not refer to any information that a party is entitled to under applicable law.

(~~l~~m) “Dismissed without prejudice” means a case has been dismissed but has not been finally decided and may be refiled.

(~~m~~n) “Dismissed with prejudice” means a case has been dismissed and finally decided and may not be refiled.

(~~n~~o) “Judge” is a justice of the peace.

(~~o~~p) “Judgment” is a final order by the court that states the relief, if any, a party is entitled to or must provide.

(~~p~~q) “Jurisdiction” is the authority of the court to hear and decide a case.

(~~q~~r) "Motion" is a request that the court make a specified ruling or order.

(~~r~~s) "Notice" is a document prepared and delivered by the court or a party stating that something is required of the party receiving the notice.

(t) "Participant" is any party, attorney, witness, or juror who participates in a court proceeding.

(~~t~~u) "Party" is a person or entity involved in the case that is either suing or being sued, including all plaintiffs, defendants, and third parties that have been joined in the case.

(~~t~~v) "Petition" is a formal written application stating a party's claims and requesting relief from the court. It is the first document filed with the court to begin a lawsuit.

(~~u~~w) "Plaintiff" is a party who sues, including a defendant who files a counterclaim.

(~~v~~x) "Pleading" is a written document filed by a party, including a petition and an answer, that states a claim or defense and outlines the relief sought.

(~~w~~y) "Relief" is the remedy a party requests from the court, such as the recovery of money or the return of property.

(~~x~~z) "Serve" and "service" are delivery of citation as required by Rule 501.2, or of a document as required by Rule 501.4.

(~~y~~aa) "Sworn" means signed in front of someone authorized to take oaths, such as a notary, or signed under penalty of perjury. Filing a false sworn document can result in criminal prosecution.

(~~z~~ab) "Third party claim" is a claim brought by a party being sued against someone who is not yet a party to the case.

***

**500.10 APPEARANCES AT COURT PROCEEDINGS (Clean Form)**

(a) *Participant Method of Appearance.* A judge may allow or require a participant to appear at a court proceeding by videoconference, teleconference, or other available electronic means.

(b) *Judge Method of Appearance; Location*. A judge may appear at a court proceeding by videoconference, teleconference, or other available electronic means. However, even if appearing electronically, a judge must conduct the court proceeding from the judge's office at times prescribed by the commissioner's court, as provided by statute.

(c) *Factors*. In determining whether to allow or require electronic participation, the judge should consider factors such as:

(1) case type;

(2) the number of parties and witnesses;

(3) the type of evidence to be submitted, if any;

(4) technological restrictions such as lack of access to or proficiency in necessary technology;

(5) travel restrictions such as lack of transportation, distance, or inability to take off work;

(6) whether a method of appearance is best suited to provide necessary language access services for a person with limited English proficiency or accommodations for a person with a disability;

(7) any previous abuse of a method of appearance; and

(8) any agreement or objection by the parties.

(d) *Notice*. If the judge allows or requires a participant to appear electronically, the judge must provide reasonable notice of the electronic participation and include the notice in the papers of the case. The notice must contain the information needed for participants to participate in the proceeding, including instructions for joining the proceeding electronically, the court's designated contact information, and instructions for submitting evidence to be considered in the proceeding.

(e) *Open Courts*. If the judge conducts a court proceeding at the judge's office in which all other participants appear electronically, then the judge must:

(1) provide reasonable notice to the public of how to observe the court proceeding; and

(2) provide the public the opportunity to observe the court proceeding, unless the judge has determined that the proceeding must be closed to protect an overriding interest, considered all less-restrictive alternatives to closure, and made findings in a written order adequate to support closure.

**Notes and Comments**

Comment to 2023 change: New Rule 500.10 clarifies procedures for appearances at court proceedings. Paragraph (a) governs the method of appearance for court "participants," which is defined in Rule 500.2. Under paragraph (b), a judge in any justice court proceeding may appear electronically, but the judge must preside over it from the judge's office at times prescribed by the commissioner's court. TEX. GOV'T CODE § 27.051(b). Nothing in paragraph (b) permits the judge to conduct a proceeding away from a location required by law. Paragraph (c) addresses factors that a judge should consider in determining the method of appearance. Paragraph (d) clarifies requirements for notices. Paragraph (e) recognizes the public's right to reasonable notice of and access to a fully electronic proceeding unless there is an overriding interest. A judge should rarely close a court proceeding from public observation, and in such an exceptional case, the judge must use the least restrictive measure to protect the overriding interest.

## RULE 501. CITATION AND SERVICE

***

## RULE 501.4. SERVICE OF PAPERS OTHER THAN CITATION (Redline Form)

***

(b) *Timing*. If a document is served by mail, 3 days will be added to the length of time a party has to respond to the document. Notice of any ~~hearing~~court proceeding requested by a party must be served on all other parties not less than 3 days before the time specified for the ~~hearing~~court proceeding.

***

## RULE 505. JUDGMENT; NEW TRIAL

### RULE 505.1. JUDGMENT (Redline Form)

***

(c) *Form*. A judgment must:

(1) clearly state the determination of the rights of the parties in the case;

(2) state who must pay the costs;

(3) be signed by the judge;

(4) be dated the date of the judge's signature; and

(5) state:

(A) in an eviction case: "You may appeal this judgment by filing a bond, making a cash deposit, or filing a Statement of Inability to Afford Payment of Court Costs within 5 days after this judgment was signed. See Texas Rule of Civil Procedure 510.9(a).";

(B) in a repair and remedy case: "You may appeal this judgment by filing a notice of appeal within 21 days after this judgment was signed. See Texas Rule of Civil Procedure 509.8."; or

(C) in a case other than an eviction or repair and remedy case: "You may appeal this judgment by filing a bond, making a cash deposit, or filing a Statement of Inability to Afford Payment of Court Costs within 21 days after this judgment was signed. See Texas Rule of Civil Procedure 506."; and

(56) if it awards monetary damages, state: "If you are an individual (not a company), your money or property may be protected from being taken to pay this judgment. Find out more by visiting www.texaslawhelp.org/exempt-property. / *Si usted es una persona física (y no una compañía), su dinero o propiedad pudieran estar protegidos de ser embargados como pago de esta deuda decretada en juicio en contra suya. Obtenga mayor información visitando el sitio www.texaslawhelp.org/exempt-property.*"

***

4/8/2024 12:04 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 86382483
By: Britani Mouton
Filed: 4/8/2024 12:04 AM

EXHIBIT B

CAUSE NO. 2012-27197A

| | | |
|---|---|---|
| MOKARAM-LATIF WEST LOOP, LTD. AND OSAMA ABDULLATIF *Plaintiff,* | § | IN THE DISTRICT COURT |
| vs. | § | HARRIS COUNTY, TEXAS |
| ALI CHOUDHRI *Defendant.* | § | 333RD JUDICIAL DISTRICT |

CAUSE NO. 2012-27197D

| | | |
|---|---|---|
| MOKARAM-LATIF WEST LOOP, LTD. *Plaintiff,* | § | IN THE DISTRICT COURT |
| vs. | § | |
| ALI CHOUDHRI AND ANGEL VALLE | § | HARRIS COUNTY, TEXAS |
| vs. | § | |
| ALI MOKARAM *Intervenor.* | § | 333RD JUDICIAL DISTRICT |

**VERIFIED MOTION TO DISQUALIFY/RECUSE**
**HON. JUDGE RANDY WILSON AND HON. JUDGE SUSAN BROWN**

COMES NOW ALI CHOUDHR, Defendant herein, and hereby files this Verified Motion to Disqualify/Recuse Hon. Randy Wilson and Hon. Judge Susan Brown, Judge, 333rd District Court pursuant to TEX. R. CIV. P. 18a and 18b and for good cause would show as follows:

## I. The Rules

The due process clauses of both the Texas and the United States Constitutions guarantee a party an impartial and disinterested tribunal in civil cases. The disqualification rule provides, in pertinent part, that "**Judges shall disqualify** themselves in all proceedings in which: … they know

Unofficial Copy Office of Marilyn Burgess District Clerk

that, individually or as a fiduciary, they have an interest in the subject matter in controversy; ..." TEX. R. CIV. P. 18b(a)(2). The rule goes on to address the recusal issue in somewhat similar terms: "**[a] judge shall disqualify** h[er] self in any proceeding in which: (a) the judge's impartiality might reasonably be questioned, (b) the judge has a personal bias or prejudice concerning the subject matter or a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; ...." TEX. R. CIV. P. 18b(b)(1-3).

The facts present themselves in the record in the order of disqualification, then recusal.

## II. The Facts in the Record:

Judge Randy Wilson is a visiting judge in this case and was appointed after the previous Judge was recused on Plaintiff's Motion in January 2021. Plaintiff had filed motion to recuse the 333rd Judge that was granted (See attached motions).

**Judge Wilson Conducted Independent Research in the Case**

Just recently was the transcript obtained from the February hearing due to the delay for a trial the court reporter was working on. On February 7, 2024, the Court conducted an oral hearing in the two cases: 2012-27197-A and 2012-27197-D. The hearing was on Motions for Contempt filed by Mokaram and Abdullatif. During that hearing, the Court heard oral testimony from Ali Choudhri.

First, during the hearing, Judge Wilson was searching the internet for information on Ali Choudhri and evidence in the case. Mr. Choudhri witnessed the Judge searching internet during this hearing and accessing information about Mr. Choudhri that was outside the record presented in the matter. Judge Wilson became an advocate for the Plaintiff.

Unofficial Copy Office of Marilyn Burgess District Clerk

Second, the independent research clearly shows that the Judge obtained research and evidence on his own volition when he questioned Mr. Choudhri asking him about an individual that had never been previously mentioned in the hearing:

> The Court: Mr. Choudhri, **who is Drew Dennet** (phonetic)?
> THE WITNESS: Drew Dennet is a representative of mine.
> THE COURT: What does that mean?
> THE WITNESS: He's my manager. He represents me.
> THE COURT: He's an employee of you?
> THE WITNESS: He is an agent of me. He's my agent. He's not an employee, he's my agent.
> THE COURT: Who's agent?
> THE WITNESS: My agent.
> THE COURT: You personally?
> THE WITNESS: And some entity's agents. Some of my entities, he is the agent of some of my entities.

Page 50 at lines 10-23.

Prior to that question by the Court, Mr. Dennet's name had not come up a single time in the hearing. Judge Wilson could only have ascertained that name to ask Mr. Choudhri, through independent research that he was conducting at or before the hearing.

A judge may properly consider only evidence presented on the record by the parties in court. Thence arises the Model Code's proscription of ex parte communications (Rule 2.9(A)). As a corollary to that prohibition, the Model Code provides: A judge shall not investigate facts in a matter independently, and shall consider only the evidence presented and any facts that may properly be judicially noticed. This language originated as a comment to Canon 3B(7) in the 1990 version of the Model Code and was moved to the blackletter text of Rule 2.9(C) in the 2007 revision. A new comment 6 was contemporaneously added to clarify that "the prohibition against a judge investigating the facts in a matter extends to information available in all mediums, including electronic."

Unofficial Copy Office of Marilyn Burgess District Clerk

Unofficial Copy Office of Marilyn Burgess District Clerk

Conceivably, independent factual research could lead to judicial disqualification, under the prevailing Model Code standard, as that research might cause a "judge's impartiality reasonably [to] be questioned." *See* Rule 2.11(A). For example, disqualification/recusal is appropriate where the judge has "personal knowledge of facts that are in dispute in the proceeding." Rule 2.11(A)(1) (emphasis supplied). The federal statute likewise provides that a judge should recuse "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . ." 28 U.S.C. § 455(b)(1) (emphasis supplied). (This was expressly adopted by Congress from the Model Code's standard.)

In 2017, the ABA published Formal Ethics Opinion 17-478. The opinion concluded that it violates the Code of Judicial Ethics for judges or their clerks to conduct independent factual research, including via the Internet. As the ABA summarized in the opening abstract for Opinion 17-478,

> Easy access to a vast amount of information available on the Internet exposes judges to potential ethical problems. Judges risk violating the Model Code of Judicial Conduct by searching the Internet for information related to participants or facts in a proceeding. Independent investigation of adjudicative facts generally is prohibited unless the information is properly subject to judicial notice. The restriction on independent investigation includes individuals subject to the judge's direction and control.

Of course, judges and their clerks may undertake their own legal research, which includes using electronic databases like Westlaw or Lexis to search for case law, statutes, and regulations, including old laws and cases. The prohibition applies to independent factual research by judges and judicial clerks.

**Judge Wilson was with the Firm Susman Godfrey for 15 years and then returned there. Susman Godfrey was lead counsel for Defendant.**

**https://www.susmangodfrey.com/news/longtime-judge-randy-wilson-returns-to-susman-godfrey-as-partner/**

**See attached pleading. Susman Godfrey was lead counsel in this very same matter.**

**Judge Wilson Commented about this Pending Case in a Publicly Available Interview**

Additionally, Judge Randy Wilson appears in an interview contained in a hit piece video on the Internet against Ali Choudhri. That video was produced by Wayne Dolcefino and was funded by Plaintiff. A copy of the video will be filed contemporaneously with this filing.

In the video, which is nothing more than a "hit piece" against Mr Choudhri and his business dealings, Judge Wilson appears numerous times and gives various statements and opinions that seem to reference Mr. Choudhri and this case. Some of those statements from Judge Wilson are, "Best advice, is to just play it straight." And "I can read between the lines." From the public's perspective, it appears that the public at large, knowing all the facts in the public domain concerning the judge's conduct, would have a reasonable doubt that the judge is actually impartial. This alone is grounds for disqualification or recusal. The Texas Code of Judicial Conduct states that a Judge "shall abstain from public comment about a pending or impending proceeding which may come before the judge's court in a manner which suggests to a reasonable person the judge's probable decision on any particular case." *See* Canon 3(b)(8)(10) of the Tex. Code of Judicial Conduct.

This is wholly improper and is direct evidence of partiality. Defendant Ali Choudhri contends that Judge Wilson has crossed a line from objectionable advocacy into the realm of demonstrating a personal interest in the outcome of this case.

Unofficial Copy Office of Marilyn Burgess District Clerk

Taken together, the hearings of February 7 and the interview demonstrate that this is one of those cases in which both personal-interest based disqualification intersects with impartiality based recusal, for the reasons that follow.

Bias or prejudice—"is more specific: It covers how the

judge feels and what the judge knows." Gaal v. State, 366 S.W.Sd 448, 453 (Tex. Grim. App. 2011). "Bias or prejudice . .. 'connote a favorable or unfavorable disposition or opinion that is somehow wrong or inappropriate, either because it is undeserved, or because it rests upon some

knowledge that the subject out not to possess ..., or because it is excessive in degree.'" Casas v. State, 524 S.W.3d 921, 924 (Tex. App.—Fort Worth 2017, no pet.) (quoting Liteky, 510 U.S. at 550) (emphasis removed).

The right to a fair and impartial tribunal is guaranteed by both the Texas and United States

Constitutions. See Marshall v. Jerrico, Inc., 446 U.S. 238, 242 (1980); Rymer v. Lewis, 206 S.W.3d 732, 736 (Tex. App.—Dallas 2006, no pet.); Metzger v. Sebek, 892 S.W.2d 20, 37–38 (Tex. App.—Houston [1st Dist.] 1994, writ denied). This right is codified in Texas Rule of Civil Procedure 18b, which provides that a "judge must recuse in any proceeding in which (1) the judge's impartialitymight reasonably be questioned or (2) the judge has personal bias or prejudice concerning thesubject matter or a party." TEX. R. CIV. P. 18b(b)(1)–(2) (emphasis added).

A judge must recuse herself if the judge's impartiality might reasonably be questioned. TEX. R. CIV. P. 18b(b)(1); see In re Fifty-One Gambling Devices, 298 S.W.3d 768, 775 (Tex. App.—Amarillo 2009, pet. denied); Woodruff v. Wright, 51 S.W.3d 727, 735–36 (Tex. App.— Texarkana 2001, pet. denied). The court must ask whether a reasonable member of the public,

5knowing all the facts in the public domain, would have a reasonable doubt that the judge is actually

Unofficial Copy Office of Marilyn Burgess District Clerk

knowing all the facts in the public domain, would have a reasonable doubt that the judge is actually knowing all the facts in the public domain, would have a reasonable doubt that the judge is actually impartial. In re Fifty-One Gambling, 298 S.W.3d at 775; Ex parte Ellis, 275 S.W.3d 109, 115–16 (Tex. App.—Austin 2008, no pet.); Sears v. Olivarez, 28 S.W.3d 611, 613 (Tex. App.—Corpus Christi 2000, no pet.); see Woodruff, 51 S.W.3d at 736 (reasonable-person standard). Recusal for the appearance of partiality is determined by applying an objective standard.

Fuelberg v. State, 410 S.W.3d 498, 509 (Tex. App.—Austin 2013, no pet). "The proper inquiry is whether a reasonable member of the public at large, knowing all the facts in the public domain concerning the judge and the case, would have a reasonable doubt that the judge is actually impartial." Burkett v. State, 196 S.W.3d 892, 896 (Tex. App. —Texarkana 2006, no pet.); Adams v. Adams, 01-18-00192-CV, 2019 WL 1606162, at *10 (Tex. App. —Houston [1st Dist.] Apr. 16, 2019, no pet.). Importantly, lacking the appearance of impartiality, not actual impartiality is sufficient grounds for recusal; thus, Defendant does not have to prove the Judge is acting without impartiality but merely needs to show that the Judge's impartiality might reasonably be questioned. See Gaal v. State, 332 S.W.3d 448, 459 (Tex. Crim. App. 2011).

**Judge Wilson and Judge Brown Have Communicated About This Matter.**

Finally, Judge Wilson has stated that he has had ex-parte texts and communications with Judge Brown regarding this case. The Affidavit of Ali Choudhri states that he was at a hearing where Judge Wilson admitted to texting and communicating with Judge Brown about this matter. Because Judge Brown has communicated with Judge Wilson about this case, she should be recused from deciding the issue of this Motion to Disqualify/ Recuse.

**Judge Wilson has exparte communication with Plaintiff and denies due process to Choudhri.**

Unofficial Copy Office of Marilyn Burgess District Clerk

Plaintiff and its counsel has had exparte communication with Judge Wilson. Judge Wilson has been made aware that Choudhri is in hearings in Austin Texas for Monday and Tuesday April 8, 9 for matters related to the US Federal bankruptcy court in front of Judge Robinson and can not be at two places at one time. Judge Wilson has denied the continuance and set a hearing during the same time Choudhri has to be in court in Austin. Furthermore, Judge Wilson has been apprised that the defendants in the case are entities and Ali Choudhri individually all have a right to counsel and have requested the file from counsel that was allowed to withdraw over objection. It is impossible to for defendants to be represented nor new counsel to come in without the file. Furthermore, Plaintiffs have unlawfully obtained and shared with this court attprney client information.

**Choudhri and his related entities do not have representation and has not received the file for the matter from the counsel Judge Wilson allowed to Withdraw.**

Unofficial Copy Office of Marilyn Burgess District Clerk

**---------- Forwarded message ---------**

**From: Ali @ Jetall <ali@jetallcapital.com>**

**Date: Tue, Apr 2, 2024 at 2:41 AM**

**Subject: Fwd: [EXTERNAL] Re: Case No. 2012-27197-D; Ali MOKARAMI v. DALIO HOLDINGS I LLC; 333rd JDC of Harris County, Texas**

**To: Andy Taylor <ataylor@andytaylorlaw.com>**

**Andy, I hope you're doing OK I'm just following up to my email below, if you can give me the complete file for this case in any of the other cases that you're handling in any**

**communications you've had with opposing counsel just to complete the file, productions, pleadings, the entire file, I appreciate it. I really need this and it is time sensitive. Thank you.**

**---------- Forwarded message ---------**

**From: Ali @ Jetall <ali@jetallcapital.com>**

**Date: Wed, Mar 27, 2024 at 4:19 PM**

**Subject: Fwd: [EXTERNAL] Re: Case No. 2012-27197-D; Ali MOKARAMI v. DALIO HOLDINGS I LLC; 333rd JDC of Harris County, Texas**

**To: Andy Taylor <ataylor@andytaylorlaw.com>**

**Can you send me the file please. What all did they produce?**

**Can you send me the complete file please. Including any and communications with Funk and/or Drinnon and opposing counsel**

Judge Wilson was apprised that Choudhri has not been able to get the File from Counsel he allowed to Withdraw. Dalio Holdings, LLC do not have counsel. Replacement counsel is not willing to be involved without the entire file. Judge Wilson has allowed Plaintiff to not abide by his order and the Plaintiff has not timely provided ecpert reports ehnce no timely deposition could be taken of the expert. This is gravely prejudicial.

**Judge Wilson has a pattern of due process violation and now its gotten worse and he has become an advocate for the Plaintiff. Judge Wilson must be disqualified.**

Unofficial Copy Office of Marilyn Burgess District Clerk

Unofficial Copy Office of Marilyn Burgess District Clerk

## ANALYSIS

Judges may be removed from a particular case either because they are constitutionally disqualified, TEX. CONST. art. V, § 11 or because they are recused under rules promulgated by the Texas Supreme Court. TEX.R. CIV. P. 18b.

**Disqualification**

"The Texas Constitution prohibits [a Judge] from continuing as a judge in this case: 'No judge shall sit in any case wherein [s]he may be interested ....' TEX. CONST. art. 5, Section(s) 11. The interest that disqualifies a judge is an interest, however small, which rests on a direct pecuniary or personal interest in the result of the case." *Blanchard v. Krueger*, 916 S.W.2d 15 (Tex.App.-Houston [1st Dist.] 1995, orig. proceeding); *citing Cameron v. Greenhill*, 582 S.W.2d 775, 776 (Tex.1979)(emphasis added). Consequently, *Blanchard* demonstrates that the disqualification portion of the rule can extend beyond a mere pecuniary interest, to one that is "personal" as well. Hence, the Judge's reference to a desire to act on behalf of the plaintiffs and in which the Judge has done independent research into Mr. Choudhri and conducted an interview, constitutes a valid basis for constitutional disqualification. A judge cannot direct the actions and guide the litigation strategy of any party to a lawsuit he is then going to adjudicate.

Due process requires a neutral and detached hearing body or officer. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The Texas Constitution requires no less. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App.2006).

The United States Supreme Court has repeatedly held that a violation of the right to an impartial judge is a structural error that defies harm analysis. *Arizona v. Fulminante*, 499 U.S. 279, 309, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); *Chapman v. Califor*nia, 386 U.S. 18, 23 & n. 8, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927);

Unofficial Copy Office of Marilyn Burgess District Clerk

*see also Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App.1997) (acknowledging structural errors recognized by Arizona). The "presence on the bench of a judge who is not impartial" deprives a litigant basic protections and infects the entire trial process from beginning to end. *Arizona*, 499 U.S. at 309–10, 111 S.Ct. 1246; *see also Neder v. United States*, 527 U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999).

In the Texas adversarial system, the judge is a neutral arbiter between the advocates; he is the instructor in the law to the jury, but he is not involved in the fray. The advocates have the task of producing the evidence, arguing its significance, and pointing out the logical inferences that flow from that evidence. "The adversary theory ... maintains that the devotion of the participants, judge, juror and advocate, each to a single function, leads to the fairest and most efficient resolution of the dispute." Rule 18a Disqualification.

Plaintiff also incorporates by reference the above facts and move to disqualify Judge Wilson under Rule 18b(a) of the Texas Rules of Civil Procedure. Similarly, Texas Rule of Civil Procedure 18b(1)(b) requires a judge to disqualify himself from any case in which he may have "an interest in the subject matter in controversy." There is no time set within which a disqualification motion must be filed, and this issue can be raised for the first time on appeal or collateral attack. *See Williams v. State*, 492 S.W.2d 522, 524 (Tex. Crim. App. 1973).

**Recusal**

Incorporating the facts stated above, Plaintiffs move in addition or in the alternative to recuse Judge Wilson under Rule 18b. *See Liteky v. United States*, 510 U.S. 540, 563–564, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Rule 18b(b)(2) of the Texas Rules of Civil Procedure states, "A judge must recuse in any proceeding in which the judge has a personal bias or prejudice concerning the subject matter or a party." Under this standard, counsel need not prove actual bias or what was

Unofficial Copy Office of Marilyn Burgess District Clerk

actually going through the mind of the trial judge. *Gaal v. State*, supra, 332 S.W.3d at 459. Counsel only needs to prove that a reasonable person might question the court's impartiality. *Id*.

Turning next to the manifestation of that personal interest in terms of lack impartiality, Texas law is clear. "Fairness requires absence of actual bias, and our legal system has always endeavored to prevent even the probability of unfairness." *Texaco, Inc. v. Pennzoil, Inc.*, 729 S.W.2d at 844; *citing In Re Murchison*, 349 U.S. 133, 136 (1955)(emphasis added). The *Texaco* Court recognized the imprecision inherent in cases where the probability of bias or unfairness is the subject of adjudication and cited the underlying rationale of the U.S. Supreme Court in Murchison at length. It is highly persuasive authority as applied to the instant case.

> To this end no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome. That interest cannot be defined with precision. Circumstances and relationships must be considered. This Court has said, however, that "Every procedure which would offer a possible temptation to the average man as a judge … not to hold the balance nice, clear, and true … denies . .. due process of law." *Tumey v. State of Ohio*, 273 U.S. 510, 532, 47 S.Ct. 437, 444, 71 L.Ed. 749. Such a stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weight the scales of justice equally between contending parties. But to perform its high function in the best way "justice must satisfy the appearance of justice." *Offutt v. United States*, 348 U.S. 11, 14, 75 S.Ct. 11, 13 [99 L.Ed. 11].

*Texaco* at 844 (emphasis added).

The Texas Code of Judicial Conduct provides similar clarity: "A judge shall be patient, dignified and courteous to litigants, jurors, witnesses, lawyers and others with whom the judge deals in a official capacity . . ." Id., Canon 3, par. B. (4). Also, "A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice ...." Id., Canon 3, par B. (6).

"In determining whether recusal is required pursuant to Texas Rule of Civil Procedure 18b(2)(a), the proper inquiry is whether a reasonable member of the public at large, knowing all

Unofficial Copy Office of Marilyn Burgess District Clerk

the facts in the public domain concerning the judge's conduct, would have a reasonable doubt that the judge is actually impartial." *Rogers v. Bradley*, 909 S.W.2d 874, 881 (Tex. 1995).

Given the law and what is clearly demonstrated in the record, it is clear to the movant that this judge has, for reasons yet unknown, developed a personal interest in the outcome of this case which manifests itself in a lack of impartiality.

An evidentiary hearing is warranted. Movant requires an oral evidentiary hearing where evidence and witnesses can be presented.

**Supporting Verification**

This motion is verified by Ali Choudhri in support of the instant motion.

**Request for Relief**

WHEREFORE, PREMISES CONSIDERED, Movant Ali Choudhri respectfully requests that, prior to any further proceedings in this case, HONORABLE RANDY WILSON disqualify himself and request the Presiding Judge of this Administrative Judicial District assign a Judge to hear this motion. An evidentiary hearing is warranted and there is further significant evidence and information that must be shared in the hearing to be conducted

By:___/s/Ali Choudhri_______

Ali Choudhri
1001 West Loop South, Suite 700
Houston, Texas 77027
T:713.789.7654
F: 832.280.5448
ali@jetallcapital.com

PRO SE

Unofficial Copy Office of Marilyn Burgess District Clerk

VERIFICATION UNDER PENALTIES OF PERJURY, I DECLARE THE FACTUAL STATEMENTS MADE ABOVE ARE TRUE AND ACCURRATE.
Ali Choudhri /s/ ALI CHOUDHRI

**NOTICE OF EXPECTED PRESENTATION**

ALL PARTIES IN INTEREST AND THEIR ATTORNEYS OF RECORD ARE HEREBY NOTIFIED THAT MOVANT EXPECTS THE MOTION TO BE PRESENTED TO THE JUDGE THREE DAYS AFTER THE FILING OF SUCH MOTION UNLESS OTHERWISE ORDERED BY THE JUDGE PURSUANT TO TEX. R. CIV. P 18A(B). ANY OTHER PARTY MAY FILE WITH THE CLERK AN OPPOSING OR CONCURRING STATEMENT AT ANY TIME BEFORE THE MOTION IS HEARD.

**CERTIFICATE OF SERVICE**

I hereby certify that this Motion has been forwarded to all counsel of records in accordance with Rule 21(a) of the Tex. R. Civ. P. on this ___7__ day of April 2024.

By: ____/s/ Ali Choudhri_______
Ali Choudhri

Unofficial Copy Office of Marilyn Burgess District Clerk

**ORDER OF DISQUALIFICATION**

I, JUDGE RANDY WILSON, HEREBY DISQUALIFY MYSELF from this case and request that the Presiding Judge of this Administrative Judicial District assign another judge to sit in this case.

The Clerk of Court is ORDERED to transmit this Order to the Honorable _______________, Presiding Judge,
______ Administrative Judicial District.

DATE SIGNED:
RANDY WILSON
JUDGE PRESIDING

**ORDER OF REFERRAL**

I, JUDGE RANDY WILSON, HEREBY DECLINE TO DISQUALIFY MYSELF from this case and request that the Presiding Judge of this Administrative Judicial District assign another judge to hear the matter and provide an evidentiary hearing of Defendant Ali Choudhri's Verified Motion to Disqualify or Recuse.

The Clerk of Court is ORDERED to transmit this Order to the Honorable ____________, Presiding Judge, Second Administrative Judicial District.
DATE SIGNED:

RANDY WILSON
JUDGE PRESIDING

Unofficial Copy Office of Marilyn Burgess District Clerk

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 86382483
Filing Code Description: Motion (No Fee)
Filing Description: MOTION TO DISQUALIFY
Status as of 4/8/2024 8:48 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Scott Funk | | sfunk@grayreed.com | 4/8/2024 12:04:57 AM | SENT |
| Jennifer LMacGeorge | | jmac@jlm-law.com | 4/8/2024 12:04:57 AM | SENT |
| MacGeorge Law Firm Admin | | service@jlm-law.com | 4/8/2024 12:04:57 AM | SENT |
| Dalio Holdings | | legal@jetallcompanies.com | 4/8/2024 12:04:57 AM | SENT |
| Ali Choudhri | | ali@jetallcompanies.com | 4/8/2024 12:04:57 AM | SENT |
| Ali Choudhri | | ali@jetallcpapital.com | 4/8/2024 12:04:57 AM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

EXHIBIT C

# JUDGE BRITTANYE MORRIS

333rd JUDICIAL DISTRICT COURT
CIVIL COURTS BUILDING
HOUSTON, TEXAS 77002
(832) 927-1800

04/18/2024

PLEASE BE ADVISED THAT THE MOTION TO DISQUALIFY/RECUSE HON. JUDGE SUSAN BROWN WILL BE HEARD ON:
FRIDAY, MAY3, 2024 AT 10:00 A.M.

THIS HEARING WILL BE CONDUCTED VIA ZOOM. ZOOM INFORMATION IS AS FOLLOWS:
Meeting URL: https://justex.zoom.us/j/88217917100
Meeting ID: 882 1791 7100

IF YOU HAVE A QUESTIONS OR CONCERNS, PLEASE CONTACT KIRINA McNAMARA, TRIAL COORDINATOR OF THE 333RD DISTRICT COURT AT 832-927-1805 OR VIA EMAIL AT KIRINA_MCNAMARA@JUSTEX.NET.

THANK YOU FOR YOUR ATTENTION ON THIS MATTER.

Unofficial Copy Office of Marilyn Burgess District Clerk

BRITTANYE MORRIS
JUDGE, 333RD DISTRICT COURT

CASE - 201227197D FILED - 20230301 COURT - 333rd
TYPE - TRESPASS TO TRY TITLE
MOKARAM, ALI VS DALIO HOLDINGS I LLC



TEXAS REIT LLC
20122 HWY 36S #288
BRENHAM, TX 77833

# JUDGE BRITTANYE MORRIS

333rd JUDICIAL DISTRICT COURT
CIVIL COURTS BUILDING
HOUSTON, TEXAS 77002
(832) 927-1800

04/18/2024

PLEASE BE ADVISED THAT THE MOTION TO DISQUALIFY/RECUSE HON. JUDGE SUSAN BROWN WILL BE HEARD ON:
FRIDAY, MAY3, 2024 AT 10:00 A.M.

THIS HEARING WILL BE CONDUCTED VIA ZOOM. ZOOM INFORMATION IS AS FOLLOWS:
Meeting URL: https://justex.zoom.us/j/88217917100
Meeting ID: 882 1791 7100

IF YOU HAVE A QUESTIONS OR CONCERNS, PLEASE CONTACT KIRINA McNAMARA, TRIAL COORDINATOR OF THE 333RD DISTRICT COURT AT 832-927-1805 OR VIA EMAIL AT KIRINA_MCNAMARA@JUSTEX.NET.

THANK YOU FOR YOUR ATTENTION ON THIS MATTER.

Unofficial Copy Office of Marilyn Burgess District Clerk

BRITTANYE MORRIS
JUDGE, 333RD DISTRICT COURT

CASE - 201227197D FILED - 20230301 COURT - 333rd
TYPE - TRESPASS TO TRY TITLE
MOKARAM, ALI VS DALIO HOLDINGS I LLC



ALI CHOUDHRI
2628 HIGHWAY 36S, #288
BRENHAM, TX 77833

JCVG01

**JUDGE BRITTANYE MORRIS**
333rd JUDICIAL DISTRICT COURT
CIVIL COURTS BUILDING
HOUSTON, TEXAS 77002
(832) 927-1800

04/18/2024

PLEASE BE ADVISED THAT THE MOTION TO DISQUALIFY/RECUSE HON. JUDGE SUSAN BROWN WILL BE HEARD ON:
FRIDAY, MAY3, 2024 AT 10:00 A.M.

THIS HEARING WILL BE CONDUCTED VIA ZOOM. ZOOM INFORMATION IS AS FOLLOWS:
Meeting URL: https://justex.zoom.us/j/88217917100
Meeting ID: 882 1791 7100

IF YOU HAVE A QUESTIONS OR CONCERNS, PLEASE CONTACT KIRINA McNAMARA, TRIAL COORDINATOR OF THE 333RD DISTRICT COURT AT 832-927-1805 OR VIA EMAIL AT KIRINA_MCNAMARA@JUSTEX.NET.

THANK YOU FOR YOUR ATTENTION ON THIS MATTER.

Unofficial Copy Office of Marilyn Burgess District Clerk

BRITTANYE MORRIS
JUDGE, 333RD DISTRICT COURT

CASE - 201227197D FILED - 20230301 COURT - 333rd
TYPE - TRESPASS TO TRY TITLE
MOKARAM, ALI VS DALIO HOLDINGS I LLC



DALIO HOLDINGS II LLC
2628 HIGHWAY 36S, #288
BRENHAM, TX 77833

JCVG01

**JUDGE BRITTANYE MORRIS**
333rd JUDICIAL DISTRICT COURT
CIVIL COURTS BUILDING
HOUSTON, TEXAS 77002
(832) 927-1800

04/18/2024

PLEASE BE ADVISED THAT THE MOTION TO DISQUALIFY/RECUSE HON. JUDGE SUSAN BROWN WILL BE HEARD ON:
FRIDAY, MAY3, 2024 AT 10:00 A.M.

THIS HEARING WILL BE CONDUCTED VIA ZOOM. ZOOM INFORMATION IS AS FOLLOWS:
Meeting URL: https://justex.zoom.us/j/88217917100
Meeting ID: 882 1791 7100

IF YOU HAVE A QUESTIONS OR CONCERNS, PLEASE CONTACT KIRINA McNAMARA, TRIAL COORDINATOR OF THE 333RD DISTRICT COURT AT 832-927-1805 OR VIA EMAIL AT KIRINA_MCNAMARA@JUSTEX.NET.

THANK YOU FOR YOUR ATTENTION ON THIS MATTER.

Unofficial Copy Office of Marilyn Burgess District Clerk

BRITTANYE MORRIS
JUDGE, 333RD DISTRICT COURT

CASE - 201227197D FILED - 20230301 COURT - 333rd
TYPE - TRESPASS TO TRY TITLE
MOKARAM, ALI VS DALIO HOLDINGS I LLC



DALIO HOLDINGS I LLC
1675 S STATE STREET, STEB
DOVER, DE 19901

JCVG01

**JUDGE BRITTANYE MORRIS**
333rd JUDICIAL DISTRICT COURT
CIVIL COURTS BUILDING
HOUSTON, TEXAS 77002
(832) 927-1800

04/18/2024

PLEASE BE ADVISED THAT THE MOTION TO DISQUALIFY/RECUSE HON. JUDGE SUSAN BROWN WILL BE HEARD ON:
FRIDAY, MAY3, 2024 AT 10:00 A.M.

THIS HEARING WILL BE CONDUCTED VIA ZOOM. ZOOM INFORMATION IS AS FOLLOWS:
Meeting URL: https://justex.zoom.us/j/88217917100
Meeting ID: 882 1791 7100

IF YOU HAVE A QUESTIONS OR CONCERNS, PLEASE CONTACT KIRINA McNAMARA, TRIAL COORDINATOR OF THE 333RD DISTRICT COURT AT 832-927-1805 OR VIA EMAIL AT KIRINA_MCNAMARA@JUSTEX.NET.

THANK YOU FOR YOUR ATTENTION ON THIS MATTER.

Unofficial Copy Office of Marilyn Burgess District Clerk

BRITTANYE MORRIS
JUDGE, 333RD DISTRICT COURT

CASE - 201227197D FILED - 20230301 COURT - 333rd
TYPE - TRESPASS TO TRY TITLE
MOKARAM, ALI VS DALIO HOLDINGS I LLC

11203180

LLOYD E. KELLEY
2726 BISSONNET STE 240 PMB12
HOUSTON, TX 77005

JCVG01

5/1/2024 3:49 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 87278021
By: Alan Robledo
Filed: 5/1/2024 3:49 PM

EXHIBIT D

**CAUSE NO. 2012-27197-A**

| | | |
|---|---|---|
| MOKARAM-LATIF WEST LOOP, LTD. and OSAMA ABDULLATIF | § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| ALI CHOUDHRI | § | 333rd JUDICIAL DISTRICT |
| Defendant. | § | |

**CAUSE NO. 2012-27197-D**

| | | |
|---|---|---|
| MOKARAM LATIF WEST LOOP, LTD., | § | IN THE DISTRICT COURT F |
| Plaintiff, | § | |
| vs. | § | |
| ALI CHOUDHRI and ANGEL VALLE, | § | HARRIS COUNTY, T E X A S |
| Defendants, | § | |
| vs. | § | |
| ALI MOKARAM, | § | |
| Intervenor. | § | 333rd JUDICIAL DISTRICT |

**ALI CHOUDHRI'S MOTION FOR CONTINUANCE OF HEARING ON DISQUALIFICATION/RECUSAL OF HON. JUDGE SUSAN BROWN AND OBJCTION TO HEARING VIA ZOOM**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Ali Choudhri, ("Choudhri") file this Motion to continue hearing on Motion to

Unofficial Copy Office of Marilyn Burgess District Clerk

Disqualify/Recuse Hon. Judge Susan Brown and in support would show as follows:

**I.**

**SUMMARY**

1. This matter is set for a zoom hearing on May 3, 2024, at 10:00 a.m. I am requesting that the Court continue and reset the hearing to a date after May 3, as suited to Court's calendar and availability of counsels and parties. Good cause exists for this continuance, and it is not sought to delay, but so that justice may be done.

**II.**

**RELEVANT BACKGROUND AND BASIS FOR CONTINUANCE**

2. On April 18, 2024, correspondence from the 333rd Judicial District Court stating the Motion to Disqualify/Recuse Judge Susan Brown will be heard on May 3, 2024. See Exhibit A.

3. Movant has a hearing in the Federal Bankruptcy Court on the same day and is not able to attend the hearing in this Court.

4. Movant also objects to hearing via Zoom pursuant to Rule 21d (b)(2) of Tex. R. Civ. P. which states that:

"**(2)** A court must not require: **(A)** a party or lawyer to appear electronically for a court proceeding in which oral testimony is heard, absent good cause or the agreement of the parties" *Rule 21d - Appearances at Court Proceedings*, Tex. R. Civ. P. 21d

Unofficial Copy Office of Marilyn Burgess District Clerk

5. Movant is the principal to the entities that are parties to this case and requests the continuance to allow attorneys to represent the entities. Since entities need attorneys and cannot be Pro Se.

**PRAYER**

WHEREFORE PREMISES CONSIDERED, Movant respectfully requests that this Court continue the hearing to a date for at least thirty (30) days for an in-person hearing. I additionally request all other relief at law, and in equity, as is just.

Respectfully submitted,

*/s/Ali Choudhri*
Ali Choudhri
1001 West Loop South, Suite 700
Houston, Texas 77027
T:713.789.7654
F: 832.280.5448
ali@jetallcapital.com

**PRO SE**

**CERTIFICATE OF SERVICE**

I certify that on May 1, 2024, I served a copy of the foregoing on all parties of record by electronic service and that the electronic transmission was reported as complete. My e-mail address is ali@jetallcapital.com.

*/s/Ali Choudhri*
Ali Choudhri

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 87278021
Filing Code Description: Motion (No Fee)
Filing Description: Ali Choudhri's Motion For Continuance Of Hearing On Disqualification/Recusal Of Hon. Judge Susan Brown And Objection To Hearing Via Zoom
Status as of 5/1/2024 4:19 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Scott Funk | | sfunk@grayreed.com | 5/1/2024 3:49:55 PM | SENT |
| James Pope | | jamesp@thepopelawfirm.com | 5/1/2024 3:49:55 PM | SENT |
| Brandi RWilliams | | brwilliams@akingump.com | 5/1/2024 3:49:55 PM | SENT |
| Cameron Roth | | croth@akingump.com | 5/1/2024 3:49:55 PM | SENT |
| Ali Choudhri | | ali@jetallcompanies.com | 5/1/2024 3:49:55 PM | SENT |
| Ali Choudhri | | ali@jetallcpapital.com | 5/1/2024 3:49:55 PM | SENT |
| Simone Nunez | | snunez@mccathernlaw.com | 5/1/2024 3:49:55 PM | SENT |
| Averyll Mauch | | amauch@Mccathernlaw.com | 5/1/2024 3:49:55 PM | SENT |
| Leigh Malinowski | | lmalinowski@grayreed.com | 5/1/2024 3:49:55 PM | SENT |
| Rodney Drinnon | | rdrinnon@mccathernlaw.com | 5/1/2024 3:49:55 PM | SENT |
| Eileen O'Neill | | eileenoneill@warejackson.com | 5/1/2024 3:49:55 PM | SENT |
| David Thornton | | david@thorntonlawfirm.com | 5/1/2024 3:49:55 PM | SENT |
| Jennifer MacGeorge | | jmac@jlm-law.com | 5/1/2024 3:49:55 PM | SENT |
| Jim Wetwiska | | jwetwiska@akingump.com | 5/1/2024 3:49:55 PM | SENT |
| Danielle Chester | | dchester@mccathernlaw.com | 5/1/2024 3:49:55 PM | SENT |
| David Clark | | dclark@mccathernlaw.com | 5/1/2024 3:49:55 PM | SENT |
| Preston Kamin | | pkamin@grayreed.com | 5/1/2024 3:49:55 PM | SENT |
| Jackie Kish | | jkish@grayreed.com | 5/1/2024 3:49:55 PM | SENT |
| Dalio Holdings | | legal@jetallcompanies.com | 5/1/2024 3:49:55 PM | SENT |
| Tammy Massa | | tmassa@mccathernlaw.com | 5/1/2024 3:49:55 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

EXHIBIT E

**CAUSE NO. 2012-27197-A**

| | | |
|---|---|---|
| MOKARAM-LATIF WEST LOOP, LTD. and OSAMA ABDULLATIF Plaintiffs, | § | IN THE DISTRICT COURT OF |
| v. | § | HARRIS COUNTY, TEXAS |
| ALI CHOUDHRI Defendant. | § | 333rd JUDICIAL DISTRICT |

**CAUSE NO. 2012-27197-D**

| | | |
|---|---|---|
| MOKARAM LATIF WEST LOOP, LTD., Plaintiff, | § | IN THE DISTRICT COURT F |
| vs. ALI CHOUDHRI and ANGEL VALLE, Defendants, | § | HARRIS COUNTY, T E X A S |
| vs. ALI MOKARAM, Intervenor. | § | 333rd JUDICIAL DISTRICT |

**ORDER GRANTING PLAINTIFF'S MOTION FOR CONTINUANCE**

On this day, came to be heard Ali Choudhri's("Choudhri") Motion for Continuance (the "Motion"). After considering the Motion, response, reply and arguments of counsel, if any, the Court is of the opinion that the Motion is well taken.

It is therefore ORDERED that Choudhri's Motion for Continuance is hereby GRANTED.

It is further,

ORDERED that this case be reset to May 20, 2024, @ 3pm by zoom: http://justex.zoom.us/j/88217917100.

SIGNED on May 2, 2024.

PRESIDING JUDGE

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 87900301
Filing Code Description: Original Proceeding Petition
Filing Description: Emergency Petition for Writ of Mandamus
Status as of 5/20/2024 9:44 AM CST

Associated Case Party: Ali Choudhri

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ali Choudhri | | ali@jetallcapital.com | 5/20/2024 9:12:23 AM | SENT |