# EXHIBIT 14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MOKARAM-LATIF WEST LOOP, LTD. AND OSAMA ABDULLATIF,** **Plaintiffs** | § § § | **Cause No. Case Number** 24-4275 |
| | § | **Presiding Judge:** ______________________ |
| **v.** | § § | |
| **ALI CHOUDHRI,** **Defendant** | § § | **Magistrate Judge:** ______________________ |

**DEFENDANT'S INVOCATION OF FEDERAL JURISDICTION AND NOTICE OF REMOVAL TO THE HONORABLE FEDERAL COURT**

NOW COMES YOUR DEFENDANT, Ali Choudhri, by and through undersigned counsel, who files this, his Notice of Removal of Civil Action pursuant to 28 U.S.C. §§ 1334 and 1452, (the "Removal Petition") under the provisions of 28 U.S.C. §§ 1332, 1334, 1441(b), 1446(a), and Local Rule 81, as well as Rule 9027 of the Rules of the United States Bankruptcy Courts.

1. Defendant, Mr. Ali Chaudhri, an individual and a resident of the State of Texas, respectfully removes this action from the state court, to wit the honorable 333rd District Court of Harris County, Texas, to the honorable United States District Court for the Southern District of Texas, Houston Division.
2. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal is being filed with the Clerk of the 333rd District Court of Harris County, Texas.
3. The case removed is filed under Cause No. 2012-27197-A as assigned by the District Clerk of Harris County.

4. In support of its removal, Defendant respectfully submits this notice.

## POINTS AND AUTHORITIES

5. Removal is based on federal question jurisdiction as nearly all of the current issues and disputes in the state court are the subject of adversary litigation before the honorable United States Bankruptcy Court for the Western District of Texas (Austin Division).

6. Further, the principal issue before the United States Bankruptcy Court for the Western District of Texas is the allegation by the plaintiff in that case that the Defendant here, Mr. Ali Chaudhri, is not entitled to the protection from personal liability for the debts of incorporated entitles, including Texas limited liability companies, and is also responsible for the debts of individuals, including his beloved mother. The mirror-image allegation before the honorable Bankruptcy Court is that the Defendant incorporated entitles, and individuals, yes, including Mr. Chaudhri's mother, are 'alter-egos' of Mr. Chaudhri and therefore are liable for the debts of Mr. Chaudhri.

7. The 'alter-ego' accusation regarding Mr. Chaudhri is not only a key issue in VARIOUS ongoing federal court matters, the accusation is at the very heart of these matters.

8. In *In re George Lee*, Case no. 24-10120-smr

9. In *In re Texas REIT*, Case no. 24-10120-smr (Bankr., W.D. Tex., advisory proc. Lee v. Texas REIT, et. al.), the entire adversary case is based on the accusation that the existence of corporations should be disregarded -- and that multiple entities and

individuals are all part and parcel of Mr. Chaudhri and his 'alter-ego.[1] The Adversary Complaint states expressly:

> *"Summary of Adversary Proceeding*
>
> *Plaintiff, a judgment creditor of Choudhri, allegedly the sole member and owner of the Debtor, files this adversary proceeding seeking a judicial determination that Debtor is merely the alter ego of Choudhri used to perpetrate a fraud and impermissibly hide assets from Plaintiff and other judgment creditors.:"*[2]

10. As even a cursory look at the Lee Adversary Complaint shows, the case rests on, and will be resolved on, the merits of his alter ego theory.

11. The state course cannot do anything useful unless and until the federal bankruptcy court reaches a decision/holding regarding the federal claim of alter-egos and piercing corporate veils. *See Allstate Indem. Co. v. Hill*, 2024 U.S. Dist. LEXIS (N.D. Ala. September 19, 2024) ("courts look to whether the parties in federal court are, or could be similar to the parties involved in state proceedings").

12. In the same federal bankruptcy case, in the deposition of Mr. Omar Khawaja (on September 11th of this year, Mr. Khawaja candidly acknowledged the heart of his and his co-claimants' case and accusations:

---

[1] The Complaint is attached to this pleading as Exhibit A.

[2] Neither George Lee or the central litigant making this claim, Osama Sabdullatif, of course, had any problem accepting, and working with the entities created by, or partially governed by, Ali Chaudhri, when it was beneficial and profitable to do so. Only when that ceased to be the case, suddenly, as if a magic wand had been waved, did their perception reverse course 180 degrees and these previously viable and useful entities become, in Messrs. Lee and Sabdullatif's eyes, "mere" alter-egos of Mr. Chaudhri.

*Q.· And why do you contend that Texas REIT, LLC, is liable for a judgment against Jetall Companies?*

*A.· Because Texas REIT, LLC, is an alter ego of ·Jetall Companies, Inc".*

Deposition of Omar Khawaja (September 11, 2024), p. 18, lns. 19-22.[3]

13. In the same deposition, Mr. Khawaja also said:

*Q: And are you alleging that Texas REIT is the alter ego of Arabella PH 3201, LLC?*

*A. Yes.*

Deposition of Omar Khawaja (September 11, 2024), pp. 23-24.

14. The discussion of alleged multitudinous alter-egos continues, *ad nauseum*; the term is used 52 times in the deposition. *See id.*

*Q: Now, is it your contention that each of the 13 persons and companies named as defendants is the alter ego of every other one of the persons and companies named?*

*A.· That's what –*

*Mr. Ballases: Objection.· Form.*

*A.· Yes.*

[3] [3] The deposition transcript is attached to this pleading as Exhibit B.

*Q.· And are you alleging that Texas REIT is the alter ego of Arabella PH 3201 LLC?*

*A.· Yes.*

*Mr. Ballases: Objection.· Form.*

*Q: Are you alleging that Texas REIT is the alter ego of Dalio I Holdings (sic), LLC?*

*Mr. Ballases: Objection.· Form.*

*A.· Yes.*

*Q.· And would your answers be the same if I went through all of the rest of the names of the defendants in this case?*

*A.· Yes …*

15. Because of the as-yet-to-be determined rulings on the Plaintiff's 'alter-ego' allegation, it is equally impossible and silly to try to determine Mr. Chaudhri's net worth, a key issue at the state court. One's net worth, when one is accused in a federal bankruptcy court of being responsible for the liabilities of multiple corporate entities and other individuals, is a textbook example of an exercise in futility, as the net worth to be determine will be decimated if Mr. Chaudhri does not receive the protections that every founder or investor in incorporated entities since the Fourteenth Century.[4]

---

[4] The Stora Kopparberg mining community in Falun, Sweden is widely considered to be the world's oldest commercial corporation. The company, remarkably, is still a functioning corporation and is listed on the Stockholm, Frankfurt, and London stock exchanges. The company itself declares that is the oldest joint stock company. The British began using incorporated entitles in the early Seventh Century, such as the Dutch East India Company and the British East India Company. *See, e.g.*, "Corporation,' Wikipedia (available at https://en.wikipedia.org/wiki/Corporation). Yale University Press published a book claiming

16. While the state court case had its origins in 2012 and was the subject of a judgment in favor of Defendant Chaudhri in 2016, the one-year limitations statute for removing cases to federal court has been held to be inapplicable to federal question jurisdiction and, indeed, its terms and exceptions would not make sense if the congressional intent had been to affect cases other than those with diversity jurisdiction. *See, e.g., Hill v. State Farm Mut. Auto Ins. Co*., 2017 U.S. Dist. LEXIS 94762, at *11 (M.D. La. 2017) ("The one-year removal period applies in this action because removal is based solely on diversity jurisdiction pursuant to 28 U.S.C. §1332"); *BancorpSouth Bank v. Miller*, 2012 U.S. Dist. LEXIS 177300 (S.D. Miss. 2012) (post-one-year removal because there was no federal question jurisdiction); *Greene v. Mobil Oil Corp*., 66 F.Supp.2d 822, 823 (E.D. Tex. 1999) ("the one-year time limit for removal set forth in 1446(b) would superficially appear to negate diversity jurisdiction over the intervening plaintiffs"); *see also Tedford v. Warner-Lambert Co*., 327 F.3d 423 (5th Cir. 2003) (removal deadlines are subject to equitable considerations).

17. Removal is proper and possible directly to the honorable United States Bankruptcy Court. *See Foster z. Zurzada*, 2023 U.S. App. LEXIS 52 (5th Cir. 2023) (defendants filed Notice of Removal with the Bankruptcy Court and Bankruptcy Court accepted jurisdiction); *Louisiana Dept. of Env. Quality v. Tidewater Landfill, LLC*, 2024 Bankr. LEXIS 2143 September 13, 2023).

---

the mills of Toulouse, France became the first incorporated entity. *See* "The World's First Corporations," Website of Yale University Press (available at https://yalebooks.yale.edu/2015/08/11/the-worlds-first-corporations/).

18. While the issue subject to removal jurisdiction are bankruptcy issues, the removal statute only expressly refers to removal to the District Court. *See BankPlus v. Davis,* 608 B.R. 470, 473 (Bankr., S.D. Miss. 2019) (“The only relevant difference in wording between the old removal statute and the current removal statute is that ‘district court appears in 28 U.S.C. §1452(a) where ‘bankruptcy court’ used to appear in 28 U.S.C. § 1478(a)”).

19. Defendant acknowledges that, as the state court party seeking removal, it is the burden “of establishing that federal subject-matter jurisdiction exists and that removal was proper." *Id*., 2024 Bankr. LEXIS 2143, at *2.

20. That burden, however, is neither massive nor onerous. "For purposes of determining whether removal was proper in the first instance . . . the party seeking removal need only show that, under the minimum requirements of 'related-to' jurisdiction, 'the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy . . . [or] the outcome could alter the debtor's rights, liabilities, options, or freedom of action . . . and which in any way impacts upon the handling and administration of the bankruptcy estate." *Id*., 2024 Bankr. LEXIS 2143, at *3.

21. Here, the state court plans a net worth hearing when the net worth of Defendant Chaudhri, was it would be for any person, must be determined by what assets and liabilities are his, as opposed to the assets or liabilities of other entities or other companies. *See Lawrence v. Goldberg*, 573 F.3d 1265., 1270-1271 (11th Cir. 2009) (“The . . . test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy”); *id*. (“An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either

positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate").

22. If the state court proceeds, it will, by necessity, have to issue rulings on the precise same questions, issues, and disputes.

23. Consequently, the alter-ego claims are properly before only the federal court.

**VENUE**

24. Venue is proper in this division and district. The case may be removed to the honorable United States District Court for the Southern District of Texas. 28 U.S.C. § 1441(a),

Respectfully submitted,

ROBERT TEIR, PLLC

Robert Teir Digitally signed by Robert Teir Date: 2024.11.04 12:18:59 -06'00'

Robert Teir
2810 Decker Place
Houston, Texas 77003-1250
PH 713.444.2369
EM rteir@icloud.com
State Bar no, 00797940
Member, College of the State Bar of Texas