# EXHIBIT 19

United States Bankruptcy Court
Southern District of Texas

**ENTERED**
December 19, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 25-90797 |
| ALI CHOUDHRI, | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 11 |

**ORDER DISMISSING BANKRUPTCY CASE WITHOUT PREJDICE**

This case was filed on December 5, 2025 and designated a complex chapter 11 case. The Debtor is represented by counsel. The Debtor filed some schedules of assets and liabilities, but did not include a verification or declaration stating that the information was true and correct. The Debtor also filed a purported list of the 20 largest unsecured creditors, but did not disclose the necessary information or include a declaration attesting that the information was true and correct. Verifying schedules and a list of top creditors in chapter 11 cases is essential.

This Court conducted a status conference on December 9. The Court required the Debtor to file a proper list of top 20 unsecured creditors and to verify the schedules filed on December 5. To date, the Debtor has not filed a single declaration or verification.

Today, the Debtor was required to file his schedules and statements of financial affairs. On the due date, the Debtor moved for a two-week extension.

Section 1112(b)(1) of the Bankruptcy Code allows a Court to dismiss or convert a case, whichever is in the best interests of creditors and the estate, for "cause" unless the Court determines that the appointment of a chapter 11 trustee or examiner is in the best interests of creditors and the estate. Under section 1112(b)(4), "cause" includes: unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a chapter 11 case.

Section 105 of the Bankruptcy Code says that the Court may issue any order that is necessary or appropriate to carry out the provisions of chapter 11. And that no provision providing for the raising of an issue by a party in interest shall be construed to preclude the Court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Debtor’s counsel claims he just needs some more time. While well intentioned, there is no excuse for the Debtor having not verified what was already filed two weeks ago and following a status conference with the Court. The Court has strong concerns about the lack of transparency and abuse of process just two weeks into this case. Dismissal is appropriate. Conversion or the appointment of a chapter 11 trustee or examiner is not in the best interests of creditors and the estate. The Debtor may refile when prepared to comply with essential requirements under the Bankruptcy Code and the Bankruptcy Rules.

**The Court dismisses this case without prejudice to refiling as a non-complex chapter 11 case in this District.**

Signed on December 19, 2025

Christopher Lopez
United States Bankruptcy Judge