# Exhibit 20

United States Courts
Southern District of Texas
FILED

OCT 13 2026

Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-90797 (CML) |
| | § | |
| ALI CHOUDHRI, | § | CHAPTER 11 |
| | § | |
| Debtor. | § | |

**EMERGENCY MOTION OF DEBTOR ALI CHOUDHRI, PRO SE, FOR ORDER TO SHOW CAUSE, FOR DETERMINATION OF WILLFUL VIOLATIONS OF THE AUTOMATIC STAY, FOR TURNOVER ACCOUNTING UNDER 11 U.S.C. § 543, AND FOR SANCTIONS AND DAMAGES UNDER 11 U.S.C. §§ 362(k) AND 105(a), AND TO CORRECT THE RECORD CONCERNING VARGO'S MOTION TO DISMISS [ECF NO. 21]**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

**RELIEF IS REQUESTED NOT LATER THAN OCTOBER 15, 2026, before the 333rd District Court of Harris County acts on the proposed final judgment described in Part I-A below.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

Debtor Ali Choudhri ("Choudhri"), pro se, moves for a determination that Travis B. Vargo, the purported receiver ("Vargo"), willfully violated the automatic stay while this case was pending, for actual and punitive damages under 11 U.S.C. § 362(k)(1), and to correct the record concerning statements Vargo made to this Court in his Motion to Dismiss [ECF No. 21]. In support, Choudhri respectfully shows:

The judgment is on appeal, and Choudhri contends it is void. Referring to Vargo by name or as the purported receiver concedes nothing.

Choudhri brings this motion as the Debtor whose estate the stay protected. The acts it describes also reached Arabella PH 3201 LLC ("Arabella"), a different company related to the condominium where Choudhri lives. On December 5, 2025, while this Court's stay was in effect, Vargo obtained the dismissal of the Meandering Bend case by asserting "sole control" over Choudhri's Meandering Bend membership interest. On June 23, 2026, Vargo cited that dismissal order to the 333rd District Court of Harris County, which he told "should affirm Receiver control of Arabella"; a writ of possession and an order voiding certain deeds relating to the condominium followed on July 28, 2026. Arabella's own Chapter 11 case is pending in the District of Wyoming, In re Arabella PH 3201 LLC, No. 26-20432, and whether acts taken after its petition violated its automatic stay is for that court; Choudhri does not ask this Court to decide that question. Arabella is not a movant here, and nothing in this motion is an admission concerning title to or interests in any property.

## I. SUMMARY

1. This case was filed at 11:13 a.m. on December 5, 2025. ECF No. 1. The automatic stay arose at that moment and remained in effect until the Court's dismissal order was entered at 11:50 a.m. on December 19, 2025. ECF No. 33; Notice of Electronic Filing (Exhibit 1). The Court never annulled the stay and never granted Vargo relief from it.

2. With written notice of this case, and while the stay was in effect, Vargo (a) pressed another bankruptcy court that afternoon to dismiss a case on the ground that he controlled

Choudhri's membership interest in Meandering Bend, LLC—property of this estate; and (b) through his counsel, continued to work in the state-court judgment-enforcement cases against Choudhri, including preparing filings and attending a show-authority hearing. His own counsel's billing records, filed by Vargo in the state court, document these acts. The $42,371,306.88 stipulated judgment Vargo had agreed to in November 2025 was then filed on December 19, 2025.

3. Vargo's Motion to Dismiss also told this Court that the receivership orders transferred Choudhri's "interests and management rights" in all of his LLCs. Three months earlier, Vargo, through the same counsel, had told a federal bankruptcy court the opposite: that those orders gave him control of Choudhri's receivership assets "excluding management rights in the Choudhri LLC's." Choudhri asks the Court to know what the record shows.

> Receivership Order (collectively the "Receivership Orders"), the Receiver was given exclusive control over all of the Choudhri Receivership Assets, as therein defined, excluding management rights in the Choudhri LLC's, as defined in the Receivership Orders. Subsequent to the entry of the Receivership Orders, the 14th Court of Appeals published its opinion in *WC 4th & Colo. V. Colo. Third St. LLC* which likely impacts the

*Excerpt — 1001 WL ECF No. 935 (Aug. 29, 2025) (highlighting added).*

## I-A. WHY EMERGENCY CONSIDERATION IS REQUIRED

**A. On October 7, 2026, TIG Romspen US Master Mortgage LP submitted to the 333rd District Court of Harris County, in Cause No. 2023-84714, a revised proposed final judgment of $42,371,306.88, plus $16,612.89 per day from June 16, 2025 and post-judgment interest at 15.25%, against Choudhri personally, "unopposed by Travis Vargo" on his behalf. It recites seventeen findings of fact, including that Vargo has exclusive authority to act for Choudhri. The state court may sign it at any time; no hearing has been set. (Exhibit 4.)**

B. That judgment is the same judgment Romspen first presented on December 19, 2025. (Exhibit 4.) It rests on the same authority Vargo asserted to this Court and to the Meandering Bend court while the stay was in effect.

C. The harm if relief is not obtained promptly is concrete. Vargo is using the Meandering Bend dismissal he obtained during the stay as a finding that he controls Choudhri's companies: his counsel described it that way to the Southern District of Texas on August 28, 2026, where an evidentiary hearing on that order is set for October 15, 2026, and to the state court to obtain a writ for a different company's property. In re Meandering Bend, LLC, No. 26-34918

(Bankr. S.D. Tex.). A later damages award cannot undo those uses. Choudhri therefore asks the Court to set this motion for hearing on an emergency basis and, at that hearing, to determine whether the acts taken against Choudhri or property of his estate between 11:13 a.m. on December 5, 2025 and 11:50 a.m. on December 19, 2025 violated the stay and are void.

## II. JURISDICTION

4. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O). A bankruptcy court retains jurisdiction after dismissal to adjudicate violations of the automatic stay that occurred while the case was pending.

## III. FACTS

### A. The filing and Vargo's notice of it

5. Choudhri filed his voluntary Chapter 11 petition at 11:13 a.m. Central time on December 5, 2025. ECF No. 1; Notice of Electronic Filing (Exhibit 1). He signed the petition under penalty of perjury. ECF No. 1 at 6. He had filed no bankruptcy case in the preceding eight years. *Id.* at 3, line 9.

6. At 1:17 p.m. that day, Choudhri's counsel emailed the courtroom deputy for the Honorable Shad M. Robinson in In re Meandering Bend, LLC, No. 25-11334-smr (Bankr. W.D. Tex.), with a copy to Vargo's counsel, Leslie M. Luttrell: "Mr. Choudhri, the principal of the debtor, filed his own Chapter 11 case today, Case No. 25-90797 in the Southern District of Texas. We respectfully submit that because of this filing the hearing today should be cancelled." (Exhibit 2.) At 1:58 p.m., six minutes before the hearing, Mr. Duke wrote to Ms. Luttrell directly: "I wish to confirm your receipt of notice of the Chapter 11 filing for Mr. Choudhri. As I am sure you are aware, the receiver has no authority to proceed. Please confirm that the receiver will not be proceeding today in any fashion nor take any action as it relates to the estate of Ali Choudhri. Also please confirm that you will put a litigation hold in all communications . . . you've had with TIG Romspen or RIC Lavernia and other parties, such as Osama Abdullatif and counsel." (Exhibit 2.)

Mr. Duke's office copy of that email, kept on Eastern time, shows it sent at 2:58:18 p.m., which is 1:58 p.m. Central. (Exhibit 12 at 4.) The hearing began at 2:04 p.m. Central, and Vargo proceeded.

> To: "jennifer_lopez@txwb.uscourts.gov" <jennifer_lopez@txwb.uscourts.gov>
> Cc: Ali Choudhri <ali@jetallcapital.com>, Leslie Luttrell <luttrell@lclawgroup.net>
>
> Ms. Lopez:
>
> I write concerning the above matter, which has a hearing on a receiver motion scheduled today for 2:00 CST. I wanted to advise Chambers that Mr. Choudhri, the principal of the debtor, filed his own Chapter 11 case today, Case No. 25-90797 in the Southern District of Texas. We respectfully submit that because of this filing the hearing today should be cancelled. Thank you.
>
> Kind Regards,
>
> Bruce J. Duke, Esq. (Member NY & NJ Bars)
>
> DUKE LAW FIRM
>
> NJ Office: 141-I Rte 130 S. #380, Cinnaminson, NJ 08077
>
> NY Office: 83 Haviland Dr. Suite 3, Patterson, NY 12563

*Excerpt — Email from Bruce Duke, copying Leslie Luttrell (Dec. 5, 2025, 1:17 p.m.) (highlighting added).*

> Bruce Duke <bruce@bdukelawfirm.com> Fri, Dec 5, 2025 at 1:58 PM
> To: Leslie Luttrell <luttrell@lclawgroup.net>
> Cc: Ali Choudhri <ali@jetallcapital.com>
>
> Ms. Luttrell:
>
> As advised on my previous email to Judge Robinson's chambers concerning the Meandering Bend matter, I wish to confirm your receipt of notice of the Chapter 11 filing for Mr. Choudhri. As I am sure you are aware, the receiver has no authority to proceed. Please confirm that the receiver will not be proceeding today in any fashion nor take any action as it relates to the estate of Ali Choudhri. Also please confirm that you will put a litigation hold in all communications and you've had with TIG Romspen or RIC Lavernia and other parties, such as Osama Abdullatif and counsel.

*Excerpt — Email from Bruce Duke to Leslie Luttrell (Dec. 5, 2025, 1:58 p.m.) (highlighting added).*

## B. The Meandering Bend hearing that afternoon

7. The hearing on Vargo's motion to dismiss Meandering Bend began at 2:04 p.m., with Vargo attending by video. Meandering Bend Hr'g Tr. 2:17–18, 4:3–6 (Dec. 5, 2025) (Exhibit 3). Choudhri's counsel announced this filing on the record and stated that it "would obviate any authority that the receiver has to proceed." *Id.* at 6:12–20.

8. Judge Robinson asked whether Choudhri's Meandering Bend membership interest had become property of this estate. *Id.* at 7:20–23. Vargo's counsel answered that, "pursuant to the receivership orders that are on file," Vargo had "sole control over all of the . . . nonexempt assets . . . of Mr. Choudhri, including the Meandering Bend membership interest." *Id.* at 8:12–19. Vargo adopted his counsel's unsworn proffer and asked that the case be dismissed with prejudice. *Id.* at 15:13–16:24. Meandering Bend was dismissed that day. Meandering Bend ECF No. 125.

MS. LUTTRELL: Your Honor, to the extent that Mr. Choudhri filed a bankruptcy proceeding of any kind, I believe that the only property that he has control over for purposes of filing that bankruptcy proceeding would be as to his exempt property because the -- this Court has found, in connection with the motions to show authority, the -- Mr. Vargo has control over all -- pursuant to the receivership orders that are on file -- in all of the cases that are presently pending with the Choudhri-related entities.

The receiver has sole control over all of the assets of all of -- all of the nonexempt assets -- of Mr. Choudhri, including the Meandering Bend membership interest. And, as a matter of fact, the basis today for the motion to dismiss is that the motion -- that the original filing, as acknowledged by the Chapter 7 Trustee, Mr. Osherow, was not authorized, and therefore, this case should be dismissed.

*Excerpt — Meandering Bend transcript, Tr. 8 (In re Meandering Bend, LLC, No. 25-11334, Dec. 5, 2025) (highlighting added).*

9. **Vargo was told on the record, before he acted.** Before any proffer, Choudhri's counsel told the Meandering Bend court: "A Chapter 11 bankruptcy proceeding was filed on behalf of Mr. Choudhri today," and "**the filing of the bankruptcy would obviate any authority that the receiver has to proceed**. . . . we have an automatic stay at this point." Meandering Bend Hr'g Tr. 6:12–7:2 (Dec. 5, 2025) (Exhibit 3). Vargo was present by video. Id. at 6:3.

MR DUKE: A Chapter 11 bankruptcy proceeding was filed on behalf of Mr. Choudhri today, and I just wanted to make the Court and the parties aware.

THE COURT: Okay. How does that have to -- what does that have to do with this case, though?

MR. DUKE: Well, my understanding is, is that Mr. Choudhri has an interest in Meandering Bend, and we believe that the filing of the bankruptcy would obviate any authority that the receiver has to proceed.

THE COURT: How so?

MR. DUKE: Well, without -- we have an automatic

*Excerpt — Meandering Bend Hr'g Tr. 6 (Dec. 5, 2025) — notice of this case on the record (highlighting added).*

10. **His "testimony" was an unsworn proffer, which he adopted with three words.** The court told him: **"I'm not going to swear you in, sir**." Tr. 15:13. Ms. Luttrell then proffered that Vargo "was neither consulted nor consented to the filing of the Meandering Bend bankruptcy proceeding" and asked that it be dismissed "with prejudice." Asked whether the proffer was "true, correct, and accurate" and whether he adopted it as his own testimony, Vargo answered "**Yes**" three times. Id. at 15:13–16:24. That unsworn adoption, made after written and on-the-record notice of this case, is the act through which Vargo exercised control over Choudhri's Meandering Bend interest while the stay was in effect.

before the Court. I'm not going to swear you in, sir, as the court appointed receiver, licensed attorney in the state of Texas, and officer of this particular Court. You know

*Excerpt — Meandering Bend Hr'g Tr. 15:13–15 (Dec. 5, 2025) (highlighting added).*

THE COURT: All right. Does anyone -- excuse me -- Mr. Vargo, did you -- as an officer -- as an officer of the Court, sir -- did you listen carefully the proffer of your testimony provided by Ms. Luttrell?

MR VARGO: Yes.

THE COURT: That proffer of your testimony is true, correct, and accurate based on your actual knowledge of those statements?

MR. VARGO: Yes.

THE COURT: And you adopt that proffer of your testimony as your own testimony before the Court today?

MR. VARGO: Yes.

*Excerpt — Meandering Bend Hr'g Tr. 16:12–24 (Dec. 5, 2025) — Vargo adopts the proffer (highlighting added).*

11. **Judge Robinson left the stay question for this Court.** He told the parties: "if something happens after this, **perhaps there is a violation of the stay in Mr. Choudhri's case. But that's not for me to decide. That's for some other judge to decide.**" Tr. 10:7–10. **This is that judge.** And Judge Robinson confined his ruling: "I am not making that finding. **All I'm finding is that this petition was not properly filed. . . . I'm not going to make any other findings.**" Id. at 23:14–24; see id. at 24:4–5 ("that evidence is not before the Court").

THE COURT: -- if something happens after this, perhaps there is a violation of the stay in Mr. Choudhri's case. But that's not for me to decide. That's for some other judge to decide. But this is -- to me -- is no

*Excerpt — Meandering Bend Hr'g Tr. 10:7–10 (Dec. 5, 2025) (highlighting added).*

I am not making that finding. All I'm finding is that this petition was not properly filed. Because it was not properly filed, the Court does not have subject matter jurisdiction, and the remedy is dismissal of the bankruptcy case. It's not an act to collect a debt. It's the Court exercising and making a determination as to its subject matter jurisdiction.

So for those reasons, I'm going to grant the motion to dismiss. I'm not going to make any other findings. I've reviewed the proposed form of order, Ms.

*Excerpt — Meandering Bend Hr'g Tr. 23 (Dec. 5, 2025) — the limits of the ruling (highlighting added).*

12. **Two passing remarks do not change this.** First, Judge Robinson said: "I just don't think it's property of Mr. Choudhri's estate." Tr. 8:24–9:1. That was a comment, not a finding. He said it only after Vargo's counsel represented that Vargo had "sole control" of the interest, id. at 8:12–19; he then made "no other findings," said the related evidence was "not before the Court," and left any stay violation to "some other judge." Id. at 10:7–10, 23:14–24, 24:4–5. The receivership orders exclude Choudhri's ownership interests in any limited liability company, A-Case Order ¶ 8 (Exhibit 7), so the Meandering Bend interest remained Choudhri's and became property of this estate when he filed. 11 U.S.C. § 541(a)(1). Whether it was estate property was for **this** Court to decide, as Vargo's own stay motion acknowledged when it sought relief "pending this Court's determination." ECF No. 22 ¶ 12. Second, Choudhri's counsel agreed that "simply asking that the stay be lifted is not a violation of the automatic stay." Tr. 10. **Choudhri does not complain that Vargo asked. They complain of what he did:** claiming "sole control" of the Debtor's interest, adopting that claim as unsworn testimony, and obtaining the dismissal of the Meandering Bend case on it, after notice of this case.

13. The receivership orders say the opposite of what the Court was told. Each defines "Choudhri Receivership Assets" as all of Choudhri's assets "except his ownership interests in any limited liability company," lists Meandering Bend LLC by name among the "Choudhri LLC's,"

and imposes a charging order on those LLCs under Texas Business Organizations Code § 101.112. A-Case Order ¶¶ 8, 9(m), 18; D-Case Order ¶¶ 14, 16(m), 24 (filed in this case at ECF Nos. 19-1, 19-2).

> 8) "Choudhri Receivership Assets" includes all assets owned by Choudhri, except his ownership interests in any limited liability company.
>
> 9) "Choudhri LLC's" shall mean each limited liability company in which Choudhri owns a membership interest, including but not limited to the following, but excluding his interest in the Bankrupt LLCs (defined below):
>
> a. ARABELLA PH 3201 LLC
> b. 2727 Kirby 26L LLC
> c. 9201 Memorial Drive LLC
> d. 50BH Acquisition, LLC
> e. BDFI LLC
> f. Forest Legacy LLC
> g. Jetall GP, LLC
> h. Jetall Capital, LLC
> i. Jetall Croix Properties LLC
> j. JETALL/CROIX GP, LLC
> k. JETALL CONSTRUCTION & DEVELOPMENT GP, INC.
> l. Jetall Investment and Realty Inc
> m. Meandering Bend LLC
> n. MCITBE LLC

*Excerpt — A-Case Amended Order ¶¶ 8–9 (Apr. 2025) (highlighting added).*

## C. Vargo's motions in this case

14. On December 10, 2025, Vargo filed his Motion to Dismiss [ECF No. 21] and his Motion for Relief from Stay [ECF No. 22]. The Motion to Dismiss stated that, under the receivership orders "as confirmed by the Authority Orders," "all non-exempt assets of Ali Choudhri ('Choudhri'), including the interests and management rights of Choudhri in all Choudhri LLC's . . . were transferred in custodia legis" to the receivership court. ECF No. 21 ¶¶ 4, 9 & n.7. It cited the Meandering Bend dismissal as evidence of Choudhri's bad faith. *Id.* at 5 nn.10, 12; *id.* ¶ 16.

15. The Motion for Relief from Stay sought one thing: an order "lifting the automatic stay provisions of 11 U.S.C. §362 to permit him to respond to any and all matters asserted in the Receivership Court by Choudhri." ECF No. 22 ¶ 12. It did not seek leave to settle, compromise, or

consent to any judgment against Choudhri. TIG Romspen US Master Mortgage LP was on its service list. *Id.* at 8. The motion was set for January 13, 2026, and was never heard or granted.

> 12. While preserving the position of the Receiver that the non-exempt assets of Choudhri are not assets of this bankruptcy estate and pending this Court's determination of the Motion to Dismiss, the Receiver seeks an order lifting the automatic stay provisions of 11 U.S.C. §362 to permit him to respond to any and all matters asserted in the Receivership Court by Choudhri.

*Excerpt — In re Ali Choudhri, No. 25-90797, ECF No. 22 ¶ 12 (highlighting added).*

## D. The $42 million stipulated judgment

16. On December 19, 2025, TIG Romspen US Master Mortgage LP filed a Motion for Entry of Stipulated Judgment and a proposed Final Judgment in *TIG Romspen US Master Mortgage LP v. Galleria Loop Note Holder, LLC and Ali Choudhri*, Cause No. 2023-84714 (80th Dist. Ct., Harris County). (Exhibit 4.) The proposed judgment awards $42,371,306.88 against Choudhri individually and Galleria Loop Note Holder, LLC, jointly and severally, plus $16,612.89 per day and post-judgment interest at 15.25%. It recites that Choudhri stipulates to it "by and through Travis Vargo as state court-appointed receiver," and it is signed for Vargo by Ms. Luttrell. Romspen's motion represented that "[a]s of the date of this Motion, neither of the Defendants is a debtor in an active bankruptcy case." Vargo later described the arrangement to the receivership court: he "resolved a dispute with the Plaintiff, TIG Rompsen Master Mortgage LP, through the bankruptcy court in exchange for valuable consideration paid to the Receiver." Vargo's Report to Court ¶ 6(a) (June 9, 2026) (Exhibit 9). The settlement agreement, executed as of November 21, 2025, required Vargo to "reasonably cooperate with Romspen in connection with entry of a judgment in the Romspen Enforcement Action" and provided for Romspen to pay Vargo $225,000 once Romspen took title to 1001 West Loop and the RIC (Lavernia) case was resolved. Settlement Agreement §§ II.4, II.10 (Exhibit 10). In it, acting expressly "on behalf of . . . Choudhri," Vargo also waived Choudhri's limitations defenses and any objection to Romspen's $33 million lien

claim. *Id.* §§ II.3 & n.1. He later told the receivership court the estate "received a payment of $250,000.00" in exchange for, among other things, "an agreement not to oppose the entry of meritorious judgments against Mr. Choudhri." Vargo's Omnibus Response ¶ 12 (Apr. 15, 2026) (Exhibit 10). Vargo thus consented to a $42 million judgment against the debtor personally in exchange for a payment to the receivership, on which he has requested a 25% fee. Exhibit 8 ¶¶ 1, 14.

> Plaintiff TIG Romspen US Master Mortgage LP ("Plaintiff") and Defendants Galleria Loop Note Holder, LLC ("GLNH") and Ali Choudhri, an individual ("Choudhri" and, together with GLNH, "Defendants"), by and through Travis Vargo as state court-appointed receiver ("Receiver"), stipulate to the entry of this Judgment.

*Excerpt — Proposed Final Judgment, No. 2023-84714, preamble (highlighting added).*

17. Romspen filed the stipulated judgment on December 19, 2025. The billing records of Vargo's counsel show that the Romspen settlement and the "Agreed Motion to enter Judgment" were negotiated and revised between November 16 and November 24, 2025. Exhibit 8 at Nov. 16, 19, 20, 24, 2025 entries.

18. The judgment presented during the stay is still being pressed. On October 7, 2026, Romspen submitted a revised proposed Final Judgment in the same case, now pending in the 333rd District Court. It deletes the stipulation: the judgment is now "unopposed by Travis Vargo as state court-appointed receiver . . . on behalf of Defendants," and Vargo's counsel signs "[a]greed as to form only." It still seeks $42,371,306.88, plus $16,612.89 per day from June 16, 2025, against Choudhri personally, and its paragraph Q relies on the same "Authority Orders" Vargo cited to this Court. Revised Proposed Final Judgment (Oct. 7, 2026) (Exhibit 4). Choudhri and Galleria Loop Note Holder, LLC have objected to its entry.

**Continuing conduct, and what Vargo has told other courts**

19. The records described in this motion show that Vargo and Ms. Luttrell were actively pursuing the Debtor and property of his estate while the automatic stay was in effect, and that they

have continued to act on what they did during the stay. The December 5, 2025 assertion of "sole control" over the Debtor's Meandering Bend membership interest, the settlement-related work billed during the stay, and the stipulated judgment Vargo had agreed to are still being used against the Debtor today. (Exhibits 3, 4, 8.)

20. Vargo has also told other courts that a federal bankruptcy judge authorized his settlement with TIG Romspen US Master Mortgage LP. No such authorization was ever given. In a report signed under penalty of perjury, Vargo listed $225,000 received from Romspen as "[s]ettlement and resolution of claims on behalf of Milestone Capital CRE1 LLC and Otisco RDX LLC associated with Bankruptcy Case # 24-51195-MMP, in the Western District of Texas (San Antonio) as authorized by Judge Michael Parker and Case # 24-10119-SMR in the Western District of Texas (Austin) as authorized by Judge Christopher Bradley." Report ¶ 1, Cause No. 2012-27197-D (Mar. 3, 2026). He later told the same court that the payment came "[f]ollowing Bankruptcy Court approval in the RICL Bankruptcy, in exchange for . . . an agreement not to oppose the entry of meritorious judgments against Mr. Choudhri." Omnibus Resp. at 5, Cause No. 2012-27197-A (Apr. 15, 2026). No motion to approve that settlement under Bankruptcy Rule 9019 was ever filed in either bankruptcy case, and no order approved it.

| | | | |
|---|---|---|---|
| | 75,948.35 | Order Distributing Money in the Registry per Hon. Randy Wilson Order signed 09/16/2025 in Cause No. 2012-27197-C | |
| | 225,000.00 | Settlement and resolution of claims on behalf of Milestone Capital CRE1 LLC and Otisco RDX LLC associated with Bankruptcy Case # 24-51195-MMP, in the Western District of Texas (San Antonio) as authorized by Judge Michael Parker and Case # 24-10119-SMR in the Western District of Texas (Austin) as authorized by Judge Christopher Bradley | |
| | 500,000.00 | Settlement and resolution of Ali Choudhri's legal claims in Harris County District Clerk Cause Nos. 2020-79998 and 2020-51949 | |

*Excerpt — Vargo's sworn Report ¶ 1, Cause No. 2012-27197-D (Mar. 3, 2026) (highlighting added).*

> involvement of the Receiver, the Receiver, using his best judgment, agreed to what the facts supported and what would have been the inevitable outcome. Following Bankruptcy Court approval in the RICL Bankruptcy, in exchange for the dismissal of the unmeritorious appeals, and an agreement not to oppose the entry of meritorious judgments against Mr. Choudhri, the

*Excerpt — Vargo's Omnibus Response at 5, Cause No. 2012-27197-A (Apr. 15, 2026) (highlighting added).*

21. The Debtor learned the full extent of these representations at the September 23, 2026 hearing in In re MCITBE, LLC, No. 26-32580 (Bankr. N.D. Tex.), where Vargo's counsel told the court that "Judge Robinson, Judge Bradley, Judge Parker have made determinations that Mr. Vargo is in charge of and has control over the Choudhri LLCs," and Vargo, asked under oath whether he approved his counsel's arguments, answered: "I didn't say that." MCITBE Hr'g Tr. 51:16–23, 145:11–16 (Exhibit 14). Shown paragraph 8 of his own receivership orders, which excludes the Debtor's ownership interests in any limited liability company, he testified: "That's what it says here." Id. at 170:14–19. Based on that testimony, given as recently as September 23, 2026, and on the way Vargo continues to use those orders against Choudhri and the companies related to him, motions to vacate those orders under Federal Rule of Civil Procedure 60(b), made applicable by Bankruptcy Rule 9024, have been filed and are being filed immediately by Choudhri and the affected entities, on the ground that they were obtained and are being used through misrepresentation and misconduct, Fed. R. Civ. P. 60(b)(3): in In re Meandering Bend, LLC, No. 25-11334, In re 1001 WL, LLC, No. 24-10119, and In re Texas REIT, LLC, No. 24-10120 (Bankr. W.D. Tex., Robinson, J.), and in In re RIC (Lavernia) LLC, No. 24-51195 (Bankr. W.D. Tex., Parker, J.). Those motions identify, among other things, Vargo's sworn testimony that the orders did not give him Choudhri's LLC interests, his later contrary representations to those same courts, and his statements that those courts approved a settlement that none of them approved.

> So Judge, the authority of the Receiver over the Choudhri LLCs has been confirmed, as I indicated repeatedly, in the Western District of Texas. We cite to the various proceedings in the Western District of Texas in which Judge Robinson, Judge Bradley, Judge Parker have made determinations that Mr. Vargo is in charge of and has control over the Choudhri LLCs. Those are cited at Page 4 and 5 of the

*Excerpt — MCITBE Hr'g Tr. 51:16–22 (Sept. 23, 2026) (highlighting added).*

A Okay. So, I'm not a bankruptcy lawyer and I'm not a bankruptcy judge. Ms. Luttrell is taking and arguing positions based on the facts. I'm testifying to the facts that I know.
Q So are you saying you did not approve the legal arguments that she's made?
A I didn't say that.

*Excerpt — MCITBE Hr'g Tr. 145:11–16 (Sept. 23, 2026) (highlighting added).*

A I'm not following what you're saying. Can you repeat that or rephrase it?
Q Number 8, it's saying that the assets that you can take over have to be owned by Choudhri, correct? Under Number 8.
A Yes.
Q Except for his ownership interests in any limited liability company, correct?
A That's what it says here.
Q Well, is that correct?

*Excerpt — MCITBE Hr'g Tr. 170:12–20 (Sept. 23, 2026) — Vargo, shown ¶ 8 of the receivership orders (highlighting added).*

22. Vargo himself placed the receivership orders before the Northern District court. On July 7, 2026, his counsel filed certified copies of both amended receivership orders in In re MCITBE, LLC. Notice of Filing Orders Regarding Appointment of Receiver and Charging Orders, ECF No. 20, No. 26-32580 (Exhibit 17). Paragraph 8 of each excludes the Debtor's ownership interests in any limited liability company. The Debtor served Ms. Luttrell with a motion for sanctions under Bankruptcy Rule 9011 on September 2, 2026, concerning her representations to that court about the ownership and control of MCITBE, LLC and Vargo's asserted authority, and filed notice of it on September 4, 2026. ECF No. 122, No. 26-32580 (Exhibit 16). That matter is pending.

Case 26-32580-mvl11 Doc 20 Filed 07/07/26 Entered 07/07/26 15:30:37 Desc Main Document Page 1 of 37

Leslie M. Luttrell (SBOT 12708650)
Luttrell + Carmody Law Group
100 NE Loop 410, Ste. 615
San Antonio, Texas 78216
Tel. 210.426.3600
Email: luttrell@lclawgroup.net

*Counsel for Travis B. Vargo, Court Appointed Receiver*

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 26-32580-mnl11 |
| | § | |
| MCITBE, LLC | § | Chapter 11 |
| | § | |
| Debtor. | § | |

NOTICE OF FILING ORDERS REGARDING APPOINTMENT OF RECEIVER AND CHARGING ORDERS

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Travis B. Vargo, Court-Appointed Receiver.[1], by and through his counsel of record, and files certified copies of the following orders:

1. Amended Order Granting Turnover, Charging Order and Appointment of Receiver Against Judgment Debtor, entered in Cause No. 2012-27197-A styled *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri*, pending in the 333rd Judicial District Court of Harris County, Texas on April 9, 2025, certified by Marilyn Burgess, District Clerk of Harris County, Texas on April 29,

*Excerpt — In re MCITBE, LLC, No. 26-32580, ECF No. 20 (July 7, 2026) (highlighting added).*

## E. Vargo's prior positions, under oath and in writing

23. Vargo first told a federal court, under oath, that the receivership orders did not give him the Debtor's LLC interests. At the April 3, 2025 hearing in In re Texas REIT, LLC, No. 24-10120 (Bankr. W.D. Tex.), Judge Robinson asked whether he was seeking to exercise control over those LLC interests. Vargo answered: "No." The Court confirmed: "So your testimony under oath is you're not seeking to control those LLC interests." Texas REIT Hr'g Tr. 19:19–23 (Apr. 3, 2025) (Exhibit 15). Vargo then testified: "This order does not turn over his LLC interest to me," id. at 21:17–19, and "I have a right to his distributions only." Id. at 35:6.

LLC. Who's the membership interest holder?

**MR. VARGO:** My understanding is Mr. Choudhri.

**THE COURT:** Okay. Are you seeking to exercise control over those LLC interests?

**MR. VARGO:** No.

**THE COURT:** Okay. So your testimony under oath is you're not seeking to control those LLC interests. All right. You have a state or court order granting a turnover?

**MR. VARGO:** May I clarify, Judge?

**EXCEPTIONAL REPORTING SERVICES, INC**

*Excerpt — Texas REIT Hr'g Tr. 19:17–25 (Apr. 3, 2025) (highlighting added).*

**THE COURT:** And the non-exempt asset of Choudhri then would be the LLC interest in Texas REIT.

**MR. VARGO:** I believe that -- the answer to that is no, Judge. This order does not turn over his LLC interest to me.

*Excerpt — Texas REIT Hr'g Tr. 21:15–19 (Apr. 3, 2025) (highlighting added).*

Choudhri's LLC's show me each limited liability company in which he owns a membership interest. So again, I don't know the difference between 11 and 12, but it looks like to me that you have a right to exercise rights over Mr. Choudhri's membership interest in Texas REIT, correct?

**MR. VARGO:** I have a right to his distributions only.

**THE COURT:** Okay. Well, then what's the charging order? That's pursuant to 18. You exercise the charge. You

*Excerpt — Texas REIT Hr'g Tr. 35:1–8 (Apr. 3, 2025) (highlighting added).*

24. On August 29, 2025, Vargo, through Ms. Luttrell, told Judge Robinson in the Meandering Bend case that under the same receivership orders "the Receiver was given exclusive control over all of the Choudhri Receivership Assets, as therein defined, excluding management

rights in the Choudhri LLC's," and asked for leave to seek a modification of those orders in the state court. Meandering Bend ECF No. 28 ¶¶ 7, 10 & prayer ¶ B (Exhibit 5). Judge Robinson granted leave on September 12, 2025, stating that he was "not ruling upon any of the issues." Meandering Bend ECF No. 65 at 2–3. No determination or modification had been entered when this case was filed.

| Issue | *WC 4th & Colorado* | Choudhri Receivership Orders (April 2025) |
|---|---|---|
| What the order says about entity interests | Receiver may seize the debtor's interests and "sell, manage, and operate" them | LLC ownership interests are **excluded** from Receivership Assets (A-Case ¶ 8; D-Case ¶ 14) |
| Remedy against LLC interests | Direct control | Charging order only, reaching distributions (A-Case ¶ 18; D-Case ¶ 24; Tex. Bus. Orgs. Code § 101.112) |
| *Heckert* exception | Applied on an evidentiary record: entity not operating, no one's interests disrupted | **Never.** No evidentiary hearing, no findings |
| Rule | Receiver has only the powers the order gives (*Ex parte Hodges*) | Same rule, opposite result: the order withholds what *WC 4th*'s order granted |

*Summary chart: WC 4th & Colorado, LP v. Colorado Third Street, LLC compared with the Choudhri Receivership Orders (prepared by Movant; highlighting added)*

> 11 U.S.C. § 362(d)(1). The Court further finds that the automatic stay should be modified to permit the Receiver to proceed in the Receivership Court to obtain relief as hereinafter provided. In addition, the Court *sua sponte* finds that cause exists due to the limited scope of the relief requested by the Receiver. The Court issues this Order to allow the Receivership Court (or such other court with proper jurisdiction) to determine the issue of the scope of the Receivership and the authority of the Receiver. Based on the foregoing, it is therefore
>
> **ORDERED** that the Receiver is hereby authorized to:
>
> A. Seek and obtain a determination from the Receivership Court (or such other court with proper jurisdiction) regarding the application of *WC 4th & Colo. v. Colo. Third St., LLC*, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025) to the Receivership Orders;
>
> B. Seek and obtain a modification of the Receivership Orders to conform, as applicable, to *WC 4th & Colo. V. Colo. Third St., LLC*, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025);
>
> C. Confirm the active status of the Receivership and, as applicable, the adequacy of

*Excerpt — Meandering Bend ECF No. 65 (Sept. 12, 2025) (highlighting added).*

25. On October 31, 2025, Vargo, through Ms. Luttrell, told the Meandering Bend court that he "does not challenge the validity of the filing of bankruptcy proceeding and supports the efforts of the Chapter 7 Trustee . . . to sell the real property that is the primary asset of the Debtor." Meandering Bend ECF No. 97 at 2 (Exhibit 6). Twenty-five days later, he moved to dismiss that case as unauthorized.

## F. What Vargo's counsel did while the stay was in effect

26. On March 3, 2026, Vargo filed a sworn Report, Accounting, and Motion to Distribute in the receivership court, asking to reimburse himself $167,000 in fees paid to his bankruptcy counsel, including for work in this case, from receivership collections. Vargo's Report, Accounting, and Motion to Distribute ¶¶ 2–3, 19(b), Cause No. 2012-27197-D (Exhibit 8). He reported that his counsel "assisted the Receiver with Choudhri's personal bankruptcy" and that he "filed a motion to dismiss in that matter and otherwise participated." *Id.* ¶¶ 3, 8. The invoices he attached record the following work between December 5 and December 19, 2025: December 6 —"Prepare Advisory to the Court regarding Meandering Bend Dismissal - A-Case" and the same

for the "D-Case"; December 7—"Review and finalize form of Authority Order A-Case, Removed Adversary"; December 13—an exchange with K. Kerr "regarding status of Meandering Bend sale"; and December 19—"Appear for/Attend hearing on Motion to Show Authority, Advise Court of Bankruptcy filing by Choudhri and pending Motions by Receiver." *Id.*, Ex. 2. The A-Case and D-Case are the judgment-enforcement proceedings against Choudhri; by Vargo's own account, the A-Case remained pending as removed Adversary No. 25-03628 in this District until January 21, 2026. *Id.* ¶ 8.

27. On December 15, 2025, Vargo's counsel billed time to "[p]ull [a]uthorities and prepare response . . . regarding . . . Receiver's status under 11 USC §543(d)." Exhibit 8. Vargo therefore considered, while this case was pending, his status as a custodian under § 543.

28. The same records show deposits of $27,000 on December 19, 2025 and $50,000 on December 23, 2025 into Vargo's retainer account with his counsel, and payments from that account on December 29, 2025 against invoices that include the work described above. Exhibit 8 (trust ledger).

## IV. THE STAY APPLIED TO VARGO

29. The filing of a petition operates as a stay of, among other things, "the commencement or continuation . . . of a judicial . . . proceeding against the debtor," "any act to obtain possession of property of the estate . . . or to exercise control over property of the estate," and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(1), (3), (6). A receiver appointed in a non-bankruptcy proceeding is a "custodian," 11 U.S.C. § 101(11)(A), and a custodian with knowledge of the case "may not . . . take any action in the administration of[] property of the debtor" except to preserve it. 11 U.S.C. § 543(a).

30. Choudhri's membership interest in Meandering Bend became property of this estate on the petition date. 11 U.S.C. § 541(a)(1). The receivership orders exclude it from Receivership Assets, A-Case Order ¶ 8; D-Case Order ¶ 14, so it was not in custodia legis. The Romspen lawsuit is a pending judicial proceeding against Choudhri on a pre-petition guaranty claim.

31. Vargo did not dispute that the stay applied to him. He asked this Court for relief from it. ECF No. 22; see also ECF No. 21 ¶ 23. He did not obtain it. The Court did not annul the stay, and its dismissal order does not validate any act taken while the case was pending. ECF No. 33.

32. Vargo's position in this Court was that the stay did not protect most of what Choudhri owned. His motion to dismiss told the Court: "Because all non-exempt assets of Choudhri were transferred to the Receivership Court, the only assets owned by Choudhri that could be the subject of the instant bankruptcy proceeding are the exempt assets of Choudhri which, upon the designation of the same, will be removed from the bankruptcy estate." ECF No. 21 ¶ 4 (Exhibit 11). It described that "transfer" as reaching "the interests and management rights of Choudhri in all Choudhri LLC's," id., the very interests the receivership orders exclude. A-Case Order ¶ 8; D-Case Order ¶ 14.

> 4. Pursuant to the terms of the Receivership Orders, *infra.*, all non-exempt assets of Ali Choudhri ("Choudhri"), including the interests and management rights of Choudhri in all Choudhri LLC's[2] (as defined in the Receivership Orders) that were not in a pending bankruptcy as of the date of the entry of the Receivership Orders, *infra.*, were transferred in *custodia legis* to the 333rd Judicial District Court of Harris County, Texas (the "Receivership Court") in care of the Receiver. Because all non-exempt assets of Choudhri were transferred to the Receivership Court, the only assets owned by Choudhri that could be the subject of the instant bankruptcy proceeding are the exempt assets of Choudhri which, upon the designation of the same, will be removed from the bankruptcy estate. 11 U.S.C. §522(l); *Schwab v. Reilly* 560 U.S. 770, 774 (2010).

*Excerpt — Vargo's Motion to Dismiss, In re Ali Choudhri, No. 25-90797, ECF No. 21 ¶ 4 (Dec. 10, 2025) (highlighting added).*

33. He went further, asking the Court to find that the non-exempt assets "are not property of the estate pursuant to 11 U.S.C. §541(d) because . . . Choudhri only held bare legal title to the non-exempt assets," ECF No. 21 at 3, and describing the receivership orders as an "express transfer of the ownership of the non-exempt assets of Choudhri." Id. ¶ 10.

or suspension is in the best interest of the creditors of the estate. As a third alternative, the Receiver seeks a determination by this Court that the non-exempt assets of Choudhri *are not* property of the estate pursuant to 11 U.S.C. §541(d) because pursuant to the Receivership Orders as of the Petition Date[3] Choudhri only held bare legal title to the non-exempt assets with no avenue to reclaim them since the Receivership Orders are final non-appealable orders and the instant bankruptcy was filed more than ninety (90) days after the entry of Receivership Orders.

*Excerpt — ECF No. 21 at 3 (highlighting added).*

10. Despite the express transfer of the ownership of the non-exempt assets of Choudhri under the terms of the Receivership Orders and the determinations in the Authority Orders, Choudhri persists in his efforts to undermine the authority of the

*Excerpt — ECF No. 21 ¶ 10 (highlighting added).*

34. Then, in a motion filed the same day, he asked this Court to lift the stay so he could keep acting in the receivership court, "[w]hile preserving the position of the Receiver that the non-exempt assets of Choudhri are not assets of this bankruptcy estate." ECF No. 22 ¶ 12 (Exhibit 11). A party who believes the stay does not reach him does not ask for relief from it.

35. That is not how the automatic stay works. The stay arises automatically when the petition is filed and covers the debtor and all property in which the debtor holds an interest. 11 U.S.C. §§ 362(a), 541(a)(1). It does not sort itself into "exempt" and "non-exempt" assets, and it does not wait for a creditor or a receiver to decide what it reaches. Exemptions are claimed by the debtor and determined by this Court under 11 U.S.C. § 522; until then, the debtor's property, exempt or not, is property of the estate. Owen v. Owen, 500 U.S. 305, 308 (1991). A party who contends that particular property is not protected must ask this Court, by motion under § 362(d). Vargo and Ms. Luttrell did not. They decided the question for themselves, drawing a line between "exempt" and "non-exempt" assets that no court had drawn, treating everything on their side of it as outside the stay, and acting on that view in the Meandering Bend court on December 5, 2025, five days before they asked this Court for anything. A party who acts on its own view of what the

stay covers acts at its peril; a good-faith belief that property was not protected is no defense to a willful violation. In re Chesnut, 422 F.3d 298, 302 (5th Cir. 2005).

36. Vargo's own stay motion shows that he knew the question was this Court's to decide. He told the Court that, under the receivership orders, "all of the non-exempt assets of Choudhri were transferred in custodia legis to the Receivership Court," relying on "the three Authority Orders entered by the Bankruptcy Courts in the Western District of Texas." ECF No. 22 ¶ 7. He described his companion motion as one asking this Court, in the alternative, "To Determine That The Non-Exempt Assets Of Ali Choudhri Are Not Property Of The Estate," and he filed the stay motion "as a prophylactic measure." Id. ¶ 11. Then he asked for relief "[w]hile preserving the position of the Receiver that the non-exempt assets of Choudhri are not assets of this bankruptcy estate and pending this Court's determination of the Motion to Dismiss." Id. ¶ 12. A party who asks the Court to determine what is property of the estate, and asks for stay relief "pending this Court's determination," knows that the determination has not been made. Vargo had already acted on his own answer five days earlier, and this Court never made the determination he asked for. (Exhibit 11.)

> 11. The Receiver, contemporaneously herewith, filed his *Motion To Dismiss Bankruptcy Proceeding For Cause Pursuant To 11 U.S.C. §1112(b), To Abstain Pursuant to 11 U.S.C. §305(a)(1), Or Alternatively To Determine That The Non-Exempt Assets Of Ali Choudhri Are Not Property Of The Estate Pursuant To 11 U.S.C. §541* (the "Motion to Dismiss"). Pending determination of the Motion to Dismiss, the Receiver files this Motion for Relief from as a prophylactic measure anticipating that he will need to take a position in connection with any filing made by Choudhri in the A-Case and/or D-Case.
>
> **III.**
> **RELIEF REQUESTED**
>
> 12. While preserving the position of the Receiver that the non-exempt assets of Choudhri are not assets of this bankruptcy estate and pending this Court's determination of the Motion to Dismiss, the Receiver seeks an order lifting the automatic stay provisions of 11 U.S.C. §362 to permit him to respond to any and all matters asserted in the Receivership Court by Choudhri

*Excerpt — In re Ali Choudhri, No. 25-90797, ECF No. 22 ¶¶ 11–12 (highlighting added).*

37. The position is wrong on every level. As Choudhri told this Court on December 12, 2025, "[c]ourts examining the role of a receiver once a bankruptcy case commences have consistently reached the same conclusion: absent an order of the bankruptcy court '[t]he receivership is effectively over and done with; it has come to an end.'" ECF No. 26 at 3–4 (quoting In re Smith, 2016 WL 3582209, at *2 (Bankr. S.D. Tex. June 23, 2016) (Isgur, J.)). First, a receiver takes custody of a debtor's property, not ownership; the debtor's interest is property of the estate, 11 U.S.C. § 541(a)(1), and property seized before the petition remains property of the estate that must be turned over. United States v. Whiting Pools, Inc., 462 U.S. 198, 205–09 (1983). Congress addressed this exact situation in § 543, which requires a custodian holding the debtor's property to stop administering it, turn it over, and account for it. Second, exempt property is property of the estate unless and until it is exempted. 11 U.S.C. § 522(l). Third, the stay does not depend on what is property of the estate at all: § 362(a)(1) and (6) stay the continuation of judicial proceedings against the debtor and acts to collect pre-petition claims against him, whatever assets they concern. And

fourth, the receivership orders themselves exclude Choudhri's LLC interests from what Vargo holds. A-Case Order ¶ 8; D-Case Order ¶ 14. Vargo acted on a theory that the Bankruptcy Code forecloses, after notice, and while asking this Court for permission he never received.

## V. VARGO'S VIOLATIONS WERE WILLFUL

38. A violation is willful under § 362(k) when (1) the defendant knew of the stay, (2) the defendant's acts were intentional, and (3) the acts violated the stay. *Young v. Repine* (*In re Repine*), 536 F.3d 512, 519 (5th Cir. 2008) (citing *In re Chesnut*, 422 F.3d 298, 302 (5th Cir. 2005)). Specific intent to violate the stay is not required.

39. **Knowledge.** Vargo's counsel had written notice of this case by 1:17 p.m. on December 5, 2025, and at 1:58 p.m. received a direct written demand that Vargo not proceed "in any fashion" or "take any action as it relates to the estate of Ali Choudhri." Exhibit 2. Vargo heard the filing announced on the record at the start of the Meandering Bend hearing and proceeded anyway. Exhibit 3. He appeared in this case on December 9 and filed his motions on December 10. ECF Nos. 17, 21, 22. On December 12, Choudhri's counsel sent Ms. Luttrell, with a copy to Vargo, a formal demand under §§ 542 and 543 with a deadline of 3:00 p.m. on December 15. Exhibit 12. On December 14, counsel for National Bank of Kuwait told Vargo's counsel, copying Vargo, that the bankruptcy had "terminated the receivership" and that § 543 required turnover and an accounting. Exhibit 13. His counsel researched his status as a custodian under § 543(d) on December 15. Exhibit 8.

40. **Meandering Bend.** After receiving notice, Vargo asserted "sole control" over Choudhri's Meandering Bend membership interest and asked a court to dismiss the case with prejudice on that basis. That is an act "to exercise control over property of the estate," § 362(a)(3), and an action "in the administration of" the debtor's property by a custodian, § 543(a).

41. **The state-court enforcement proceedings.** Preparing and presenting advisories and a proposed authority order in the A-Case and D-Case, and attending a show-authority hearing in

those proceedings, while this case was pending, continued judicial proceedings against the debtor. § 362(a)(1), (2), (6).

42. Acts taken in violation of the stay are voidable, and they remain subject to this Court's determination unless the stay is annulled under § 362(d). *In re Jones*, 63 F.3d 411, 412–13 & n.3 (5th Cir. 1995). The stay was not annulled.

## V-A. ORDER TO SHOW CAUSE AND CIVIL CONTEMPT

43. Section 362(k) provides a damages remedy. This Court also has authority under 11 U.S.C. § 105(a) and its inherent power to enforce the automatic stay through civil contempt, and the stay is an order of this Court. Civil contempt is appropriate where there is no fair ground of doubt that the conduct was barred. See Taggart v. Lorenzen, 587 U.S. 554, 560–62 (2019) (discharge injunction).

44. There was no fair ground of doubt here. Vargo's counsel, Leslie M. Luttrell, received written notice of this case with its case number at 1:17 p.m. on December 5, 2025, and at 1:58 p.m. a direct demand that Vargo not proceed "in any fashion" (Exhibit 2). At 2:04 p.m., with Vargo attending by video, Choudhri's counsel announced the filing on the record. Meandering Bend Hr'g Tr. 4:3–6, 6:12–20 (Exhibit 3). Ms. Luttrell then told the court that Vargo had "sole control" over "the Meandering Bend membership interest," id. at 8:12–19, and Vargo proceeded on an unsworn proffer to ask that the Meandering Bend case be dismissed with prejudice. Id. at 15:13–16:24. The court declined to decide whether that conduct violated the stay, leaving it "for some other judge to decide." Id. at 10:7–10. This is that Court.

45. Five days later, Vargo asked this Court for relief from the stay so that he could continue acting in the receivership proceedings, ECF No. 22, conceding that the stay applied to him. He never obtained that relief, and he never sought it for the acts he had already taken on December 5.

46. Choudhri therefore asks the Court to order Travis B. Vargo, Leslie M. Luttrell, and TIG Romspen US Master Mortgage LP to appear and show cause why they should not be held in civil contempt and sanctioned for the acts taken on December 5, 2025 after notice of this case, and for

the other acts described in Part V to the extent the evidence shows they occurred while this case was pending, with damages, fees, and costs to be determined at the evidentiary hearing.

## V-B. ROMSPEN'S PARTICIPATION, VARGO'S DUTIES AS CUSTODIAN, AND DISCOVERY

47. TIG Romspen US Master Mortgage LP knew of this case. It was on the service list of Vargo's stay-relief motion on December 10, 2025, ECF No. 22 at 8, and its counsel was in contact with Vargo's counsel throughout the period covered by this motion. Exhibit 8. Romspen and Vargo had agreed in November 2025 that Vargo would "reasonably cooperate with Romspen in connection with entry of a judgment" against Choudhri, Settlement Agreement § II.4 (Exhibit 10), and Romspen filed that judgment on December 19, 2025. Choudhri contends that Romspen and Vargo acted together, while this case was pending, to prepare and position that judgment against the debtor, and that Romspen's acts during the stay to that end were willful violations of § 362(a)(1) and (6).

48. Vargo was a custodian of Choudhri's property under 11 U.S.C. § 101(11), as his own counsel recognized on December 15, 2025. Exhibit 8. Upon learning of this case, a custodian "shall deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property," and "file an accounting of any property of the debtor, or proceeds, product, offspring, rents, or profits of such property, that, at any time, came into the possession, custody, or control of such custodian." 11 U.S.C. § 543(b)(1)–(2). In a Chapter 11 case the debtor in possession has the rights of the trustee. 11 U.S.C. § 1107(a). Vargo did neither, even after a written demand. On December 12, 2025, Choudhri's counsel sent Ms. Luttrell, with a copy to Vargo, a "Demand for Turnover of Property Pursuant to 11 U.S.C. §§542 and 543." Exhibit 12. It demanded that Vargo "[t]urn over to Debtor-in-Possession all property that is in your possession or control that is owned by Choudhri"; that he "not distribute, settle, or otherwise encumber or alienate any litigation matters, assets, or liabilities of or related to Choudhri"; that he "[t]urnover all correspondence to/from the Purported Receiver to/from any

other interested party"; that he "immediately identify all property in the Purported Receiver's possession or custody in which the Debtor-in-Possession has an interest"; and that he comply with § 543, quoting it in full. Id. at 1–2. It warned that "the automatic stay applies across-the-board, and not at the discretion or choosing of the Purported Receiver," and that he had "already violated the automatic stay by proceeding in the Meandering Bend matter," and it set a deadline of "3:00 PM Monday, December 15, 2025." Id. at 2–3. On December 15, the day of that deadline, Vargo's counsel billed time not to comply but to "[p]ull [a]uthorities and prepare response . . . regarding . . . Receiver's status under 11 USC §543(d)." Exhibit 8. Vargo turned over no property and filed no accounting before the case was dismissed four days later. He filed no accounting in this Court, and his later report to the receivership court shows funds collected and disbursed during and after the stay. Exhibit 8.

49. Vargo was told the same thing by a creditor adverse to Choudhri. On Sunday, December 14, 2025, Ms. Luttrell emailed counsel for the United States Trustee, National Bank of Kuwait, and Choudhri, copying Vargo, that she would move the next day for expedited consideration of Vargo's motions. Exhibit 13. That evening, counsel for National Bank of Kuwait answered, copying Vargo: "Mr. Choudhri's bankruptcy filing superseded and terminated the receivership. See, e.g., In re Smith, 2016 WL 3582209, at *2 (Bankr. S.D. Tex. June 23, 2016) (Isgur, J.) ('Courts examining the role of a receiver once a bankruptcy case commences have consistently reached the same conclusion: absent an order of the bankruptcy court "[t]he receivership is effectively over and done with; it has come to an end."') . . . . Because of that, Mr. Vargo lacks standing to seek dismissal of Mr. Choudhri's bankruptcy. See, e.g., In re Rimsat, Ltd., 193 B.R. 499, 502 (Bankr. N.D. Ind. 1996) . . . ; see also 11 U.S.C. § 543 (requiring state court receivers to turn over and account for property of the estate and property of the debtor)." Id. The next morning, the day of Choudhri's turnover deadline, Vargo's counsel billed time to research Vargo's "status under 11 USC §543(d)." Exhibit 8. He still turned over nothing.

50. The facts of coordination and the property Vargo held are in the respondents' hands. Choudhri therefore asks the Court to order production, within three days, of the following,

excluding only communications between a party and its own counsel: (a) all communications between Vargo, Ms. Luttrell, Luttrell + Carmody Law Group, or anyone acting for Vargo, on one side, and any of TIG Romspen US Master Mortgage LP, Romspen Investment Corporation, Romspen (Reomaster II) Holdings, RIC (Lavernia) LLC, RIC (West Loop) LLC, or any other Romspen affiliate, Kyle S. Hirsch, Lynn Hamilton Butler, Lauren E. Hayes, Husch Blackwell LLP, or anyone else acting for any of them, on the other, from June 1, 2025 to the present; (b) all communications between Vargo, Ms. Luttrell, or anyone acting for Vargo and Osama Abdullatif, Mokaram-Latif West Loop, Ltd., Scott Funk, T. Michael Ballases, Beth Mendez, National Bank of Kuwait, S.A.K.P., New York Branch, and their counsel or agents, concerning Choudhri, his property, this case, or the Romspen judgment, from December 1, 2025 to the present; (c) all communications by Vargo, Ms. Luttrell, or anyone acting for Vargo with any person concerning efforts to collect from Choudhri or to take, sell, settle, encumber, or control any property, claim, or entity in which Choudhri holds or claims an interest, and all documents reflecting any action Vargo took toward Choudhri or that property, from December 1, 2025 to the present; (d) Vargo's complete accounting of all property and funds that came into his possession, custody, or control in connection with Choudhri, with bank and trust-account statements, from appointment to the present; and (e) all documents concerning any demand for turnover of receivership property to Choudhri's estate and Vargo's reasons for not turning it over.

## V-C. WHAT VARGO KEEPS DOING: HE DECIDES FOR HIMSELF THAT THE STAY DOES NOT APPLY TO HIM

51. **This was not a one-time mistake. It is a pattern.** Each time a bankruptcy filing stands between Vargo and Choudhri's property, Vargo makes the same move: he decides for himself that the automatic stay does not apply to him, and he acts on that decision without asking the bankruptcy court.

52. **December 2025 — this case.** Vargo told this Court that Choudhri's "non-exempt assets" were outside the stay, ECF No. 21 ¶ 4, while asking the Court to decide that very question

**"pending this Court's determination."** ECF No. 22 ¶ 12. **He had already acted on his own answer on December 5,** when his counsel claimed "sole control" of the Meandering Bend interest after written notice of this case. Exhibits 2, 3, 11.

53. **He knows how to ask permission. He just does not wait for the answer.** Vargo's own stay motion told every party, in capital letters: **"THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS."** ECF No. 22 at 1. **If it is granted.** It never was. He asked for relief **"pending this Court's determination,"** id. ¶ 12, five days after he had already acted in the Meandering Bend court without asking at all. And in September 2026, with Arabella's stay in effect, he did not ask anyone; the writ was executed on his own say-so that "the stay doesn't apply." **Asking the Court for permission and then acting without it is not a misunderstanding of the stay. It is a choice, made over and over. This Court should put a stop to it.**

**MOTION OF TRAVIS VARGO, COURT APPOINTED RECEIVER, FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

TO THE HONORABLE, CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

**L. RULE 4001 NOTICE**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY**

*Excerpt — In re Ali Choudhri, No. 25-90797, ECF No. 22 at 1 (Dec. 10, 2025) — Vargo's Motion for Relief from Stay (highlighting added).*

> 11. The Receiver, contemporaneously herewith, filed his *Motion To Dismiss Bankruptcy Proceeding For Cause Pursuant To 11 U.S.C. §1112(b), To Abstain Pursuant to 11 U.S.C. §305(a)(1), Or Alternatively To Determine That The Non-Exempt Assets Of Ali Choudhri Are Not Property Of The Estate Pursuant To 11 U.S.C. §541* (the "Motion to Dismiss"). Pending determination of the Motion to Dismiss, the Receiver files this Motion for Relief from as a prophylactic measure anticipating that he will need to take a position in connection with any filing made by Choudhri in the A-Case and/or D-Case.
>
> **III.**
> **RELIEF REQUESTED**
>
> 12. While preserving the position of the Receiver that the non-exempt assets of Choudhri are not assets of this bankruptcy estate and pending this Court's determination of the Motion to Dismiss, the Receiver seeks an order lifting the automatic stay provisions of 11 U.S.C. §362 to permit him to respond to any and all matters asserted in the Receivership Court by Choudhri.

*Excerpt — ECF No. 22 ¶¶ 11–12 — "a prophylactic measure" … "pending this Court's determination" (highlighting added).*

54. **September 10, 2026 — on the record, binding everyone in the room.** In Cause No. 2026-63841, before the Honorable Tracy Good, the court asked Vargo whether he objected to a pause so that the parties could be heard by the presiding judge of the 133rd District Court. Vargo answered: **"So, long as there's no orders coming out of this, I'm not removing him from the home. So, I have no objections."** The court pinned it down: **"You will not remove Mr. Choudhri or his mother from the home until a hearing that's scheduled for the 14th in the 133rd; is that correct, yes?"** Vargo: **"Yes."** Reporter's Record at 5:19–6:11 (Sept. 10, 2026) (Exhibit 19). Vargo also told Judge Good that **"he's not being removed from his home prior to Monday,"** RR 5:2–4, and that "Mr. Poynter's going to go through **Federal bankruptcy court orders, that also bolster my reading of the order**." Id. at 4:6–8. (Exhibit 19.)

55. **The court then made the agreement apply to everyone present.** It told Choudhri: **"Nothing will happen until after the presiding judge holds your hearing on the 14th."** Id. at 8:6–8. And it closed the hearing this way: **"nobody within the hearing of my voice is going to do**

**anything to effect the eviction of Mr. Choudhri** over the weekend and that the issue related to his home will be presented to the 133rd on the 14th. All right. **I got everybody here. We're all in agreement and got it on the record.**" Id. at 8:21–9:3. The commitment was not limited to Vargo personally. It reached **everyone within the hearing of the court's voice** — Vargo, his counsel, and anyone acting with them — and it ran **until the hearing on Choudhri's home was actually held.** Those present included counsel for Constable Rosen, Felipe Guevara and Courtney Carlson of the Harris County Attorney's Office, and Vargo's associate, Michael Poynter. RR 2. The court stated the purpose of the agreement in its own words: no one would come after Choudhri or his mother "**until you actually have a full-fledged hearing before the court.**" Choudhri: "Yes." The court: "You got that." RR 7:1–7. And it told Choudhri that, for the weekend, "**y'all have nothing to worry about as it relates to somebody evicting you guys out of your home.**" RR 7:19–23.

56. **That hearing never happened.** On September 14, 2026, before the 3:00 p.m. setting, the cause was transferred administratively from the 133rd to the 333rd District Court. No hearing on Choudhri's home was held. No order released anyone from the agreement. **The writ was executed the next morning, September 15, 2026** — with Arabella's Chapter 11 stay in effect, and with the condition Vargo had agreed to on the record still unmet.

57. **September 15, 2026 — Arabella's case.** With Arabella's Chapter 11 case pending in Wyoming, No. 26-20432, and Choudhri reading the case number aloud, the response at the door was: "**the writ was issued before, the stay doesn't apply . . . That's correct. Google it.**" Video recorded Sept. 15, 2026 (Exhibit 18, lodged conventionally). **Same self-help theory, nine months later.** And the execution rested on a stale notice: the last notice posted at the home had set execution for September 12, 2026, before both the September 10 agreement and Arabella's September 11 petition. That date passed. No new notice was posted. The writ was executed on September 15 anyway.

58. **July 2026 — his mother's company.** MCITBE, LLC is owned by Choudhri's mother, Shahnaz Choudhri. Choudhri holds no membership interest in it. Vargo nonetheless told the Northern District of Texas that "**MCITBE is a Choudhri LLC owned solely by Choudhri**" and

moved to dismiss its Chapter 11 case for "lack of authority." Motion to Dismiss ¶ 13(a), In re MCITBE, LLC, No. 26-32580, ECF No. 21 (July 14, 2026) (Exhibit 20). He also recorded a notice of receivership that **clouds title** to the property at 2232 Swift Blvd., Houston, in which MCITBE holds an interest. The receivership orders he relies on, which his own counsel filed in that case, exclude Choudhri's ownership interests in any limited liability company. Exhibit 17. **Same move again: declare that a company belongs to Choudhri, then act as though the receivership reaches it, even when the company belongs to someone else.**

> serve no legitimate bankruptcy purpose." *In re Essential Financial Education, Inc.*, No. 18-33108-BJH, 2019 Bankr. LEXIS 1226, 2019 WL 1750906, at *4 (Bankr. N.D.Tex. Apr. 16, 2019). The burden to prove cause rests with the moving party; if the moving party meets the initial burden, it shifts. *In re Fedoruk*, 605 B.R. 444, 451 (Bankr. S.D. TX 2019) (*citing In re Chovev*, 559 B.R. 339, 343 (Bankr. . E.D.N.Y., 2016).
>
> 13. Cause to dismiss this case exists as follows:
>
> a. MCITBE is a Choudhri LLC owned solely by Choudhri[16].
>
> [15] See Exhibit 2 – Adversary No. 26-03230 Notice of Removal to Southern District of Texas [ECF No.

*Excerpt — In re MCITBE, LLC, No. 26-32580, ECF No. 21 ¶ 13(a) (July 14, 2026) (highlighting added).*

59. **The law does not permit this.** A party who acts on its own view of what the stay covers acts at its peril; a good-faith belief that property was not protected is no defense to a willful violation. In re Chesnut, 422 F.3d 298, 302 (5th Cir. 2005). And repetition matters. **One violation might be explained away; the same theory used again, after repeated warnings, shows knowledge, intent, and the absence of mistake.** See Fed. R. Evid. 404(b)(2). That pattern also bears directly on punitive damages under 11 U.S.C. § 362(k)(1).

60. **Notice he cannot deny.** Five separate notices preceded or accompanied his conduct in this case: the 1:17 p.m. and 1:58 p.m. emails of December 5, 2025; the announcement of the filing on the record at 2:04 p.m.; the formal §§ 542/543 demand of December 12; and the December 14 email from counsel for National Bank of Kuwait stating that the bankruptcy had "terminated the receivership." Exhibits 2, 3, 12, 13. **He acted anyway.**

61. **His own words.** April 3, 2025, under oath: asked whether he sought to control Choudhri's LLC interests, "**No**"; "**I have a right to his distributions only.**" Exhibit 15. December 10, 2025: the stay motion was "**a prophylactic measure.**" ECF No. 22 ¶ 11. September 23, 2026, shown paragraph 8 of his own orders: "**That's what it says here.**" Asked whether he approved his counsel's contrary arguments: "**I didn't say that.**" Exhibit 14.

62. **The motive.** Vargo claims a **25% fee on everything he collects.** He took Romspen's $225,000 into his fee base, and his counsel billed settlement work while this case was pending. Exhibits 8, 9. **The money explains why the stay was ignored.**

63. **Counsel's role.** On December 15, 2025, the deadline for turnover, Ms. Luttrell billed time not to turn anything over but to research Vargo's "status under 11 USC §543(d)." Exhibit 8. **Counsel who participate in a willful stay violation answer for it too.**

64. **Credibility.** Vargo told the receivership court, under penalty of perjury, that the Romspen settlement was "**authorized by Judge Michael Parker**" and authorized in Case No. 24-10119. No such authorization exists. **A witness who will misstate a federal court's approval under oath cannot be credited when he explains why the stay did not apply to him.**

## VI. CORRECTION OF THE RECORD

65. This Court dismissed the case for failure to file verifications and noted "strong concerns about the lack of transparency and abuse of process." ECF No. 33 at 2. Choudhri does not ask the Court to revisit that dismissal. He asks the Court to know that the filing that accused him of bad faith—Vargo's Motion to Dismiss—itself (a) described the receivership orders in terms Vargo's own counsel had disclaimed in writing three months earlier, ¶¶ 13, 23 above; and (b) relied on a Meandering Bend dismissal that Vargo obtained after written notice of this case and while the stay protected Choudhri's interest in that company, ¶¶ 6–12 above.

## VII. RELIEF REQUESTED

Choudhri respectfully asks the Court to enter an order:

(a) ordering Travis B. Vargo, Leslie M. Luttrell, and TIG Romspen US Master Mortgage LP to appear and show cause why they should not be held in civil contempt and sanctioned, as described in Parts V-A and V-B;

(b) determining that the automatic stay was in effect from 11:13 a.m. on December 5, 2025 until 11:50 a.m. on December 19, 2025, and was not annulled;

(c) determining that Vargo's assertion of control over Choudhri's Meandering Bend membership interest on December 5, 2025, after notice of this case, violated 11 U.S.C. §§ 362(a)(3) and 543(a);

(d) determining that Vargo's acts in the A-Case and D-Case enforcement proceedings, to the extent they occurred while this case was pending, violated 11 U.S.C. § 362(a)(1), (2), and (6);

(e) finding that Vargo and Romspen willfully violated the stay, holding them and Vargo's counsel in civil contempt, and awarding Choudhri actual damages, including costs and attorney's fees, and punitive damages as appropriate, under 11 U.S.C. § 362(k)(1), in amounts to be proven at an evidentiary hearing;

(f) ordering Vargo, Ms. Luttrell, TIG Romspen US Master Mortgage LP, and RIC (Lavernia) LLC to produce, within three days, the communications, accounting, and documents described in Part V-B, excluding only communications between a party and its own counsel, and authorizing further discovery under Bankruptcy Rules 7026–7037 and 9014;

(g) ordering Vargo to file the accounting required by 11 U.S.C. § 543(b)(2) of all property of Choudhri, and its proceeds, that came into his possession, custody, or control, and to state what he did with it while this case was pending, within three days; and

(h) granting such other relief as is just.

Dated: October 13, 2026

Respectfully submitted,

/s/ Ali Choudhri

Ali Choudhri, Debtor, pro se
4521 San Felipe, Unit 3201, Houston, Texas
77027
(281) 630-6627 | ali@jetallcapital.com

## CERTIFICATE OF CONFERENCE

I certify that on October 12, 2026, conference was attempted with counsel for Travis B. Vargo, Leslie M. Luttrell, regarding the relief requested in this motion. No agreement was reached, and Choudhri presents the motion as opposed.

/s/ Ali Choudhri

## CERTIFICATE OF ACCURACY

**I certify under BLR 9013-1(i) that the facts stated in this motion concerning the need for emergency relief are true and accurate to the best of my knowledge, information, and belief.**

/s/ Ali Choudhri

## CERTIFICATE OF SERVICE

I certify that on October 13, 2026, a true and correct copy of this motion, its exhibits, and the proposed order was served by email and by first-class United States mail, postage prepaid, on Travis B. Vargo and his counsel, Leslie M. Luttrell (luttrell@lclawgroup.net), Luttrell + Carmody Law Group, 100 NE Loop 410, Suite 615, San Antonio, Texas 78216; counsel for TIG Romspen US Master Mortgage LP, Kyle S. Hirsch and Justin D. Hanna, Bryan Cave Leighton Paisner LLP, 2200 Ross Avenue, Suite 4200W, Dallas, Texas 75201; and the United States Trustee, 515 Rusk Avenue, Suite 3516, Houston, Texas 77002.

/s/ Ali Choudhri

## EXHIBIT LIST

| | |
|---|---|
| Exhibit 1 | Voluntary Petition [ECF No. 1] and Notice of Electronic Filing (entered 11:13 a.m., Dec. 5, 2025); Order Dismissing Bankruptcy Case Without Prejudice [ECF No. 33] and its Notice of Electronic Filing (entered 11:50 a.m., Dec. 19, 2025) |
| Exhibit 2 | Emails from Bruce J. Duke: to courtroom deputy, cc Leslie Luttrell (Dec. 5, 2025, 1:17 p.m.); to Leslie Luttrell (Dec. 5, 2025, 1:58 p.m.) |
| Exhibit 3 | Transcript, Meandering Bend hearing, Dec. 5, 2025 [W.D. Tex. No. 25-11334, ECF No. 138], and Order [ECF No. 125] |
| Exhibit 4 | TIG Romspen Motion for Entry of Stipulated Judgment and proposed Final Judgment (Dec. 19, 2025); Unopposed Motion to Lift Abatement (Mar. 13, 2026); revised proposed Final Judgment (Oct. 7, 2026) |
| Exhibit 5 | Meandering Bend ECF No. 28 (Aug. 29, 2025) and ECF No. 65 (Sept. 12, 2025) |
| Exhibit 6 | Meandering Bend ECF No. 97 (Oct. 31, 2025) |
| Exhibit 7 | A-Case and D-Case Amended Receivership Orders (also at ECF Nos. 19-1, 19-2) |
| Exhibit 8 | Vargo's Report, Accounting, and Motion to Distribute (Mar. 3, 2026), Cause No. 2012-27197-D, with Ex. 2 (Luttrell + Carmody invoices and trust ledger) |
| Exhibit 9 | Vargo's Report to Court (June 9, 2026), Cause No. 2012-27197-A/D |
| Exhibit 10 | Vargo's Omnibus Response (Apr. 15, 2026), Cause No. 2012-27197-A, with Ex. C (Romspen–Vargo Settlement Agreement, as of Nov. 21, 2025) |
| Exhibit 11 | Vargo's Motion to Dismiss [ECF No. 21] and Motion for Relief from Stay [ECF No. 22] (Dec. 10, 2025) |
| Exhibit 12 | Email from Bruce J. Duke to Leslie Luttrell, cc Travis B. Vargo (Dec. 12, 2025, 3:30 p.m.), transmitting Demand for Turnover of Property Pursuant to 11 U.S.C. §§ 542 and 543, with attached Dec. 5, 2025 email |
| Exhibit 13 | Emails: Leslie Luttrell to counsel for U.S. Trustee, NBK, and Choudhri, cc Travis B. Vargo (Dec. 14, 2025); reply of Reed C. Trechter, counsel for National Bank of Kuwait, cc Travis B. Vargo (Dec. 14, 2025) |
| Exhibit 14 | Transcript, In re MCITBE, LLC, No. 26-32580 (Bankr. N.D. Tex.), hearing of Sept. 23, 2026 (complete; highlighted) |
| Exhibit 15 | Transcript, In re Texas REIT, LLC, No. 24-10120 (Bankr. W.D. Tex.), hearing of Apr. 3, 2025 (highlighted) |
| Exhibit 16 | Notice of Intent to Seek Sanctions under Fed. R. Bankr. P. 9011, In re MCITBE, LLC, No. 26-32580, ECF No. 122 (Sept. 4, 2026), with Sept. 2, 2026 letter and motion served on Leslie M. Luttrell |
| Exhibit 17 | Notice of Filing Orders Regarding Appointment of Receiver and Charging Orders, In re MCITBE, LLC, No. 26-32580, ECF No. 20 (July 7, 2026) |
| Exhibit 18 | Video recorded at 4521 San Felipe, Unit 3201, Sept. 15, 2026 (lodged conventionally) |

| | |
|---|---|
| Exhibit 19 | Reporter's Record, hearing of Sept. 10, 2026, Cause No. 2026-63841, before the Hon. Tracy Good (excerpts) |
| Exhibit 20 | Vargo's Motion to Dismiss Bankruptcy Proceeding for Cause – Lack of Authority, In re MCITBE, LLC, No. 26-32580, ECF No. 21 (July 14, 2026) (highlighted) |