# Exhibit 22

Page 1 of 10 Thursday, October 22, 2026 County Clerk Harris County, Texas

CAUSE NO. ___________________

| | | |
|---|---|---|
| ALI CHOUDHRI,<br>Plaintiff, | §<br>§ | IN THE COUNTY COURT |
| | §<br>§<br>§ | |
| V. | § | AT LAW NO. _______ |
| | §<br>§<br>§<br>§ | |
| ARABELLA PH 3201 LLC,<br>Defendant. | §<br>§ | OF HARRIS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

COMES NOW, Plaintiff, ALI CHOUDHRI ("Plaintiff" or "Choudhri"), and files this lawsuit against Defendant, ARABELLA PH 3201 LLC ("Defendant"), and for cause of action will show the Court as follows:

## I. DISCOVERY CONTROL PLAN

1. Pursuant to Tex. R. Civ. P. 190.3, Plaintiff intends to conduct discovery under Level 2. Pursuant to Tex. R. Civ. P. 47, Plaintiff seeks only non-monetary relief.

## II. PARTIES

2. Plaintiff, ALI CHOUDHRI, is an individual residing in Harris County, Texas.

3. Defendant, ARABELLA PH 3201 LLC, is a foreign limited liability company formed under the laws of the State of Wyoming. Service may be obtained by serving at its registered agent, Company Sage Agents LLC, at 1095 Sugarview Dr. Ste 100, Sheridan, WY 82801. Citation is requested. Alternatively, Defendant may be served pursuant to Tex. Civ. Prac. & Rem. Code § 17.044, as a foreign entity that has conducted business in this State.

Page 2 of 10 Thursday, October 22, 2026 County Clerk Harris County, Texas

## III. JURISDICTION AND VENUE

4. This County Court at Law has jurisdiction over this matter pursuant to Tex. Gov't Code § 25.1032(d)(1) ("In addition to other jurisdiction provided by law, a county civil court at law has jurisdiction to: (1) **decide the issue of title to real or personal property** …")[1] Tex. Gov't Code § 25.1032 (Emphasis added). This lawsuit involves a claim of title to real property in Harris County, Texas. Accordingly, venue is proper in Harris County pursuant to Tex. Civ. Prac. & Rem. Code § 15.011.

## IV. FACTS

### The Property at 4521 San Felipe St. #3201, Houston, Texas 77027.

5. This is a trespass to try title suit under Tex. Prop. Code § 22.001 *et seq.* based on adverse possession and prior possession not abandoned, a suit to quiet title, and a suit for declaratory judgment asserted by Plaintiff, Ali Choudhri.

6. Plaintiff's claims relate to the real property located at 4521 San Felipe Street, #3201, Houston, Texas 77027 (the "Property"). The Property is more particularly described by the following legal description:

> Unit 3201 and its appurtenant undivided interest in and to the general and limited common elements of ARABELLA CONDOMINIUMS, a condominium regime in the City of Houston, Harris County, Texas, created by and subject to that certain Amended and Restated Declaration of Arabella Condominiums dated September 30, 2015, recorded with, and as amended by, that certain First Amendment to Amended and Restated Declaration of Arabella Condominiums dated October 1, 2018, recorded October 5, 2018, as Document No. 216849 (Volume 216, Page 849) of the Condominium Records of Harris County, Texas, as referenced in Clerk's File No. RP-2018-459164 of the Official Public Records of Real Property of Harris County, Texas.

---

[1] This section "bases the county civil courts' jurisdiction on the type of claim, not the amount of money in dispute." *See AIC Mgmt.v. Crews*, 246 S.W.3d 640, 644 (Tex. 2008) (construing Government Code section 25.1032(c)(1), which was later renumbered to 25.1032(d)(1); *Sohani v. Sunesara*, 546 S.W.3d 393, 403 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

Page 3 of 10 Thursday, October 22, 2026 County Clerk Harris County, Texas

**The Chain of Title to the Property.**

7. On September 24, 2021, Chetan Gupta and Chalini Gupta, husband and wife, as Grantors, executed a General Warranty Deed in favor of Anosh Ahmed ("Ahmed"), as Grantee, for the conveyance of the Property. This deed was recorded in Harris County, Texas under Instrument #RP-2021-553460. A true and correct copy of the September 24, 2021 deed is attached as **Exhibit 1** and incorporated herein by reference.

8. Subsequently, on November 11, 2021, Ahmed, as Grantor, executed a General Warranty Deed in favor of Arabella PH 3201 LLC, as Grantee, for the conveyance of the Property. This deed was recorded in Harris County, Texas under Instrument #RP-2024-272170. A true and correct copy of the November 11, 2021 deed is attached as **Exhibit 2** and incorporated herein by reference.

9. Subsequently, on November 12, 2021, Ahmed, as Grantor, executed a General Warranty Deed effective as of November 17, 2021, in favor of Ali Choudhri, as Grantee, for the conveyance of the Property ("Choudhri Deed"). This deed was recorded in Harris County, Texas on July 29, 2024, under Instrument #RP-2024-272170. A true and correct copy of the Choudhri Deed is attached as **Exhibit 3** and incorporated herein by reference.

**Choudhri Occupies and Lives at the Property as His Homestead from November 2021 to the Present.**

10. After receiving delivery of the November 12, 2021 deed, Choudhri took exclusive possession of the Property with the intent to occupy and live at the Property as his homestead. From November 2021 to the present (almost 5 years), the Property was in Choudhri's exclusive ownership and possession. Choudhri's possession of the Property was an actual and visible appropriation, commenced and continued under a claim of right, that is inconsistent with, and is hostile to, the claim of another person. No one has ever questioned Choudhri's exclusive

ownership and possession of the Property. During this period, Choudhri paid property taxes on the Property; maintained the Property as his primary residence and homestead; exercised dominion and control over the Property, including maintaining it, making improvements, receiving mail there, and holding himself out to third parties as the owner; and no person challenged his possession or asserted a competing claim during this period.

## V. CAUSES OF ACTION

### Trespass-To-Try-Title under Tex. Prop. Code § 22.001.

11. Plaintiff incorporates the prior paragraphs herein by reference.

12. Plaintiff seeks to determine his superior title to the Property, consisting of a 100% fee simple interest via a trespass-to-try-title lawsuit under Tex. Prop. Code § 22.001 (a trespass-to-try-title action is the method of determining title to lands, tenements, or other real property); *Martin v. Amerman,* 133 S.W.3d 262, 265-267 (Tex. 2004).

### Title by Limitations under the 3-Year Adverse Possession Statute

13. Plaintiff seeks to determine his title under the three-year adverse possession statute under Tex. Civ. Prac. & Rem. Code § 16.024.

14. Section 16.024 provides: A person must bring suit to recover real property held by another in peaceable and adverse possession under title or color of title not later than three years after the day the cause of action accrues. (Emphasis added).

15. "Color of title" means a consecutive chain of transfers to the person in possession that: (A) is not regular because of a muniment that is not properly recorded or is only in writing or because of a similar defect that does not want of intrinsic fairness or honesty; or (B) is based on a certificate of headright, land warrant, or land scrip. Tex. Civ. Prac. & Rem. Code § 16.021(2).



Page 4 of 10 Thursday, October 22, 2026 County Clerk Harris County, Texas

16. "Adverse possession" means an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person. Tex. Civ. Prac. & Rem. Code § 16.021(1).

17. Choudhri has duly satisfied the three-year adverse possession statute as follows: (i) Choudhri adversely possessed the Property from November 2021 to the present (in excess of three years); and (ii) Choudhri claimed the Property under color of title, as defined by Tex. Civ. Prac. & Rem. Code § 16.021(2), through a consecutive chain of transfers culminating in the General Warranty Deed from Ahmed to Choudhri, executed on November 12, 2021, effective as of November 17, 2021, and recorded on July 29, 2024. This chain constitutes color of title under Tex. Civ. Prac. & Rem. Code § 16.021(2)(A) because it is not regular in part due to the prior conveyance from Ahmed to Defendant and in part because a muniment—the Choudhri Deed—was not properly recorded during the limitations period and was not recorded until July 29, 2024; the irregularities do not reflect a want of intrinsic fairness or honesty, as Choudhri received his deed in good faith and for value.

18. As a result of Choudhri's successful adverse possession of the Property, Choudhri acquired fee simple title to the Property, free and clear of the rights, title, or interests of Defendant in November 2024.

19. Plaintiff is entitled to a judgment that, no later than November 2024, Choudhri has been the 100% owner of the fee simple interest in the Property and has a superior right to possess the Property over Defendant. Tex. Prop. Code § 22.003 ("A final judgment that establishes title or right to possession in an action to recover real property is conclusive against the party from whom the property is recovered and against a person claiming the property through that party by a title that arises after the action is initiated.").



Page 5 of 10 Thursday, October 22, 2026 County Clerk Harris County, Texas

Page 6 of 10 Thursday, October 22, 2026 County Clerk Harris County, Texas

**Superior Title by Prior Possession that was not Abandoned.**

20. Additionally and/or alternatively, Plaintiff's title to the Property is presumed based on Choudhri's prior possession of the Property that was not abandoned. *See Phillips v. Wertz,* 546 S.W.2d 902, 906 (Tex. Civ. App.—Dallas, 1977, writ ref'd n.r.e.); *Wilhoite v. Sims*, 401 S.W.3d 752, 760 (Tex. App.—Dallas 2013, no pet.). The doctrine of prior possession is based on the theory that a person in prior possession of the property at issue should not be disturbed except by another person who has better title. *Reiter v. Coastal States Gas Producing Co.,* 382 S.W.2d 243, 251 (Tex. 1964). Choudhri can establish prior possession of the disputed property which has not been abandoned—in doing so, this creates a rebuttable presumption that the plaintiff holds title to the disputed property. *See id.*; *Kennedy Con., Inc. v. Forman*, 502 S.W.3d 486, 495 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). The doctrine is based on "the theory that one in possession should not be disturbed unless it be by one having a better title." *Reiter,* 382 S.W.2d at 251. The defendant may rebut this presumption by showing that it has better title to the property than the plaintiff. *Id.*; *Kennedy*, 502 S.W.3d at 495; *Hearne v. Khera Interest, Inc.*, No. 14-15-00613-CV, 2016 Tex. App. LEXIS 10769, at *8 (Tex. App.—Houston [14th Dist.] Oct. 4, 2016, no pet.).

21. Choudhri pleads trespass to try title based on prior possession of the Property not abandoned because he has possessed the Property continuously as his homestead since he acquired the Property. *See* Tex. Const. art. XVI, § 50; *Hearne*, 2016 Tex. App. LEXIS 10769, at *9.

21. Based on the foregoing, Plaintiff is entitled to a judgment that it is the sole owner of the Property with fee simple title and the exclusive right to possess the Property.

**Suit to Quiet Title**

23. Plaintiff incorporates the prior paragraph herein by reference.

24. Plaintiff seeks to remove any "cloud" on his title to the Property caused by any adverse claim to the Property by Defendant.

25. A quiet title action enables the holder of the feeblest equity to remove from his or her way to the title any unlawful hindrance having the appearance of a better right. *Thomson v. Locke*, 1 S.W. 112, 115 (1886); *see Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.). The goal of an action to quiet title is to nullify the effect of the disputed claims or encumbrances (the "clouds") that affect or impair the title to the property when no other means exist to establish that the claim is invalid or unenforceable. *See Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App.—Texarkana 1991, writ denied); *Vanguard Equities, Inc. v. Sellers*, 587 S.W.2d 521, 525 (Tex. Civ. App.—Corpus Christi 1979, no writ).

26. Since Defendant does not have an interest in the Property, title to the Property should be quieted in Choudhri's name.

**Declaratory Judgment under Tex. Civ. Prac. & Rem. Code § 37.001 *et seq.***

27. Plaintiff incorporates the prior paragraphs herein by reference.

28. Additionally and/or alternatively, pursuant to the Texas Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code § 37.001 *et seq.* ("**UDJA**"), Plaintiff seeks a declaratory judgment as to the rights of the parties concerning the Property. Among other things, Plaintiff seeks the following declarations:

a. that Plaintiff is the sole fee simple owner of the Property;

b. that Defendant does not own any right, title or interest in the Property; and

c. that the "clouds" or defects on Plaintiff's title to the Property caused by the potential adverse claims to the Property by Defendant are removed "and that title is quieted in Plaintiff's name.



Page 7 of 10 Thursday, October 22, 2026 County Clerk Harris County, Texas

Page 8 of 10 Thursday, October 22, 2026 County Clerk Harris County, Texas

## VI. ATTORNEY'S FEES AND COSTS

29. Pursuant to UDJA § 37.009, Plaintiff reserves the right to seek recovery of his reasonable and necessary attorney's fees and costs.

## VI. TEX. R. CIV. P. 193.7 NOTICE

30. This paragraph serves as notice, pursuant to Tex. R. Civ. P. 193.7, that documents produced in response to written discovery requests served by Plaintiff will be used against the producing party in any pretrial proceeding and/or trial.

## VII. CONDITIONS PRECEDENT

31. All conditions precedent to Plaintiff's recovery have occurred, have been performed, or have been waived.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, ALI CHOUDHRI requests that Defendant, ARABELLA PH 3201 LLC be cited to appear and answer, and that on final trial in this cause, that the Court grant Plaintiff judgment in his favor on his trespass-to-try title, quiet title, and declaratory judgment claims as follows: (1) that Plaintiff is the sole fee simple owner in the Property; (2) that Defendant does not have any right, title or interest in the Property; (3) that title to the Property be quieted in Plaintiff's name and that the Court enter a declaratory judgment that Plaintiff holds fee simple title to the Property, free and clear of any claims by Defendant; (4) that Plaintiff recover his costs of court and reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 16.034 and 37.009; and (5) that Plaintiff shall recover all such further relief that Plaintiff may be entitled at law or in equity.

Respectfully submitted,

*/s/ Ali Choudhri*
Ali Choudhri
4521 San Felipe Street, #3201,
Houston, Texas 77027
281-630-6627
ali@jetallcapital.com

PLAINTIFF PRO SE

Page 9 of 10 Thursday, October 22, 2026 County Clerk Harris County, Texas

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 119036392
Filing Code Description: Petition
Filing Description:
Status as of 8/26/2026 12:26 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ali Choudhri | | ali@jetallcapital.com | 8/24/2026 11:19:58 PM | SENT |

Page 10 of 10 Thursday, October 22, 2026 County Clerk Harris County, Texas

**I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages are a true and correct copy of the original record filed and recorded in my office, electronically or hard copy, as it appears on this date.**

**Witness my official hand and seal of office**
**This October 22, 2026**

**Teneshia Hudspeth, County Clerk**
**Harris County, Texas**

**Confidential information may have been redacted from the document in compliance with the Public Information Act.**