# Exhibit 24

Case 26-03650 Document 3-4 Filed in TXSB on 05/21/26 Page 1 of 19

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 26-20432** |
| | § | **(Bankr. D. Wyo.)** |
| **ARABELLA PH 3201 LLC,** | § | |
| | § | **Chapter 11, Subchapter V** |
| **Debtor.** | § | |
| | § | |
| **ALI CHOUDHRI and** | § | **Adversary No. 26-03650** |
| **ARABELLA PH 3201 LLC,** | § | **(4:26-ap-3650)** |
| **Plaintiffs,** | § | |
| | § | **Removed from Cause No.** |
| **v.** | § | **2026-63841, 333rd Judicial** |
| | § | **District Court,** |
| **ALAN ROSEN, CONSTABLE** | § | **Harris County, Texas** |
| **PRECINCT 1, HARRIS COUNTY,** | § | |
| **IN HIS OFFICIAL CAPACITY,** | § | |
| **Defendant.** | § | |

# PLAINTIFFS' EMERGENCY MOTION TO ENFORCE THE AGREEMENT MADE IN OPEN COURT ON SEPTEMBER 10, 2026, AND FOR RELIEF FOR ITS BREACH

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

## I. THE RELIEF REQUESTED, IN ONE PARAGRAPH

1. On September 10, 2026, in open court and on the record in Cause No. 2026-63841, the parties agreed that nothing would be done to affect the eviction of the occupants of the residence at 4521 San Felipe Street, Unit 3201, Houston, Texas 77027 (the "Property") until Plaintiffs had a full hearing. The agreement was made in open court and entered of record. It is a contract. It survived the removal of that cause to this Court. It has been breached. Plaintiffs ask this Court to enforce it and to grant relief for its breach.

## II. WHY THIS MOTION IS BEFORE THIS COURT

2. Cause No. 2026-63841 was removed to this Court on September 14, 2026 under 28 U.S.C. § 1452(a) and Fed. R. Bankr. P. 9027, and docketed as Adversary No. 26-03650. On September 14, 2026 Plaintiff Ali Choudhri filed a motion to enforce the September 10 agreement in the state court (Envelope No. 119882343). Because removal divests the state court of authority to act, Fed. R. Bankr. P. 9027(c), Plaintiffs re-urge that relief here, in amended and expanded form, and do not ask the state court to act on the earlier filing.

3. Removal does not erase what happened before it. "All injunctions, orders, and other proceedings had in [the removed] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. An agreement made on the record in the state court is among the proceedings that

carry over, and this Court enforces it as the state court could have. Independently, an agreement or concession made by parties in a judicial proceeding binds them as a stipulation, and a court has inherent authority to enforce stipulations made in the litigation before it.

4. Enforcing the agreement is a threshold matter. It is not a merits question and not a jurisdictional question. It asks the Court to hold parties to a bargain, and it requires no ruling on whether the Property is exempt, on the scope of the receivership, on the validity of any order of any other court, or on any plea to the jurisdiction. The subject matter cannot be restored: if the occupants are removed or the Property is conveyed, no later ruling by any court can put things back.

## III. BACKGROUND

5. Plaintiffs applied for injunctive relief preserving possession of the residence. The application for temporary injunction was set for hearing by written order.

6. On September 4, 2026, Travis Vargo, the court-appointed Receiver in Cause No. 2012-27197-A, filed his Intervention, Plea to the Jurisdiction and Motion to Dismiss, and noticed it for a submission docket – a paper setting at which no evidence can be taken.

7. Earlier that same day, and before the hearing, counsel for Arabella wrote to the Receiver asking two questions: when the eviction would take place, and which order gave him control of Arabella PH 3201 LLC. The first question recited the Receiver's own statement of the previous day that the writ was not being executed that Friday – "given that I'm the agent who's removing him, I would know." The Receiver did

not answer either question. He replied only, "Please communicate with my counsel, Lee Thweatt (copied)." Counsel asked again at 12:10 p.m. and at 1:34 p.m., requesting a response by 2:45 p.m. None came. Exhibit F.

8. On September 10, 2026, the court convened on the record before the Honorable Tracy Good. The exchange that produced the agreement was as follows:

> THE COURT: … All I'm asking you is this, are you objecting to there being a pause for three days in order for you guys to get in front of the Presiding Judge of the 133rd? If the answer is, "I don't object to that, Judge, because nothing's going to happen," then this hearing is over.
>
> MR. VARGO: So, long as there's no orders coming out of this, I'm not removing him from the home. So, I have no objections.
>
> THE COURT: All right. You got that on the record. You're not removing him from the home. You have no objections, right?
>
> MR. VARGO: Prior to?
>
> THE COURT: Monday the 14th.
>
> You will not remove Mr. Choudhri or his mother from the home until a hearing that's scheduled for the 14th in the 133rd; is that correct, yes?
>
> MR. VARGO: Yes.

RR 5:19–6:11 (Exhibit B).

9. The court then stated the substance of the protection to Plaintiff Choudhri and confirmed it to him:

> THE COURT: … [T]he issue that you had was, you did not want there to be a situation where somebody comes after you or your mother in your home until you actually have a full-fledged hearing before the court.
>
> MR. CHOUDHRI: Yes.
>
> THE COURT: You got that.

RR 7:2–7. Asked when execution could occur, the court answered without qualification:

> MR. CHOUDHRI: … [C]an you tell me the earliest that he's going to evict?
>
> THE COURT: No, the deal is –
>
> MR. CHOUDHRI: Is it Monday or Tuesday?
>
> THE COURT: Nothing will happen until after the presiding judge holds your hearing on the 14th.

RR 8:1–8. The condition the court stated is the holding of a hearing.

10. Before adjourning, the court secured the understanding from everyone present:

> THE COURT: … [A]nd, so, I want to get on the record from everybody, so we have a clear understanding that nobody within the hearing of my voice is going to do anything to effect the eviction of Mr. Choudhri over the weekend and that the issue related to his home will be presented to the 133rd on the 14th.
>
> All right. I got everybody here. We're all in agreement and got it on the record.

RR 8:21–9:3.

11. The certified Reporter's Record of the September 10, 2026 proceeding, prepared and certified by Katelyn Harrelson, CSR No. 9164, Deputy Official Court Reporter of the 333rd Judicial District Court, is attached as Exhibit B. Every quotation in this Motion is taken from it and is cited by page and line. Plaintiffs ask that the certified record govern in the event of any difference between it and any description in this Motion. Exhibit B is an excerpt certified as containing the portions requested in writing; Plaintiffs will supplement with the complete volume if the Court or any party requests it.

## IV. THE AGREEMENT IS ENFORCEABLE

***A. It satisfies Rule 11 on the rule's own terms.***

13. Texas Rule of Civil Procedure 11 provides that no agreement between attorneys or parties touching any suit pending will be enforced "unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." The second clause is a disjunctive alternative to the first. An agreement announced in open court and taken down by the reporter satisfies the rule without any signed writing. *Padilla v. LaFrance*, 907 S.W.2d 454, 459–60 (Tex. 1995) (quoting the rule and tracing its history); *Burnaman v. Heaton*, 240 S.W.2d 288, 291–92 (Tex. 1951) (treating a settlement agreed to by counsel on the record in open court as an agreement the opposing party may plead and enforce).

***B. Repudiation is not a defense. It changes the procedure, not the result.***

14. The Receiver is expected to argue that he is no longer bound. That argument is foreclosed as a matter of substance. "A court is not precluded from enforcing a Rule 11 agreement once it has been repudiated by one of the parties, but an action to enforce a Rule 11 agreement to which consent has been withdrawn must be based on proper pleading and proof." *ExxonMobil Corp. v. Valence Operating Co.*, 174 S.W.3d 303, 309 (Tex. App.–Houston [1st Dist.] 2005, pet. denied) (citing *Padilla*, 907 S.W.2d at 462, and *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983)).

15. *Padilla* draws the line precisely. A court may not render an *agreed* judgment after consent is withdrawn, because contemporaneous consent is what makes a judgment

an agreed one. But that "does not preclude the court, after proper notice and hearing, from enforcing a settlement agreement complying with Rule 11 even though one side no longer consents to the settlement. The judgment in the latter case is not an agreed judgment, but rather is a judgment enforcing a binding contract." 907 S.W.2d at 461. Plaintiffs do not seek an agreed judgment. They seek enforcement of a contract.

16. Plaintiffs accordingly present this Motion on notice, with a declaration under penalty of perjury, and stand ready to offer evidence at a hearing. If the Court concludes that enforcement requires a pleaded claim rather than a motion, Plaintiffs request leave to replead the agreement as a cause of action under *Padilla* and *Quintero* rather than a denial, and ask that the status quo be preserved in the interim.

***C. On a valid Rule 11 agreement, enforcement is not discretionary.***

17. "A trial court has a ministerial duty to enforce a valid Rule 11 agreement." *Valence*, 174 S.W.3d at 309; *see EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 91 (Tex. 1996); *Fed. Lanes, Inc. v. City of Houston*, 905 S.W.2d 686, 690 (Tex. App.–Houston [1st Dist.] 1995, no writ) (where the Rule 11 prerequisites were met, the court had a ministerial duty to grant relief in strict accordance with the parties' agreement).

***D. The agreement binds every party to the cause, including the officer who executes the writ.***

18. Every party to Cause No. 2026-63841 was present on September 10, 2026, as the appearance page of the certified record shows. Plaintiff Ali Choudhri appeared pro se. Arabella appeared through Gia Samavati. Defendant Alan Rosen, Constable of

Case 4:26-cv-03542 Document 3-24 Filed in TXSB 05/29/2026 Page 9 of 19

Precinct 1, appeared through Felipe Guevara and Courtney Carlson. Intervenor Travis B. Vargo, Receiver, appeared personally and through Michael Poynter. RR 2 (Appearances). No party to the cause was absent.

19. The court did not take the assurance from one party alone. After obtaining the Receiver's assent, and before adjourning, the court addressed "everybody" present, stated that "nobody within the hearing of my voice" would act to effect the eviction, and closed: "I got everybody here. We're all in agreement and got it on the record." RR 8:21–9:3. Rule 11 reaches an agreement "between attorneys or parties," and counsel's assent on a matter of this kind binds the client. Every party to the cause is therefore bound, and no party can be heard to say that the assurance was someone else's to give.

20. That is not a formality on these facts. The writ of possession is directed to the Constable, and it is the Constable – not the Receiver – who executes it. The Receiver has described himself as "the agent who's removing him." Exhibit F. An agreement binding the Receiver alone would leave the executing officer free to act, and an agreement binding the officer alone would leave the Receiver free to request execution. The September 10 agreement binds both, and by its terms it also reaches every person acting at the direction of, in concert with, or at the request of any party. Plaintiffs ask that the order say so expressly.

## V. THE AGREEMENT IS MEASURED BY THE HEARING, NOT BY A CALENDAR DATE

21. An agreement will not be given greater effect than the parties intended. *Austin v. Austin*, 603 S.W.2d 204, 207 (Tex. 1980). Plaintiffs ask for no greater effect. They ask that the agreement be given the effect it plainly had.

22. A stipulation is construed by determining "the intent of the parties from the language used in the entire agreement, examining the surrounding circumstances, including the state of the pleadings, the allegations made therein, and the attitude of the parties with respect to the issue." *Rosenboom Mach. & Tool, Inc. v. Machala*, 995 S.W.2d 817, 822 (Tex. App.–Houston [1st Dist.] 1999, pet. denied); *accord Valence*, 174 S.W.3d at 309–10. Every one of those circumstances points the same way.

23. The agreement was an exchange, not a courtesy. The Receiver's assent was conditioned on no written order issuing from the September 10 proceeding. No order issued. The court withheld a written order in reliance on the assent it had just obtained. The Receiver therefore received precisely the benefit of the condition he himself imposed. A party may not keep the benefit of a condition he set while repudiating the obligation he gave for it.

24. The court itself measured the protection by a hearing, not by a date: the occupants would not be disturbed "until you actually have a full-fledged hearing before the court," RR 7:4–5, and "[n]othing will happen until after the presiding judge holds your hearing," RR 8:6–8. In each formulation the condition is the holding of a hearing, not the arrival of a date. A temporary injunction application is tried on

evidence: the applicant must plead a cause of action, a probable right to the relief sought, and a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Those elements are proved, not argued. The full hearing described on September 10 was therefore an evidentiary hearing, and it has not occurred.

25. It follows that the protection is not satisfied by a determination on a submission docket, by a ruling entered without a hearing, by a ruling on a plea to the jurisdiction or motion to dismiss, by a dismissal, by an order of transfer, or by an order of continuance. None of those is the hearing the parties had in view.

26. Reading the agreement to expire on a calendar date would empty it of meaning in the very circumstance that has now occurred. On September 14, 2026 – the date referenced on September 10 – the cause was transferred between district courts by administrative order before the hearing could be held, and was removed to this Court later that day. If the protection ran to that date and no further, it secured nothing, the court's reliance was misplaced, and its decision to withhold a written order was procured for nothing. Where two readings are available, the one that leaves the bargain with content is the one the parties intended. *Rosenboom*, 995 S.W.2d at 822. Exhibit A.

## VI. <u>THE BREACH</u>

27. The protection agreed to on September 10 was measured by a hearing. That hearing never took place, and the forum in which it was to take place was removed on the very day it was set.

28. On September 14, 2026 – the date identified on September 10 as the date of the hearing – the Honorable Rabeea Sultan Collier, Administrative Judge of the Civil Trial Division of the Harris County District Courts, signed a Transfer Order in this cause under Rule 3.2 of the Rules of the Civil Trial Division. The order recites that the case "was brought to the Court's attention for transfer," identifies as the related case Cause No. 2012-27197-A – the cause in which the Receiver was appointed and from which the writ of possession issued – and transfers this cause from the 133rd Judicial District Court to the 333rd Judicial District Court. Exhibit A.

29. The order of events on September 14, 2026 is important and is not in dispute. The hearing contemplated on September 10 was set for 3:00 p.m. that day in the 133rd Judicial District Court. The Transfer Order was signed and filed before that setting. The setting therefore did not go forward: by the time the hour arrived, the cause was no longer in the court where the hearing was to be held. The *Notice of Removal* was filed later the same day, after the setting had already been lost. Removal did not prevent the hearing; the hearing had already been prevented. The cause was moved, on the day of the setting, into the court whose order of July 28, 2026 is the subject of the relief Plaintiffs seek – the order signed on a submission docket, without an evidentiary hearing and without witness testimony. The hearing the September 10 agreement was made to preserve has still not occurred, and no written ruling on the temporary injunction application has issued after a hearing at which evidence was received.

30. No motion or application to transfer the cause appears on the docket of Cause No. 2026-63841. Plaintiffs request leave to file the certified docket sheet of that cause by supplement, and ask that the certified docket sheet govern on this point.

31. On that record the protection did not expire; the condition by which it was measured failed. An agreement to preserve the status quo until a hearing does not lapse because the setting was administratively relocated before the hearing could occur. Plaintiffs did nothing to cause that result – the setting was lost to the transfer before removal was filed – and the party who gave the assurance received in full the benefit of the condition he imposed – no written order issued from the September 10 proceeding. The protection therefore remains in force until the hearing occurs, and Plaintiffs ask the Court to say so expressly.

32. Plaintiffs do not presently allege that any party procured the transfer, and do not plead that on information and belief. No motion or application to transfer appears on the docket, and Plaintiffs have had no opportunity to take discovery. If the record later shows that the Receiver, Defendant, or any person acting at their direction requested, moved for, suggested, or supplied the information prompting the transfer, Plaintiffs will supplement this Motion and attach the document. A party who assents to forbearance in exchange for the court withholding a written order, and then acts to relocate the setting that measured the forbearance, has taken the benefit of the bargain and defeated the obligation. Plaintiffs expressly reserve that ground.

33. The Receiver has not withdrawn the positions that produced the writ and has not agreed that the September 10 assurance remains in force. What follows is no longer a matter of anticipated harm.

34. On the morning of September 15, 2026 – after the September 14 setting did not go forward, and four days after the petition date – the writ was executed. Without notice of any kind – and after declining, five days earlier, to state when the eviction would occur, Exhibit F – the Receiver came to the Property accompanied by the Constable and approximately eight movers. They began packing the contents of the residence, and Choudhri and his mother, who is 78 years old and in poor health, were physically removed from the home. The locks were changed. The Receiver confirmed the result himself, in writing, at 12:59 p.m. that day: "This confirms that everyone has been removed from the unit with the supervision of law-enforcement and the locks have been secured." Exhibit D. These facts are established by the unsworn declaration of Ali Choudhri below. Video recordings of the execution exist, and Plaintiffs are prepared to present them at the hearing on this Motion.

35. The seizure was halted only by judicial intervention. At 12:13 p.m. on September 15, 2026 the presiding judge of the 333rd Judicial District Court wrote to the Receiver: "In light of the various bankruptcy filings, I am ordering Mr. Vargo to stop the seizure of Mr. Choudhri's residence." Exhibit D. At 1:30 p.m. that judge signed an *Emergency Order Staying Execution of Writ of Possession and Directing Immediate Stand-Down*, directing the Receiver and the Constable to stand down, permitting Choudhri to re-enter and occupy the Property, directing the return of all

personal property removed and the restoration of the original locks, keys, and access credentials, and prohibiting entry pending further order of that court or the bankruptcy court. Exhibit E.

36. That sequence disposes of any suggestion that the September 10 agreement was honored. The act the agreement forbade – doing anything to affect the eviction of the occupants – was carried out on September 15, before the hearing the agreement was made to preserve had occurred, and it was stopped by a court rather than by the promise. Plaintiffs ask this Court to enforce the agreement and to restore the position that existed before the September 15 execution. Because Cause No. 2026-63841 had been removed to this Court on September 14, 2026, Plaintiffs do not rest on the September 15 order as an exercise of authority by the state court; they offer it as evidence of what occurred and ask this Court to enter relief of its own.

## VII. THIS MOTION IS INDEPENDENT OF THE AUTOMATIC STAY

37. Plaintiffs advance two separate grounds in two separate motions, and neither depends on the other. This Motion rests on contract: the parties made an agreement in open court, it was entered of record, and it binds those who made it. The Debtor's *Emergency Motion to Enforce the Automatic Stay*, filed concurrently, rests on statute: 11 U.S.C. §§ 362(a) and 543 operate by force of law on and after the petition date, without regard to anyone's assent.

38. The two grounds do not cover the same ground, which is why both are necessary. The September 10 agreement took effect on September 10 and reaches every person who assented on the record, including counsel appearing for Defendant. The

automatic stay took effect on September 11 and binds every person with notice, whether or not they were in that courtroom. The agreement protects the occupants of the Property as such; the stay protects property of the estate. Conduct between September 10 and September 11 is reached only by the agreement. Conduct directed at a person rather than at the Property is reached only by the agreement. Conduct by a person who was not present on September 10 is reached only by the stay.

39. Plaintiffs therefore ask the Court to decide this Motion on its own terms. Granting it requires no finding that the Property is property of the estate, no finding that the stay applies, and no ruling on the concurrent motion. Conversely, a ruling adverse to Plaintiffs on the stay would not reach the agreement, and a ruling adverse on the agreement would not reach the stay. Plaintiffs expressly preserve each ground against any disposition of the other.

## VIII. DISCOVERY RIGHTS ARE EXPRESSLY RESERVED

40. Plaintiffs reserve all rights to discovery in this proceeding, as to the Receiver, as to Defendant, and as to non-parties alike. Nothing in this Motion and nothing in the September 10 agreement waives, limits, defers, or conditions any such right. The temporary injunction application is to be heard on evidence, and Plaintiffs require discovery to present it.

## IX. RELIEF REQUESTED

41. Plaintiffs ask the Court to:

(1) Set this Motion for hearing on an expedited basis and take it up before any other matter in this proceeding is reached or determined;

(2) Enforce the agreement made in open court and entered of record on September 10, 2026, and order that no party, and no person acting at the direction of, in concert with, or at the request of any party, do any act to affect the eviction of the occupants of the Property or to dispose of the Property, until a written ruling on the temporary injunction application issues after a hearing at which evidence is received;

(3) Order that the relief in item (2) remains in force if any setting is continued, reset, passed, reassigned, transferred, or remanded, until such a written ruling issues;

(4) In the alternative, find that the conduct described in Section VI violated 11 U.S.C. § 362(a) and afford relief under 11 U.S.C. § 105(a);

(5) Hear the temporary injunction application on evidence, on a date affording a reasonable opportunity for discovery;

(6) Confirm that the cash deposit in lieu of bond filed with the Harris County District Clerk on August 21, 2026 stands as security and require no additional security; or, if additional security is required, state an amount Plaintiffs may post promptly and provide that the relief takes effect upon posting; and

(7) Grant such other and further relief to which Plaintiffs may be justly entitled.

42. None of the foregoing requires the Court to rule on any plea to the jurisdiction, on the validity of any order of any other court, on whether the Property is exempt, or on the scope of the receivership. Each paragraph of the proposed order is severable.

## <u>INDEX OF EXHIBITS</u>

| | |
|---|---|
| Exhibit A | Transfer Order signed September 14, 2026 by the Hon. Rabeea Sultan Collier, Administrative Judge, Civil Trial Division, transferring Cause No. 2026-63841 from the 133rd Judicial District Court to the 333rd Judicial District Court, identifying Cause No. 2012-27197-A as the related case (file-stamped September 14, 2026) |
| Exhibit B | Certified Reporter's Record (Excerpt), Volume 1 of 1, Temporary Restraining Order Hearing of September 10, 2026, Cause No. 2026-63841, before the Hon. Tracy Good, certified by Katelyn Harrelson, CSR No. 9164, Deputy Official Court Reporter, 333rd Judicial District Court (9 pp.) |
| Exhibit C | Certified docket sheet, Cause No. 2026-63841, through September 14, 2026 [TO BE FILED BY SUPPLEMENT UPON RECEIPT] |
| Exhibit D | E-mail chain of September 15, 2026 (Staub 11:19 a.m.; the Court 12:13 p.m.; Vargo 12:59 p.m.; Staub 1:11 p.m.; the Court 1:30 p.m.), RE: Arabella LLC / Choudhri Homestead |
| Exhibit E | Emergency Order Staying Execution of Writ of Possession and Directing Immediate Stand-Down, signed September 15, 2026, Cause No. 2026-63841 |
| Exhibit F | E-mail chain of September 9–10, 2026, Re: Following-up re: Arabella v. Vargo et al. (Vincent to Vargo 10:42 a.m.; Vargo 11:52 a.m.; Vincent 12:10 p.m. and 1:34 p.m.) |

Date: 09/21/26

Respectfully submitted,

*/s/ Courtney A. Vincent*

**Courtney A. Vincent**
Minnesota Bar No.: 0403083
SDTX Bar No.: 3746531
***Vincent Civil Rights – a Division of Vincent Law, PLLC***
1035 Dairy Ashford, Suite 145
Houston, Texas 77079
**Mailing Address:**
P.O. Box 940129
Houston, Texas 77094
Tel: (713) 223-9300
Fax: (832) 603-4444
**info@vincentlawpllc.com**

**COUNSEL FOR PLAINTIFF AND DEBTOR IN POSSESSION ARABELLA PH 3201 LLC**

## UNSWORN DECLARATION

"My name is Ali Choudhri. My date of birth is January 24, 1980. My address is 4521 San Felipe Street, Unit 3201, Houston, Texas 77027, United States of America. I am over eighteen years of age, of sound mind, and fully competent to make this declaration. I attended the proceeding on September 10, 2026 and was present throughout it. On the morning of September 15, 2026, without any advance notice, Travis B. Vargo came to 4521 San Felipe Street, Unit 3201 accompanied by a Harris County Constable and approximately eight movers. They began packing the contents of the residence. My 78-year-old mother and I were physically removed from the home, and the locks were changed. Video recordings of these events exist and are being preserved. I have personal

knowledge of the facts stated in this instrument, and they are true and correct. I declare under penalty of perjury that the foregoing is true and correct."

Executed in Harris County, Texas, on September 21, 2026.

*/s/ Ali Choudhri*
**Ali Choudhri**

## CERTIFICATE OF CONFERENCE

No party other than Plaintiffs has entered an appearance in this adversary proceeding since its removal to this Court, and no counsel has appeared in this Court for Defendant or for Intervenor Travis B. Vargo, Receiver. There is accordingly no counsel of record with whom undersigned counsel could confer. The Motion is presented without conference and is anticipated to be opposed.

*/s/ Courtney A. Vincent*
**Courtney A. Vincent**

## CERTIFICATE OF SERVICE

I certify that on September 21, 2026, a true and correct copy of the foregoing was served on all counsel of record through the Court's CM/ECF system, and by first-class United States mail on the following:

Travis B. Vargo and Michael Poynter, ***Vargo Law Firm, P.C.***, 12012 Wickchester Lane, Suite 670, Houston, Texas 77079, counsel for Intervenor Travis Vargo, Receiver.

Brian J. Hrach, Courtney T. Carlson, and Felipe S. Guevara, ***Office of the Harris County Attorney***, 1019 Congress, Houston, Texas 77002, counsel for Defendant Alan Rosen, Constable, Precinct 1, Harris County.

Gia Samavati, ***Trial Ninjas Law Group, PLLC***, P.O. Box 131803, Houston, Texas 77219, counsel for Plaintiff Arabella PH 3201 LLC.

*/s/ Courtney A. Vincent*
**Courtney A. Vincent**