# Exhibit 26

FILED
AUG 26 2026
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | **Case No. 26-32580-mvl11** |
| | § | |
| **MCITBE LLC,** | § | Chapter 11 |
| | § | |
| Debtor. | § | (Subchapter V) |

**OBJECTION OF ALI CHOUDHRI TO SECURITY STATE BANK & TRUST'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY LOCATED AT 2232 SWIFT BLVD., HOUSTON, TEXAS 77030**

TO THE HONORABLE MICHELLE V. LARSON,
UNITED STATES BANKRUPTCY JUDGE:

Ali Choudhri, a creditor and party in interest, files this Objection to the *Motion for Relief from the Automatic Stay as to Real Property Located at 2232 Swift Blvd., Houston, Texas 77030* [ECF No. 22] (the "Motion") filed by Security State Bank & Trust ("SSBT"), and respectfully states:

## I. PRELIMINARY STATEMENT

1. This Objection is deliberately short. Mr. Choudhri **joins and adopts** the objections filed by the Debtor and by Shahnaz Choudhri rather than repeating them. He writes separately only as to one matter on which he has information no other party has: the scope of the state-court receivership orders entered against him, and the effect of the notice of receivership recorded against the Property.

2. SSBT has not carried the burden section 362(g)(1) places on it. It pleads a value of $3,170,000 and total scheduled liens of $2,407,569.20, then concedes that "[t]he Debtor's Schedules, alone, are not sufficient to establish the existence of an equity cushion." It offers

no appraisal, no broker opinion, and no market evidence. On its own figures the estate has equity and SSBT is protected by a cushion exceeding one million dollars.

3. SSBT's own sworn affidavit contradicts its brief. Branch President Russel Gribble swore that the petition-date payoff was **$1,912,320.23**; footnote 2 of the Motion asserts **$1,972,809.09** thirty-seven days later. The note bears 9.25%, with 18% on matured unpaid amounts. Neither rate produces $60,488.86 in five weeks. SSBT has not identified a single component of the difference, and section 506(b) does not make it self-proving.

4. The loan is not matured. Gribble swore that it carries a **final maturity date of July 23, 2028**. SSBT is not a creditor whose bargain has run its course; it asserts a payment default on a loan with nearly two years left. A default of that kind is curable and the loan reinstatable under sections 1123(a)(5)(G) and 1124(2) — relief unavailable outside bankruptcy, and a plain and valid bankruptcy purpose.

5. SSBT's remaining theories depend on characterizing Mr. Choudhri rather than on evidence about this Property. Section 362(d)(4) requires findings tied to each statutory element and to *this real property*. A list of cases filed by other entities, concerning other property, involving other lenders, does not supply them.

## II. MR. CHOUDHRI IS A CREDITOR AND PARTY IN INTEREST

6. Section 1109(b) provides that a party in interest, "including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, or an equity security holder, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). The Fifth Circuit construes the provision broadly.

7. Mr. Choudhri is a creditor of the Debtor. On **August 19, 2026**, he filed proof of claim number **6** in this case, asserting an unsecured claim in the amount of **$7,000.00** for services performed. A copy is attached as Exhibit A.

8. Under section 502(a), a claim filed under section 501 is deemed allowed unless a party in interest objects. No objection to Claim No. 6 has been filed, and no order has disallowed it. Whatever SSBT may later say about the merits or timing of that claim, Mr. Choudhri is a creditor and a party in interest under section 1109(b) for purposes of this contested matter, and is entitled to be heard on the relief SSBT seeks against the Debtor's principal asset. Standing under section 1109(b) does not turn on the size of a creditor's claim.

9. Mr. Choudhri's interest is direct and pecuniary, and the difference between the two outcomes is concrete. On SSBT's own pleaded figures — $3,170,000 of value against $2,407,569.20 of scheduled liens — an orderly sale leaves several hundred thousand dollars of residual value from which unsecured creditors may be paid. A foreclosure sale at which SSBT credit-bids its debt returns nothing above SSBT's claim and eliminates any recovery on unsecured claims entirely. Mr. Choudhri's recovery is therefore wholly dependent on which of the two paths the Court permits.

10. Mr. Choudhri asserts no ownership in the Debtor. Title to the Property is held by the Debtor. **Mr. Choudhri holds no membership interest in MCITBE LLC** — Shahnaz Choudhri is its sole member. His only equity interest relevant to this matter is in **Jetall / Croix Properties LP**, SSBT's borrower, in which he holds a fifty percent interest as documented in SSBT's own Certification of Beneficial Owner(s) executed at the October

25, 2023 closing. His standing here rests on his status as a creditor of the Debtor, not on any ownership of it.

## IV. THE UNDERLYING JUDGMENTS ARE VOID

11. Finally, the Receiver is acting pursuant to void judgments. Accordingly, all arguments of the Receiver must be disregarded. Specifically, the judgments being enforced by the Receiver are unequivocally void *ab initio*. Judge Sandill's grant of a verified motion alleging **bias and a disqualifying financial interest**, followed by an unauthorized local transfer, is a textbook violation — motion-triggered, not voluntary, demanding mandatory referral. Post-recusal orders are void, poisoning all proceedings. *Gaal v. State*, 332 S.W.3d 448 (Tex. Crim. App. 2011) (18a mandatory; non-compliance voids — only recuse or refer); *Brosseau v. Ranzau*, 911 S.W.2d 890 (Tex. App.—Beaumont 1995) (failure to refer voids); *In re Susan C. Norman*, 191 S.W.3d 858 (Tex. App.—Eastland 2006) (post-recusal null); *Johnson v. Pumjani*, 56 S.W.3d 670 (Tex. App.—Houston [14th Dist.] 2001) (non-compliance voids).

### A. The motion sought disqualification on financial-interest grounds.

12. On August 27, 2018, Mr. Choudhri filed *Choudhri's Verified Motion to Disqualify and/or Recuse Hon. Ravi K. Sandill, Judge, 127th District Court*, in Cause Nos. 2012-27197, 2012-27197A, 2017-44151, and 2017-50232. The motion sought **both disqualification and recusal**, and expressly invoked Texas Rule of Civil Procedure 18b(a) — which requires disqualification of a judge who "individually, or as a fiduciary, has an interest in the subject matter in controversy."

13. The disqualification ground was factual and specific. The motion alleged that a business partner of Judge Sandill's father, Brigg Sandill; that Ron sought to purchase assets subject to the litigation and to obtain management fees from them; that the Special Master appointed by Judge Sandill retained Ron's company to manage the property at issue; that Ron made a $5,000 campaign contribution to Judge Sandill on November 30, 2017; and that Ron and Judge Sandill's father stood to make millions if they acquired the disputed properties at the prices offered.

14. Judge Sandill **granted the recusal**.

15. That distinction is dispositive. Orders of a judge subject to *recusal* are voidable and the ground may be waived. Orders of a judge who is *disqualified* are **void, without effect, and subject to collateral attack in any proceeding in which they are asserted**. *In re Union Pacific Resources Co.*, 969 S.W.2d 427, 428 (Tex. 1998); *Brosseau v. Ranzau*, 28 S.W.3d 235 (Tex. App.—Beaumont 2000, pet. denied). Disqualification cannot be waived and may be raised at any time, including for the first time on collateral attack.

16. The reassignment compounds the defect. Rule 18a requires that upon recusal the **regional presiding judge** reassign the case. Here the recusal was followed by a local transfer rather than reassignment by the regional presiding judge — motion-triggered, not voluntary, and demanding mandatory referral. *Gaal v. State*, 332 S.W.3d 448 (Tex. Crim. App. 2011); *In re Susan C. Norman*, 191 S.W.3d 858 (Tex. App.—Eastland 2006); *Johnson v. Pumjani*, 56 S.W.3d 670 (Tex. App.—Houston [14th Dist.] 2001).

**B. In any event, the Court need not reach the question.**

17. In the alternative, and without waiving the foregoing, **the Court need not reach any of this**. Whether the appointing orders are void, voidable, or valid, they do not *on their face* reach the Property, for the reasons set forth in Section VII below.

## V. JOINDER

18. Mr. Choudhri joins in and adopts, as if fully set forth here, the objections and all arguments, authorities, and evidence submitted by the Debtor and by Shahnaz Choudhri in opposition to the Motion, including as to SSBT's failure to carry its burden on equity, the absence of any demonstrated diminution in the value of SSBT's interest, the unproven components of SSBT's asserted payoff, and the failure of SSBT's theories under sections 362(d)(1), (d)(2), and (d)(4).

## VI. SSBT'S ALLEGATIONS DIRECTED AT MR. CHOUDHRI DO NOT ESTABLISH A SCHEME

19. SSBT's section 362(d)(4)(A) theory is that the Debtor's March 3, 2026 foreclosure was a non-consensual transfer forming part of a scheme attributable to Mr. Choudhri. The county records SSBT attached to its own Motion defeat that theory.

20. The October 25, 2023 closing was a **seller-financed sale by the Debtor**. The HUD-1 reflects that the buyer contributed $1,000 in earnest money, SSBT advanced $423,039.40 of purchase money, and the Debtor carried $433,946.26 of the price as a "Second Lien – Seller Finance Loan Amount." The Debtor financed more of the purchase price than SSBT did.

21. The lien the Debtor later foreclosed was a **purchase-money vendor's lien**, expressly retained together with superior title in the Warranty Deed with First and Second Vendor's

Lien — a deed prepared by **SSBT's own counsel**, recited in SSBT's own deed of trust, and recorded at **RP-2023-412499**, the instrument immediately following SSBT's lien at RP-2023-412498, executed the same day at the same closing. SSBT has had record and actual notice of that lien since the day it funded.

22. Section 362(d)(4)(A) reaches transfers that conceal property or manufacture new interests to frustrate a lender. A seller's enforcement of a retained vendor's lien, more than sixteen months after maturity, against a buyer that never made a payment, is the ordinary operation of a lien SSBT itself documented. And it left SSBT first and undiminished: the foreclosure displaced no lien, reduced no collateral, and created nothing senior to SSBT.

23. Subsection (B) is unavailable outright. This is the first bankruptcy case filed by this Debtor and the first affecting this Property. SSBT's own footnote 11 concedes it has no actual knowledge of the circumstances behind any of the nine cases it lists.

24. SSBT's good-faith attack also defeats itself. *Little Creek* factor 5 asks whether the dispute can be resolved in a pending state action. SSBT answers it by conceding that the Debtor holds "various causes of action against SSBT, its lending representative (Russel Gribble), and a court appointed receiver (Travis Vargo)." Those claims are property of the estate under section 541(a) — which refutes SSBT's factor 1, that the Property is the Debtor's "only asset," in the course of arguing it.

25. Finally, SSBT asserts it is "entitled to preservation of the foreclosure value of the Property as of the Petition Date" and that its bargain was "the right to foreclose." That is precisely the claim the Supreme Court rejected in *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 370–72 (1988). Section 362(d)(1) protects

against diminution in collateral value during the stay, not against delay in exercising foreclosure rights.

## VII. THE RECEIVERSHIP ORDERS DO NOT REACH THE PROPERTY

26. Mr. Choudhri is the judgment debtor in Cause No. 2012-27197 in the 333rd Judicial District Court of Harris County, Texas, in which Travis B. Vargo was appointed receiver. He is therefore the person against whom those orders run, and he addresses their scope directly.

27. The orders define the receivership assets to include the assets owned by the judgment debtor *"except his ownership interests in any limited liability company."* Limited liability company interests were expressly carved out of turnover. As to the entities listed as "Choudhri LLC's," the orders provide only a charging order under Tex. Bus. Orgs. Code § 101.112, directing distributions otherwise payable to the judgment debtor to the Receiver.

28. Texas law is explicit about what a charging order does *not* do. Section 101.112(f) provides that "[a] creditor of a member or of any other owner of a membership interest does not have the right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, **the property of the limited liability company**." Tex. Bus. Orgs. Code § 101.112(f). The charging order is the exclusive remedy. *Id.* § 101.112(d).

29. That framework has nothing to attach to here. A charging order under section 101.112 reaches only distributions otherwise payable *to the judgment debtor* from a limited liability company in which the judgment debtor holds a membership interest. **Mr. Choudhri holds no membership interest in MCITBE LLC.** Shahnaz Choudhri is its sole member. No distribution from the Debtor is or could be payable to Mr. Choudhri on account of a

membership interest, because he has none. To the extent the appointing orders list MCITBE LLC among the entities described as "Choudhri LLC's," that description is factually incorrect and, in any event, a charging order against an interest the judgment debtor does not hold reaches nothing.

30. Neither order names MCITBE LLC as a judgment debtor. Neither identifies the Property. Nothing in either order transfers the Debtor's real estate, vests management of the Debtor in the Receiver, or places the Property in the Receiver's possession or control.

31. Notwithstanding those limits, a notice of receivership was recorded against the Property at Harris County Instrument No. **RP-2026-38584**. That recorded notice renders title unmarketable. Title insurers will not insure over it and purchase-money lenders will not close through it.

32. The judgment on which the Receivership Notice rests are not final. An appeal from **the underlying judgment]** is pending in the **Court of Appeals**.

33. Whether or not those orders are ultimately set aside or held void, they do not *on their face* reach the Property, for the reasons stated above. Mr. Choudhri reserves all rights and contentions concerning their validity for the appropriate forum, including any contention that they are void.

34. The Receiver did not stop at recording. On February 11, 2026, a broker engaged in connection with the receivership emailed the agent who had listed the Property, **copying the Receiver**, asserted that the Property was "currently under the control of the court," and demanded that he "terminate the listing immediately," inviting verification from "the attorney who is copied on this email." Multiple Listing Service records reflect that the

listing was terminated **the following day**. No order of the 333rd Judicial District Court placed the Property under that court's control or authorized anyone to direct the termination of a listing.

35. The consequence matters to this Motion. SSBT asks the Court to treat the absence of a sale as evidence of bad faith or of no reorganization prospect. The Property has not sold because a third party clouded its title and shut down its marketing — not because of any inaction by the Debtor. SSBT should not be permitted to rely on a condition created by someone else as cause for immediate foreclosure.

## VIII. RESERVATION OF RIGHTS

36. Mr. Choudhri reserves all rights, claims, and defenses, including the right to supplement or amend this Objection, to conduct discovery, to offer evidence and examine witnesses at the final hearing, to object to evidence offered by SSBT, to contest the amount, validity, priority, extent, and enforceability of SSBT's claim and lien, and to seek relief concerning the recorded notice of receivership. Nothing here waives any right, claim, defense, or objection not expressly raised.

## PRAYER

WHEREFORE, Ali Choudhri respectfully requests that the Court:

(a) deny the Motion in all respects;

(b) alternatively, condition and narrow any relief granted, without findings under section 362(d)(4), without prospective *in rem* effect, without authority to record any order in the real property records, and without waiver of the fourteen-day stay under Bankruptcy Rule 4001(a)(3); and

(c) grant such other and further relief to which he may be justly entitled.

Dated: August 25, 2026.

Respectfully submitted,

Ali Choudhri /s/
*Pro Se*
[Address]
281-630-6627
ali@jetallcapital.com

## CERTIFICATE OF SERVICE

I certify that on August 25, 2026, a true and correct copy of the foregoing was served through the Court's CM/ECF system on all parties registered to receive electronic notice, and by electronic mail and first class United States mail on: Kyle Woodard and JaKayla J. DaBera, Kane Russell Coleman Logan PC, 901 Main Street, Suite 5200, Dallas, Texas 75202, and Jim D. Aycock, The Aycock Law Firm, PLLC, 5850 San Felipe St., Suite 500, #1020, Houston, Texas 77057 (counsel for Security State Bank & Trust); Mark P. Yablon, Yablon Law, PLLC, 2777 Allen Parkway, Suite 1000, Houston, Texas 77019 (counsel for the Debtor); Behrooz P. Vida, 3000 Central Drive, Bedford, Texas 76021 (Subchapter V Trustee); Leslie M. Luttrell, Luttrell Carmody Law Group, 100 N.E. Loop 410, Suite 615, San Antonio, Texas 78216 (counsel for Travis B. Vargo, Receiver); and Meredyth Kippes, Office of the United States Trustee, 1100 Commerce Street, Room 976, Dallas, Texas 75242.

Ali Choudhri /s/

abel Matrix for local noticing
539-3
ase 26-32580-mvl11
orthern District of Texas
allas
ue Aug 25 14:51:31 CDT 2026

City of Houston
Linebarger Goggan Blair & Sampson LLP
c/o Tara L. Grundemeier
PO Box 3064
Houston, TX 77253-3064

Houston City College
Linebarger Goggan Blair & Sampson LLP
c/o Tara L. Grundemeier
PO Box 3064
Houston, TX 77253-3064

ouston ISD
inebarger Goggan Blair & Sampson LLP
/o Tara L. Grundemeier
O Box 3064
ouston, TX 77253-3064

MCITBE LLC
2232 Swift Blvd
Houston, TX 77030-1125

Security State Bank & Trust
P.O. Box 471
Fredericksburg, TX 78624-0471

ravis B. Vargo, Court Appointed Receiver
/o Leslie M. Luttrell
uttrell + Carmody Law Group
00 N.E. Loop 410
uite 615
an Antonio, TX 78216-4713

1100 Commerce Street
Room 1254
Dallas, TX 75242-1305

Ali Choudhri
4521 San Felipe Street, Unit 3201
Houston, TX 77027-3388

li Choudhri
521 san felipe st #3201
ouston texas
7027
ouston, TX 77027-3388

City of Houston
Attn: Tara L. Grundemeier
c/o Linebarger Goggan Blair & Sampson, L
PO Box 3064
Houston, TX 77253-3064

City of Houston
c/o Linebarger Goggan Blair & Sampson, L
Attn: Tara L. Grundemeier
PO Box 3064
Houston, TX 77253-3064

ity of Houston
/o Tara L. Grundemeier
inebarger Goggan Blair & Sampson LLP
O Box 3064
ouston, TX 77253-3064

Cleanair Lawncare
PO Box 925867
Houston, TX 77292-5867

(p)HARRIS COUNTY ATTORNEY'S OFFICE
P O BOX 2848
HOUSTON TX 77252-2848

ouston City College
/o Tara L. Grundemeier
inebarger Goggan Blair & Sampson LLP
O Box 3064
ouston, TX 77253-3064

Houston City College System
c/o Tara L. Grundemeier
Linebarger Goggan Blair & Sampson, LLP
PO Box 3064
Houston, TX 77253-3064

Houston Community College System
Attn: Tara L. Grundemeier
c/o Linebarger Goggan Blair & Sampson, L
PO Box 3064
Houston, TX 77253-3064

ouston Community College System
/o Linebarger Goggan Blair & Sampson, L
ttn: Tara L. Grundemeier
O Box 3064
ouston, TX 77253-3064

Houston ISD
c/o Tara L. Grundemeier
Linebarger Goggan Blair & Sampson LLP
PO Box 3064
Houston, TX 77253-3064

Houston Independent School District
Attn: Tara L. Grundemeier
c/o Linebarger Goggan Blair & Sampson, L
PO Box 3064
Houston, TX 77253-3064

ouston Independent School District
/o Linebarger Goggan Blair & Sampson, L
ttn: Tara L. Grundemeier
O Box 3064
ouston, TX 77253-3064

Houston Independent School District
c/o Tara L. Grundemeier
Linebarger Goggan Blair & Sampson, LLP
PO Box 3064
Houston, TX 77253-3064

Naegeli Deposition & Trial
111 SW 5th Ave, Ste 2020
Portland, OR 97204-3623

eliant Energy
301 McKinney St
ouston, TX 77010-3095

Security State Bank & Trust
501 Landa Street
New Braunfels, TX 78130-6109

Security State Bank & Trust
c/o Jim Aycock
THE AYCOCK LAW FIRM, PLLC
5850 San Felipe St, Ste 500, No. 1020
Houston, TX 77057-8003

ecurity State Bank & Trust
/o Kyle Woodard & JaKayla J. DaBera
ANE RUSSELL COLEMAN LOGAN PC
01 Main Street, Suite 5200
allas, TX 75202-3705

Security State Bank & Trust
c/o Russell Gribble
501 Landa Street
New Braunfels, TX 78130-6109

Shahnaz Choudhri
11511 Gallant Ridge Ln
Houston, TX 77082-6836

ited States Trustee
100 Commerce Street
oom 976
allas, TX 75242-0996

Yablon Law PLLC
2777 Allen Parkway, Floor 10
Houston, TX 77019-2165

Behrooz P. Vida -SBRA V
3000 Central Dr.
Bedford, TX 76021-3671

ark P Yablon
ablon Law PLLC
777 Allen Parkway
te Flr 10
ouston, TX 77019-2165

Russel Gribble
Security State Bank & Trust
501 Landa Street
New Braunfels, TX 78130-6109

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

arris County Attorney's Office
ttn: Property Tax Division
) Box 2848
ouston, TX 77252-2848

(d)Harris County Attorney's Office
Property Tax Division
PO Box 2848
Houston, TX 77252-2848

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

u)26-32580-11

(u)Centerpoint

(d)City of Houston
c/o Tara L. Grundemeier
Linebarger Goggan Blair & Sampson, LLP
PO Box 3064
Houston, TX 77253-3064

u)Houston Water Department

(u)UNITED STATES BANKRUPTCY COURTNORTHERN DIS

End of Label Matrix
Mailable recipients 34
Bypassed recipients 5
Total 39