# Exhibit 27

**Courtney A. Vincent**
Minnesota Bar No.: 0403083
***Vincent Law, PLLC***
P.O. Box 940129
Houston, Texas 77094
Tel: (713) 223-9300
**info@vincentlawpllc.com**
Proposed Counsel for Debtor and Debtor in Possession MCITBE LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-32580-mvl11** |
| **MCITBE LLC,** | § | |
| | § | **Chapter 11 (Subchapter V)** |
| **Debtor.** | § | |

**JOINT RESPONSE OF THE DEBTOR AND SHAHNAZ CHOUDHRI, WITH THE LIMITED JOINDER OF CREDITOR ALI CHOUDHRI, TO THE UNITED STATES TRUSTEE'S MOTION TO DISMISS UNDER 11 U.S.C. § 1112(b) WITH PREJUDICE TO REFILING FOR 180 DAYS [ECF NO. 113]**

TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY JUDGE:

MCITBE LLC, debtor and debtor in possession (the "Debtor"), through its proposed counsel Vincent Law, PLLC and its counsel of record Yablon Law PLLC, and Shahnaz Choudhri, the holder of 100% of the membership interest in the Debtor and a creditor ("Ms. Choudhri"), respond to the United States Trustee's Motion to Dismiss under 11 U.S.C. § 1112(b) with Prejudice to Refiling for 180 Days [ECF No. 113] (the "Motion"). Ali Choudhri, a creditor appearing in his own name, joins in Sections V and VI of this response and in no other part, as stated in Section VII. Counsel for the Debtor

and counsel for Ms. Choudhri do not represent Mr. Choudhri. The Debtor and Ms. Choudhri state:

**Statement Regarding Timing and Joinder**

1. At the status conference on October 5, 2026 [ECF No. 205] the Court reset the hearing on the Motion for October 15, 2026 at 1:30 p.m. [ECF No. 203] and directed that responses to the Motion be filed by October 7, 2026. This response is filed on that date. The response of the Debtor's counsel of record, Yablon Law PLLC, to the United States Trustee's objection to its employment application [ECF No. 149], which the United States Trustee has noticed for hearing with the Motion [ECF Nos. 207, 208], is also due October 7, 2026. Because the two matters will be heard together and rest on the same record, the Debtor files this response through both its proposed counsel and its counsel of record. Mr. Yablon joins in this response on behalf of the Debtor; Yablon Law PLLC's separate response to ECF No. 149, as it concerns the terms of its own employment, will be filed separately.

2. Ms. Choudhri joins through her counsel. Ali Choudhri, a creditor whose response date is also October 7, 2026, joins in Sections V and VI of this response in his own name and in no other part (Section VII), so that his response and the Debtor's are before the Court in one document on one date. Because the Court set the response date on October 5, no motion for leave is required. To the extent the Court considers one necessary as to any party, the Debtor and Ms. Choudhri request leave in the alternative for the reasons stated in the Statement of Timing above and ask that this response be considered on the merits.

## I. Summary

3. The Debtor does not dispute the chronology in the Motion. The § 341 meeting was noticed defectively twice; the manager did not appear on July 22 or August 17; the June and July operating reports were late; the employment application for counsel was filed the day after the Court's August 24 deadline; the administrative documents requested at the initial debtor interview were delivered late; and the Subchapter V trustee's July and August deposits were not paid when due. The Court has already said that the Debtor's filings were "at a minimum, tardily filed, in some instances by months" [ECF No. 196]. The Debtor does not argue otherwise.

4. The Debtor disputes the conclusion. Section 1112(b)(4)(E), (F), (G) and (H) describe failures that, by the time of the hearing, have been cured. Section 1112(b)(2) directs the Court not to dismiss where there is a reasonable justification for the acts and omissions, they have been or will be cured within a reasonable period, and a plan is reasonably likely to be confirmed. The Debtor filed its plan on the ninetieth day, as § 1189(b) requires [ECF No. 134], and will file a First Amended Plan on October 19, 2026 that pays every non-insider creditor in full from the equity in the Property. At every value in the record, that equity exceeds all claims by several hundred thousand dollars (Mot. ¶¶ 38-39, 45-47; ECF No. 134 at 2-3). Dismissal would end the plan and return the Property to the foreclosure the Bank had posted before the petition.

Case 4:25-cv-09512 Document 3-27 Filed 11/05/26 in TXSD Page 5 of 19

5. Dismissal with prejudice to refiling for 180 days is not supported on any reading of the record. This is the Debtor's first bankruptcy case. The authority the Motion cites, Casse v. Key Bank, concerns an individual serial filer who had dismissed and refiled repeatedly to frustrate a secured creditor. Nothing of the kind is alleged here.

6. Ms. Choudhri joins this response as the Debtor's sole member and as a creditor. She is the person whose equity is extinguished if the Property goes to foreclosure, and she holds scheduled claims against the Debtor.

## II. The Standard

7. Section 1112(b)(1) requires the Court to dismiss or convert a chapter 11 case "for cause" on the motion of a party in interest, "unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." The movant bears the burden of establishing cause. In re Briggs-Cockerham, L.L.C., No. 10-34222-BJH-11, 2010 WL 4866874, at *4 (Bankr. N.D. Tex. Nov. 23, 2010). Section 1112(b)(4) lists sixteen non-exclusive examples of cause; the Motion invokes four: failure to comply with an order of the court (E), unexcused failure to satisfy timely a filing or reporting requirement (F), failure to attend the meeting of creditors without good cause (G), and failure timely to provide information or attend meetings reasonably requested by the United States Trustee (H).

8. Even where cause is shown, § 1112(b)(2) provides that the Court "may not" dismiss or convert if the debtor establishes that "unusual circumstances" make

dismissal or conversion not in the best interests of creditors and the estate, and that (A) there is a reasonable likelihood that a plan will be confirmed within a reasonable time, and (B) the grounds for cause do not include substantial or continuing loss to the estate under § 1112(b)(4)(A), there is a reasonable justification for the act or omission, and the act or omission "will be cured within a reasonable period of time fixed by the court." The Motion does not invoke § 1112(b)(4)(A).

9. A finding of bad faith in the prosecution of a case under Little Creek and Humble Place requires more than a catalogue of late filings. The Fifth Circuit's good-faith inquiry asks whether the debtor is using the bankruptcy process for a purpose the Code does not sanction, such as to delay one creditor with no realistic prospect of reorganization. In re Little Creek Dev. Co., 779 F.2d 1068, 1072-73 (5th Cir. 1986); In re Humble Place Joint Venture, 936 F.2d 814, 817 (5th Cir. 1991). Late filings by a manager new to bankruptcy and counsel who was ill and attending to a family illness, as the Motion itself records (Mot. ¶¶ 16, 30, 32, 70, 83), are addressed by § 1112(b)(2): justification and cure.

## III. Each Ground Has Been Cured

10. The following table tracks each failure the Motion identifies to its cure on the docket. Docket references are to this case unless stated.

| Ground in the Motion | Cure and docket reference | Status |
|---|---|---|
| § 1112(b)(4)(G): manager absent from § 341 meetings of July 22 and Aug. 17 (Mot. ¶¶ 86-100, 109-116) | Mr. Cox appeared and was examined under oath at the continued § 341 meeting on September 11, 2026, which the United States Trustee "commenced and concluded" (ECF No. 149 ¶ 24; United States Trustee Ex. UST-A [ECF No. 208-1]). The July 22 meeting was continued for a notice defect, not for Mr. Cox's absence (Mot. ¶ 109). The August 17 absence followed an injury the same afternoon; a physician's note was provided (Mot. ¶ 98). | Cured. |
| L.B.R. 2002-1(a)(1): defective notice of § 341 meetings (Mot. ¶¶ 86-92, 110) | Certificate of service of the notice of the second continued meeting on the entire matrix filed August 21, 2026 (ECF No. 79; Mot. ¶ 97). All subsequent notices have been served on the full matrix. | Cured Aug. 21. |
| § 1112(b)(4)(H): late delivery of IDI follow-up items (Mot. ¶¶ 79-91, 105-108) | Every item listed in Mot. ¶ 91(a)-(l) was delivered or addressed by August 25, 2026, as the Motion itself records. The United States Trustee's compliance timeline (Ex. UST-A [ECF No. 208-1]) lists six further items requested at the September 11 meeting, including the manager's employment agreement, the broker application, the September trustee payment, confirmation of wet signatures, and the MCITBE/Jetall closing documents. The Debtor will deliver each of those items that remains outstanding by October 14, 2026. | Delivered in part; balance by Oct. 14. |
| § 1112(b)(4)(F): June MOR late; July MOR not filed (Mot. ¶¶ 101-102, 117-118) | June MOR filed August 10 and 15, 2026 (ECF Nos. 39, 53). July MOR filed September 18, 2026 (ECF No. 169). August MOR filed September 18, 2026 (ECF No. 170). September MOR due October 21, 2026. | Cured Sept. 18. |
| § 1112(b)(4)(E): Subchapter V trustee deposits for July and Aug. unpaid (Mot. ¶¶ 14-15, 119) | The Debtor's manager issued two $1,000 checks, nos. 1051 and 1052, for remittance to the Subchapter V trustee. Check no. 1051 was negotiated on September 10, 2026; check no. 1052 is being delivered to the trustee. The balance will be current by October 14, 2026 (Ex. 1, to be supplemented). | Partially cured; balance by Oct. 14. |
| § 1112(b)(4)(E): employment applications and corporate resolution ordered by Aug. 24; filed Aug. 25 (Mot. ¶¶ 18-19, 119) | Application to employ Yablon Law filed August 25, 2026 (ECF No. 84); second amended petition with resolution filed the same day (ECF No. 85); third amended petition with a clean, signed resolution filed September 16, 2026 (ECF No. 156). Application to employ Vincent Law filed September 18, 2026 (ECF No. 174), with an amended application under § 327(a) to be filed by October 14, 2026, the date the Court set at the October 5 status conference. The broker application will be filed with the First Amended Plan; no broker fee has been or will be paid without Court approval. | One day late; cured. |
| Notice of Deficiency items: declaration for electronic filing; attorney fee disclosure (Mot. ¶¶ 21-28) | Declaration for Electronic Filing filed October 1, 2026 (ECF Nos. 191, 195). Vincent Law's Rule 2016(b) disclosure was filed September 21, 2026 (ECF No. 174-2). Yablon Law's disclosures, including the $2,000 retainer and the August 30, 2026 $400 payment, are addressed in its response to ECF No. 149; the Zelle record was delivered to the United States Trustee on September 19, 2026 (UST Ex. A). | Cured. |
| § 1116(1)(B) statement (Mot. ¶ 29; ECF No. 196) | Filed August 15, 2026 (ECF No. 52). | Cured Aug. 15. |
| Multiple petitions and defective resolution (Mot. ¶¶ 1-12, 121(vii)) | The first amendment answered the venue question the clerk flagged; the second added the resolution the Court ordered; the third replaced the hand-corrected resolution with a clean one (ECF No. 156). Amendment to cure a clerk's deficiency notice and a bench order is compliance, not evasion. | Cured Sept. 16. |
| Multiple schedules and SOFAs (Mot. ¶¶ 36-51, 121(viii)) | Amended Schedules A/B, D and E/F filed September 16, 2026 (ECF Nos. 160-162) and amended SOFA September 19, 2026 (ECF No. 171), adding the parties asserting interests in the Property as counsel told the Court on August 31 he would (Mot. ¶ 48). Amendment is required by Rule 1009(a) when schedules are incomplete. | Cured Sept. 19. |

## IV. Section 1112(b)(2) Applies

11. **Unusual circumstances.** Four circumstances make dismissal contrary to the interests of creditors and the estate. The first is the equity in the Property. The Debtor owns the residence at 2232 Swift Boulevard, scheduled at $3,170,000 [ECF No. 160; Mot. ¶ 38]. Against it stand the taxing units ($97,546 scheduled; Mot. ¶ 46(a)-(d)), Security State Bank & Trust (a proof of claim of $2,015,092.52, which the Debtor disputes in part; Claim No. 4-1), the scheduled secured claim of Shahnaz Choudhri ($620,000; Mot. ¶ 46(f)), and $39,408 of general unsecured claims (Mot. ¶ 47). On the scheduled value, and even on the Bank's own proof of claim, every creditor is paid in full under the plan. Dismissal would return the Property to foreclosure by the Bank with the recorded notices and abstracts asserted by third parties unresolved (ECF No. 134 at 13-14), and the equity above the Bank's lien would not reach the taxing units, the trade creditors or Ms. Choudhri through any proceeding now pending.

12. The second is that a receiver appointed over the assets of a person who holds no membership interest in the Debtor asserts control over the Debtor, has moved to dismiss this case on that ground [ECF No. 21], objected to the employment of the Debtor's counsel [ECF No. 152], and opposed the scheduled claims of the Debtor's sole member [ECF Nos. 129, 130]. A debtor whose authority to act is contested at each step by a receiver appointed over someone else's assets is not a debtor that has merely neglected its case, and the Court heard on October 5 that prospective

counsel have been reluctant to appear for an entity whose control a court-appointed receiver claims.

13. The third is that the Debtor is in a transition of counsel that the Court is managing. Undersigned counsel appeared generally on October 1, 2026 [ECF No. 192], and the Court set October 14, 2026 at the status conference for the amended application to employ counsel under § 327(a). The Motion itself attributes much of the earlier delay to the health of the Debtor's counsel of record and his family (Mot. ¶¶ 16, 30, 32, 83). That is a reasonable justification within § 1112(b)(2)(B)(i), and it is being cured.

14. The fourth is that two contested matters that turn on the same facts are already set. The final hearing on Security State Bank & Trust's motion for relief from stay [ECF No. 22] commenced on August 31, 2026 and is continued to October 26, 2026 [ECF No. 206]; the Receiver's motion to dismiss [ECF No. 21], which presents whether he controls the Debtor, is set for October 23, 2026. Dismissal on the Motion would end the stay before the Court rules on the Bank's motion and would moot the Receiver's motion with the control question, which the Motion itself treats as central (Mot. ¶¶ 53, 63, 71), undecided.

15. **Reasonable likelihood of confirmation within a reasonable time.** The Debtor filed its plan on September 8, 2026, the ninetieth day after the petition, as § 1189(b) requires [ECF No. 134]. The Debtor will file a First Amended Plan under § 1193(a) on October 19, 2026 that attaches the liquidation analysis, projections, tax certificates, schedule of encumbrances, broker opinion of value and schedule

of plan participants, and adds the § 1190(2) and § 1194(b) provisions. The plan is structured for confirmation under § 1191(b) without an accepting class: the Bank retains its lien and receives contract interest monthly from a cash-funded escrow until it is paid in full at a sale or refinance within twelve months; the taxing units are paid at closing ahead of the Bank; the trade creditors are paid in full; and the Subchapter V trustee acts as disbursing agent. The Debtor asks the Court to set the § 1188 status conference and a confirmation schedule once the Motion is decided.

16. **Reasonable justification.** The Motion itself records the reasons: counsel's mother's illness in June and August (Mot. ¶¶ 16, 30, 32), counsel's own illness in July (Mot. ¶ 83), the manager's injury on August 17 (Mot. ¶ 98), and a manager who was, in his own words, "kind of new here" (Mot. ¶ 70). None of these excuses the pattern, and the Debtor does not offer them as excuses. They are, however, reasons, and they are the reasons § 1112(b)(2)(B)(i) asks about. They are not evidence that the Debtor filed or prosecuted this case to abuse the process. The Debtor has since engaged counsel with the capacity to manage the case, who has appeared generally [ECF No. 192], filed an amended employment application under § 327(a), and is conferring with the United States Trustee on the remaining items.

17. **Cure within a reasonable period fixed by the Court.** Section III shows that every ground in the Motion has been cured or has a date. The remaining items will be completed before the hearing or on the dates the Code and the Court have already fixed: the Subchapter V trustee deposits, current by October 14, 2026; the

amended application to employ counsel under § 327(a), filed by October 14, 2026, the date set at the October 5 status conference; the items on the United States Trustee's compliance timeline, delivered by October 14, 2026; the broker application and the renewed lease motion, filed with the First Amended Plan on October 19, 2026; and the September operating report, filed by October 21, 2026, as the Scheduling Order requires.

## V. The Record Does Not Show Bad Faith

18. The Motion's good-faith argument (Mot. ¶¶ 120-121) is the sum of the administrative failures already addressed, characterized as "a cavalier approach." The Debtor accepts that in the first three months of this case the filings and deliveries the Motion lists were late. But Little Creek and Humble Place are about the purpose of a filing, not the competence of its administration, and the purpose of this filing is not in doubt: to preserve for all creditors the equity in an asset worth substantially more than the debt against it, to resolve in one forum the competing claims to its title, and to pay creditors in full from its sale. The Debtor filed a plan on the ninetieth day that provides for exactly that [ECF No. 134]. Nor does the record support the suggestion (Mot. ¶¶ 63-71) that the Debtor is a vehicle for Ali Choudhri: the Receiver himself testified on September 23 that he has seen no agency agreement between Mr. Choudhri and Ms. Choudhri, that he does not know who filed this case, and that he is not alleging Mr. Choudhri filed it (Ex. 3, Tr. 149:2-15). Ms. Choudhri is the sole member [ECF No. 14]; Mr. Cox is the manager [ECF No. 156].

19. The record on ownership is consistent. The Debtor's list of equity security holders identifies Ms. Choudhri as the holder of 100% of the membership interest [ECF No. 14], and the Motion so recites (Mot. ¶ 64). Security State Bank & Trust's loan officer and corporate representative, Russel Gribble, testified under oath on May 12, 2026 that Shahnaz Choudhri "is the sole member of MCITBE, LLC" (Ex. 4, Gribble Dep. 113:19-20, No. 2026-22035, 129th Dist. Ct., Harris County; also at ECF No. 104-8), and the Bank's counsel told this Court on August 4, 2026 that his understanding was the same (Ex. 5, Aug. 4, 2026 Hr'g Tr. (1:30 p.m.) 9:1-2 [ECF No. 47]). The Receiver has not identified any document showing an interest of Ali Choudhri in the Debtor (Ex. 3, Tr. 149:2-15).

20. The Receiver's assertion of control over the Debtor, on which the Motion relies (Mot. ¶¶ 53, 63, 71), rests on orders that say the opposite and on a case that does not reach them. The amended order appointing the Receiver in Cause No. 2012-27197-A defines the receivership assets as "all assets owned by Choudhri, except his ownership interests in any limited liability company" (¶ 8) and, as to limited liability company interests, grants a charging order (¶ 18) [ECF No. 20-1; ECF No. 193-13]; the companion order in Cause No. 2012-27197-D contains the same exclusion (¶ 14) and the same remedy (¶ 24) [ECF No. 20-2]. The Receiver has read the orders the same way. Under oath in the Bankruptcy Court for the Western District of Texas on April 3, 2025, he testified that "[t]his order does not turn over his LLC interest to me"; that "I'm not taking the position that I have a turnover of the membership units of any LLC that Mr. Choudhri owns, that there's only a

charging order against that, and I'm entitled to distributions from his LLC interests to the extent that they're made"; and, after the court read him the paragraph 8 exclusion, "I have a right to his distributions only" (Apr. 3, 2025 Hr'g Tr. 21:17-19, 27:1-5, 34:22-35:6) [ECF No. 193-12]. On April 4, 2025 he wrote to counsel for several limited liability companies that "the law is that Receiver has a charging order over the LLCs only," that he did not direct the acts and conduct of those entities, and that he was "allowed to monitor" [ECF No. 193-18]. Before this Court on September 23, 2026, asked where in the orders he finds his authority, he read paragraph 8 himself: "Paragraph 8 is Choudhri receivership assets and includes all assets owned by Choudhri except his ownership in any limited liability company, right" (Ex. 3, Tr. 162:17-21); asked whether paragraph 8 limits the assets he may take to those owned by Mr. Choudhri except his limited liability company interests, he answered, "That's what it says here" (Ex. 3, Tr. 170:14-21). He acknowledged that when he wrote the April 4, 2025 email no ruling in WC 4th & Colorado had issued (Ex. 3, Tr. 141:3-8). His explanation for the change in position is that case, WC 4th & Colorado, LP v. Colorado Third Street, LLC, No. 14-22-00764-CV (Tex. App.—Houston [14th Dist.] Apr. 29, 2025), decided after the orders were signed (Ex. 3, Tr. 141:17-21), which the Court identified as "their legal argument" and "the source of the dispute" (Ex. 3, Tr. 172:3-18). Nothing in the orders changed between April 2025 and today; only the Receiver's reliance on WC 4th did. The receivership order in WC 4th expressly reached the judgment debtor's limited liability company interests and allowed their turnover to the

receiver; the orders here expressly exclude those interests and limit the Receiver to a charging order, and the Debtor's sole member is not a judgment debtor in either cause. The Debtor does not ask the Court to decide the Receiver's authority on this Motion; that question is presented by the Receiver's own motion [ECF No. 21], set for October 23, 2026. It bears on this Motion because the Motion treats the dispute as a reason the case cannot be administered, and the record shows which side of the dispute the orders and the Receiver's own prior statements support.

The Receiver's sworn statements, in sequence:

| **When** | **What the Receiver said** | **Record** |
|---|---|---|
| April 3, 2025 (under oath, Bankr. W.D. Tex.) | "This order does not turn over his LLC interest to me." | Apr. 3, 2025 Tr. 21:17-19 [ECF No. 193-12] |
| April 3, 2025 | "I'm not taking the position that I have a turnover of the membership units of any LLC that Mr. Choudhri owns, that there's only a charging order against that, and I'm entitled to distributions from his LLC interests to the extent that they're made." | Id. 27:1-5 |
| April 3, 2025 | After the court read him the paragraph 8 exclusion: "I have a right to his distributions only." | Id. 34:22-35:6 |
| April 4, 2025 (email to Kell Mercer) | "[T]he law is that Receiver has a charging order over the LLCs only"; he did not direct those entities' conduct; he was "allowed to monitor." | ECF No. 193-18 |
| September 23, 2026 (this Court) | Asked whether any WC 4th ruling existed when he wrote the Mercer email: "No." | Ex. 3, Tr. 141:3-8 |
| September 23, 2026 | WC 4th "post-dates" the receivership orders. | Ex. 3, Tr. 141:17-21 |
| September 23, 2026 | Asked where in the orders he finds his authority, after the Court sustained an objection to his answering from case law: "Paragraph 8 is Choudhri receivership assets and includes all assets owned by Choudhri except his ownership in any limited liability company, right." | Ex. 3, Tr. 162:2-21 |
| September 23, 2026 | Asked whether paragraph 8 limits the assets he may take to those owned by Mr. Choudhri except his limited liability company interests: "That's what it says here." | Ex. 3, Tr. 170:14-21 |
| September 23, 2026 (the Court) | WC 4th is "their legal argument" and "the source of the dispute between the two tables." | Ex. 3, Tr. 172:3-18 |

WC 4th & Colorado compared with this case:

| **Question** | **WC 4th & Colorado** | **This case** |
|---|---|---|
| Did the receivership order reach the judgment debtor's LLC interests? | Yes. The order expressly reached them and allowed their turnover to the receiver. | No. Paragraph 8 excludes "his ownership interests in any limited liability company" from the receivership assets [ECF No. 20-1]. |
| What remedy does the order give as to LLC interests? | Turnover to the receiver. | A charging order, which reaches distributions (¶ 18) [ECF No. 20-1; ECF No. 20-2 ¶ 24]. |

| Question | WC 4th & Colorado | This case |
|---|---|---|
| Whose LLC is it? | The judgment debtor's own entities. | Not the judgment debtor's. The sole member is Shahnaz Choudhri, who is not a judgment debtor and not a party to the receivership causes [ECF No. 14; Ex. 4]. |

21. Nor is the Debtor's conduct since reinstatement consistent with bad faith. In the five days since the Court vacated the dismissal, the Debtor has appeared through counsel at the October 5 status conference, remitted payment toward the trustee deposits, conferred with counsel for the United States Trustee on the remaining compliance items, prepared the amended application to employ counsel under § 327(a) for filing by October 14, and set October 19, 2026 for the First Amended Plan. The Court should judge the Debtor's good faith on the whole record, including that part of it.

## VI. Dismissal With Prejudice Is Not Warranted

22. A dismissal is without prejudice unless the Court orders otherwise "for cause." 11 U.S.C. § 349(a). Courts impose a bar to refiling for serial filings and for willful disregard of court orders of the kind § 109(g) describes. The authority the Motion cites, Casse v. Key Bank Nat'l Ass'n (In re Casse), 198 F.3d 327 (2d Cir. 1999), involved an individual who had filed and dismissed repeatedly to defeat a mortgagee's foreclosure; the Second Circuit upheld a bar to refiling because the debtor's history showed that any new case would be filed for the same purpose. This is the Debtor's first case. The Motion alleges no prior filing, no dismissal-and-refiling pattern, and no violation of an order after the Court directed compliance. The August 24 deadline was missed by one day. The Scheduling

Order's deposit requirement is partially satisfied, and the balance will be paid by October 14, 2026. Neither supports a finding of willfulness.

## VII. Limited Joinder of Creditor Ali Choudhri

23. Ali Choudhri is a creditor of the Debtor and a party in interest under 11 U.S.C. § 1109(b). He appears in his own name. He is not represented in this case by Vincent Law, PLLC, Yablon Law PLLC or Shackelford, McKinley & Norton, LLP.

24. Mr. Choudhri joins in Section V ("The Record Does Not Show Bad Faith") and Section VI ("Dismissal With Prejudice Is Not Warranted") and adopts them by reference as his response to the Motion. He joins because the Motion's allegations concerning him (Mot. ¶¶ 63-71) are addressed there and because a dismissal with prejudice to refiling would affect his claim.

25. Mr. Choudhri does not join in Sections I through IV. The statements in those sections concerning the Debtor's administration of the case, its cure of the matters the Motion identifies and its plan are the Debtor's statements, made through its counsel, and Mr. Choudhri makes no representation about them. He holds no membership interest in the Debtor and does not manage it.

26. Nothing in this joinder is an admission concerning the authority of the state-court receiver appointed in Cause Nos. 2012-27197-A and 2012-27197-D over Mr. Choudhri's assets or concerning any matter at issue in the Receiver's motion [ECF No. 21] or in those causes, and Mr. Choudhri reserves all rights and defenses.

## VIII. Prayer

The Debtor and Ms. Choudhri ask, and Mr. Choudhri joins in asking, that the Court deny the Motion. The Debtor and Ms. Choudhri request such other relief as is just.

Dated: October 7, 2026.

Respectfully submitted,

*/s/ Courtney A. Vincent*
**Courtney A. Vincent**
Minnesota Bar No.: 0403083
Admitted to the U.S. Bankruptcy Court
for the Northern District of Texas
***Vincent Law, PLLC***
1035 Dairy Ashford, Suite 145
Houston, Texas 77079
**Mailing Address:**
P.O. Box 940129
Houston, Texas 77094
Tel: (713) 223-9300
Fax: (832) 603-4444
**info@vincentlawpllc.com**

**PROPOSED COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION MCITBE LLC**

**AND**

*/s/ Mark P. Yablon*
**Mark P. Yablon**
Texas Bar No. 24100688
***Yablon Law PLLC***
2777 Allen Parkway, Floor 10
Houston, Texas 77019
Tel: (281) 310-5813
bankruptcy@yablonlaw.com

**COUNSEL OF RECORD FOR DEBTOR MCITBE LLC**

**AND**

*/s/ Lori A. Hood*
**Lori A. Hood**
Texas Bar No. 09943430
***Shackelford, McKinley & Norton, LLP***
717 Texas Avenue, 27th Floor
Houston, Texas 77002
Tel: (832) 669-6081
lhood@shackelford.law

**COUNSEL FOR SHAHNAZ CHOUDHRI**

**AND**

*/s/ Ali Choudhri*
**Ali Choudhri, pro se**
4521 San Felipe Street, Unit 3201
Houston, Texas 77027
Tel: (281) 630-6627
ali@jetallcapital.com

**CREDITOR AND PARTY IN INTEREST, AS TO SECTIONS V AND VI ONLY**

## FILING NOTE

This document is filed through the Court's CM/ECF system by proposed counsel for the Debtor. Counsel of record for the Debtor, counsel for Ms. Choudhri and Mr. Choudhri each reviewed it and authorized the use of his or her electronic signature by written communication dated October 7, 2026, which the filing attorney retains. Proposed counsel for the Debtor files it at their request and does not represent Ms. Choudhri or Mr. Choudhri.

## CERTIFICATE OF SERVICE

I certify that on October 7, 2026, a true and correct copy of the foregoing response was served through the Court's CM/ECF system on all parties registered to receive electronic notice in this case, including counsel for the United States Trustee and the Subchapter V trustee, and by first-class mail on the parties listed on the attached service list.

*/s/ Courtney A. Vincent*
**Courtney A. Vincent**

**Exhibits**

Exhibit 1: Statement of Paul Cox, Manager of the Debtor, regarding the Subchapter V trustee deposits. Reserved; the Debtor will file this exhibit by supplement before the October 15, 2026 hearing.

Exhibit 2: Order Granting Motion to Vacate Dismissal Order and Reinstate Case, entered October 2, 2026 [ECF No. 196].

Exhibit 3: Transcript of September 23, 2026 hearing (Liberty Transcripts, certified September 28, 2026), excerpts: pp. 141, 149, 162, 170, 172 (testimony of Travis B. Vargo).

Exhibit 4: Deposition of Russel Gribble, May 12, 2026, MCITBE LLC v. Gribble, No. 2026-22035 (129th Dist. Ct., Harris County, Tex.) [ECF No. 104-8], excerpts: cover, appearances, p. 113, reporter certificate.

Exhibit 5: Transcript of August 4, 2026 preliminary hearing on Security State Bank & Trust's motion for relief from stay (1:30 p.m. docket) [ECF No. 47], excerpts: cover and p. 9.