# Exhibit 32

ACCEPTED
01-26-00895-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/2/2026 11:26 AM
DELILAH ALVAREZ
CLERK OF THE COURT

**NO. ____________________**

**IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/2/2026 11:26:16 AM
DELILAH ALVAREZ
Clerk of The Court

**IN RE ALI CHOUDHRI, Relator**

Original Proceeding from the 127th Judicial District Court
Harris County, Texas, Cause No. 2026-59605
Hon. Denise Brown, Respondent

**PETITION FOR WRIT OF MANDAMUS AND
EMERGENCY MOTION FOR TEMPORARY RELIEF**

## IDENTITY OF PARTIES AND COUNSEL

**Relator:** Ali Choudhri, 4521 San Felipe Street, Unit #3201, Houston, Texas 77027; 281.630.6627; ali@jetallcapital.com. Appearing pro se.

**Respondent:** The Honorable Denise Brown, Judge, 127th Judicial District Court, Harris County, Texas, 201 Caroline Street, Houston, Texas 77002.

**Real Party in Interest:** Travis B. Vargo, in his capacity as Court-Appointed Receiver. Counsel: Travis B. Vargo (SBN 24047027) and Michael Poynter (SBN 24092991), Vargo Law Firm, PC, 12012 Wickchester, Suite 670, Houston, Texas 77079; tvargo@vargolawfirm.com; mpoynter@vargolawfirm.com.

**Real Party in Interest:** Alan Rosen, Constable, Precinct 1, Harris County. Counsel: Brian J. Hrach (SBN 24050787), Courtney T. Carlson (SBN 24065004), and Felipe S. Guevara (SBN 24147888), Office of the Harris County Attorney, 1010 Lamar St., 11th Floor, Houston, Texas 77002; Brian.Hrach@harriscountytx.gov.

## TABLE OF CONTENTS

Identity of Parties and Counsel

Index of Authorities

Statement of the Case

Statement Regarding Timeliness

Statement of Jurisdiction

Issues Presented

I. Statement and Relief Sought

II. The Emergency

III. Mandamus Standard

IV. Grounds (A–K)

V. No Adequate Remedy

VI. This Court Should Retain This Original Proceeding

VII. Prayer

Certification; Certificate of Compliance; Certificate of Service

Appendix (Exhibits A–R)

## INDEX OF AUTHORITIES

**Cases**

*Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577 (Tex. 2018)

*Armstrong v. Manzo*, 380 U.S. 545 (1965)

*Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223 (Tex. 1991)

*Bizkeeping Corp. v. Benton*, 714 S.W.3d 857 (Tex. App.—Houston [1st Dist.] 2025, orig. proceeding)

*Bollore S.A. v. Import Warehouse, Inc.*, 448 F.3d 317 (5th Cir. 2006)

*Bran v. Spectrum MH, LLC,* No. 14-22-00479-CV, 2023 WL 5487421 (Tex. App.—Houston [14th Dist.] Aug. 24, 2023, pet. denied) (mem. op.)

*Browning v. Placke*, 698 S.W.2d 362 (Tex. 1985) (per curiam)

*Butron v. Cantu*, 960 S.W.2d 91 (Tex. App.—Corpus Christi 1997, no writ)

*Campbell v. Wilder*, 487 S.W.3d 146 (Tex. 2016)

*Carey v. Looney*, 113 Tex. 93, 251 S.W. 1040 (1923)

*Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000)

*Elgohary v. Herrera Partners, L.P.*, No. 01-13-00193-CV, 2014 WL 2538556 (Tex. App.—Houston [1st Dist.] June 5, 2014, no pet.) (mem. op.)

*Evans v. Pringle*, 643 S.W.2d 116 (Tex. 1982) (per curiam)

*Ex parte Fleming*, 532 S.W.2d 122 (Tex. Civ. App.—Dallas 1975, no writ)

*Fuentes v. Zaragoza*, 555 S.W.3d 141 (Tex. App.—Houston [1st Dist.] 2018, no pet.)

*Hankins v. Harris*, 500 S.W.3d 140 (Tex. App.—Houston [1st Dist.] 2016, no pet.)

*Heggen v. Pemelton*, 836 S.W.2d 145 (Tex. 1992)

*Inwood N. Homeowners' Ass'n v. Harris*, 736 S.W.2d 632 (Tex. 1987)

*JAJWK, LLC v. Primeway Fed. Credit Union*, No. 01-23-00657-CV (Tex. App.—Houston [1st Dist.] Mar. 12, 2026)

*Klinek v. LuxeYard, Inc.*, 672 S.W.3d 830 (Tex. App.—Houston [14th Dist.] 2023, pet. denied)

*Lifemark Corp. v. Merritt*, 655 S.W.2d 310 (Tex. App.—Houston [14th Dist.] 1983, no writ)

*Mapco, Inc. v. Forrest*, 795 S.W.2d 700 (Tex. 1990) (per curiam)

*Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983)

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)

*Norris v. Thomas*, 215 S.W.3d 851 (Tex. 2007)

*Pajooh v. Royal West Invs. LLC*, 518 S.W.3d 557 (Tex. App.—Houston [1st Dist.] 2017, no pet.)

*In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124 (Tex. 2004)

*Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835 (Tex. 2007)

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004)

*Van Dyke v. Littlemill Ltd.*, 579 S.W.3d 639 (Tex. App.—Houston [14th Dist.] 2019, no pet.)

*Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992)

**Constitutional Provisions, Statutes, and Rules**

Tex. Const. art. I, § 19; art. XVI, § 50(a)

Tex. Civ. Prac. & Rem. Code §§ 31.002, 31.002(f), 65.023(b)

Tex. Bus. Orgs. Code §§ 1.102, 101.106(b), 101.112(d), (f), (g)

Tex. Gov't Code §§ 22.221(a), (b)

Tex. Prop. Code §§ 22.001(a), 24.0061(d)(1), 41.001(a)

Wyo. Stat. Ann. § 17-29-503(g)

Tex. R. Civ. P. 3a, 48, 683, 684

Tex. R. App. P. 52.3, 52.10

Rules 3.5.1, 3.5.2, 3.5.3, Rules of the Civil Trial Division, Harris County District Courts (Misc. Docket No. 14-9092)

## STATEMENT OF THE CASE

Relator sued Constable Alan Rosen in the 127th Judicial District Court to prevent execution of a writ of possession against the residence he has occupied since November 2021. On August 21, 2026 the court granted a temporary restraining order, set bond at $100, which Relator paid, and set his application for temporary injunction for evidentiary hearing on September 4, 2026 at 1:30 p.m.

The Receiver intervened that same day, moved to dissolve the restraining order, and filed a plea to the jurisdiction. Four days later, on August 25, he electronically filed a proposed order dissolving the restraining order and dismissing the cause.

On August 26 the ancillary court — the Honorable Sonya Aston, presiding as Judge Presiding for the 127th — heard the motion and the plea. The reporter's record will reflect that the hearing ran several hours. The court received evidence, heard argument from counsel and the parties, requested supplemental briefing, and took both matters under advisement. The parties briefed them. On August 31, 2026 at 6:07 p.m., that court denied the motion and the plea in all respects.

No party moved for reconsideration of that order. No party sought to set it aside. Nothing further was filed.

Less than seventeen hours later, at 11:00 a.m. on September 1, a setting noticed on August 27 went forward. Relator objected that nothing remained to be heard, handed the court the August 31 order, and read its operative language aloud. Intervenor acknowledged that the ancillary court had signed the order and stated that he had seen it that morning. No party contended that the order had not issued. The court acknowledged having it and observed that it appeared to be still in processing.

The court then signed the order the Receiver had drafted on August 25: dissolving the temporary restraining order, denying the application for temporary injunction that was set for

evidentiary hearing three days later, denying a permanent injunction on which no trial had been held and no evidence received, and dismissing the cause for want of jurisdiction.

Nothing now restrains execution. Relator seeks mandamus and emergency temporary relief.

## STATEMENT REGARDING TIMELINESS

The order complained of was signed September 1, 2026. Relator received notice of it the same day: the electronic filing manager transmitted a Notification of Service to Relator at 3:18 p.m. on September 1, 2026, Envelope No. 119391395. Appendix Exhibit O. This petition is filed promptly thereafter.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to issue a writ of mandamus against a judge of a district court in its district. Tex. Gov't Code § 22.221(b). It may also issue all writs necessary to enforce its jurisdiction. *Id.* § 22.221(a). Temporary relief pending disposition is authorized by Texas Rule of Appellate Procedure 52.10.

## ISSUES PRESENTED

1. Whether the trial court abused its discretion by granting ancillary relief that Rule 3.5.3 of the Rules of the Civil Trial Division reserves absent a written order that was never sought or issued.

2. Whether the trial court abused its discretion by granting, on September 1, 2026, the identical relief the same court had denied in all respects on August 31, 2026, on a fully briefed record and with no motion for reconsideration.

3. Whether the trial court abused its discretion by denying temporary and permanent injunctive relief without the evidentiary hearing it had set and without notice that the application would be decided.

4. Whether the portions of the order denying relief on the merits are void, the court having simultaneously dismissed for want of jurisdiction.

5. Whether dismissal rested on an erroneous construction of Texas Civil Practice and Remedies Code § 65.023(b).

TO THE HONORABLE COURT OF APPEALS:

## I. STATEMENT AND RELIEF SOUGHT

Relator Ali Choudhri petitions for a writ of mandamus directing the Respondent to vacate the Order Dissolving Temporary Restraining Order and Dismissing Case signed September 1, 2026, and moves for emergency temporary relief staying execution of any writ of possession against 4521 San Felipe Street, Unit 3201, Houston, Texas 77027 pending disposition of this proceeding.

Relator has concurrently perfected an appeal from the same order. He files this petition in the alternative because the order dissolved a temporary restraining order, an act not ordinarily subject to appeal, and because execution and sale of the Property would moot appellate review before it could occur. If the Court concludes that appeal is the proper vehicle, Relator asks that this petition be treated as, or consolidated with, his appeal and that temporary relief issue in either posture.

## II. EMERGENCY

The writ commands removal of all occupants and all personal property, and the underlying order authorizes the Receiver to engage a realtor and to market and sell the Property. Relator has resided there since November 2021 as his sole residence, with his elderly mother. With the temporary restraining order dissolved and the cause dismissed, no order restrains execution, and Relator is entitled to no advance notice of when it will occur.

## III. MANDAMUS STANDARD

Mandamus issues to correct a clear abuse of discretion for which there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). A trial court abuses its discretion when it acts without reference to guiding rules and principles, or when it acts contrary to law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992).

An appellate remedy is inadequate where the trial court's action would permanently deprive a party of substantial rights or where the subject matter of the dispute would be lost before review. *Prudential*, 148 S.W.3d at 136–38. Real property is unique. If the Property is sold to a third party during the pendency of an appeal, no appellate judgment can restore it.

## IV. GROUNDS

### A. The trial court granted ancillary relief the local rules do not permit it to grant.

Motions to dissolve temporary restraining orders are placed on the ancillary docket by name. Rule 3.5.1(b), Rules of the Civil Trial Division, Harris County District Courts, approved by the Supreme Court of Texas under Texas Rule of Civil Procedure 3a. Misc. Docket No. 14-9092 (Apr. 2014).

Rule 3.5.3 provides that no judge other than the Ancillary Judge may *grant* ancillary relief without a written order from the Ancillary Judge or the Administrative Judge of the Civil Trial Division. The rule's single carve-out identifies the only authority a Presiding Judge holds over a temporary restraining order absent such authorization: the power to grant an *extension*. No party requested the written order the rule requires, and none issued.

Rule 3.5.3 further provides that the Ancillary Judge hears ancillary matters as “Judge Presiding” for the court in which the case is pending. The ancillary judge therefore acted as the 127th District Court, not as a separate tribunal.

The rules also prescribe what happens when an Ancillary Judge becomes unavailable: she "will designate, in writing, another judge to serve ad interim," and absent that, matters "will be presented to the Administrative Judge of the Civil Trial Division." Rule 3.5.2. No designation was sought, the matter was never presented to the Administrative Judge, and the written order Rule 3.5.3 requires was never requested.

**B. The court granted relief the same court had denied the previous evening.**

> **August 25, 2026, 3:14 p.m.** — The Receiver electronically files the proposed order dissolving the temporary restraining order and dismissing the case, Envelope No. 119079961, one day before the ancillary hearing.
>
> **August 26, 2026** — The Honorable Sonya Aston of the 80th Judicial District Court, sitting as ancillary court and presiding for the 127th, calls the Emergency Motion to Dissolve and the Plea to the Jurisdiction for hearing. Both sides appear. The court receives evidence and hears argument from counsel and the parties. Intervenor identifies the relief he seeks: dissolution of the temporary restraining order and dismissal of the cause. The court requests supplemental briefing and takes both matters under advisement.
>
> **August 26–31, 2026** — The parties fully brief both matters. Relator files a written response addressing the Plea and the jurisdictional arguments, including § 65.023(b). The ancillary court has the motion, the response, the evidence, and the argument of all parties before it.
>
> **August 27, 2026** — With the ruling pending, and on the same day he filed his supplemental brief to the ancillary court, the Receiver serves a Third Amended Notice of Oral Hearing setting the same motion before the 127th District Court on September 1, 2026.
>
> **August 31, 2026** — The ancillary assignment under which Judge Aston was presiding concludes. Under Rule 3.5.2, each judge serves as Ancillary Judge for one-half of a calendar month according to a schedule adopted by the judges of the Civil Trial Division;

the date the assignment would end was therefore ascertainable in advance. **The September 1 setting was noticed for the first day after that assignment ended.**

**August 31, 2026, 6:07 p.m. —** Judge Aston denies the Emergency Motion to Dissolve and the Plea to the Jurisdiction **in all respects**, signing as "Judge Presiding." The order recites that the court considered "the Motion, the Response filed by Plaintiff, ALI CHOUDHRI, the evidence, and the arguments of counsel and the parties." This was a decision on a fully developed record, not a preliminary or provisional ruling.

**August 31, 2026, after 6:07 p.m.** — The motion and the plea stood denied. The controversy they raised was resolved. No motion to reconsider was filed then or at any time. The only matter remaining in the cause was Relator's application for temporary injunction, set for evidentiary hearing on September 4, 2026.

**September 1, 2026 —** The setting noticed on August 27 went forward notwithstanding the ruling. No motion was pending: the motion noticed for that setting had been denied the previous evening, and no party had asked the court to revisit that denial. Respondent signs the order the Receiver drafted on August 25.

The difficulty is not the different result. There was no motion before the court to grant. **A court cannot grant relief on a motion that has already been denied and is no longer before it.**

A motion, once ruled upon, is disposed of. It can be restored only by a motion for reconsideration or new trial, or by the court acting on notice. None of that happened. The denial issued at 6:07 p.m.; the hearing convened at 11:00 a.m. the next morning. The Receiver filed nothing in the interval and acknowledged at the hearing that he had seen the order.

By the morning of September 1 the posture was settled: both had been denied, the restraining order ran until September 4, and the temporary injunction was set for hearing that day. That application was the only live matter.

The order signed that day granted a motion that no longer existed, denied an application set for hearing three days later, denied permanent relief never submitted, and dismissed the cause.

The order was before the court, and had been transmitted in advance. At 10:15 a.m. on September 1 — forty-five minutes before the setting — Relator wrote to the District Clerk's office, attached the August 31 order and the notice of hearing, stated the same relief had been "ruled on last night and denied," and asked whether a hearing would go forward. Appendix Exhibit N. The reporter's record will further reflect that Relator handed a copy up at the outset of the hearing and read its operative language aloud, and that the court acknowledged having it and that there was an order in the file signed by Judge Aston.

The record will also reflect that the court described the order as "still in processing." An order is effective when signed; its force does not await imaging or docketing. That understanding was mistaken, and it is why the two orders conflict.

Nor did the date simply arrive. The record will reflect that a setting existed for August 31, that Intervenor passed it for a conflict elsewhere, and reset it to September 1. The ruling issued in the interval.

Intervenor sought this relief himself and it was denied. The motion decided on August 31 was his own, noticed, argued, and briefed at the ancillary court's request. He obtained the same relief the next morning without appealing, without moving for reconsideration, and without any new motion or changed circumstance.

Intervenor urged preclusion below, arguing in his Supplemental Brief that Relator's claims are "barred by res judicata" and that a ruling binds "even while the case is on appeal." *Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 750 (Tex. 2017); *De Gonzalez v. Guilbot*, 315 S.W.3d 533, 536 n.3 (Tex. 2010). Appendix Exhibit L.

Relator does not contend the August 31 order is a final judgment for res judicata purposes; it is interlocutory. He contends something narrower: a party who asks a court to hold his opponent to a prior adverse ruling cannot treat an adverse ruling against himself as though it never issued. Intervenor's remedy was reconsideration or appeal. He sought neither.

The consequences do not admit of correction in the ordinary course. The writ may be executed at any time, and the July 28 Order authorizes the Receiver to market and sell the Property. Once the home is emptied and conveyed, no order of this Court can restore it.

The exigency the Receiver pleaded had also disappeared. The sole basis he offered for emergency consideration was a tax sale set for September 1, 2026 in Cause No. 2023-67381. That sale was cancelled on August 26, 2026. Nothing required a second hearing in advance of the September 4 evidentiary setting the trial court had already made.

What the Receiver did intend was stated in his own words. On August 25, 2026 he wrote to counsel for the taxing authorities: "I'm a receiver that's taken over the property. . . . I just need a couple months to sell it." The July 28 Order authorizes him to engage a realtor and to market and sell the Property. The temporary restraining order restrained execution of the writ; it did not restrain marketing or sale, and Constable Rosen has no role in either. Relator moved on August 31, 2026 to extend the restraint to the Receiver. That motion was pending when the order under review issued.

**C. Injunctive relief was denied without the hearing that had been set.**

The application for temporary injunction was set for evidentiary hearing on September 4, 2026. The order denies it without that hearing, without evidence, and without notice that the application would be resolved on September 1. Relator had no opportunity to present witnesses or exhibits.

The order further denies a *permanent* injunction. No trial has been held and no evidence has been received on the merits. Denial of permanent relief in that posture is not an exercise of discretion; it is a disposition without an adjudication.

**D. The order's dispositions cannot coexist.**

A court that lacks subject-matter jurisdiction may only dismiss; it cannot adjudicate the merits. An order entered by a court that has no jurisdiction to enter it is a nullity. *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) (per curiam); *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (per curiam). Having declared that it lacked jurisdiction over this cause, the trial court had no power to reach the merits, and the portions of the order denying temporary and permanent injunctive relief are void.

The order dismisses for want of jurisdiction and, in the same paragraph, denies permanent injunctive relief. Dismissal for want of jurisdiction is also without prejudice, and where pleadings are curable a plaintiff must be afforded an opportunity to amend. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004); *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839–40 (Tex. 2007).

**G. The jurisdictional premise is contrary to controlling authority.**

To the extent the dismissal rested on Texas Civil Practice and Remedies Code § 65.023(b), the Supreme Court's decision in *Campbell v. Wilder*, 487 S.W.3d 146 (Tex. 2016), forecloses it. *Campbell* reversed a court of appeals that had dismissed for want of jurisdiction, holding the statute inapplicable and jurisdiction present. *Id.* at 152. It expressly declined to decide whether § 65.023 is jurisdictional. *Id.* at 149 n.13. And it overruled *Evans v. Pringle*, 643 S.W.2d 116 (Tex. 1982) (per curiam). *Id.* at 150–51.

The controlling test is whether relief may be granted independently of the judgment. *Carey v. Looney*, 113 Tex. 93, 251 S.W. 1040 (1923). Where specific property is levied on under a general

execution, the levy may be enjoined in another court, even by a party, because enjoining a sale on the claim that the property *is not subject to the levy* is not interference with another court's process. *Campbell*, 487 S.W.3d at 150.

The characterization of § 65.023(b) as jurisdictional traces to *Butron v. Cantu*, 960 S.W.2d 91, 94 (Tex. App.—Corpus Christi 1997, no writ), which predates *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000). *Dubai* disapproved treating statutory requirements as jurisdictional and adopted a presumption against that construction absent clear legislative intent. Section 65.023(b) contains no such expression.

**H. The turnover statute could not reach this property.**

The turnover statute "has no provision conferring authority on trial courts to decide the substantive rights of the parties properly before it in a turnover proceeding, let alone the rights of strangers to the underlying judgment." *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577, 585 (Tex. 2018). It is a procedural device only. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex. 1991).

The statute also may not reach exempt property. Tex. Civ. Prac. & Rem. Code § 31.002(f).

Accord *JAJWK, LLC v. Primeway Fed. Credit Union*, No. 01-23-00657-CV (Tex. App.—Houston [1st Dist.] Mar. 12, 2026); *Bizkeeping Corp. v. Benton*, 714 S.W.3d 857, 864–65 (Tex. App.—Houston [1st Dist.] 2025, orig. proceeding); *Elgohary v. Herrera Partners, L.P.*, No. 01-13-00193-CV, 2014 WL 2538556 (Tex. App.—Houston [1st Dist.] June 5, 2014, no pet.) (mem. op.).

Whether the Receiver has remained within those limits cannot be determined, because he declines to say. Asked in writing on August 21 for the balance owed and amounts collected, he replied that Relator should "use [the orders] to calculate the amount due" and "circulate your own calculation," adding that his "fees and expenses are costs of court that are taxed against you." No

accounting has been provided. Appendix Exhibits K ¶¶ 20–24, M. A receiver seeking to sell a person's residence should be able to state what is owed.

Relator states the ground on which he relies with precision. He does *not* contend that the July 28 Order is void because it violates Article XVI, Section 50(a) or § 31.002(f); those are grounds for direct attack and are presented in the pending appeal. He relies on the first category in *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) (per curiam): the absence of jurisdiction over the party. On Intervenor-Appellee's own pleaded premise that the Property is titled in Arabella PH 3201 LLC, the Order operated on the property of an entity never named, never served, and never appearing in Cause No. 2012-27197-A. A court does not acquire jurisdiction over a person by entering an order against that person's property. See *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798–800 (1983).

A second, independent ground reaches the same result. A judgment granting relief unsupported by the pleadings is void. *Ex parte Fleming*, 532 S.W.2d 122, 123 (Tex. Civ. App.—Dallas 1975, no writ). No pleading in Cause No. 2012-27197-A sought relief against Arabella PH 3201 LLC. Neither ground requires extrinsic proof; both appear from the face of the record. Relator's bench brief developing these authorities is attached as Appendix Exhibit J.

Charging-order exclusivity is an independent bar. Under Wyo. Stat. Ann. § 17-29-503(g) — which governs Relator's internal affairs, Tex. Bus. Orgs. Code § 1.102 — a charging order is the exclusive remedy, and Texas law is the same. Tex. Bus. Orgs. Code § 101.112(d), (f), (g); *Bran v. Spectrum MH, LLC*, No. 14-22-00479-CV, 2023 WL 5487421 (Tex. App.—Houston [14th Dist.] Aug. 24, 2023, pet. denied) (mem. op.).

Relator pleads in the alternative and makes no judicial admission. Tex. R. Civ. P. 48. He holds record title and claims the Property as his homestead; every reference to Arabella as owner states Intervenor-Appellee's position, not his.

**E. The underlying order voided deeds the trial court was unable to review.**

The July 28, 2026 Order was decided by submission, without an evidentiary hearing and without witness testimony. At the August 19, 2026 hearing on Relator's motion for new trial, the court acknowledged that when it issued the July 28 Order it had been unable to open the exhibits submitted with the Receiver's motion and therefore could not review the deeds at issue. It declared those deeds void and expunged nonetheless. The hearing was conducted as a question-and-answer session, and counsel and parties were not permitted to call witnesses. Declaration of Derek Staub ¶¶ 3–8 (Appendix Exhibit H).

Title was also never properly placed in controversy. Trespass to try title is the exclusive method for determining title. Tex. Prop. Code § 22.001(a). No such claim was pleaded. Appendix Exhibit I ¶¶ 4–5. A judgment divesting a non-party of property rights without notice is void as to that party, and a later suit does not cure it. *Fuentes v. Zaragoza*, 555 S.W.3d 141, 166–68 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *Armstrong v. Manzo*, 380 U.S. 545, 551–52 (1965).

**I. Intervenor-Appellee pleaded jurisdiction and venue in the alternative; the court took neither path.**

Intervenor-Appellee pleaded the point two ways in the same document: his Intervention asserts at ¶ 5 that the trial court lacked jurisdiction under § 65.023(b), and at ¶ 6 that “venue is wrong in this Court,” requesting transfer under Texas Rule of Civil Procedure 86. Appendix Exhibit P.

Those positions are mutually exclusive, and the difference determines the disposition. A court that lacks subject-matter jurisdiction cannot transfer a case; it may only dismiss. Transfer is a venue remedy and presupposes jurisdiction.

The trial court took neither path consistently. It dismissed for want of jurisdiction while also denying relief on the merits, with a lesser alternative — transfer — squarely before it.

That pleading also alleges that Arabella PH 3201 LLC "owns fee simple title" and that the Receivership Orders "turned over ownership and control of Arabella PH 3201 LLC" to Intervenor-Appellee (¶ 9) — placing title in an entity never made a party, and describing what the charging-order statutes forbid.

**J. The homestead authority relied upon below does not say what it was said to say.**

Intervenor-Appellee argued that Relator cannot claim homestead because he does not own the Property, citing *Norris v. Thomas*, 215 S.W.3d 851, 854 (Tex. 2007). *Norris* holds that a yacht is not a homestead because it lacks physical attachment to realty. In reaching that holding the Court reaffirmed *Cullers v. James*, which established that a house may be a homestead "even if the owner has no proprietary interest in the land on which the house stands," and stated that homestead protection "turns not on who owns the underlying land, but on the degree to which the residence 'thereon' or 'on the land' is attached to it." *Id.* at 854–55. Homestead may attach to an interest less than fee. *Inwood N. Homeowners' Ass'n v. Harris*, 736 S.W.2d 632, 635 (Tex. 1987).

**K. No valid notice supports execution.**

A ten-day Final Notice of Writ of Possession was posted on or about August 7, 2026, setting execution on or after August 17, 2026. The 333rd District Court then entered a two-week standstill running through August 20, 2026. The notice period lapsed during the standstill and was never reposted, yet execution was set for the following morning on less than twenty-four hours' notice. The Receiver's reliance on Texas Property Code § 24.0061(d)(1) is misplaced: that provision governs writs of possession in forcible entry and detainer suits under Chapter 24, and this writ issued from a post-judgment turnover proceeding.

**J. Relator lives in the property.**

Relator has resided at 4521 San Felipe Street, Unit 3201 continuously since November 2021. It is his sole residence. He sleeps there, keeps his clothing, furniture, personal papers, and

household belongings there, prepares and eats his meals there, and receives his mail there. His elderly mother lives with him and has nowhere else to live. He claims no homestead in any other property and never has. Declaration of Ali Choudhri ¶¶ 3–10 (Appendix Exhibit K).

That is what the constitutional exemption turns on. No particular writing is required; what is required is proof of the concurrence of usage and intent to claim the property as a homestead. *Hankins v. Harris*, 500 S.W.3d 140, 145 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Heggen v. Pemelton*, 836 S.W.2d 145, 148 (Tex. 1992). Homestead protections are construed liberally in the claimant's favor. *Inwood N. Homeowners' Ass'n v. Harris*, 736 S.W.2d 632, 635 (Tex. 1987).

The writ commands the removal of all occupants and all personal property. What is at stake in this proceeding is not an investment or a disputed asset. It is the home Relator and his mother live in, and the judgment enforced against it is a general money judgment that falls within no exception in Article XVI, Section 50(a).

**<u>K. The construction urged below leaves the claim no forum.</u>**

Intervenor-Appellee has told every court in this chain that it cannot act. He told the trial court it lacked jurisdiction (Intervention ¶ 5) and that "[t]he jurisdiction to stay writs of possession out of the 333rd lies with the 333rd District Court only" (Supp. Br. ¶ 12). He told the Fourteenth Court of Appeals, under the heading "APPELLATE COURTS LACK JURISDICTION TO ISSUE A STAY OF A WRIT OF POSSESSION," that "[t]he appellate courts do not have jurisdiction over post-judgment orders to issue a writ of possession" and that "[t]his appeal must be dismissed." Appendix Exhibit Q. And he told the trial court that Relator's remedy is "to bring such complaints to the attention of the 333rd" (Supp. Br. ¶¶ 21, 22, 27). Appendix Exhibits L, P.

He has also characterized the result two ways. On August 25 he asked the Fourteenth Court to deny the stay and dismiss for want of jurisdiction. That court denied the stay on August 27 by a one-sentence order stating no reasons. Appendix Exhibit R. Two days after filing, Intervenor-

Appellee told the trial court that "[t]he Fourteenth Court of Appeals rejected these arguments when it denied the motion for stay. This Court should also reject these arguments." Supp. Br. ¶¶ 7–9. An unexplained denial of emergency relief, sought on the ground that the court lacked jurisdiction to grant it, is not a merits rejection of a homestead claim.

Intervenor-Appellee will likely urge that argument here. It does not apply. *Henderson* and *Manley* hold that a post-judgment order authorizing issuance of a writ is not itself appealable. Relator does not appeal from the July 28 Order here. He seeks mandamus as to the September 1 Order, which recites that it is final and appealable, and temporary relief to preserve the subject matter of a proceeding properly before this Court. Tex. Gov't Code § 22.221(a); Tex. R. App. P. 52.10.

Relator has done what Intervenor-Appellee said he must, and the 333rd has denied relief. On his own account no court may act: not the trial court, not the appellate courts, and not, in practice, the one forum he identified. A statute captioned "Place for Trial" should not be read to leave a constitutional homestead claim with no forum at all. Tex. Const. art. I, § 13.

## V. NO ADEQUATE REMEDY

The Receiver has stated that he needs "a couple months to sell it," and he has declined to state the balance the sale would satisfy or what has already been collected. The Property is Relator's home. Whether its sale is necessary at all cannot be evaluated on this record, and it will be too late to ask once the sale occurs.

Relator has perfected an appeal, but appeal cannot restore the Property once it is sold. The Receiver is authorized to market and sell it, and execution may occur at any time without notice. The subject matter of the dispute would be lost before review.

## VI. THIS COURT SHOULD RETAIN THIS ORIGINAL PROCEEDING

This Court and the Fourteenth Court of Appeals exercise concurrent jurisdiction over Harris County. Relator files here and respectfully asks that the proceeding be retained rather than transferred.

Relator has a pending appeal in the Fourteenth Court of Appeals, No. 14-26-00804-CV, from the July 28, 2026 Order of the 333rd District Court; both proceedings concern the same writ and the same property. That Order, and the judgment it enforces, were signed by the Honorable Randy Wilson sitting by assignment in the 333rd. Justice Wilson has served on the Fourteenth Court of Appeals, Place 9, since January 1, 2021.

Relator does not ask *this Court* to decide any question of recusal or disqualification. He will seek that relief in the Fourteenth Court under Texas Rule of Appellate Procedure 16.3, where such a motion belongs. He observes here only that the orders at the center of this dispute were signed by a member of that Court sitting as a trial judge. Emergency relief should not wait on the resolution of that question, and retention here serves the parties and public confidence.

If the Court nonetheless determines that transfer is appropriate, Relator asks that the emergency temporary relief requested below be granted before transfer, so that the subject matter of the dispute is preserved during the transfer.

## VII. PRAYER

Relator respectfully requests that the Court:

1. Immediately grant temporary relief staying execution of any writ of possession, and any sale, transfer, or encumbrance of the Property, pending disposition of this proceeding;

2. Request a response and, after consideration, conditionally grant the writ directing Respondent to vacate the Order signed September 1, 2026;

3. Retain this original proceeding or, if it is transferred, grant the temporary relief requested in Paragraph 1 before transfer;

4. In the alternative, treat this petition as part of Relator's appeal and grant temporary relief in that posture; and

5. Grant such other relief to which Relator may be entitled.

Respectfully submitted,

/s/ Ali Choudhri

Ali Choudhri
4521 San Felipe Street, Unit #3201
Houston, Texas 77027
Telephone: 281.630.6627
ali@jetallcapital.com

**RELATOR PRO SE**

**CERTIFICATION (TEX. R. APP. P. 52.3(j))**

I certify that I have reviewed the petition and concluded that every factual statement in it is supported by competent evidence included in the appendix or record.

/s/ Ali Choudhri

Ali Choudhri

**CERTIFICATE OF COMPLIANCE**

I certify that this petition complies with the length limits of Texas Rule of Appellate Procedure 9.4(i)(2)(B). Relying on the word count of the computer program used to prepare it, this document contains 4,479 words, excluding the portions exempted by Rule 9.4(i)(1).

/s/ Ali Choudhri

Ali Choudhri

**CERTIFICATE OF SERVICE**

I certify that on September 2, 2026, a true and correct copy of the foregoing was served on the Hon. Denise Brown, 127th Judicial District Court, 201 Caroline St., Houston, Texas 77002; Brian J. Hrach, Office of the Harris County Attorney, 1010 Lamar St., 11th Floor, Houston, Texas 77002; and Travis B. Vargo and Michael Poynter, Vargo Law Firm, PC, tvargo@vargolawfirm.com and mpoynter@vargolawfirm.com.

/s/ Ali Choudhri

Ali Choudhri

# APPENDIX

Pursuant to Texas Rule of Appellate Procedure 52.3(k), Relator includes the following:

Exhibit A — Order Dissolving Temporary Restraining Order and Dismissing Case, signed September 1, 2026 (certified copy)

Exhibit B — Order Denying Intervenor Travis Vargo, Receiver's Emergency Motion to Dissolve Temporary Restraining Order and Plea to the Jurisdiction, signed August 31, 2026 at 6:07 p.m.

Exhibit C — Temporary Restraining Order and Order Setting Hearing on Application for Temporary Injunction, signed August 21, 2026

Exhibit D — Third Amended Notice of Oral Hearing, served August 27, 2026

Exhibit E — Misc. Docket No. 14-9092, Supreme Court of Texas, approving amended Rule 3.5 of the Rules of the Civil Trial Division of the Harris County District Courts

Exhibit F — Correspondence regarding notice and execution of the writ of possession, August 20–21, 2026

Exhibit G — Notice from the electronic filing manager advising that eFileTexas was not accepting submissions, August 31, 2026

Exhibit H — Unsworn Declaration of Derek Staub, with the July 28, 2026 Order attached

Exhibit I — Declaration of Alicia M. Matsushima

Exhibit J — Plaintiff’s Bench Brief on the Voidness of Turnover Orders Adjudicating Non-Party Property Rights

Exhibit K — Unsworn Declaration of Ali Choudhri Regarding Residence, Homestead, and Request for Accounting

Exhibit L — Receiver Travis Vargo's Supplemental Brief in Opposition to Temporary Restraining Order and in Support of Plea to the Jurisdiction, filed August 27, 2026

Exhibit M — Correspondence between Relator and the Receiver regarding the balance claimed and amounts collected, August 21, 2026

Exhibit N — Relator's correspondence to the office of the District Clerk, September 1, 2026, 10:15 a.m., transmitting the August 31, 2026 order and the notice of hearing

Exhibit O — Notification of Service, Envelope No. 119391395, September 1, 2026, 3:18 p.m.

Exhibit P — Receiver Travis Vargo's Intervention, Emergency Motion to Dissolve Temporary Restraining Order and Plea to the Jurisdiction, filed August 21, 2026

Exhibit Q — Receiver Travis Vargo's Response to Emergency Verified Motion to Stay Enforcement and for Supersedeas, filed in No. 14-26-00804-CV on August 25, 2026

Exhibit R — Order of the Fourteenth Court of Appeals denying the motion to stay, No. 14-26-00804-CV, August 27, 2026

**PROPOSED ORDER GRANTING EMERGENCY TEMPORARY RELIEF**

The Court has considered Relator's Emergency Motion for Temporary Relief. The motion is GRANTED. It is ORDERED:

**1. Persons bound.** Travis Vargo, in his capacity as Court-Appointed Receiver; Alan Rosen, Constable of Precinct 1 of Harris County, Texas; Harris County, Texas; and each of their agents, servants, employees, deputies, officers, attorneys, contractors, movers, vendors, representatives, successors, assigns, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are BOUND by this Order.

**2. Acts stayed.** The persons identified in Paragraph 1 shall not, directly or indirectly:

a. execute, attempt to execute, cause or permit to be executed, or request issuance of *any* writ of possession, writ of execution, or other process of any court directed to the Property, including without limitation the writ of possession issued August 6, 2026, and including any writ hereafter issued;

b. enter upon the Property for the purpose of removing occupants or personal property;

c. remove, evict, dispossess, or exclude any lawful occupant from the Property;

d. remove, seize, transport, store, discard, destroy, or otherwise exercise dominion or control over any furniture, clothing, household goods, documents, or other personal property located at the Property;

e. change locks or access credentials, disable or restrict access to the Property, or post any notice to vacate or notice of eviction at the Property; or

f. market, list, advertise, show, sell, contract to sell, convey, transfer, assign, encumber, or otherwise dispose of the Property or any interest in it.

**3. Property.** The Property subject to this Order is the residential condominium unit commonly known as 4521 San Felipe Street, Unit 3201, Houston, Harris County, Texas 77027, described as:

> Unit 3201 and its appurtenant undivided interest in and to the general and limited common elements of ARABELLA CONDOMINIUMS, a condominium regime in the City of Houston, Harris County, Texas, created by and subject to that certain Amended and Restated Declaration of Arabella Condominiums dated September 30, 2015, recorded with, and as amended by, that certain First Amendment to Amended and Restated Declaration of Arabella Condominiums dated October 1, 2018, recorded October 5, 2018, as Document No. 216849 (Volume 216, Page 849) of the Condominium Records of Harris County, Texas, as referenced in Clerk's File No. RP-2018-459164 of the Official Public Records of Real Property of Harris County, Texas, together with all appurtenances thereto.

**4. Duration.** This Order remains in effect until further order of this Court.

**5. Notice.** Relator shall serve a copy of this Order on each person identified in Paragraph 1 forthwith.

SIGNED on _____________, 2026.

_________________________________

**JUSTICE / PRESIDING**

**EXHIBIT A**

Order Dissolving Temporary Restraining Order and Dismissing Case
**Signed September 1, 2026**

8/25/2026 3:14 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 119079961
By: Raymond Aguilar
Filed: 8/25/2026 3:14 PM

CAUSE NO. 2026-59605

| | | |
|---|---|---|
| ALI CHOUDHRI | § | IN THE DISTRICT COURT OF |
| PLAINTIFF, | § | |
| V. | § | |
| | § | |
| ALAN ROSEN | § | |
| DEFENDANTS | § | HARRIS COUNTY, TEXAS |
| V. | § | |
| | § | |
| TRAVIS VARGO, IN HIS CAPACITY AS | § | |
| RECEIVER | § | |
| INTERVENOR | § | 127TH JUDICIAL DISTRICT |

**ORDER DISSOLVING TEMPORARY RESTRAINING ORDER AND DISMISSING CASE**

On this day, the Court heard Intervenor's (Receiver Travis Vargo) Emergency Motion to Dissolve Temporary Restraining Order. The Court hereby GRANTS the motion. It is therefore

ORDERED, that the Temporary Restraining Order in this case signed on August 21, 2026, is hereby DISSOLVED.

It is further ORDERED that Plaintiff's requests for temporary injunction AND permanent injunction are both DENIED and Plaintiff's claims are DISMISSED for lack of jurisdiction.

This is a final and appealable order

DATE: Signed: 9/1/2026 ______________________

Presiding Judge



Certified Document Number: 128564132 - Page 1 of 2

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Poynter on behalf of Michael Poynter
Bar No. 24092991
eservice@vargolawfirm.com
Envelope ID: 119079961
Filing Code Description: No Fee Documents
Filing Description: Proposed Order Dissolving TRO and Dismissing Case
Status as of 8/25/2026 4:30 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ali Choudhri | | ali@jetallcapital.com | 8/25/2026 3:14:48 PM | SENT |
| Travis Vargo | | tvargo@vargolawfirm.com | 8/25/2026 3:14:48 PM | SENT |
| Michael Poynter | | mpoynter@vargolawfirm.com | 8/25/2026 3:14:48 PM | SENT |

Certified Document Number: 128564132 - Page 2 of 2

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this September 1, 2026

Certified Document Number: 128564132 Total Pages: 2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT B

Order Denying Receiver's Emergency Motion to Dissolve Temporary Restraining Order and Plea to the Jurisdiction
**Signed August 31, 2026 at 6:07 p.m.**

8/31/2026 3:01:17 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 119291830
By: RODRIGUEZ, ANGELICA D
Filed: 8/31/2026 3:01:17 AM

**CAUSE NO. 2026-59605**

| | | |
|---|---|---|
| **ALI CHOUDHRI,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALAN ROSEN, CONSTABLE PRECINCT 1, HARRIS COUNTY,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | **127th JUDICIAL DISTRICT** |

**ORDER DENYING INTERVENOR, TRAVIS VARGO, RECEIVER'S EMERGENCY MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER AND PLEA TO THE JURISDICTION**

ON THIS DATE the Court considered the Emergency Motion to Dissolve Temporary Restraining Order and Plea to the Jurisdiction filed by Intervenor, TRAVIS VARGO, in his capacity as Court-Appointed Receiver ("Motion"). After considering the Motion, the Response filed by Plaintiff, ALI CHOUDHRI, the evidence, and the arguments of counsel and the parties, the Court finds that the Motion should be in all things DENIED. It is therefore

ORDERED that the Emergency Motion to Dissolve Temporary Restraining Order and Plea to the Jurisdiction filed by Intervenor Travis Vargo, in his capacity as Court-Appointed Receiver is hereby DENIED IN ALL RESPECTS.

Signed:
Signed:
8/31/2026
6:07 PM

JUDGE PRESIDING

Unofficial Copy Office of Marilyn Burgess District Clerk

AGREED AS TO FORM AND SUBSTANCE:

By: */s/ Ali Choudhri*
Ali Choudhri
ali@jetallcapital.com

4521 San Felipe Street, Unit #3201
Houston, Texas 77027
Telephone: 281.630.6627
Telecopier: 214.545.3473

**PLAINTIFF PRO SE**

Unofficial Copy Office of Marilyn Burgess District Clerk

**EXHIBIT C**

Temporary Restraining Order and Order Setting Hearing
on Application for Temporary Injunction
**Signed August 21, 2026**

8/20/2026 11:28:32 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 118914950
By: BARRETT, BERNITTA L
Filed: 8/20/2026 11:28:32 PM

2026-59605 / Court: 127

CAUSE NO. ____________________

| | | |
|---|---|---|
| **ALI CHOUDHRI,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **OF HARRIS COUNTY, TEXAS** |
| | § | |
| **ALAN ROSEN, CONSTABLE PRECINCT 1, HARRIS COUNTY,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | **______ JUDICIAL DISTRICT** |

**TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING ON APPLICATION FOR TEMPORARY INJUNCTION**

On this day the Court considered *Plaintiff's Verified Emergency Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction* (the "Application"), filed by Plaintiff ALI CHOUDHRI. Having considered the Application, the verified pleadings and exhibits on file, the applicable law, and the argument of Plaintiff, the Court finds that the Application is well taken and should be **GRANTED**.

**I. FINDINGS**

1. Jurisdiction and venue. The Court has jurisdiction over the subject matter of this action and over the parties, and venue is proper in Harris County, Texas, because the property at issue is located in Harris County and the acts complained of are threatened to occur in Harris County.

2. Pleaded causes of action. Plaintiff has pleaded viable causes of action against Defendant ALAN ROSEN, Constable of Precinct 1 of Harris County, Texas, for (a) declaratory judgment under Chapter 37 of the Texas Civil Practice and Remedies Code; (b) wrongful execution of a writ of possession; (c) violation of Article XVI, Section 50(a) and Article I, Section 19 of the Texas Constitution; and (d) conversion.

3. Probable right to the relief sought. It appears from the verified pleadings and the exhibits attached thereto that: (a) Plaintiff has continuously occupied the residential condominium unit located at 4521 San Felipe Street, Unit 3201, Houston, Harris County, Texas 77027 (the "Property") as his sole primary residence since on or about November 2021; (b) Plaintiff claims record title to the Property under the General Warranty Deed recorded in the Official Public Records of Real Property of Harris County, Texas, as Document No. RP-2024-272170, as corrected by the Correction General Warranty Deed recorded as

Document No. RP-2026-83776; (c) the homestead exemption secured by Article XVI, Section 50(a) of the Texas Constitution and Section 41.001(a) of the Texas Property Code is self-executing and arises from occupancy and intent rather than from the filing of any particular instrument; and (d) the judgment sought to be enforced through the writ of possession appears to be a general money judgment that is not within the encumbrances for which homestead property may be subjected to forced sale or dispossession under Article XVI, Section 50(a). Plaintiff has therefore shown a probable right to the relief sought upon final hearing.

4. Probable, imminent, and irreparable injury. Execution of the writ of possession issued on August 6, 2026, is scheduled to occur on August 20, 2026, at 9:30 a.m. If the writ is executed, Plaintiff will be physically removed from his residence and his furniture, clothing, household goods, and other personal property will be removed from the Property. The Court finds that such injury is probable, imminent, and irreparable, and that the status quo could not be restored by any subsequent order of this Court.

5. No adequate remedy at law. Plaintiff has no adequate remedy at law. The Property is unique, the loss of possession of a homestead residence cannot be adequately measured or compensated in money damages, and the displacement of Plaintiff's personal property creates a risk of loss, damage, or destruction that money damages cannot adequately redress.

6. Status quo. The status quo to be preserved by this Order is Plaintiff's continued possession and occupancy of the Property, and the continued presence of his personal property at the Property, as those conditions existed immediately before the scheduled execution of the writ of possession.

7. Balance of harm. The injury that will be sustained by Plaintiff if this Order does not issue outweighs any harm that Defendant may sustain by its issuance. The Property will remain within the jurisdiction of the Court, and any lawful enforcement of the writ of possession will not be defeated by the brief delay effected by this Order.

8. Specific facts supporting issuance without notice (Tex. R. Civ. P. 680). It clearly appears from the specific facts shown by the verified Application that immediate and irreparable injury, loss, or damage will result to Plaintiff before Defendant or Defendant's attorney can be heard in opposition, in that the writ of possession is scheduled for execution on August 20, 2026, at 9:30 a.m., leaving insufficient time for notice to be given and a hearing to be conducted before the threatened injury occurs. Plaintiff, appearing pro se, has certified in writing the efforts, if any, that have been made to give notice and the reasons supporting the claim that notice should not be required.

## II. ORDER

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

1. Persons restrained. Defendant ALAN ROSEN, Constable of Precinct 1 of Harris County, Texas, together with his agents, servants, employees, deputies, officers, attorneys, representatives, successors, and all other persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are hereby TEMPORARILY RESTRAINED as set forth below.

2. Acts restrained. The persons identified in Paragraph 1 are commanded to desist and refrain, immediately and until further order of this Court, from doing any of the following with respect to the Property described in Paragraph 3:

   a. executing, attempting to execute, or causing or permitting to be executed the writ of possession issued by the District Clerk of Harris County, Texas, on August 6, 2026, pursuant to the Order Granting Receiver's Motion for Writ of Possession signed July 28, 2026, in Cause No. 2012-27197-A, styled Mokaram-Latif West Loop, Ltd. v. Ali Choudhri, et al., in the 333rd Judicial District Court of Harris County, Texas;

   b. entering upon, or causing or permitting entry upon, the Property for the purpose of removing occupants or personal property;

   c. removing, evicting, dispossessing, or excluding Plaintiff or any other lawful occupant from the Property;

   d. removing, seizing, transporting, storing, discarding, destroying, or otherwise exercising or permitting the exercise of dominion or control over any furniture, clothing, household goods, documents, or other personal property located at the Property;

   e. changing or causing to be changed the locks or access credentials to the Property, disabling or restricting Plaintiff's access to the Property, or posting any notice to vacate or notice of eviction at the Property; and

   f. seizing, attaching, levying upon, freezing, selling, transferring, conveying, or otherwise interfering with the Property or Plaintiff's possession of it.

3. Property subject to this Order. The Property subject to this Order is the residential condominium unit commonly known as 4521 San Felipe Street, Unit 3201, Houston, Harris County, Texas 77027, and more particularly described as:

Unit 3201 and its appurtenant undivided interest in and to the general and limited common elements of ARABELLA CONDOMINIUMS, a condominium regime in the City of Houston, HARRIS County, Texas, created by and subject to that certain Amended and Restated Declaration of Arabella Condominiums dated September 30, 2015, recorded with, and as amended by, that certain First Amendment to Amended and Restated Declaration of Arabella Condominiums dated October 1, 2018, recorded October 5, 2018, as Document No. 216849 (Volume 216, Page 849) of the Condominium Records of Harris County, Texas, as referenced in Clerk's File No. RP-2018-459164 of the Official Public Records of Real Property of Harris County, Texas

together with all appurtenances thereto.

4. Bond. Pursuant to Texas Rule of Civil Procedure 684, this Order shall not issue and shall be of no force or effect until Plaintiff executes and files with the Clerk of this Court a bond in the sum of $ 100.00, conditioned as required by law, with sufficient surety or sureties as provided by law and approved by the Clerk. Upon the filing of such bond, the Clerk shall issue this temporary restraining order, together with a copy of the Application, for service upon Defendant.

5. Expiration. This Order is granted without notice and, pursuant to Texas Rule of Civil Procedure 680, expires at 11:59 o'clock p.m. on ~~Aug. 4~~ Sep 4, 2026, being fourteen (14) days from the date and hour of its signing, unless extended by the Court for good cause shown or by consent of the party against whom it is directed.

6. Hearing on temporary injunction. The Application for Temporary Injunction is hereby SET FOR HEARING on the 4th day of Sept., 2026, at 1:30 o'clock p.m., in the courtroom of the 127th Judicial District Court of Harris County, Texas, located at 201 Caroline Street, Houston, Texas 77002. At that time and place, Defendant is ORDERED TO APPEAR and show cause, if any there be, why a temporary injunction should not issue against him restraining the acts described in Paragraph 2 during the pendency of this cause.

7. Service. The Clerk of this Court shall forthwith issue notice of the hearing set in Paragraph 6, together with a copy of this Order and citation, for service upon Defendant in the manner provided by law. Actual notice of this Order by personal service or otherwise shall bind the persons described in Paragraph 1.

8. Filing. This Order shall be filed forthwith in the office of the Clerk of this Court and entered of record.

SIGNED on this the 21st day of August, 2026, at 10:26 o'clock a.m.

**(JudgeSignedDt APPLIED)**

[signature]

**JUDGE PRESIDING**

CAUSE NUMBER 2026-39605

| | | |
|---|---|---|
| Ali Choudhri<br>PETITIONER | § | IN THE DISTRICT COURT OF |
| Alan Rosen Costable | § | HARRIS COUNTY, TEXAS |
| VS.<br>Precinct 1, Harris County<br>RESPONDENT | § | 127 JUDICIAL DISTRICT |

**CLERK'S CERTIFICATE OF CASH DEPOSIT IN LIEU OF INJUNCTION BOND PER ORDER OF THE COURT**

**THE STATE OF TEXAS §**
**COUNTY OF HARRIS §**

**THIS DOCUMENT IS TO CERTIFY** that I, the undersigned Clerk of the District Courts of Harris County, Texas have received a cash deposit, as ordered by the Court, in the amount of One hundred Dollars ($ 100.00), to be deposited with the Registry of the Court in lieu of a **Temporary Restraining Order Bond** or a **Temporary Injunction Bond**, as required by Rule 684, T.R.C.P, in the above styled and numbered cause as provided by the order entered on the 21 day of August, 2026

This cash deposit is made and received in lieu of **TEMPORARY RESTRAINING ORDER** or a **TEMPORARY INJUCTION**, conditioned that the applicant will abide the decision which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part, and this certificate is issued to have the force and effect of a **TEMPORARY RESTRAINING ORDER BOND** or a **TEMPORARY INJUCTION BOND** in accordance with the Order of the Court.

**WITNESS** my hand and seal of office this 21 day of August A.D., 2026.

FILED
Marilyn Burgess
District Clerk
AUG 21 2026
Time:________
Harris County, Texas
By________
Deputy

**Marilyn Burgess, District Clerk**
**Harris County, Texas**
**PO BOX 4651**
**Houston, Texas 77210-4651**

By: [signature]
Deputy District Clerk

Principal: Ali Choudhri

Attorney: ________

Bar Number: ________

County Auditor's Form/9999A
Harris County, Texas (Rev 04/01)

**Official Receipt**

**21 NO. 32296**

## MARILYN BURGESS DISTRICT CLERK

Case: 202659605-7 Trans ID: 216715451 Court: 127

Action : BOND APPROVAL

Style PLT: CHOUDHRI, ALI
DEF: ROSEN, ALAN

| Fee | Description | Amount |
|---|---|---|
| 116 | BOND APPROVAL | $5.00 |

| | |
|---|---|
| Payment Cash | $5.00 |
| Amount Tendered : | $5.00 |
| Payment Amount: | $5.00 |
| Amount Applied: | $5.00 |
| Change Amount: | $0.00 |

Received Of CHOUDHRI, ALI S3219568
4521 SAN FELIPE ST 3201
HOUSTON, TX 77027 3388

FIVE AND 00/100 ***************************Dollars

Payment Date: 8/21/2026 File Date: 8/20/2026

Assessed By: OVERTON, CAROLYN B
Validated: 8/25/2026 By :ASBERRY, KERRYLONE L

Comment:

**EXHIBIT D**

Third Amended Notice of Oral Hearing
**Served August 27, 2026**

CAUSE NO. 2026-59605

| | | |
|---|---|---|
| Ali Choudhri<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| Alen Rosen et al<br>Defendants. | §<br>§ | 127th JUDICIAL DISTRICT |

**THIRD AMENDED NOTICE OF ORAL HEARING**

PLEASE TAKE NOTICE that TRAVIS VARGO'S INTERVENTION, EMERGENCY MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER AND PLEA TO THE JURISDICTION shall have an oral hearing on September 1, 2026 at 11:00 am in person in the courtroom of the 127th Judicial District Court, Harris County, Texas, which is located at 201 Caroline, 10th Floor, Houston, TX 77002.

Respectfully Submitted,
VARGO LAW FIRM, PC

By: /s/ Michael Poynter
Travis B. Vargo
State Bar No. 24047027
Michael Poynter
State Bar No. 24092991
12012 Wickchester, Suite 670
Houston, TX 7709
(713) 524-2441 telephone
(832) 779-8838 facsimile
tvargo@vargolawfirm.com
mpoynter@vargolawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2026 a true and correct copy of the foregoing was served on Ali Choudhri, Plaintiff, via eservice ali@jetallcapital.com.

By: /s/ Michael Poynter
Michael Poynter

**EXHIBIT E**

Supreme Court of Texas, Misc. Docket No. 14-9092
Approval of Amended Rule 3.5, Rules of the Civil Trial Division
of the Harris County District Courts

# IN THE SUPREME COURT OF TEXAS

Misc. Docket No. 14-9092

**APPROVAL OF AMENDED RULE 3.5 OF THE RULES OF THE CIVIL TRIAL DIVISION OF THE HARRIS COUNTY DISTRICT COURTS AND AMENDED RULE 9.1 OF THE HARRIS COUNTY DISTRICT JUDGES RULES OF ADMINISTRATION**

**ORDERED** that:

Pursuant to Texas Rule of Civil Procedure 3a, the Supreme Court approves amended rule 3.5 of the Rules of the Civil Trial Division of the Harris County District Courts and amended rule 9.1 of the Harris County District Judges Rules of Administration.

Dated: April 28, 2014.

Nathan L. Hecht, Chief Justice

Paul W. Green, Justice

Phil Johnson, Justice

Don R. Willett, Justice

Eva M. Guzman, Justice

Debra H. Lehrmann, Justice

Jeffrey S. Boyd, Justice

John P. Devine, Justice

Jeffrey V. Brown, Justice

Rule 3.5, Rules of the Civil Trial Division, Harris County District Courts, is amended to read as follows:

**3.5 ANCILLARY DOCKET.**

3.5.1 *Ancillary Docket*. The ancillary docket consists of the following:

a) Applications for temporary restraining orders;

b) Motions to dissolve or modify temporary restraining orders;

c) Motions to modify the bond for a temporary restraining order;

d) Motions to authorize emergency medical treatment;

e) Requests before any suit has been filed to appoint umpires or arbitrators;

f) The following matters, when brought under Chapter 81 of the Texas Health & Safety Code:

i. Motions for orders of protective custody;

ii. Motions for orders of temporary protective custody;

iii. Motions for orders for temporary detention pending a hearing on a motion to modify an order for outpatient treatment;

iv. Appointment of attorneys for persons subject to protective custody or detention orders; and

v. Probable cause hearings.

3.5.2 *Ancillary Judge*. The Ancillary Judge is responsible for hearing all matters on the ancillary docket. Each judge will serve as Ancillary Judge for one-half of a calendar month according to a schedule adopted by the judges of the Civil Trial Division. The Ancillary Judge will be available at the courthouse on business days during regular business hours, and will provide the county switchboard with the means to locate the Ancillary Judge at all other times.

If not available to serve at any time during the term, the Ancillary Judge will designate, in writing, another judge to serve ad interim, and will notify the Administrative Judge of the Civil Trial Division, the ancillary clerk, and the county switchboard of that designation.

In the absence or unavailability of the Ancillary Judge or designee under the rule, matters requiring judicial attention will be presented to the Administrative Judge of the Civil Trial Division for ruling or assignment to another judge for ruling.

3.5.3 *Authority to Grant Ancillary Relief.* No judge other than the Ancillary Judge may grant ancillary relief without a written order from the Ancillary Judge or Administrative Judge of the Civil Trial Division. However, either the Presiding Judge or the Ancillary Judge may grant an extension of a temporary restraining order. In requests for ancillary relief, the Ancillary Judge shall hear the matters as "Judge Presiding" for the court in which the case is pending.

Rule 9.1, Harris County District Judges Rules of Administration, is amended to read as follows:

9.1 In General.

9.1.1 Each district judge in Harris County is a member of the Board of Judges.

9.1.2 The Board of Judges must elect an Administrative Judge of Harris County.

9.1.3 The courts of Harris County have been divided into the civil, criminal, family, and juvenile trial divisions by statutory preferences and board policy. Each trial division will elect its own Administrative Judge pursuant to its own division rules. The following 24 courts constitute the civil division: 11th, 55th, 61st, 80th, 113th, 125th, 127th, 129th, 133rd, 151st, 152nd, 157th, 164th, 165th, 189th, 190th, 215th, 234th, 269th, 270th, 281st, 295th, 333rd, 334th. The following 22 courts constitute the criminal division: 174th, 176th, 177th, 178th, 179th, 180th, 182nd, 183rd, 184th, 185th, 208th, 209th, 228th, 230th, 232nd, 248th, 262nd, 263rd, 337th, 338th, 339th, 351st. The following 10 courts constitute the family division: 245th, 246th, 247th, 257th, 280th, 308th, 309th, 310th, 311th, 312th. The following 3 courts constitute the juvenile division: 313th, 314th, 315th.

9.1.4 The Administrative Judge of Harris County and the Administrative Judge of each trial division compromise the Executive Committee.

**EXHIBIT F**

Correspondence Regarding Notice and Execution
of the Writ of Possession
**August 20–21, 2026**

JETALL

Ali Choudhri <ali@jetallcapital.com>

---

## FW: ** Urgent - Writ of Possession for Arabella (Choudhri) **

1 message

---

**Staub, Derek R.** <dstaub@fbtgibbons.com> Fri, Aug 21, 2026 at 9:32 AM
To: Ali Choudhri <ali@jetallcapital.com>

---

**From:** Travis Vargo <tvargo@vargolawfirm.com>
**Sent:** Friday, August 21, 2026 8:55 AM
**To:** Randy Wilson <Randy.Wilson@txcourts.gov>
**Cc:** Michael Poynter <mpoynter@vargolawfirm.com>; Scott Funk <sfunk@grayreed.com>; T. Michael Ballases <ballases@hooverslovacek.com>; Staub, Derek R. <dstaub@fbtlaw.com>
**Subject:** RE: ** Urgent - Writ of Possession for Arabella (Choudhri) **

To be clear, the county attorney is not letting to writ proceed without a ruling from you.  Sorry for any confusion.

Travis B. Vargo

Vargo Law Firm, PC

(713) 524-2441 - Office

---

**From:** Travis Vargo
**Sent:** Friday, August 21, 2026 8:54 AM

**To:** Randy Wilson <Randy.Wilson@txcourts.gov>
**Cc:** Michael Poynter <mpoynter@vargolawfirm.com>; Scott Funk <sfunk@grayreed.com>; T. Michael Ballases <ballases@hooverslovacek.com>; Derek R. Staub <dstaub@fbtgibbons.com>
**Subject:** ** Urgent - Writ of Possession for Arabella (Choudhri) **
**Importance:** High

Judge Wilson,

I am at the Arabella property with teams of packers and movers. Derek Staub contacted the County Attorney's office and stopped the writ. The County Attorney's office is requesting that you make a ruling **on the issues presented below**.

Gina Boul (county attorney) can be reached at 832-317-2587. My cell phone for an emergency hearing, if necessary, is 832-656-8550. Derek Staub's cell number is 214-507-3841.

Travis Vargo

Court Appointed Receiver

(713) 524-2441

---

**From:** Travis Vargo
**Sent:** Thursday, August 20, 2026 7:56 PM
**To:** Derek R. Staub <dstaub@fbtgibbons.com>
**Cc:** Michael Poynter <mpoynter@vargolawfirm.com>; Randy Wilson <Randy.Wilson@txcourts.gov>; Scott Funk <sfunk@grayreed.com>; T. Michael Ballases <ballases@hooverslovacek.com>
**Subject:** Re: Writ of Execution

Derek-

Professional packers and movers have been engaged. The contents of the unit will go to storage or a location designated by Mr. Choudhri within a reasonable distance. There is no need for delay, but there is a need to disclose to the court your afternoon emergency filing with the court of appeals that seeks to delay

matters. Further, the “small” delay you request will cost the receivership to forfeit deposits and fees. Mr. Choudhri has yet to voluntarily pay even $1.

Travis Vargo, Receiver

Sent from my iPhone

On Aug 20, 2026, at 6:40 PM, Staub, Derek R. <dstaub@fbtgibbons.com> wrote:

Your Honor,

I apologize for the late hour of this email, but the urgency of the situation compels it. I write in response to Mr. Poynter's correspondence and to renew our request for relief.

Regardless of whether the applicable notice period is 10 days or 24 hours, the practical reality remains the same: Mr. Choudhri and his 78-year-old mother, who is in poor health, are being forced to vacate a penthouse residence containing a lifetime of personal belongings on less than one day's notice. The Court's standstill order was in effect through today, August 20, 2026. During that period, Mr. Choudhri and his mother reasonably relied on the stay and understood that new notice would be required before execution could proceed. They had no reason—and no obligation—to begin packing and arranging movers while the Court's own order prohibited any action with respect to the property.

Mr. Poynter's position—that execution may proceed tomorrow morning with no new notice whatsoever—would render the Court's standstill order a trap rather than a protection. If the stay tolled or suspended the notice period, then at a minimum, a new or renewed notice must issue to provide Mr. Choudhri with reasonable notice before execution. Any other reading would effectively deny Mr. Choudhri the procedural safeguards the notice requirement is designed to afford.

We are not asking for an indefinite delay. We respectfully request only a brief extension—a matter of days—so that Mr. Choudhri and his elderly mother can hire movers, secure alternative housing, and remove their belongings in an orderly fashion. This is a modest and reasonable request given the circumstances.

I appreciate the Court's consideration of this matter and am available to discuss further at any time.

Thank you,

Derek

**Derek Staub**

Partner

**FBT Gibbons**

Dallas, TX

Direct +1 214.580.5826

Mobile +1 214.507.3841

---

**From:** Michael Poynter <mpoynter@vargolawfirm.com>
**Sent:** Thursday, August 20, 2026 5:07 PM
**To:** Staub, Derek R. <dstaub@fbtlaw.com>; Randy Wilson <randy.wilson@txcourts.gov>
**Cc:** Travis Vargo <tvargo@vargolawfirm.com>
**Subject:** RE: Writ of Execution

Judge Wilson,

Mr. Staub does not cite to, and I am not aware of, a statute giving a 10-day notice period. The Texas Property Code § 24.0061(d)(1) requires a constable's notice to give 24 hour's notice only. I attach a copy of the constable's notices and the writ, neither of which states Mr. Choudhri is entitled to 10 day's notice.

Mr. Staub also does not cite to, and I am not aware of, any authority that a stay of a writ of possession would require new notices or a reposting of the old notice, or the restarting of any applicable notice period.

The Receiver opposes further delay.

Michael Poynter

Attorney
Vargo Law Firm, P.C.
(713) 524-2441, Ext. 2

---

**From:** Staub, Derek R. <dstaub@fbtgibbons.com>
**Sent:** Thursday, August 20, 2026 4:54 PM
**To:** Randy Wilson <randy.wilson@txcourts.gov>
**Cc:** Travis Vargo <tvargo@vargolawfirm.com>; Michael Poynter <mpoynter@vargolawfirm.com>
**Subject:** Writ of Execution

Judge Wilson,

I write on behalf of Defendant Ali Choudhri in Cause No. 2012-27197-A, *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri, et al.*, pending in the 333rd Judicial District Court of Harris County, Texas. I write to bring an urgent matter to the Court's attention and to respectfully request relief.

On or about August 7, 2026, the Constable's Office posted a 10-day Final Notice of Writ of Possession at the subject property, 4521 San Felipe Street #3201, Houston, Texas 77027, setting execution for on or after August 17, 2026. The Court subsequently ordered a two-week standstill, directing the Receiver to take no action with respect to the property. That standstill period ran through August 20, 2026.

Today, I received correspondence from the Constable's Office stating that the writ will be executed tomorrow, August 21, 2026, at 9:30 a.m. — effectively providing Mr. Choudhri with less than 24 hours' notice. I have filed an Emergency Motion with the 14th Court of Appeals.

The original 10-day notice expired during the Court's standstill period without being renewed or reposted. Because the Constable did not issue a new 10-day notice following the expiration of the standstill, Mr. Choudhri has not received the statutory notice period to which he is entitled before execution of the writ.

Even setting aside the procedural deficiency, requiring Mr. Choudhri to vacate the premises and remove all of his personal belongings within approximately 24 hours is neither reasonable nor practicable. The property is a penthouse residence containing substantial personal property. Arranging movers, securing alternative housing, and coordinating the removal of belongings simply cannot be accomplished in that timeframe.

In light of the foregoing, I respectfully request that the Court order the Constable's Office to issue a new 10-day notice of the writ of possession, with the 10-day period commencing today, August 20, 2026. This would ensure that Mr. Choudhri receives the notice to which he is entitled and a reasonable opportunity to comply.

Respectfully submitted,

Derek

**Derek Staub**

Partner

2101 Cedar Springs Road,
Suite 900
Dallas, TX 75201

Direct +1 214.580.5826

Main +1 214.545.3472

Mobile +1 214.507.3841

FBT Gibbons

dstaub@fbtgibbons.com

Add @fbtgibbons.com to your approved senders to ensure delivery.

NOTICE: This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email or by calling FBT Gibbons at (513) 651-6800, so that our address record can be corrected.

JETALL

Ali Choudhri <ali@jetallcapital.com>

# RE: 2012-27197A, Motion re Arabella Penthouse — Request to Stand Down Writ of Possession

1 message

**Staub, Derek R.** <dstaub@fbtgibbons.com> Thu, Aug 20, 2026 at 11:58 AM
To: "Lee, Michael (Constable Precinct 1)" <Michael.Lee@cn1.hctx.net>
Cc: "Snider, Marina (Constable Precinct 1)" <Marina.Snider@cn1.hctx.net>, "Hackett, Fredrick Hackett" <Fredrick.Hackett@cn1.hctx.net>, "Logan, Elbert (Constable Precinct 1)" <Elbert.Logan@cn1.hctx.net>, "Arrington, Garrett (Constable Precinct 1)" <Garrett.Arrington@cn1.hctx.net>

Michael, Thank you for the notice. Please be advised of the following: 1. An appeal has been filed in this matter and has been accepted by the appellate court. 2. I am currently preparing an emergency motion to stay execution of the writ pending appeal, which I intend to file today. 3. A new notice giving 10 days was not provided. 4. Given the timeline, it is not feasible for my client to remove his belongings within 24 hours.

In light of the pending appeal and the forthcoming emergency stay motion, I respectfully request that the Constable's Office stand down on execution of the writ until the appellate court has ruled on the motion to stay. Proceeding with execution while appellate relief is pending could expose all parties to unnecessary complications and potential liability. Please confirm receipt of this request and advise whether your office will hold off pending the appellate court's ruling.

I am available by phone at 214.507.3841 if you would like to discuss.

Thank you,

Derek

**Derek Staub**

Partner

**FBT Gibbons**

Dallas, TX

Direct +1 214.580.5826

Mobile +1 214.507.3841

---

**From:** Lee, Michael (Constable Precinct 1) <Michael.Lee@cn1.hctx.net>
**Sent:** Thursday, August 20, 2026 8:59 AM
**To:** Staub, Derek R. <dstaub@fbtlaw.com>
**Cc:** Snider, Marina (Constable Precinct 1) <Marina.Snider@cn1.hctx.net>; Hackett, Fredrick Hackett <Fredrick.Hackett@cn1.hctx.net>; Logan, Elbert (Constable Precinct 1) <Elbert.Logan@cn1.hctx.net>; Arrington, Garrett (Constable Precinct 1) <Garrett.Arrington@cn1.hctx.net>
**Subject:** Re: 2012-27197A, Motion re Arabella Penthouse — Request to Stand Down Writ of Possession

Greetings,

The Writ will be executed tomorrow 8/21/2026 at 930 am. Please advise your client that cooperating with the Writ is paramount. Please make any arrangements you can to ensure a peaceful transistion.

Thanks, m.

---

NOTICE: This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It is

not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email or by calling FBT Gibbons at (513) 651-6800, so that our address record can be corrected.

---

**EXHIBIT G**

Notice from the Electronic Filing Manager
**August 31, 2026**

## ❗All Users

This is to inform all filers that Efile Texas is currently not accepting new submissions since they are still dealing with some technical issues on their end, the issue will be resolved soon but we do not have an ETA as of now.

**EXHIBIT H**

Unsworn Declaration of Derek Staub
with July 28, 2026 Order attached

# UNSWORN DECLARATION OF DEREK STAUB

BEFORE ME, the undersigned authority, personally appeared **Derek Staub**, who, being duly authorized, states the following under penalty of perjury:

1. My name is Derek Staub. I am over the age of eighteen (18) years and am fully competent to make this declaration. The facts stated herein are within my personal knowledge and are true and correct.

2. I am an attorney licensed to practice law in the State of Texas. I represent Ali Choudhri ("Mr. Choudhri") in the above-referenced cause, Cause No. 2012-27197-A, pending in the 333rd Judicial District Court of Harris County, Texas.

3. On July 28, 2026, the Court issued an Order Granting Receiver's Motion for Writ of Possession, Comfort Order, and Expungement of Recorded Documents Relating to 4521 San Felipe St #3201, Houston, Texas (the "July 28 Order"), a true and correct copy of which is attached hereto as **Exhibit A**. The July 28 Order, among other things, authorized the Receiver to take possession of Mr. Choudhri's homestead and declared void and expunged recorded deeds pertaining to the property.

4. The July 28 Order was decided by submission. No evidentiary hearing was conducted, and no witness testimony was taken or received in connection with the Court's ruling on the Receiver's motion.

5. Mr. Choudhri filed a Motion for New Trial challenging the July 28 Order. A hearing on the Motion for New Trial was held on Wednesday, August 19, 2026, at 9:00 a.m. in the 333rd District Court, with Judge Wilson presiding by assignment.

6. At the August 19, 2026 hearing, the Court would not allow witness testimony in support of Mr. Choudhri's Motion for New Trial.

7. During the August 19, 2026 hearing, the Court acknowledged that, at the time it issued the July 28 Order, the Court had been unable to open the exhibits submitted in connection with the Receiver's motion and therefore could not review or even view the deeds at issue. Despite this acknowledged inability to review the deeds, the Court nonetheless declared void and expunged those deeds without any review of their contents.

8. The August 19, 2026 hearing on the Motion for New Trial was conducted as a question-and-answer session rather than as a proper evidentiary hearing. Counsel and parties were not afforded the opportunity to call witnesses.

9. As a result of the foregoing, Mr. Choudhri's homestead has been taken from him without an evidentiary hearing and without witness testimony — both at the time of the July 28, 2026 ruling by submission and at the August 19, 2026 Motion for New Trial proceeding.

My name is Derek Staub. My date of birth is 11/22/1980. My address is 2101 Cedar Springs Road Suite 900, Dallas, Texas 75252.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Derek Staub*
Derek Staub

# EXHIBIT A

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff, | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| Ali Choudhri et al<br>Defendants | § | |
| | § | 333rd JUDICIAL DISTRICT |

**ORDER GRANTING RECEIVER'S MOTION FOR WRIT OF POSSESSION, COMFORT ORDER, AND EXPUNGEMENT OF RECORDED DOCUMENTS <u>RELATING TO 4521 SAN FELIPE ST #3201, HOUSTON, TEXAS</u>**

On this day, the Court considered Receiver's Motion for Writ of Possession, Comfort Order, and Expungement Of Recorded Documents Relating To 4521 San Felipe St #3201, Houston, Texas also known as:

> Unit 3201, and its appurtenant undivided interest in and to the general and limited common elements of ARABELLA Condominiums, a condominium regime in the City of Houston, Harris County, Texas, created by and subject to that certain Amended and Restated Declaration of ARABELLA Condominiums dated September 30, 2015, recorded with, and as amended by, that certain First Amendment to Amended and Restated Declaration of ARABELLA Condominiums dated October 1, 2018, recorded October 5, 2018 as Document No. 216849 ( Volume 216, Page 849) of the Condominium Records of Harris County, Texas as referenced in Clerks File No. RP-2018-459164 of the Official Public Records of Real Property of Harris County, Texas (as may be further amended or supplemented, the "Declaration").

(the "Penthouse"). The Court takes judicial notice of its docket and prior orders in Cause Nos. 2012-27197-D and 2012-27197-A. Upon consideration, the Court GRANTS the motion, FINDS that Receiver Travis Vargo is entitled to possession of the Penthouse and hereby

ORDERS that the clerk shall immediately issue a writ of possession (in favor of Receiver Travis Vargo) to remove all occupants and personal property from the Penthouse.

ORDERS that the Receiver is authorized to engage and hire a licensed Texas realtor to market and sell the Penthouse within the discretion of the Receiver. The Court further

ORDERS that the Receiver shall file a file a motion to approve the sale of the Penthouse and set the same for hearing with notice to all interested parties. The Court further

ORDERS that the Harris County Clerk Document # RP-2024-272170, titled "*General Warranty Deed*" and Document # RP-2026-83776, a "*Correction General Warranty Deed*" are declared VOID and EXPUNGED.

Date: July 28, 2026

Judge Randy Wilson, Judge Presiding

**EXHIBIT I**

Declaration of Alicia M. Matsushima

# DECLARATION OF ALICIA M. MATSUSHIMA

I, Alicia Matsushima, being of sound mind and over the age of eighteen years, do hereby declare under penalty of perjury that the following statements are true and correct:

1. My name is Alicia M. Matsushima. I am a licensed attorney in the State of Texas and the owner of Invicta Law Firm, a boutique real estate and commercial law practice located at 2200 Post Oak Blvd., Ste. 1000, Houston, Texas 77056. My practice focuses on title disputes, real property litigation, and commercial transactions on behalf of real estate investors, developers, lenders, and landowners. Approximately 75% of my practice involves contested issues of title and possession to real property in Texas. I have represented the insureds of a national title insurance company since 2001. I am qualified by training and experience to opine on matters of real property title and the procedural requirements for adjudicating title in the State of Texas.

2. The subject property is the residence at 4521 San Felipe Street, #3201, Houston, Texas 77027 (the "**Property**"). The Property is more particularly described by the following legal description:

> Unit 3201 and its appurtenant undivided interest in and to the general and limited common elements of ARABELLA CONDOMINIUMS, a condominium regime in the City of Houston, Harris County, Texas, created by and subject to that certain Amended and Restated Declaration of Arabella Condominiums dated September 30, 2015, recorded with, and as amended by, that certain First Amendment to Amended and Restated Declaration of Arabella Condominiums dated October 1, 2018, recorded October 5, 2018, as Document No. 216849 (Volume 216, Page 849) of the Condominium Records of Harris County, Texas, as referenced in Clerk's File No. RP-2018-459164 of the Official Public Records of Real Property of Harris County, Texas.

3. I have reviewed the 333rd District Court's Order dated July 28, 2026 (the "Order"), which directed the issuance of a writ of possession against the Property, currently owned and possessed by Ali Choudhri. *See* **Exhibit 1.** The Order states, in relevant part: "The Court further ORDERS that the Harris County Document #2024-272170, titled 'General Warranty Deed' and Document # RP-2026-83776, a 'Correction Warranty Deed' as declared VOID and EXPUNGED."

4. I have reviewed the relevant pleadings of Cause Nos. 2012-27197-A and 2012-27197-D. Based on my review, at no time was Ali Choudhri afforded notice or an opportunity to be heard on the issue of title to the Property before the July 28, 2026 Order was signed and entered. Moreover, no pleadings on file assert any cause of action that would properly adjudicate title to the Property or the validity of the deeds at issue—such as a trespass-to-try-title action under Texas Property Code Chapter 22, a suit to quiet title, or a declaratory judgment action. Under Texas law, a trespass-to-try-title action is the exclusive method for determining title to real property. *Tex. Prop. Code § 22.001(a)*. The absence of any such claim means that title was never properly placed in controversy before the court rendered the Order.

5. Further, my review of the relevant pleadings reveals that Arabella PH 3201 LLC—the entity holding record title to the Property by virtue of the deeds the Order purports to void—was not made a party to any proceeding that adjudicated title to the Property or the validity of those deeds. A court order that divests a non-party of its property rights without affording that party notice and an opportunity to be heard violates fundamental principles of due process and is

void as to the absent party. *See Fuentes v. Zaragoza*, 555 S.W.3d 141, 166 (Tex. App.—Houston [1st Dist.] 2018, no pet.) *(holding that non-parties* divested of their right to own, possess, or control property by the court's judgment should have been made parties to the lawsuit).

6. Both the United States Constitution and the Texas Constitution guarantee that no person shall be deprived of property without due process of law. U.S. Const. amend. XIV, § 1; Tex. Const. art. I, § 19. The core requirement of procedural due process is that, before a deprivation of a protected property interest, a person must receive notice and a meaningful opportunity to be heard. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950); *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972). These protections exist to prevent mistaken or unjustified deprivations of property through the adjudicative process. Id. at 81.

7. The Fourteenth Court of Appeals has squarely addressed the due process right to be heard in the context of property deprivation. In *Derbigny v. Bank One*, 809 S.W.2d 292, 295 (Tex. App.—Houston [14th Dist.] 1991, no writ), the court held:

> "Fundamental to the concept of due process is the right to be heard. *Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Jordan v. Jordan,* 653 S.W.2d 356, 358 (Tex. App.—San Antonio 1983, no writ). The right to be heard assures a full hearing before a court having jurisdiction of the matter, the right to introduce evidence at a meaningful time and in a meaningful manner, and to have judicial findings based upon that evidence. *Id.; Turcotte v. Trevino,* 499 S.W.2d 705, 723 (Tex. Civ. App.—Corpus Christi 1973, writ ref'd n.r.e.). It includes also an opportunity to cross-examine witnesses, to produce witnesses, to be heard on questions of law, and the right to have judgment rendered after trial. *Jordan,* 653 S.W.2d at 358. The trial court deprived appellants of this right."

8. Consistent with these principles, a trial court is not authorized to render a judgment against a party before that party has had the opportunity to present evidence and rest. *Tobola v. State*, 538 S.W.2d 868, 870 (Tex. Civ. App.—Houston [14th Dist.] 1976, no writ); *Gibson v. Shaver*, 434 S.W.2d 462, 464 (Tex. Civ. App.—Tyler 1968, no writ); *Oertel v. Gulf States Abrasive Mfg., Inc.*, 429 S.W.2d 623, 624 (Tex. Civ. App.—Houston [1st Dist.] 1968, no writ); *Jordan v. Jordan*, 653 S.W.2d at 358.

9. For the foregoing reasons, it is my professional opinion that the Order does not comport with due process of law. Mr. Choudhri was deprived of his constitutionally protected property interest in the Property—including the voiding of recorded deeds conveying title—without ever having been afforded notice or a meaningful opportunity to be heard on the merits of the title dispute. The Order is therefore constitutionally infirm under both the Fourteenth Amendment to the United States Constitution and Article I, Section 19 of the Texas Constitution.

I declare under penalty of perjury that the foregoing is true and correct.

My name is Alicia M. Matsushima. My date of birth is 04/03/1971. My current address is 2200 Post Oak Blvd., Ste. 1000, Houston, Texas, 77056.

Alicia M. Matsushima

**EXHIBIT J**

Bench Brief on the Voidness of Turnover Orders
Adjudicating Non-Party Property Rights

**CAUSE NO. 2026-59605**

| | | |
|---|---|---|
| ALI CHOUDHRI,<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | HARRIS COUNTY, TEXAS |
| ALAN ROSEN, CONSTABLE<br>PRECINCT 1, HARRIS CTY.,<br>Defendant. | §<br>§<br>§ | 127th JUDICIAL DISTRICT |

**PLAINTIFF'S BENCH BRIEF**
**ON THE VOIDNESS OF TURNOVER ORDERS**
**ADJUDICATING NON-PARTY PROPERTY RIGHTS**

Plaintiff submits this bench brief to place before the Court the controlling authority on a single question: whether a turnover order that adjudicates the property rights of a person who was never made a party is void, and therefore subject to challenge outside the court that entered it. That question implicates both Texas due process and the protections of the Fourteenth Amendment. Settled authority from the Texas Supreme Court and Texas's intermediate appellate courts resolves it.

## I. THE QUESTION PRESENTED

Plaintiff Ali Choudhri holds record title to 4521 San Felipe Street, Unit 3201, Houston, Harris County, Texas under the General Warranty Deed recorded as Document No. RP-2024-272170, as corrected by the Correction General Warranty Deed recorded as Document No. RP-2026-83776, and has occupied the unit as his homestead since November 2021. Plaintiff does not concede, and expressly disputes, that title is held by any entity.

RESERVATION. Alternative pleading is expressly permitted, and a party may plead inconsistent theories without admitting either. TEX. R. CIV. P. 48. Every reference below to Arabella PH 3201 LLC as owner of the property states Vargo's position, not Plaintiff's. Plaintiff

makes no judicial admission that Arabella PH 3201 LLC owns or has ever owned the property, and nothing in this brief shall be construed as one.

Vargo contends otherwise. He pleads that the Penthouse is "titled in an entity's name" — Arabella PH 3201 LLC. Intervention ¶ 9; Supplemental Brief ¶ 3. The July 28, 2026 Order entered in Cause No. 2012-27197-A proceeded on that premise: it declared Plaintiff's two recorded deeds void and expunged; it authorized a receiver to market and sell the Penthouse; and it directed the issuance of a writ to remove all occupants.

The argument proceeds in the alternative, on Vargo's own premise. If Vargo is correct that the Penthouse belongs to Arabella PH 3201 LLC, then the Order adjudicated the property rights of an entity that was never named as a party, never served, and never heard—and it is void for that reason. If Vargo is wrong, title is Plaintiff's and the Penthouse is his constitutionally exempt homestead. Vargo prevails on neither branch.

Intervenor contends this Court may not examine that Order. The authorities below establish that an order of this kind is void and that a void order may be challenged wherever it is asserted.

## **II. A TURNOVER ORDER MAY NOT ADJUDICATE A NON-PARTY'S PROPERTY RIGHTS**

It is settled Texas law — at every level — that a turnover order may not adjudicate the property rights of a person who is not a party to the underlying judgment. The Texas Supreme Court has stated the principle directly: the turnover statute "has no provision conferring authority on trial courts to decide the substantive rights of the parties properly before it in a turnover proceeding, let alone the rights of strangers to the underlying judgment." Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., 540 S.W.3d 577, 585 (Tex. 2018).

The Houston Courts of Appeals have applied that principle in an unbroken line of decisions. Most recently, in JAJWK, LLC v. Primeway Federal Credit Union, No. 01-23-00657-CV (Tex. App.—Houston [1st Dist.] Mar. 12, 2026, no pet. h.), the First Court of Appeals confronted facts materially indistinguishable from those here: a trial court had entered turnover orders voiding a non-party's recorded interests in real property and directing a court-appointed receiver to sell that property. The First Court reversed and rendered, holding that "a trial court may not adjudicate non-party rights through the turnover statute" and that such orders "violate due process and are therefore void" as to the non-party.

The same court's earlier decisions establish why. The turnover statute "does not contain any provision for resolving substantive disputes about the ownership of property" and "cannot be used to resolve such disputes." Bizkeeping Corp. v. Benton, 714 S.W.3d 857, 864–65 (Tex. App.—Houston [1st Dist.] 2025, orig. proceeding). A turnover proceeding may not serve "as a shortcut to avoid judicial proceedings necessary to provide third parties due process in adjudicating their substantive rights"; instead, ownership disputes involving third parties "must be litigated and decided with all the ordinary process that is due to the parties involved." Id.; accord Tomlinson v. Khoury, 624 S.W.3d 601, 606 & n.4 (Tex. App.—Houston [1st Dist.] 2020, pet. denied).

The reason is rooted in constitutional command. As the First Court has explained, "[a] turnover order that issues against a non-party for property not subject to the control of the judgment debtor completely bypasses our system of affording due process." Elgohary v. Herrera Partners, L.P., No. 01-13-00193-CV, 2014 WL 2538556, at *3–*4 (Tex. App.—Houston [1st Dist.] June 5, 2014, no pet.) (mem. op.). The Fourteenth Court of Appeals has reached the same conclusion, holding that a trial court abuses its discretion "by reaching the merits of the

competing claims in the turnover proceeding." Van Dyke v. Littlemill Ltd., 579 S.W.3d 639, 648–49 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

Federal authority is in full accord. The Fifth Circuit has held that the Texas turnover statute is "a purely procedural mechanism" and that "it is black-letter Texas law that proceedings pursuant to the turnover statute may not be used to determine the substantive property rights of the judgment debtors or of third parties." Bollore S.A. v. Imp. Warehouse, Inc., 448 F.3d 317, 322–23 (5th Cir. 2006). Applying that principle, Judge Fitzwater of the Northern District of Texas denied a turnover application because the court lacked authority to resolve the substantive ownership dispute that would have been necessary to grant relief. Maiden Biosciences, Inc. v. MPM Medical Inc., No. 3:18-CV-1354-D, slip op. at 8–9 (N.D. Tex. Mar. 18, 2021) (Fitzwater, Sr. J.). The rule is thus uniform across both state and federal courts: a turnover order that purports to adjudicate a non-party's property rights is void.

## III. THE TURNOVER STATUTE IS PROCEDURAL AND CANNOT DETERMINE TITLE

Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 224 (Tex. 1991), defines turnover as "a procedural device by which judgment creditors may reach assets of a debtor that are otherwise difficult to attach or levy on by ordinary legal process." Intermediate courts have consistently applied that characterization, including the Dallas Court of Appeals in Europa Int'l, Ltd. v. Direct Access Trader Corp., 315 S.W.3d 654, 656 (Tex. App.—Dallas 2010, no pet.), and the Fourteenth Court of Appeals in Republic Ins. Co. v. Millard, 825 S.W.2d 780 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding).

The same limitation appears in the statutory text: Section 31.002 itself confines turnover to "nonexempt property that is in the debtor's possession or is subject to the debtor's control."

The statute nowhere authorizes adjudication of disputed ownership. The courts' characterization of turnover as purely procedural reflects the statute's own boundaries.

## IV. TURNOVER MAY NOT REACH EXEMPT PROPERTY

TEX. CIV. PRAC. & REM. CODE § 31.002(f) expressly provides that a court "may not enter or enforce an order under this section that requires the turnover of the proceeds of, or the disbursement of, property exempt under any statute." In Lifemark Corp. v. Merritt, 655 S.W.2d 310, 314-15 (Tex. App.—Houston [14th Dist.] 1983, no writ), the court applied that principle and affirmed the denial of turnover of exempt property.

The statutory protection is reinforced by the constitutional dimension. TEX. PROP. CODE § 41.001(a) provides that a homestead "is exempt from seizure for the claims of creditors except for encumbrances properly fixed on homestead property." Article XVI, Section 50(a) of the Texas Constitution independently protects the homestead from forced sale for general debts, subject only to a short list of enumerated encumbrances that does not include a general money judgment.

The Lifemark court further affirmed that "The constitutional exemption afforded the . . . property, from forced sale in satisfaction of a general debt, is absolute." Once a claimant establishes homestead status, the burden shifts to the creditor to disprove its continued existence, and the homestead is presumed to continue until termination is proved. These protections bar the July 28 Order to the extent it reaches Plaintiff's homestead.

## V. CHARGING-ORDER EXCLUSIVITY

This section applies only under Vargo's premise that the Penthouse is entity-owned. Arabella PH 3201 LLC is a Wyoming limited liability company, and TEX. BUS. ORGS. CODE

§ 1.102 directs that a foreign entity's internal affairs are governed by the law of its jurisdiction of formation. Under WYO. STAT. ANN. § 17-29-503(g), a charging order is "the exclusive remedy by which a person seeking to enforce a judgment against a judgment debtor, including any judgment debtor who may be the sole member . . . may . . . satisfy the judgment from the judgment debtor's transferable interest or from the assets of the limited liability company." The statute further provides that other remedies "are not available . . . and may not be ordered by the court."

TEX. BUS. ORGS. CODE § 101.112(d), (f), (g) independently confirms charging-order exclusivity: subsection (d) makes the charging order the exclusive remedy; subsection (f) provides that a creditor "does not have the right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the limited liability company"; and subsection (g) extends the protection to single-member companies.

The Houston Courts of Appeals have consistently enforced these provisions, as reflected in Pajooh v. Royal West Investments LLC, 518 S.W.3d 557, 565 (Tex. App.—Houston [1st Dist.] 2017, no pet.), and Klinek v. LuxeYard, Inc., 672 S.W.3d 830, 839-40 (Tex. App.—Houston [14th Dist.] 2023, pet. denied).

The exclusivity provisions make clear that the July 28 Order's directive to sell entity property through a receiver violates both Wyoming and Texas charging-order exclusivity statutes, providing an independent statutory bar to the relief granted.

## VI. THE COLLATERAL-ATTACK STANDARD, AND THE GROUND ON WHICH PLAINTIFF RELIES

An order is void, and subject to collateral attack, only where the rendering court had no jurisdiction over the parties, no jurisdiction of the subject matter, no jurisdiction to enter the

judgment, or no capacity to act as a court. Browning v. Placke, 698 S.W.2d 362, 363 (Tex. 1985) (per curiam); Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990) (per curiam). All other errors render an order voidable and correctable only on direct attack.

Plaintiff acknowledges the limits this places on his position. In Sun Tec Computer, Inc. v. The Recovar Group, LLC, No. 05-14-00257-CV (Tex. App.—Dallas Sept. 2, 2015, no pet.), the court held that a separate suit challenging a turnover order and a receiver's sale is a collateral attack; that an order contrary to a statute or to a constitutional provision is voidable rather than void where the rendering court had jurisdiction; and that extrinsic evidence may not be used to establish voidness. See also Tesco Am., Inc. v. Strong Indus., Inc., 221 S.W.3d 550, 556 (Tex. 2006).

Plaintiff therefore does not contend that the July 28 Order is void because it violates Article XVI, Section 50(a), or because it contravenes Section 31.002(f). Those are grounds for direct attack, and they are presented in the pending appeal in No. 14-26-00804-CV.

Plaintiff relies instead on the first category in Browning: no jurisdiction over the parties. The Sun Tec court expressly noted that "Sun Tec does not argue the court in the Turnover Case lacked jurisdiction over the parties." That is precisely what Plaintiff argues here, on Vargo's own premise. If the Penthouse belongs to Arabella PH 3201 LLC as Vargo contends, then the Order operated on the property of an entity that was never named, never served, and never appeared in Cause No. 2012-27197-A.

That distinction explains why the Houston courts describe such orders as void rather than merely erroneous. JAJWK, LLC v. Primeway Federal Credit Union (turnover orders adjudicating non-party rights "violate due process and are therefore void"); Elgohary (such an order

"completely bypasses our system of affording due process"). A court cannot acquire jurisdiction over a person by entering an order against that person's property.

This result follows from bedrock constitutional principles. The Due Process Clause of the Fourteenth Amendment requires, at a minimum, that deprivation of property be preceded by notice and an opportunity to be heard. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Where a party whose property interest is at stake was never served and never appeared, the rendering court lacked personal jurisdiction over that party, and any resulting order is void—not merely voidable. See Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 798-800 (1983) (constructive notice insufficient where party's identity and interest are known or reasonably ascertainable); Richards v. Jefferson County, 517 U.S. 793, 802 (1996) (due process forbids binding absent parties who received neither notice nor adequate representation). Arabella PH 3201 LLC received none of these constitutional minima.

Nor does this ground depend on extrinsic evidence. No extrinsic proof is necessary because the defect—the complete absence of the entity from the case—is self-evident from the pleadings, the docket, and the order itself. The absence of Arabella from Cause No. 2012-27197-A appears from the face of the record, and the entity-ownership premise is Vargo's own pleaded position. Intervention ¶ 9; Supplemental Brief ¶ 3. Plaintiff need not prove it; Vargo is bound by it.

A second, independent ground reaches the same result without relying on the jurisdictional category. A judgment that grants relief unsupported by the pleadings is void. Ex parte Fleming, 532 S.W.2d 122, 123 (Tex. Civ. App.—Dallas 1975, no writ). Texas courts have applied that rule consistently since then. See, e.g., In re Guardianship of Winn, 372 S.W.3d 291

(Tex. App.—Dallas 2012, no pet.); In re C.C.J., 244 S.W.3d 911 (Tex. App.—Dallas 2008, no pet.); Maswoswe v. Nelson, 327 S.W.3d 889 (Tex. App.—Beaumont 2010, no pet.).

No pleading in Cause No. 2012-27197-A sought relief against Arabella PH 3201 LLC. Arabella was never named in any petition, and no claim was ever asserted against it. On Vargo's premise, the July 28 Order nonetheless cancelled recorded instruments and directed the sale of that entity's real property. Relief unsupported by any pleading against the entity whose property it takes is void for that reason as well — independent of the jurisdictional ground above.

Both grounds are established by the record itself. Neither requires extrinsic proof.

Plaintiff does not ask this Court to review the 333rd Court for error. Plaintiff asks this Court to decline to give effect to an order that, on Vargo's own account of who owns the Penthouse, was entered without jurisdiction over the owner and unsupported by any pleading against it. Nothing in this argument concedes that account. Plaintiff holds record title and claims the Penthouse as his homestead.

## VII. SECTION 65.023(b)

Section 65.023(b) governs suits to stay proceedings in a suit or execution on a judgment. It protects a valid judgment; it does not insulate an order that the rendering court lacked power to enter.

The characterization of Section 65.023(b) as jurisdictional rests on Butron v. Cantu, 960 S.W.2d 91, 94 (Tex. App.—Corpus Christi 1997, no writ), which predates Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71 (Tex. 2000). Dubai disapproved treating statutory requirements as jurisdictional and adopted a presumption against that construction absent clear legislative intent. Section 65.023(b) contains no such expression.

Moreover, even if Section 65.023(b) were jurisdictional, it would not shield a void order from collateral attack. A void order is a nullity that can be challenged at any time, in any proceeding, and by any person affected by it. Browning v. Placke, 698 S.W.2d at 363. Section 65.023(b) presupposes a valid judgment entitled to enforcement; it does not create an impenetrable shield for orders that the rendering court had no power to enter.

## VIII. CONCLUSION

For the foregoing reasons, the July 28, 2026 Order entered in Cause No. 2012-27197-A is void on two independent grounds: (1) the rendering court lacked jurisdiction to enter the Order, and (2) no pleading supported the relief granted. This Court should decline to give effect to the Order and should deny any relief predicated upon it.

Respectfully submitted,

/s/ Ali Choudhri

**Ali Choudhri**
4521 San Felipe Street, Unit #3201
Houston, Texas 77027
Telephone: 281.630.6627
ali@jetallcapital.com
**PLAINTIFF PRO SE**

## CERTIFICATE OF SERVICE

I certify that on August 31, 2026, a true and correct copy of the foregoing was served on all parties of record via the electronic filing manager, including Travis B. Vargo and Michael Poynter, Vargo Law Firm, PC, tvargo@vargolawfirm.com, mpoynter@vargolawfirm.com, eservice@vargolawfirm.com.

/s/ Ali Choudhri

ALI CHOUDHRI

**EXHIBIT K**

Unsworn Declaration of Ali Choudhri
Regarding Residence, Homestead, and Request for Accounting

**UNSWORN DECLARATION OF ALI CHOUDHRI**
**REGARDING RESIDENCE, HOMESTEAD, AND REQUEST FOR ACCOUNTING**

1. My name is Ali Choudhri. I am over eighteen years of age, of sound mind, and fully competent to make this declaration. The facts stated here are within my personal knowledge and are true and correct.

2. I live at 4521 San Felipe Street, Unit 3201, Houston, Harris County, Texas 77027. This is my home. It is more particularly described as:

> Unit 3201 and its appurtenant undivided interest in and to the general and limited common elements of ARABELLA CONDOMINIUMS, a condominium regime in the City of Houston, Harris County, Texas, created by and subject to that certain Amended and Restated Declaration of Arabella Condominiums dated September 30, 2015, recorded with, and as amended by, that certain First Amendment to Amended and Restated Declaration of Arabella Condominiums dated October 1, 2018, recorded October 5, 2018, as Document No. 216849 (Volume 216, Page 849) of the Condominium Records of Harris County, Texas, as referenced in Clerk's File No. RP-2018-459164 of the Official Public Records of Real Property of Harris County, Texas.

**<u>My residence</u>**

3. I have lived at Unit 3201 continuously since November 2021. I have lived there every month since then. I have not moved out at any point.

4. Unit 3201 is my sole residence. I do not own, rent, occupy, or maintain any other residence. I do not stay anywhere else.

5. I sleep there. I keep my bed and bedroom furniture there. I keep my clothing there. I keep my personal papers, photographs, and belongings there. I prepare and eat meals there. I keep my kitchen and household goods there.

6. I receive my mail at Unit 3201. My personal correspondence, bills, and account statements are addressed to me there.

7. My mother lives with me at Unit 3201. She is elderly and in poor health. Unit 3201 is her home as well. She has nowhere else to live.

**My intent**

8. I occupy Unit 3201 as my home and I intend to continue living there. I claim it as my homestead. I have claimed it as my homestead at all times since November 2021.

9. I do not claim a homestead in any other property, in Texas or anywhere else. I have never designated any other property as my homestead.

10. On August 6, 2026 I signed a Homestead Affidavit stating that Unit 3201 is, and at all material times has been, my homestead under Article XVI, Section 50(a) of the Texas Constitution. That affidavit was filed in the Official Public Records of Real Property of Harris County, Texas.

**Corroborating records**

*[Complete each item that applies and attach the document. Strike any that do not apply. Do not state anything that is not accurate.]*

11. My Texas driver's license lists Unit 3201 as my address. A true and correct copy is attached as Exhibit ____. [ / strike if not applicable ]

12. I am registered to vote at Unit 3201. [ / strike if not applicable ]

13. Utility service at Unit 3201 is in my name. Statements dating from ____________ to the present are attached as Exhibit ____. [ / strike if not applicable ]

14. My homeowner's or renter's insurance policy identifies Unit 3201 as my primary residence. A copy of the declarations page is attached as Exhibit ____. [ / strike if not applicable ]

15. A residence homestead exemption for Unit 3201 has been filed with the Harris County Appraisal District. Records are attached as Exhibit ____. [ / strike if not applicable ]

16. Building records for the Arabella Condominiums, including access records, parking assignment, and package receipts, reflect my residence at Unit 3201. Copies are attached as Exhibit ____. [ / strike if not applicable ]

17. My federal income tax returns list Unit 3201 as my address. [ / strike if not applicable ]

**<u>Request for a payoff and accounting</u>**

20. On August 21, 2026 at 2:40 p.m. I wrote to Travis Vargo, the Court-Appointed Receiver, and asked him to “provide me balance that you contend is owed with a breakdown and what you have already collected.”

21. He replied at 4:31 p.m. He did not give me the balance, a breakdown, or the amounts collected. He wrote that the attached orders “identify the judgments that I’ve been ordered to collect,” told me to “use them to calculate the amount due” and then to “subtract the judgment credits shown on the orders of disbursement,” stated that “[r]eceiver’s fees and expenses are costs of court that are taxed against you, the Judgment Debtor,” and invited me to “circulate your own calculation.”

22. At 4:41 p.m. I asked again. I wrote that this is “a simple and straightforward question that you should be able to answer,” asked him not to “sidestep or deflect,” and noted that the question “has been asked before and you refuse to answer it.”

23. I had also asked the same question earlier that day at the hearing before Judge Aston, and it was not answered.

24. As of the date I sign this declaration, the Receiver has never provided me with the payoff balance he contends is owed, a breakdown of that balance, an accounting of what he has collected, or an itemization of the fees and expenses he states are taxed against me. I have received no accounting of any kind from him.

**<u>The writ</u>**

25. The writ of possession issued August 6, 2026 commands the removal of all occupants and all personal property from Unit 3201. If it is executed, my mother and I will be put out of our home, and our furniture, clothing, and household belongings will be removed.

26. I have no other place to live. Nothing I could be paid would give me back this home if it is taken and sold to someone else.

My name is Ali Choudhri. My date of birth is January 24, 1980. My address is 4521 San Felipe Street, Unit 3201, Houston, Harris County, Texas 77027, United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, State of Texas, on the ______ day of _____________, 2026.

_________________________________
Ali Choudhri

**EXHIBIT L**

Receiver Travis Vargo's Supplemental Brief in Opposition to
Temporary Restraining Order and in Support of Plea to the Jurisdiction
**Filed August 27, 2026 — Envelope No. 119213023**

# RECEIVER TRAVIS VARGO'S SUPPLEMENTAL BRIEF IN OPPOSITION TO TEMPORARY RESTRAINING ORDER AND IN SUPPORT OF PLEA TO THE JURISDICTION

*Cause No. 2026-59605 — Filed August 27, 2026 — Envelope No. 119213023 [Text reproduction. Replace with the served copy before filing.]*

CAUSE NO. 202659605

Ali Choudhri, Plaintiff, v. Alan Rosen, Defendant

IN THE DISTRICT COURT OF HARRIS COUNTY, TEXAS — 127th JUDICIAL DISTRICT

RECEIVER TRAVIS VARGO'S SUPPLEMENTAL BRIEF IN OPPOSITION TO

TEMPORARY RESTRAINING ORDER AND IN SUPPORT OF PLEA TO THE JURISDICTION

Filed 8/27/2026 5:59 PM — Marilyn Burgess, District Clerk Harris County — Envelope No. 119213023

TO THE HONORABLE JUDGE OF SAID COURT:

Travis Vargo, Receiver ("Receiver") represents:

SUMMARY

1. At the August 26, 2026 oral hearing, Judge Sonya Aston, presiding Judge of the Ancillary Court, requested additional briefing on two issues: (1) whether the Court has jurisdiction over this case and (2) if there is jurisdiction, whether the Plaintiff Ali Choudhri's current temporary restraining order should be modified to expressly enjoin the Receiver. On the next morning, the Fourteenth Court of Appeals denied Mr. Choudhri's request for an appellate stay of the writ of possession at issue. This Court should make the same decision as the Fourteenth Court of Appeals as to Mr. Choudhri's request for a temporary restraining order to prevent enforcement of a writ must be denied, and furthermore this case must be dismissed for lack of jurisdiction.

CONDENSED PROCEDURAL HISTORY

2. This appeal concerns a multimillion dollar luxury high rise penthouse at 4521 San Felipe, Unit 3201, Houston, TX 77007 (the "Penthouse") near the Houston Galleria.

3. In short summary, Receiver obtained a writ of possession because the Penthouse is titled in an entity's name. On the other hand—and impossibly—Mr. Choudhri claims the Penthouse (owned by an entity) is his homestead. The trial Court disagreed and Mr. Choudhri appealed and moved the appellate court for a stay pending appeal. His motion for an appellate stay was denied on the morning of August 27, 2027.

4. This case began in 2011 and eventually, in October 2023, a judgment for $3+ million in damages was entered. Receiver was appointed in April 2025. After significant motion practice and an oral hearing with "an extraordinary amount of evidence submitted", the Court set supersedeas in this case at $5,016,886.53. Mr. Choudhri's actions also caused the Court to enter a sanction that he could not file additional net worth affidavits to attempt to run around supersedeas.

5. Mr. Choudhri never posted supersedeas, but he did attempt to post a new net worth affidavit, which the Court denied earlier this year. Eventually, Receiver filed a motion to obtain a writ of possession on the Penthouse at issue as being owned by Arabella PH 3201 LLC, a permanently defunct Wyoming entity. Mr. Choudhri filed a response that primarily argued that Receiver could not reach the LLC, and that the Penthouse somehow was Mr. Choudhri's homestead. Receiver filed a reply to that response that argued that Mr. Choudhri failed to address the applicable law, i.e. WC 4th & Colo. v. Colo. Third St., LLC, No. 14-22-00764-CV, 2025 Tex. App. LEXIS 2857, at *11 (Tex. App.—Houston [14th Dist.] Apr. 29, 2025, pet. filed). The Court granted the motion and authorized an immediate writ of possession by written order dated July 28, 2026. Mr. Choudhri filed a motion for new trial and an emergency motion to stay. Receiver responded, and the Court held a hearing on August 19, 2026 and denied the motions. A transcript of the August 19, 2026 hearing has been ordered but was not yet available at the expedited briefing deadline. Mr. Choudhri is appealing the 333rd's order to issue a writ of possession. While all of this is ongoing, Mr. Choudhri is trying to sell the Penthouse himself.

6. Receiver sought to execute the writ on August 21, 2026, but Mr. Choudhri obtained temporary restraining order against the Harris County Constable Alan Rosen to stop execution of the writ. Mr. Choudhri filed an amended application, seeking to enjoin the Receiver in addition to Constable Rosen. That motion was heard on August 26, 2026 by the Ancillary Court, the Honorable Sonya Aston presiding. The very next morning, the Fourteenth Court of Appeals issued an order denying an appellate stay.

THE RELIEF MR. CHOUDHRI REQUESTS IN THIS CASE IS IDENTICAL TO THE RELIEF THAT THE FOURTEENTH COURT OF APPEALS ALREADY REJECTED.

7. In the Appellate Proceeding, Mr. Choudhri requested a stay of the writ of possession issued by Judge Wilson.

8. This is the same relief Mr. Choudhri requests in this TRO proceeding.

9. He presented the same arguments to both courts: (1) that the property is his homestead; (2) that homestead protect bars the sale of the property. The Fourteenth Court of Appeals rejected these arguments when it denied the motion for stay. This Court should also reject these arguments.

NO JURISDICTION TO ENJOIN WRITS OF POSSESSION OF SISTER COURTS.

10. Receiver's plea to the jurisdiction cited binding authority that this Court lacks the jurisdiction to enjoin the writs of possessions of other courts. The controlling authority is a statute, TEX. CIV. PRAC. & REM. CODE § 65.023(b), which requires that "[a] writ of injunction granted to stay proceedings in a suit or execution on a judgment must be tried in the court in which the suit is pending or the judgment was rendered." "On its face, the provision prohibits Texas courts from issuing injunctions to stay proceedings or execution of a judgment rendered

by a sister court." Wise Acquisitions, LLC v. Angell, No. 08-25-00137-CV, 2026 Tex. App. LEXIS 4237, at *10 (Tex. App.—El Paso May 5, 2026, no pet. h.). § 65.023(b) is jurisdictional—it is not a venue statute. Butron v. Cantu, 960 S.W.2d 91, 94 (Tex. App.—Corpus Christi 1997, no writ).

11. Mr. Choudhri has cited no authority in response. He claims that his request for a restraining order is permissible as an independent cause of action, but his requested relief is literally that the writ of possession issued by the 333rd be enjoined from being executed. He has no answer to the jurisdiction issue. None. If he would like an injunction to stay the writ of execution issued by the 333rd, § 65.023(b) requires that he bring his request in the 333rd.

12. § 65.023(b) is dispositive. The jurisdiction to stay writs of possession out of the 333rd lies with the 333rd District Court only, not with this court. This court should dissolve the temporary restraining order it already entered and it should dismiss this case for lack of jurisdiction.

IT IS NOT HIS HOMESTEAD. RES JUDICATA BARS THIS COURT FROM REEXAMINING THAT ISSUE.

13. Mr. Choudhri's written response admits that the 333rd has heard and rejected his claims for homestead.

14. He is asking this court to reexamine the decisions that the 333rd District Court has made. Decisions that were by his own admissions, fully briefed and given an oral hearing. That relief is barred by res judicata. Engelman Irrigation Dist. v. Shields Bros., 514 S.W.3d 746, 750 (Tex. 2017). It does not matter that Mr. Choudhri has appealed the ruling because "a trial court's judgment is final for purposes of res judicata or collateral estoppel even while the case is on appeal." De Gonzalez v. Guilbot, 315 S.W.3d 533, 536 n.3 (Tex. 2010); Rosetta Res. Operating, LP v. Martin, 645 S.W.3d 212, 225 (Tex. 2022). All three elements are met: Mr. Choudhri and Receiver were both parties to the July 28, 2026 Order, it is final (notwithstanding a pending appeal), and Mr. Choudhri literally admits addresses the same exact issue in this case.

15. The Court should dismiss Mr. Choudhri's claims because they are barred by res judicata.

THE PROPERTY JUST IS NOT HIS HOMESTEAD BECAUSE HE DOES NOT OWN IT

16. At the August 19, 2026 hearing, Mr. Choudhri's counsel and Judge Wilson spent a significant amount of time dealing with the three deeds. Even upon reconsideration and after oral argument, Judge Wilson determined that Mr. Choudhri was not the record owner of the property and that the latter two deeds should be voided. Here is a summary of those deeds: November 11, 2021 Anosh Ahmed deeds Penthouse to Arabella PH 3201 LLC; November 12, 2021 Anosh Ahmed deeds Penthouse to Mr. Choudhri; March 4, 2026 Mr. Choudhri executes a correction deed to change the grantor in the second deed to be Arabella PH 3201 LLC.

17. Receiver argued it his original motion that the second and third deeds conveyed no title and/or were void. The second deed conveyed no title because after the Penthouse was deeded to Arabella PH 3201 LLC, Mr. Ahmed can not deed the same Penthouse the next day to Mr. Choudhri. The correction deed is void because Mr. Ahmed did not sign it. Judge Wilson agreed and the deeds were voided and expunged in the same order that issued the writ.

18. The order voiding and expunging the deeds has been recorded. This issue was expressly considered by the trial court and resolved in Receiver's favor. The record title owner of the Penthouse is Arabella PH 3201 LLC, not Mr. Choudhri. Mr. Choudhri cannot have homestead rights. See Norris v. Thomas, 215 S.W.3d 851, 854 (Tex. 2007) (a person may only designate homestead if they own the land or the improvements). The deed to Arabella expressly states that Arabella owns the improvements that are unit 3201. His claims of homestead obviously fail because he does not own the Penthouse.

19. In his appellate motion, Mr. Choudhri cites Laster v. First Huntsville Properties Co., 826 S.W.2d 125, 130 (Tex. 1991) as authority that he can have a homestead in property he does not own. That case is inapposite because Mr. Choudhri does not hold present or future possessory rights in the Penthouse. Similarly, his reliance on Inwood N. Homeowners' Ass'n v. Harris, 736 S.W.2d 632, 636 (Tex. 1987) is misplaced because the homestead claimant in that case owned title to the land. So too in the other case cited, Villarreal v. Laredo Nat'l Bank, 677 S.W.2d 600, 604 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.). Mr. Choudhri identified nothing at all that would grant him a "present possessory interest" akin to the cases he cites.

20. He has no interest in the property to which a homestead may attach. If this Court were to find that he had a homestead, it would be the first court to do so, after Judge Wilson and the Fourteenth Court of Appeals made the opposite decision.

EXCLUSIVE JURISDICTION OVER RECEIVER'S ACTIONS IS VESTED IN THE APPOINTING COURT

21. The Turnover Order requires that any action against Receiver be brought in the 333rd Court.

22. Again, what Mr. Choudhri is expressly, admittedly trying to achieve here is to have a court other than the 333rd evaluate his claims. This directly contradicts the Turnover Order and § 65.023. The Court should deny all of Mr. Choudhri's relief and dismiss his claims. If the claims are not dismissed, they must be transferred to the 333rd.

23. He raises numerous complaints about the Receiver, and requests broad injunctive relief and expedited discovery. Receiver is an arm of the appointing court, and entitled to derived judicial immunity. "Like a court-appointed bankruptcy trustee acting within his authority as trustee, a court-appointed receiver acts as an arm of the court and is immune from liability for actions grounded in his conduct as receiver." Davis v. West, 317 S.W.3d 301, 307 (Tex. App.—Houston [1st Dist.] 2009, reh'g denied).

24. Derived judicial immunity is jurisdictional, and it prohibits this court from exercising jurisdiction over claims against the Receiver. Glasstex, Inc. v. Arch Aluminum & Glass Co., 2016 Tex. App. LEXIS 1869 at *10-11 (Tex. App.—Corpus Christi Feb. 25, 2016, no pet.).

25. To be clear, although Vargo expressly denies any improprieties as alleged by Plaintiff, Vargo is immune regardless of the propriety of his actions. See B. K. v. Cox, 116 S.W.3d 351, 357 (Tex. App.—Houston [14th Dist.] 2003).

26. The Court should and must dismiss this suit because Vargo is judicially immune for the alleged actions, and as such the Court entirely lacks subject matter jurisdiction over him. See Glasstex, Inc.; see also Dall. Cty. v. Halsey, 87 S.W.3d 552, 554 (Tex. 2002).

27. Mr. Choudhri's remedy for his complaints about Receiver's actions is to bring such complaints to the attention of the 333rd.

PRAYER

Wherefore, Receiver Travis B. Vargo respectfully requests that dismiss this case in its entirety, or in the alternative, deny Ali Choudhri's request for a temporary restraining order and transfer this case to the 333rd District Court, and for such other and further relief, in law and in equity, as is just.

Respectfully Submitted,

VARGO LAW FIRM, PC

By: /s/ Travis B. Vargo

Travis B. Vargo, State Bar No. 24047027

Michael Poynter, State Bar No. 24092991

12012 Wickchester, Suite 670, Houston, TX 77079

(713) 524-2441 telephone

tvargo@vargolawfirm.com / mpoynter@vargolawfirm.com

**EXHIBIT M**

Correspondence Between Relator and the Receiver
Regarding the Balance Claimed and Amounts Collected
**August 21, 2026**

## CORRESPONDENCE BETWEEN ALI CHOUDHRI AND RECEIVER TRAVIS VARGO

*August 21, 2026 — Balance Claimed and Amounts Collected [Text reproduction. Replace with printed email thread before filing.]*

From: Ali Choudhri <ali@jetallcapital.com>

Sent: Friday, August 21, 2026 2:40 PM

To: Travis Vargo <tvargo@vargolawfirm.com>

Subject: Signed TRO on my Homestead 4521 San Felipe

Mr. Vargo,

Please see attached signed TRO. The Bond was paid shortly after the Honorable Judge signed the order.

Please confirm you have left the premises of 4521 SAN FELIPE. You failed to answer that question to me and Judge Alston on the TRO hearing from this morning.

Furthermore, Please provide me balance that you contend is owed with a breakdown and what you have already collected.

I need this information immediately.

Thank you

------------------------------------------------------------

From: Travis Vargo <tvargo@vargolawfirm.com>

Sent: Friday, August 21, 2026 4:31 PM

To: Ali Choudhri <ali@jetallcapital.com>

Subject: RE: Signed TRO on Receiver's Penthouse Per Court Order

Mr. Choudhri,

I have no idea what you are talking about concerning unanswered questions from the Judge. This sounds like one of your tales.

The attached orders identify the judgments that I've been ordered to collect. Please use them to calculate the amount due. Then subtract the judgment credits shown on the orders of disbursement. Receiver's fees and expenses are costs of court that are taxed against you, the Judgment Debtor.

If you want to discuss the payoff further, I have copied Creditors' counsel. Feel free to circulate your own calculation.

Travis Vargo

Court Appointed Receiver

(713) 524-2441

----------------------------------------------------------

From: Ali Choudhri <ali@jetallcapital.com>

Sent: Friday, August 21, 2026 4:41 PM

To: Travis Vargo <tvargo@vargolawfirm.com>

Subject: Re: Signed TRO on Receiver's Penthouse Per Court Order

Please provide me the balance of what you state is owed on the judgments you are on for collections.

This is a simple and straightforward question that you should be able to answer.

Please provide me the balance that is owed with a breakdown and what you have already collected.

Please do not sidestep or deflect this question. It has been asked before and you refuse to answer it.

Please provide the requested information immediately.

**EXHIBIT N**

Relator’s Correspondence to the Office of the District Clerk
Transmitting the August 31, 2026 Order and the Notice of Hearing
**September 1, 2026, 10:15 a.m.**

JETALL

Ali Choudhri <ali@jetallcapital.com>

## 2026-59605

1 message

**Ali Choudhri** <ali@jetallcapital.com> Tue, Sep 1, 2026 at 10:15 AM
To: raymond.aguilar@hcdistrictclerk.com
Cc: Legal Jetall Capital <legal@jetallcapital.com>
Bcc: Ali Choudhri <ali@jetallcapital.com>

Raymond,

I called the court, left a voicemail and wanted to follow up with this email.

I am confirming the settings set in this case. I wanted to avoid any confusion.

The only setting I see is the one Michael Poynter made (attached).

It relates to **TRAVIS VARGO'S INTERVENTION, EMERGENCY MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER AND PLEA TO THE JURISDICTION shall have an oral hearing on September 1, 2026 at 11:00 am in person in the courtroom of the 127th Judicial District Court, Harris County, Texas, which is located at 201 Caroline, 10th Floor, Houston, TX 77002.**

However, this very same relief was taken under advisement in the ancillary court and ruled on last night and denied.

It's my understanding that under

Under Rule 3.5 Only the ancillary court has the authority to grant or dissolve a TRO.

I just wanted clarity on this because it appears the only matter set today is to dissolve the tro. This is the same motion to dissolve the TRO that the court ruled on and denied yesterday.

Furthermore, the efile Texas has been down from accepting filings-I am unable to make filings.

I did not want to waste the court's time, so I wanted to bring this to your attention and get clarification.

**See attached ORDER signed last night denying the motion by Vargo to dissolve the TRO.

This should moot or cancel the hearing today

Please confirm there is no hearing today

Thank you,

---

**2 attachments**

**Notice of Hearing for 09.01.2026 (2).pdf**
89K

**6.07 pm order denying vargo motion to dissolve tro.PDF**
722K

**EXHIBIT O**

Notification of Service — Envelope No. 119391395
**September 1, 2026, 3:18 p.m.**

# NOTIFICATION OF SERVICE — ENVELOPE NO. 119391395

*September 1, 2026, 3:18 p.m. [Text reproduction. Replace with the original notification before filing.]*

NOTIFICATION OF SERVICE

eFileTexas — Electronic Filing Manager

Received by: ali@jetallcapital.com

Date received: Tuesday, September 1, 2026 at 3:18 PM

Case Number: 202659605

Case Style: CHOUDHRI, ALI v ROSEN, ALAN (CONSTABLE PRECINCT NO 1) (HARRIS COUNTY)

Envelope Number: 119391395

FILING DETAILS

Date/Time Submitted: 9/1/2026 3:18 PM CST

Filing Type: Service Only

Filing Description: Order

Filed By: Michael Poynter

SERVICE CONTACTS

ROSEN, ALAN (CONSTABLE PRECINCT NO 1) (HARRIS COUNTY):

Courtney Carlson (courtney.carlson@harriscountytx.com)

Brian Hrach (Brian.Hrach@harriscountytx.gov)

Felipe Guevara (Felipe.Guevara@harriscountytx.gov)

Other Service Contacts not associated with a party on the case:

Travis Vargo (tvargo@vargolawfirm.com)

Michael Poynter (mpoynter@vargolawfirm.com)

Ali Choudhri (ali@jetallcapital.com)

DOCUMENT DETAILS

Served Document: Download Document

(Link active for 45 days. Access requires entry of the recipient's email address; the document itself is not attached to the notification.)

**EXHIBIT P**

Receiver Travis Vargo's Intervention, Emergency Motion to Dissolve Temporary Restraining Order and Plea to the Jurisdiction
**Filed August 21, 2026 — Envelope No. 118946061**

# RECEIVER TRAVIS VARGO'S INTERVENTION, EMERGENCY MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER AND PLEA TO THE JURISDICTION

*Cause No. 2026-59605 — Filed August 21, 2026 — Envelope No. 118946061 [Text reproduction. Replace with the served copy before filing.]*

CAUSE NO. 202659605

Ali Choudhri, Plaintiff, v. Alan Rosen, Defendant

IN THE DISTRICT COURT OF HARRIS COUNTY, TEXAS — 127th JUDICIAL DISTRICT

RECEIVER TRAVIS VARGO'S INTERVENTION,

EMERGENCY MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER AND

PLEA TO THE JURISDICTION

Filed 8/21/2026 2:39 PM — Marilyn Burgess, District Clerk Harris County — Envelope No. 118946061

TO THE HONORABLE JUDGE OF SAID COURT:

Travis Vargo, Receiver ("Receiver") represents:

SUMMARY

1. This case is an improper run around the 333rd's jurisdiction. Receiver was appointed by Judge Randy Wilson, presiding judge in 2011-75676A. Per an order of that case, Receiver obtained a writ of possession for a high rise condo the Judgment Debtor lives in, but does not own. The writ was to executed on the morning of August 21, 2026. The property is in custodia legis and this court lacks the authority to intervene. Judge Wilson already rejected the Judgment Debtor's arguments. The Court should deny all of the relief Plaintiff requests for lack of jurisdiction and most importantly, the Court should immediately dissolve the TRO.

PARTIES

2. Plaintiff Ali Choudhri is before the Court.

3. Defendant Alan Rosen has not been served and has not appeared.

4. Receiver Travis Vargo is before the Court.

JURISDICTION AND VENUE

5. This Court does not have jurisdiction to enjoin the enforcement of writs coming out of the 333rd Judicial District Court, a coordinate sister court. TEX. CIV. PRAC. & REM. CODE § 65.023(b) requires that "[a] writ of

injunction granted to stay proceedings in a suit or execution on a judgment must be tried in the court in which the suit is pending or the judgment was rendered."

6. Similarly, venue is wrong in this Court. The proper venue is the 333rd Court. Receiver requests transfer of this case to the 333rd Court, the Honorable Randy Wilson presiding. Tex. R. Civ. P. 86.

7. Receiver has a justiciable interest in the suit because Plaintiff seeks to restrain the Receiver's collection efforts and to interfere with property in custodia legis. Guar. Fed. Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 657 (Tex. 1990). Had this action been brought against Receiver, he would be able to defeat recovery by Plaintiff.

FACTS

8. Receiver was appointed by Judge Randy Wilson, presiding judge in 2011-75676A and 2011-75676D, Mokaram-Latif West Loop Ltd. v Ali Choudhri et al, in the 333rd District Court, Harris County, Texas to collect upon judgment debts entered in those cases pursuant to turnover orders signed on or about April 1, 2025, which were never appealed and have been final for more than a year (collectively "Receivership Orders"). A certified copy of the Receivership Orders are attached as Exhibit 1.

9. The Receivership Orders turned over ownership and control of Arabella PH 3201 LLC, a defunct, expired Wyoming LLC exclusively owned by Choudhri. The entity owns fee simple title to 4521 San Felipe St., Unit 3201, Houston, TX 77027, the Penthouse Apartment of the Arabella high-rise in the Galleria-area (the "Penthouse").

10. To avoid controversy and disputes, Receiver filed (6/12/26) a "Motion for Writ of Possession, Comfort Order, and Expungement of Recorded Documents Relating to 4521 San Felipe St. 3201, Houston, Texas." The motion was set on the submission docket for ruling. Mr. Choudhri filed a lengthy response/opposition (6/22/26) alleging that the Penthouse was his homestead. Receiver then filed a Reply (6/23/26) to which Mr. Choudhri filed a Sur-Reply (6/25/26). Suffice it to say, the issues regarding title, homestead, turnover, etc. were thoroughly briefed.

11. On July 28, Judge Randy Wilson, presiding in the 333rd by special assignment, signed an Order regarding the Penthouse giving Receiver the ability to sell it and a writ possession to expel all occupants and personal property. That order is attached Exhibit 2. The clerk subsequently issued the writ of possession, which the Constable posted at the Penthouse. The order also voided and expunged two deeds—the very same two deeds attached to Plaintiff's petition at Exhibit A and B.

12. Not accepting Judge Wilson's decision, Choudhri then filed (8/3/26): (a) a Motion for New Trial, Motion to Modify, Correct, or Reform the Order, and Motion for Reconsideration; and (b) an Emergency Verified Motion to Stay Enforcement and for Supersedeas of Writ of Possession Pending Reconsideration and Appeal. On August 19, 2026, following a lengthy oral hearing wherein Judge Wilson listened to Choudhri's allegations of homestead, improper turnover etc., the motions were denied.

13. Receiver continued with the writ of possession. Choudhri believed that the writ lacked requisite notice and sought to have Judge Wilson recall the writ, which he did not. Out of options, Choudhri then began calling the Harris County Constable and then the Harris County Attorney's Office to intimidate them into cancelling the writ. They were not intimidated and the lockout was going to proceed.

14. With all options exhausted, on August 21, 2026 Choudhri ran to ancillary court and obtained a temporary restraining order, which is in the Court's docket. It is void and must be dissolved as a matter of law.

TEX. CIV. PRAC. & REM. CODE § 65.023(b) PROHIBITS THIS COURT FROM ENJOINING THE 333RD COURT

15. This Court just cannot enjoin the 333rd's orders from being executed.

16. "On its face, the provision prohibits Texas courts from issuing injunctions to stay proceedings or execution of a judgment rendered by a sister court." Wise Acquisitions, LLC v. Angell, No. 08-25-00137-CV, 2026 Tex. App. LEXIS 4237, at *10 (Tex. App.—El Paso May 5, 2026, no pet. h.).

17. § 65.023(b) is jurisdictional—it is not a venue statute. Butron v. Cantu, 960 S.W.2d 91, 94 (Tex. App.—Corpus Christi 1997, no writ).

18. The injunction issued by this Court was wrongly entered without jurisdiction and must be dissolved.

PENTHOUSE IS IN CUSTODIA LEGIS AND THIS COURT LACKS JURISDICTION TO INTERFERE

19. The injunction directly restrains the Receiver, and it indirectly restrains him through its restraints on the constables. It is void on those grounds. This Court lacks jurisdiction to interfere with the property at issue.

20. The Penthouse is in custodia legis of the 333rd District Court. See Exhibit 2. No court may issue injunctive relief against property in custodia legis of another Court. Neel v. Fuller, 557 S.W.2d 73, 76 (Tex. 1977); First S. Props., Inc. v. Vallone, 533 S.W.2d 339, 342-43 (Tex. 1976); Ogden v. Edwards, 108 S.W.2d 675, 677 (Tex. Civ. App.—Amarillo 1937, no writ).

21. The Court's temporary injunction prevents Receiver from taking possession of property in custodia legis. No Court, other than the 333rd, may make that determination. The temporary restraining order is void because the ancillary court lacked the jurisdiction to enter it. The Court should immediately dissolve the injunction and transfer this case to the 333rd. Bitgood v. Harkness, No. 09-20-00263-CV, 2021 Tex. App. LEXIS 4571, at *12 (Tex. App.—Beaumont June 10, 2021, pet. denied).

22. Receiver requests an immediate dissolution of the temporary injunction.

EMERGENCY RELIEF IS REQUESTED DUE TO PENDING SALE BY TAXING AUTHORITIES

23. The City of Houston and other taxing authorities took a judgment for roughly $390,000.00 in unpaid taxes for the penthouse. The case is 2023-67381, City of Houston et al v. Arabella PH 3201 LLC et al, in the District Court of Harris County, Texas, 215th Judicial District. A tax sale is planned for September 1, 2026. A certified copy of the Default Judgment is attached as Exhibit 3. A certified copy of the City of Houston's request for an order of sale is attached as Exhibit 4. If that sale is allowed to proceed, it will be a significant financial loss to the Receivership estate. Emergency consideration is requested considering the impending sale.

PRAYER

Wherefore, premises considered, Receiver respectfully prays that the Court deny the Plaintiff's relief, dismiss this case outright, deny the temporary injunction, and for such other and further relief, in law and in equity, as is just.

Respectfully Submitted,

VARGO LAW FIRM, PC

By: /s/ Travis B. Vargo

Travis B. Vargo, State Bar No. 24047027

Michael Poynter, State Bar No. 24092991

12012 Wickchester, Suite 670, Houston, TX 77079

(713) 524-2441 telephone

tvargo@vargolawfirm.com / mpoynter@vargolawfirm.com

**EXHIBIT Q**

Receiver Travis Vargo's Response to Emergency Verified Motion to Stay Enforcement and for Supersedeas of Writ of Possession
**Filed in No. 14-26-00804-CV on August 25, 2026**

ACCEPTED
14-26-00804-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
8/25/2026 4:16 PM
RENEE WILSON
CLERK PRO TEMPORE

**NO. 14-26-00804-CV**
**IN THE FOURTEENTH COURT OF APPEALS**
**HOUSTON, TEXAS**

**ALI CHOUDHRI,**
APPELLANT
**V.**
**MOKARAM-LATIF WEST LOOP LTD., ET AL,**
APPELLEES

TRIAL COURT CASE # 2012-27197-a
333RD JUDICIAL DISTRICT COURT,
JUDGE RANDY WILSON SITTING BY ASSIGNMENT
HARRIS COUNTY, TEXAS

# RECEIVER TRAVIS VARGO'S RESPONSE TO DEFENDANT ALI CHOUDHRI'S EMERGENCY VERIFIED MOTION TO STAY ENFORCEMENT AND FOR SUPERSEDEAS OF WRIT OF POSSESSION PENDING RECONSIDERATION AND APPEAL

**Travis B. Vargo**
**State Bar No. 24047027**
**Michael Poynter**
**State Bar No. 24092991**
**12012 Wickchester, Suite 670**
**Houston, TX 77079**
**(713) 524-2441 telephone**
**(832) 779-8838 facsimile**
**tvargo@vargolawfirm.com**
**mpoynter@vargolawfirm.com**

Travis Vargo, Receiver for Ali Choudhri, Dalio Holdings I LLC, Dalio Holdings II, LLC, represents:

## SUMMARY

Receiver is collecting a multi-million-dollar judgment against Appellant Ali Choudhri. Mr. Choudhri never superseded the judgment; instead, this request for stay is his latest gambit to avoid or delay collections. In the trial court below, Judge Randy Wilson, presiding by assignment, entered an order authorizing Receiver to obtain a writ of possession for property titled to a **permanently** defunct Wyoming entity. This case is Mr. Choudhri's appeal of that order. Below, Mr. Choudhri filed a motion to reconsider and request to set supersedeas. These motions received an oral hearing, at which Judge Wilson denied them. The motion presently under consideration is a nearly word-for-word copy of those rejected pleadings. This Court lacks jurisdiction to review post-judgment orders for writs of possession, and even besides that fundamental issue, the motion lacks merit. The Court should deny the motion for emergency stay and it should dismiss this appeal.

## BACKGROUND

This Court is probably familiar with Mr. Choudhri, a seasoned litigant. This appeal concerns a multimillion dollar luxury high rise penthouse at 4521 San Felipe, Unit 3201, Houston, TX 77007 (the "Penthouse") near the Houston Galleria. This is a picture:



(Appendix 5 pg. 3).

In short summary, Receiver obtained a writ of possession because the Penthouse is titled in an entity's name. On the other hand—and impossibly—Mr. Choudhri claims the Penthouse (owned by an entity) is his homestead. The trial Court disagreed and Mr. Choudhri appealed.

This case began in 2011 and eventually, in October 2023, a judgment for $3+ million in damages was entered. (Appendix 1, Amended Turnover Order, ¶ 3).[1] Receiver was appointed in April 2025. (*Id.* pg. 11). After significant motion practice and an oral hearing with "an extraordinary amount of evidence submitted", the Court set supersedeas in this case at $5,016,886.53. (Appendix 2, Order, ¶ 45 (quoted language), ¶ 26 (calculating supersedeas). Mr. Choudhri's actions also caused the Court to enter a sanction that he could not file additional net worth affidavits to attempt to run around supersedeas:

> 43. As a further sanction, Judgment Debtors are hereby precluded from filing additional net worth affidavits in the A Case and/or the D Case except on leave of court, and any such affidavits and/or net worth statements will be void and of no force and/or effect to supersede the judgments. The Court finds the filing of the Second Affidavit, the Third Affidavit and/or any future affidavit would likely be for the same purpose to delay, obstruct and prevent collection of the judgments.

(Appendix 2 ¶ 43).

Mr. Choudhri never posted supersedeas, but he did attempt to post a new net worth affidavit, which the Court denied earlier this year. (Appendix 3 ¶ 4). Eventually, Receiver filed a motion to obtain a writ of possession on the Penthouse at issue as being owned by Arabella PH 3201 LLC, a permanently defunct Wyoming

---

[1] A similar order was entered in sister case 2012-27197-D.

entity. (Appendix 6). Mr. Choudhri filed a response that primarily argued that Receiver could not reach the LLC, and that the Penthouse somehow was Mr. Choudhri's homestead. (Appendix 7). Receiver filed a reply to that response that argued that Mr. Choudhri failed to address the applicable law, *i.e. WC 4th & Colo. v. Colo. Third St., LLC*, No. 14-22-00764-CV, 2025 Tex. App. LEXIS 2857, at *11 (Tex. App.—Houston [14th Dist.] Apr. 29, 2025, pet. filed). (Appendix 8). The Court granted the motion and authorized an immediate writ of possession by written order dated July 28, 2026. (Appendix 5). Mr. Choudhri filed a motion for new trial (Appendix 9) and an emergency motion to stay (Appendix 10). Receiver responded (Appendix 11), and the Court held a hearing on August 19, 2026 and denied the motions (Appendix 12). A transcript of the August 19, 2026 hearing has been ordered but was not yet available at the expedited briefing deadline.

Receiver sought to execute the writ on August 21, 2026, but Mr. Choudhri obtained temporary restraining order against the Harris County Constable Alan Rosen to stop execution of the writ. A hearing to dissolve that TRO is set for August 26, 2026 at 11:00 am.

## APPELLATE COURTS LACK JURISDICTION TO ISSUE A STAY OF A WRIT OF POSSESSION

The appellate courts do not have jurisdiction over post-judgment orders to issue a writ of possession. *Henderson v. Everbank*, No. 01-17-00061-CV, 2018 Tex.

App. LEXIS 997, at *2 (Tex. App.—Houston [1st Dist.] Feb. 6, 2018, no pet.) ("Post-judgment orders enforcing or carrying out an already-rendered judgment are not final orders and generally may not be appealed. Some post-judgment orders are appealable. But the January 2017 order here is an order authorizing the clerk to issue a writ of possession under Rule 310 and is not a post-judgment enforcement order made appealable by statute.") (cleaned up). *See also Manley v. Bank of Am., N.A.*, No. 01-23-00236-CV, 2023 Tex. App. LEXIS 4276, at *1-2 (Tex. App.—Houston [1st Dist.] June 20, 2023, no pet.) ("The March 29, 2023 order here is an order authorizing the clerk to issue a writ of possession and is not a post-judgment enforcement order made appealable by statute.").

Mr. Choudhri identifies no authority—none—that the July 28, 2026 Order for a post-judgment writ of possession is appealable. This appeal must be dismissed.

**EVEN IF THERE WERE JURISDICTION, THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN REFUSING TO SET A FURTHER BOND**

Mr. Choudhri argues that Tex. R. App. P. 29, which permits supersedeas of an appealed interlocutory order, is applicable in this case. Rule 29 obviously presupposes is that the interlocutory order in question is appealable. This order is not.

Even if this Court has jurisdiction, Mr. Choudhri expressly requested that the Court set a new supersedeas for the Penthouse. Judge Wilson rejected that request

because he had already set a supersedeas bond at $5,016,886.53 back in March 2025 (Appendix 2). Mr. Choudhri sought a redetermination of the amount of supersedeas earlier this year that was denied (Appendix 3). After the Court authorized a writ, Mr. Choudhri again sought a different supersedeas, and the Court denied that motion, too. (Appendix 4). Rule 29.2 permits the appellate courts to review a supersedeas bond for an abuse of discretion, **but only if the trial court refuses to permit supersedeas.**

> **29.2 *Security.*** The trial court may permit an order granting interlocutory relief to be superseded pending an appeal from the order, in which event the appellant may supersede the order in accordance with Rule 24. If the trial court refuses to permit the appellant to supersede the order, the appellant may move the appellate court to review that decision for abuse of discretion.

Tex. R. App. P. 29.2 (emphasis supplied).

The bond in this case is set at $5,016,886.53, the amount of the judgment. (Appendix 2). The request for stay must be denied because the plain language of Rule 29.2 just does not apply because Judge Wilson did not "refuse[] to permit the appellant to supersede the order."

Even if Rule 29.2. permitted this court to review Judge Wilson's supersedeas order, the standard is an abuse of discretion per the language of the Rule. Similarly, if this Court reviewed Judge Wilson's supersedeas order per Rule 24.4, it would be

for abuse of discretion. *Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 909 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("We review the alleged excessiveness of the trial court's determination of the amount of security under Rule 24.4 of the Texas Rules of Appellate Procedure using an abuse-of-discretion standard."). "An abuse of discretion denotes acting without reference to guiding rules or principles; in other words the act was arbitrary or unreasonable." *Zeifman v. Michels*, 229 S.W.3d 460, 465 (Tex. App.—Austin 2007, no pet.). "The relator must establish that the trial court could reasonably have reached only one decision." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

Judge Wilson's order setting the supersedeas bond at $5,016,886.53 is detailed in its reasoning, both in determining the amount of supersedeas, and the rejection of alternative supersedeas / a net worth affidavit. The motion at bar literally does not address whether Judge Wilson abused his discretion. The motion fails as inadequately briefed.

There are zero (0) citations to the record, and no evidence or appendices attached to the motion. "An appellate court has no duty, or even the right, to perform an independent review of the record and applicable law to determine whether there was error." *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). Here is the verification, which is barebones and conclusory.

**UNSWORN DECLARATION OFALI CHOUDHRI**

I, Ali Choudhri, make this Unsworn Declaration pursuant to § 132.001 of the Texas Civil Practice & Remedies Code, and state as follows:

1. My name is Ali Choudhri I am of sound mind, over the age of 18 years, and capable of making this Declaration.

2. I am the Defendant in the above-styled and numbered causes.

3. I have read the foregoing *Emergency Verified Motion to Stay Enforcement and for Supersedeas of Writ of Possession Pending Reconsideration and Appeal*, and the factual statements contained therein regarding my occupancy of the Property at 4521 San Felipe Street #3201, Houston, Texas 77027 as my sole primary residence since November 2021, the absence of any other homestead, and the imminent harm I face from enforcement of the writ of possession, are within my personal knowledge and are true and correct..

My name is Ali Choudhri; my date of birth is 01/24/1980; and my address is 4521 San Felipe Street #3201, Houston, Texas 77027. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, Texas, on the 20th day of August 2026.

*/s/ Ali Choudhri*
Ali Choudhri

Receiver submits that this Court can stop its analysis as to emergency relief here. This Court cannot find on that slim evidence that the trial court abused its discretion in denying a further supersedeas of the writ of execution.

**THE PENTHOUSE IS NOT MR. CHOUDHRI'S HOMESTEAD BECAUSE HE DOES NOT OWN IT**

Receiver attached three deeds to the motion, which are Appendices 15, 16, and 17 here. Here is a summary of those deeds:

November 11, 2021 Anosh Ahmed deeds Penthouse to Arabella PH 3201 LLC[2]

November 12, 2021 Anosh Ahmed deeds Penthouse to Mr. Choudhri[3]

March 4, 2026 Mr. Choudhri executes a correction deed to change the grantor in the second deed to be Arabella PH 3201 LLC.[4]

Receiver argued it his original motion that the second and third deeds conveyed no title and/or were void. The second deed conveyed no title because after the Penthouse was deeded to Arabella PH 3201 LLC, Mr. Ahmed can not deed the same Penthouse the next day to Mr. Choudhri. The correction deed is void because Mr. Ahmed did not sign it. There are other problems with the deeds. (*See* Appendix 6 ¶¶ 9-13). Judge Wilson agreed and the deeds were voided and expunged in the same order that issued the writ. (Appendix 5).

At the August 19, 2026 hearing, Mr. Choudhri's counsel was extensively questioned by Judge Wilson about the validity of these deeds. The motion to reconsider was denied. The order voiding and expunging the deeds has been recorded. (Appendix 6). This issue was expressly considered by the trial court and resolved in Receiver's favor. The record title owner of the Penthouse is Arabella PH 3201 LLC, not Mr. Choudhri. (Appendix 15). Mr. Choudhri cannot have

[2] Appendix 15
[3] Appendix 16
[4] Appendix 17

homestead rights. *See Norris v. Thomas*, 215 S.W.3d 851, 854 (Tex. 2007) (a person may only designate homestead if they own the land or the improvements). The deed to Arabella (Appendix 15) expressly states that Arabella owns the improvements that are unit 3201. His claims of homestead obviously fail because he does not own the Penthouse.

Mr. Choudhri cites *Laster v. First Huntsville Properties Co.*, 826 S.W.2d 125, 130 (Tex. 1991) as authority that he can have a homestead in property he does not own. That case is inapposite because Mr. Choudhri does not hold present or future possessory rights in the Penthouse. The husband in *Laster* owned 26.17 of the property, but "the divorce decree created in Melissa rights in the residence analogous to those of a life tenant, and created in Richard a future interest in the residence similar to that held by a vested remainderman." *Laster* at 129. The Supreme Court found "no homestead right arose in Richard's interest in the residence because he held only a future right to possession in the property subject to Melissa's homestead rights." Here, Mr. Choudhri doesn't own **any** of the Penthouse—no equity, no future rights. He cannot have a homestead. This is the case Mr. Choudhri cites as his own authority, but it rolls back on him. Similarly, his reliance on *Inwood N. Homeowners' Ass'n v. Harris*, 736 S.W.2d 632, 636 (Tex. 1987) is misplaced because the homestead claimant in that case owned title to the land. So too in the other case cited, *Villarreal v. Laredo Nat'l Bank*, 677 S.W.2d 600, 604 (Tex. App.—

San Antonio 1984, writ ref'd n.r.e.). There, a divorce decree granted a spouse an interest in land until the children reached eighteen to which a homestead could attach. *Id.* at 606. The situations simply are not the same. On the one hand you have a divorced spouse who is conveyed an possessory interest in the home to raise the couples' children; on the other, you have a judgment debtor who has never been conveyed any interest, possessory or otherwise. Mr. Choudhri identified nothing at all that would grant him a "present possessory interest" akin to the cases he cites.

## CHOUDHRI DOES NOT ESTABLISH HARM

Mr. Choudhri makes a conclusory argument that he will be irreparably harmed if the trial court's orders are not stayed. *See* Motion ¶¶ 32-34. The trial court has expressly rejected his claims of direct, personal ownership to the Penthouse. Its title is held in a permanently defunct Wyoming LLC. His arguments of harm lay on a false foundation that he owns the Penthouse.

Mr. Choudhri's arguments about disruption to his home life, loss of his longtime residence etc. all ring hollow. He is currently marketing the Penthouse for sale. Attached as Appendix 14 is a real estate listing by Mr. Choudhri for the Penthouse. **He is trying to sell it himself.** His true plan appears to be to stall out the Receiver so he can pocket the money himself. The Court should deny his requested stay so that the funds can properly be captured by the Receiver.

Mr. Choudhri spends a lot of time in his motion discussing the pending sale by the taxing authorities. That sale was not before the court below and those parties are not appellees herein. All of that discussion is a waste of this court's time.

**THE TRIAL COURT ALREADY HAD A HEARING ON THE HOMESTEAD CLAIM.**

Mr. Choudhri's motion requests that this court "hold an evidentiary hearing on the homestead claim." This request appears to be a vestigial limb from the cut-and-paste nature of the instant motion's adaptation of Mr. Choudhri's motion to the trial court. In fact, the Trial Court had a hearing on August 19, 2026 where evidence was offered and admitted. There is not a need for a circus of an evidentiary hearing on issues Mr. Choudhri has lost numerous times already. Mr. Choudhri does not identify what new evidence, if any, might be presented, or how it could materially change the outcome of this matter if it was true. An evidentiary hearing would give Mr. Choudhri a significant delay, which is what he really wants out of this appeal. The Court should deny that request.

**PRAYER**

For these reasons, Receiver Travis Vargo respectfully prays that the Court deny Defendant Ali Choudhri's Emergency Verified Motion to Stay Enforce and for Supersedeas of Writ of Possession Pending Reconsideration and Appeal, and for such other and further relief, in law and in equity, as is just.

Respectfully Submitted,

By: /s/Michael Poynter
Travis B. Vargo
State Bar No. 24047027
Michael Poynter
State Bar No. 24092991
12012 Wickchester, Suite 670
Houston, TX 77079
(713) 524-2441 telephone
(832) 779-8838 facsimile
tvargo@vargolawfirm.com
mpoynter@vargolawfirm.com

Attorney for Travis Vargo, Receiver

**CERTIFICATE OF SERVICE**

I certify that on August 25, 2026 I served a copy of the forgoing response to all parties entitled to service via the electronic filing manager, including the following:

Attorney for Ali Choudhri
Derek Staub
dstaub@fbtgibbons.com

**UNSWORN DECLARATION OF TRAVIS VARGO**

1. "My name is Travis Vargo. I am over 18 years of age and I am competent to make this declaration. I am the receiver in this case. I have personal knowledge of the statements made in this declaration because I participated in the events giving rise to the making of this declaration.

3. "The document marked as Appendix 14 is a true and correct copy of printouts from https://www.har.com/homedetail/4521-san-felipe-st-3202-houston-tx-77027/14850469 that I downloaded on August 25, 2026.

8. "My date of birth June 29, 1979 and my address is 12012 Wickchester, Suite 670, Houston, Texas, 77079 United States of America. I declare under penalty of perjury that the foregoing is true and correct."

/s/Travis B. Vargo
Travis B. Vargo

# APPENDIX 1

**NO. 14-26-00804-CV**
**IN THE FOURTEENTH COURT OF APPEALS**
**HOUSTON, TEXAS**

**ALI CHOUDHRI,**
APPELLANT
**V.**
**MOKARAM-LATIF WEST LOOP LTD., ET AL,**
APPELLEES

TRIAL COURT CASE # 2012-27197-a
333RD JUDICIAL DISTRICT COURT,
JUDGE RANDY WILSON SITTING BY ASSIGNMENT
HARRIS COUNTY, TEXAS

**RECEIVER TRAVIS VARGO'S RESPONSE TO DEFENDANT ALI CHOUDHRI'S EMERGENCY VERIFIED MOTION TO STAY ENFORCEMENT AND FOR SUPERSEDEAS OF WRIT OF POSSESSION PENDING RECONSIDERATION AND APPEAL**

**EXHIBIT R**

Order of the Fourteenth Court of Appeals Denying Motion to Stay
**No. 14-26-00804-CV — August 27, 2026**

**ORDER DENYING MOTION TO STAY — No. 14-26-00804-CV — AUGUST 27, 2026**

Fourteenth Court of Appeals

301 Fannin, Suite 245

Houston, Texas 77002

Chief Justice TRACY CHRISTOPHER

Justices KEN WISE, KEVIN JEWELL, RANDY WILSON, BRAD HART,

TONYA McLAUGHLIN, CHAD BRIDGES, KATY BOATMAN, MARITZA M. ANTU

Clerk RENEE WILSON, CLERK PRO TEMPORE

PHONE 713-274-2800

Thursday, August 27, 2026

RE: Court of Appeals Number: 14-26-00804-CV

Trial Court Case Number: 2012-27197A

Style: Ali Choudhri v. Mokaram-Latif West Loop, Ltd.

Travis B. Vargo, 12012 Wickchester Suite 670, Houston, TX 77079 * DELIVERED VIA E-MAIL *

Michael Poynter, 12012 Wickchester Suite 670, Houston, TX 77079-1235 * DELIVERED VIA E-MAIL *

Derek Staub, FBT Gibbons LLP, 2101 Cedar Springs Rd., #900, Dallas, TX 75201 * DELIVERED VIA E-MAIL *

William Drabble, Gray Reed & McGraw LLP, 1601 Elm Street, Suite 4600, Dallas, TX 75201 * DELIVERED VIA E-MAIL *

D. Scott Funk, Gray Reed & McGraw, P.C., 1300 Post Oak Boulevard, Suite 2000, Houston, TX 77056 * DELIVERED VIA E-MAIL *

Thomas Michael Ballases, Hoover Slovacek LLP, 5051 Westheimer, Suite 1200, Houston, TX 77056-5839 * DELIVERED VIA E-MAIL *

Preston T. Kamin, Gray Reed & McGraw LLP, 1601 Elm Street, Suite 4600, Dallas, TX 75201 * DELIVERED VIA E-MAIL *

Please be advised that on this date the Court DENIED APPELLANT'S motion to stay in the above cause.

Panel Consists of Justices Jewell, Bridges and Antu.

Sincerely,

Renee Wilson, Clerk Pro Tempore

[Text reproduction. Replace with the original clerk's letter before filing.]