# Exhibit 35

8/20/2026 11:28:32 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 118914950
By: BARRETT, BERNITTA L
Filed: 8/20/2026 11:28:32 PM

2026-59605 / Court: 127

CAUSE NO. ____________________

P4

T RORX
STBNX
CASO

| | | |
|---|---|---|
| ALI CHOUDHRI, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| ALAN ROSEN, CONSTABLE | § | |
| PRECINCT 1, HARRIS COUNTY, | § | |
| | § | |
| Defendant. | § | ______ JUDICIAL DISTRICT |

## TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING ON APPLICATION FOR TEMPORARY INJUNCTION

On this day the Court considered *Plaintiff's Verified Emergency Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction* (the "Application"), filed by Plaintiff ALI CHOUDHRI. Having considered the Application, the verified pleadings and exhibits on file, the applicable law, and the argument of Plaintiff, the Court finds that the Application is well taken and should be **GRANTED**.

## I. FINDINGS

1. Jurisdiction and venue. The Court has jurisdiction over the subject matter of this action and over the parties, and venue is proper in Harris County, Texas, because the property at issue is located in Harris County and the acts complained of are threatened to occur in Harris County.

2. Pleaded causes of action. Plaintiff has pleaded viable causes of action against Defendant ALAN ROSEN, Constable of Precinct 1 of Harris County, Texas, for (a) declaratory judgment under Chapter 37 of the Texas Civil Practice and Remedies Code; (b) wrongful execution of a writ of possession; (c) violation of Article XVI, Section 50(a) and Article I, Section 19 of the Texas Constitution; and (d) conversion.

3. Probable right to the relief sought. It appears from the verified pleadings and the exhibits attached thereto that: (a) Plaintiff has continuously occupied the residential condominium unit located at 4521 San Felipe Street, Unit 3201, Houston, Harris County, Texas 77027 (the "Property") as his sole primary residence since on or about November 2021; (b) Plaintiff claims record title to the Property under the General Warranty Deed recorded in the Official Public Records of Real Property of Harris County, Texas, as Document No. RP-2024-272170, as corrected by the Correction General Warranty Deed recorded as



RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

Certified Document Number: 128400243 - Page 1 of 4

Document No. RP-2026-83776; (c) the homestead exemption secured by Article XVI, Section 50(a) of the Texas Constitution and Section 41.001(a) of the Texas Property Code is self-executing and arises from occupancy and intent rather than from the filing of any particular instrument; and (d) the judgment sought to be enforced through the writ of possession appears to be a general money judgment that is not within the encumbrances for which homestead property may be subjected to forced sale or dispossession under Article XVI, Section 50(a). Plaintiff has therefore shown a probable right to the relief sought upon final hearing.

4. Probable, imminent, and irreparable injury. Execution of the writ of possession issued on August 6, 2026, is scheduled to occur on August 20, 2026, at 9:30 a.m. If the writ is executed, Plaintiff will be physically removed from his residence and his furniture, clothing, household goods, and other personal property will be removed from the Property. The Court finds that such injury is probable, imminent, and irreparable, and that the status quo could not be restored by any subsequent order of this Court.

5. No adequate remedy at law. Plaintiff has no adequate remedy at law. The Property is unique, the loss of possession of a homestead residence cannot be adequately measured or compensated in money damages, and the displacement of Plaintiff's personal property creates a risk of loss, damage, or destruction that money damages cannot adequately redress.

6. Status quo. The status quo to be preserved by this Order is Plaintiff's continued possession and occupancy of the Property, and the continued presence of his personal property at the Property, as those conditions existed immediately before the scheduled execution of the writ of possession.

7. Balance of harm. The injury that will be sustained by Plaintiff if this Order does not issue outweighs any harm that Defendant may sustain by its issuance. The Property will remain within the jurisdiction of the Court, and any lawful enforcement of the writ of possession will not be defeated by the brief delay effected by this Order.

8. Specific facts supporting issuance without notice (Tex. R. Civ. P. 680). It clearly appears from the specific facts shown by the verified Application that immediate and irreparable injury, loss, or damage will result to Plaintiff before Defendant or Defendant's attorney can be heard in opposition, in that the writ of possession is scheduled for execution on August 20, 2026, at 9:30 a.m., leaving insufficient time for notice to be given and a hearing to be conducted before the threatened injury occurs. Plaintiff, appearing pro se, has certified in writing the efforts, if any, that have been made to give notice and the reasons supporting the claim that notice should not be required.



Certified Document Number: 128400243 - Page 2 of 4

**II. ORDER**

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

1. Persons restrained. Defendant ALAN ROSEN, Constable of Precinct 1 of Harris County, Texas, together with his agents, servants, employees, deputies, officers, attorneys, representatives, successors, and all other persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are hereby TEMPORARILY RESTRAINED as set forth below.

2. Acts restrained. The persons identified in Paragraph 1 are commanded to desist and refrain, immediately and until further order of this Court, from doing any of the following with respect to the Property described in Paragraph 3:

   a. executing, attempting to execute, or causing or permitting to be executed the writ of possession issued by the District Clerk of Harris County, Texas, on August 6, 2026, pursuant to the Order Granting Receiver's Motion for Writ of Possession signed July 28, 2026, in Cause No. 2012-27197-A, styled Mokaram-Latif West Loop, Ltd. v. Ali Choudhri, et al., in the 333rd Judicial District Court of Harris County, Texas;

   b. entering upon, or causing or permitting entry upon, the Property for the purpose of removing occupants or personal property;

   c. removing, evicting, dispossessing, or excluding Plaintiff or any other lawful occupant from the Property;

   d. removing, seizing, transporting, storing, discarding, destroying, or otherwise exercising or permitting the exercise of dominion or control over any furniture, clothing, household goods, documents, or other personal property located at the Property;

   e. changing or causing to be changed the locks or access credentials to the Property, disabling or restricting Plaintiff's access to the Property, or posting any notice to vacate or notice of eviction at the Property; and

   f. seizing, attaching, levying upon, freezing, selling, transferring, conveying, or otherwise interfering with the Property or Plaintiff's possession of it.

3. Property subject to this Order. The Property subject to this Order is the residential condominium unit commonly known as 4521 San Felipe Street, Unit 3201, Houston, Harris County, Texas 77027, and more particularly described as:



Certified Document Number: 128400243 - Page 3 of 4

Unit 3201 and its appurtenant undivided interest in and to the general and limited common elements of ARABELLA CONDOMINIUMS, a condominium regime in the City of Houston, HARRIS County, Texas, created by and subject to that certain Amended and Restated Declaration of Arabella Condominiums dated September 30, 2015, recorded with, and as amended by, that certain First Amendment to Amended and Restated Declaration of Arabella Condominiums dated October 1, 2018, recorded October 5, 2018, as Document No. 216849 (Volume 216, Page 849) of the Condominium Records of Harris County, Texas, as referenced in Clerk's File No. RP-2018-459164 of the Official Public Records of Real Property of Harris County, Texas

together with all appurtenances thereto.

4. Bond. Pursuant to Texas Rule of Civil Procedure 684, this Order shall not issue and shall be of no force or effect until Plaintiff executes and files with the Clerk of this Court a bond in the sum of $ 100.00, conditioned as required by law, with sufficient surety or sureties as provided by law and approved by the Clerk. Upon the filing of such bond, the Clerk shall issue this temporary restraining order, together with a copy of the Application, for service upon Defendant.

5. Expiration. This Order is granted without notice and, pursuant to Texas Rule of Civil Procedure 680, expires at 11:59 o'clock p .m. on ~~August~~ Sep 4, 2026, being fourteen (14) days from the date and hour of its signing, unless extended by the Court for good cause shown or by consent of the party against whom it is directed.

6. Hearing on temporary injunction. The Application for Temporary Injunction is hereby SET FOR HEARING on the 4th day of Sept., 2026, at 1:30 o'clock p .m., in the courtroom of the 127th Judicial District Court of Harris County, Texas, located at 201 Caroline Street, Houston, Texas 77002. At that time and place, Defendant is ORDERED TO APPEAR and show cause, if any there be, why a temporary injunction should not issue against him restraining the acts described in Paragraph 2 during the pendency of this cause.

7. Service. The Clerk of this Court shall forthwith issue notice of the hearing set in Paragraph 6, together with a copy of this Order and citation, for service upon Defendant in the manner provided by law. Actual notice of this Order by personal service or otherwise shall bind the persons described in Paragraph 1.

8. Filing. This Order shall be filed forthwith in the office of the Clerk of this Court and entered of record.

SIGNED on this the 21st day of August, 2026, at 10:26 o'clock a .m.

**(JudgeSignedDt APPLIED)**

Sonya Heath

**JUDGE PRESIDING**



Certified Document Number: 128400243 - Page 4 of 4

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this August 24, 2026

Certified Document Number: 128400243 Total Pages: 4

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**