**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ARABELLA PH 3201 LLC, et al.,** | § | **Civil Action No. 4:26-cv-09592** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ALAN D. ROSEN, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF ARABELLA PH 3201 LLC'S OBJECTIONS TO REPORT AND RECOMMENDATION ON MOTION TO WITHDRAW THE REFERENCE (DOC. 1)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Arabella PH 3201 LLC ("Arabella") files these objections under Federal Rule of Bankruptcy Procedure 9033(b) to the Report and Recommendation on Motion to Withdraw the Reference signed by the Bankruptcy Court on October 27, 2026 (Doc. 1, the "Report"). Arabella objects to the recommendation that the reference not be withdrawn, to the alternative recommendation that this Court remand the proceeding, and to the findings on timing, forum shopping, and the purpose of the amended complaint in *Arabella PH 3201 LLC v. Vargo*, No. 4:26-cv-07537 (S.D. Tex.) (the "Civil Rights Action"). Citations to "Adv. ECF" are to Adv. No. 26-03650 in the Bankruptcy Court; citations to "Civ. Doc." are to the Civil Rights Action. Adv. ECF 27, 30, 34, and 35 are attached as Exhibits 1 through 4.

## I. STANDARD OF REVIEW

Section 157(d) commits the decision to this Court: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). The Report is a recommendation. This Court decides the motion and considers de novo the portions of the Report to which a party objects. *See* Fed. R. Bankr. P. 9033(d). The permissive-withdrawal factors are those of *Holland America Insurance Co. v. Succession of Roy*, 777 F.2d 992, 998–99 (5th Cir. 1985), which the Report applies.

## II. OBJECTIONS

### *A. Objection 1: The motion was timely, measured from when its grounds arose.*

The Report counts thirty-six days from removal and finds the motion untimely. Report at 7. Removal is the wrong starting point. Until October 16, 2026, the three related removed proceedings were pending before three bankruptcy judges, and Arabella sought to keep them together through consolidation (Adv. ECF 5; Adv. No. 26-03644, ECF 2; Adv. No. 26-03645, ECF 5) and transfer (Adv. ECF 12). Consolidation was denied on September 28 in the A-case and on October 13 here (Adv. ECF 22). Transfer was denied on October 13 (Adv. ECF 20). The D-case was remanded on October 1 (Adv. No. 26-03645, ECF 21), and the A-case on October 16 (Adv. No. 26-03644, ECF 32).

Only after October 16 did this proceeding stand alone, with its sole federal counterpart the Civil Rights Action, which arises from the same September 15, 2026 entry into Unit 3201. Arabella moved to withdraw four days later, on October 20 (Adv. ECF 30, Ex. 2). A motion filed four days after its grounds arise is timely. Filing it before

the remand response was due shows diligence, not delay, and Arabella filed its remand response on time (Adv. ECF 35, Ex. 4).

### *B. Objection 2: The record does not show forum shopping.*

Withdrawal would send this proceeding to the district judge presiding over the Civil Rights Action. That court denied Arabella's application for a temporary restraining order on September 11, 2026 (Civ. Doc. 7) and its amended motion for preliminary injunction on October 27, 2026 (Civ. Doc. 16). A litigant shopping for a favorable forum does not ask to be sent to the court that has twice denied it emergency relief. What Arabella seeks is one federal judge for one set of facts.

The date of the amendment that added Constable Rosen was set by rule, not by the remand schedule. Defendants Travis B. Vargo and The Vargo Law Firm, P.C. moved to dismiss the original complaint on October 1, 2026 (Civ. Doc. 11). Federal Rule of Civil Procedure 15(a)(1)(B) allowed amendment once as a matter of course within 21 days after service of that motion, which made October 22 the last day. Arabella filed its *First Amended Complaint* on October 22 (Civ. Doc. 12). That single amendment answered the motion to dismiss and added Constable Rosen, Harris County, and Ali Choudhri together. The Report's statement that the amendment "appears intended to bolster the effort to keep this dispute in federal court" (Report at 7) is an inference about purpose drawn without a hearing or evidence, and no recommendation depends on it. Arabella asks that it not be adopted.

***C. Objection 3: The Holland America factors favor withdrawal.***

**Core or non-core.** The Report agrees that the proceeding is entirely non-core. Report at 6. Constable Rosen has not consented to entry of final orders by the Bankruptcy Court (Adv. ECF 11 ¶ 6). In a non-core proceeding without consent, the bankruptcy court may only submit proposed findings and conclusions, and this Court enters any final order after de novo review. 28 U.S.C. § 157(c)(1). Every merits question in this proceeding will reach this Court regardless. That weighs for withdrawal, not against it.

**Economy.** Constable Rosen's motion to dismiss here (Adv. ECF 9) and the Vargo defendants' motions in the Civil Rights Action (Civ. Docs. 11, 17) raise immunity defenses for the same September 15, 2026 execution of the same writ. Without withdrawal, two federal judges will decide overlapping immunity questions on the same facts. *Hall v. Hall*, 584 U.S. 59 (2018), on which the Report relies, holds that consolidated cases keep their separate identities. It does not counsel against coordinated pretrial handling under Rule 42(a), which is the relief Arabella seeks.

**Uniformity.** No bankruptcy administration is at stake in this proceeding. The A- and D-cases were post-judgment enforcement proceedings between judgment creditors and a judgment debtor. This proceeding challenges a county officer's execution of a writ, which is also the subject of the Civil Rights Action. Uniformity is served by one federal judge deciding the federal questions arising from that execution.

**Jury demand.** The claims against Constable Rosen individually in the Civil Rights Action will be tried to a jury (Civ. Doc. 12). They rest on the same occurrence as

this proceeding. Coordinating the two before one judge preserves that right without duplicating pretrial work.

### ***D. Objection 4: The Report overlooks Arabella's briefing on the second Wyoming case.***

The Report states that Arabella "has not argued that the new case bears on withdrawal." Report at 7. Arabella addressed that case in its response to the motion to remand, filed October 23, 2026 (Adv. ECF 35 ¶¶ 1, 5, 7, 12–13, Ex. 4). Arabella also gave notice of the new case and the automatic stay on October 22, 2026 (Adv. ECF 34, Ex. 3). Both filings are part of the record before this Court and should be considered with the motion.

### ***E. Correction of the record.***

Footnote 26 of the Report is correct that Arabella's notice at Adv. ECF 37 ¶ 4 described the motion to enforce the September 10 agreement (Adv. ECF 6) as pending. That was an error. The Bankruptcy Court denied the motion without prejudice on October 13, 2026 (Adv. ECF 21), and counsel regrets the misstatement. As to the description of the first Wyoming case in the transfer motion, counsel filed the sworn statement the Bankruptcy Court directed (Adv. ECF 27, Ex. 1). Neither matter bears on the *Holland America* factors, and Arabella asks that the Court not rest its ruling on either.

## III. ALTERNATIVE REQUEST

If the Court declines to withdraw the reference, Arabella asks that the Court (a) decline to adopt the findings on timing, forum shopping, and the purpose of the amendment (Report at 6–7), which are unnecessary to the recommendation, and (b) leave

Constable Rosen's motion to remand or abstain (Adv. ECF 11) for decision on the full briefing, including Arabella's response (Adv. ECF 35). If the Court withdraws the reference, Arabella asks that the Court decide the remand motion on that same briefing rather than order remand on the Report's recommendation alone.

## IV. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Arabella asks that the Court sustain these objections; decline to adopt the Report; withdraw the reference of Adv. No. 26-03650 under 28 U.S.C. § 157(d); direct that the withdrawn proceeding be assigned as related to the Civil Rights Action, No. 4:26-cv-07537, for coordinated pretrial handling under Federal Rule of Civil Procedure 42(a); decide the pending motions at Adv. ECF 9 and 11 in this Court; in the alternative, grant the relief stated in Part III; and grant Arabella all other relief to which it is entitled.

Date: November 10, 2026

Respectfully submitted,

*/s/ Courtney A. Vincent*
**Courtney A. Vincent**
Minnesota Bar No.: 0403083
SDTX Bar No.: 3746531
***Vincent Civil Rights – a Division of Vincent Law, PLLC***
1035 Dairy Ashford, Suite 145
Houston, Texas 77079
**Mailing Address:**
P.O. Box 940129
Houston, Texas 77094
Tel: (713) 223-9300
Fax: (832) 603-4444
**info@vincentlawpllc.com**

**ATTORNEY IN CHARGE FOR PLAINTIFF ARABELLA PH 3201 LLC**

## CERTIFICATE OF SERVICE

I certify that on November 10, 2026, I filed these objections through the Court's CM/ECF system, which will send notice to all counsel of record, including counsel for Defendant Alan D. Rosen and counsel for Travis B. Vargo. I further certify that on the same date a copy was served by first-class mail on Ali Choudhri, pro se, at 4521 San Felipe St., Unit 3201, Houston, Texas 77027.

*/s/ Courtney A. Vincent*
**Courtney A. Vincent**