**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**Civil Action No. 4:26-cv-09592**

**Arabella PH 3201 LLC's Objections to Report and Recommendation (Doc. 1)**

# EXHIBIT 1

Adv. ECF 27 (Adv. No. 26-03650)

Declaration of Courtney A. Vincent, filed October 16, 2026

**Courtney A. Vincent**
Minnesota Bar No.: 0403083
***Vincent Law, PLLC***
P.O. Box 940129
Houston, Texas 77094
Tel: (713) 223-9300
**info@vincentlawpllc.com**
Counsel for Plaintiff Arabella PH 3201 LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 26-20432** |
| | § | **(Bankr. D. Wyo.)** |
| **ARABELLA PH 3201 LLC,** | § | **(dismissed October 1, 2026)** |
| | § | |
| **Debtor.** | § | **Adversary No. 26-03650** |
| | § | |
| **ALI CHOUDHRI AND** | § | **Removed from Cause No.** |
| **ARABELLA PH 3201 LLC,** | § | **2026-63841, 133rd Judicial** |
| | § | **District Court, Harris County,** |
| **Plaintiffs,** | § | **Texas** |
| | § | |
| **v.** | § | |
| | § | |
| **ALAN ROSEN, CONSTABLE** | § | |
| **PRECINCT 1,** | § | |
| **HARRIS COUNTY, IN HIS** | § | |
| **OFFICIAL** | § | |
| **CAPACITY,** | § | |
| | | |
| **Defendant.** | | |

## DECLARATION OF COURTNEY A. VINCENT REGARDING THE DISMISSAL OF CASE NO. 26-20432 (BANKR. D. WYO.) AND THE FILING OF THE MOTION TO TRANSFER (ECF NO. 12), AS DIRECTED BY THE COURT AT THE OCTOBER 13, 2026 STATUS CONFERENCE

TO THE HONORABLE CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

I, Courtney A. Vincent, declare under 28 U.S.C. § 1746 as follows:

## I. <u>WHO I AM AND WHY I AM FILING THIS</u>

1. I am counsel of record for Arabella PH 3201 LLC ("Arabella") in this removed action and was counsel for Arabella as debtor in *In re Arabella PH 3201 LLC*, No. 26-20432 (Bankr. D. Wyo.) (the "Wyoming Case"). I am admitted to practice in this Court (S.D. Tex. Bar No. 3746531). I am a solo practitioner. Vincent Law, PLLC has no other attorney and no staff; every filing described below was prepared, reviewed and filed by me alone. I have personal knowledge of the facts stated below. Where I state a time, it is taken from the Court's notice of electronic filing or from the time stamp on the email I describe, and I have given each time in Central time.

2. At the October 13, 2026 status conference, the Court asked why no notice of the dismissal of the Wyoming Case had been filed in this proceeding before the Motion to Transfer Adversary Proceedings (ECF No. 12) was filed, and why that motion described the Wyoming Case as pending. I did not have the answers at the hearing. The Court directed me from the bench to file a sworn account; the directive was given in open court and no written order followed, and the Court's minutes of the hearing (ECF No. 19) reflect the rulings made that day. This is that account. If the transcript ordered by the Receiver (ECF No. 18) shows that the Court's question or directive was framed differently than I have described it, I will file a correction.

## II. <u>THE SEQUENCE OF EVENTS</u>

3. **Preparation of the motion.** *September 21 through 29, 2026.* I prepared motions to transfer the three removed proceedings to the District of Wyoming. The motion in Adversary No. 26-03644 was filed September 21, 2026 (Doc. 4) and the motion in Adversary No. 26-03645 the same day (Doc. 6). I prepared the version for this proceeding, with the same text, on Friday, September 25, 2026, and conferred with counsel for Constable Rosen and for Mr. Vargo about it that day. I revised the draft on Tuesday, September 29, 2026, to add the September 28 denial of the motion to consolidate and the September 29 substitution of counsel for Constable Rosen, and saved it as the final draft at 5:28 p.m. that day. The draft was dated "September ___, 2026" and carried the September 25 certificate of conference. The same evening, September 29, 2026, I filed in the Wyoming Case an emergency motion to impose the automatic stay (D. Wyo. Doc. 24).

4. **Entry of the dismissal order.** *Thursday, October 1, 2026, 2:43 p.m.* The Wyoming court entered its Order Dismissing Case for Failure to Comply with Clerk's Notice of Deficiency (D. Wyo. Doc. 25). The notice of electronic filing was delivered to my email at 2:43 p.m. An automatic filter in my email account routes notices from the Wyoming court to a folder for that case rather than to my inbox, and I did not notice it in real time.

5. **When I learned of it.** *Thursday, October 1, 2026, about 5:00 p.m. to 6:00 p.m.* I learned of the dismissal that afternoon. At 5:08 p.m. Mr. Choudhri forwarded me an email from the Office of the United States Trustee for the District of Wyoming

concerning the dismissal and asked whether I had seen it. At 5:13 p.m. and 5:15 p.m. I forwarded that email to my client group. At 5:56 p.m. I emailed Daniel J. Morse, trial attorney for the United States Trustee, asking the United States Trustee's position on a motion to vacate the dismissal. From that point I had actual knowledge that the Wyoming Case had been dismissed.

6. **What I was doing that night.** *The night of October 1 to 2, 2026.* The same afternoon, a second case in which I am counsel, *In re MCITBE LLC*, No. 26-32580-mvl11 (Bankr. N.D. Tex.), had been dismissed three days earlier, on September 28, 2026, and an emergency motion to vacate that dismissal was being prepared with co-counsel. I worked on that motion through the night. My emails on it are time-stamped 10:57 p.m. on October 1 and 11:34 p.m. and 11:35 p.m. on October 1 (sent to the courtroom deputy in Dallas at 11:34 p.m.), and the motion was filed in the early morning of October 2, 2026 (N.D. Tex. ECF No. 193). Judge Larson granted it that afternoon (N.D. Tex. ECF No. 196).

7. **The filing of ECF No. 12.** *Friday, October 2, 2026, 10:32 a.m.* I filed the Motion to Transfer Adversary Proceedings in this case (ECF No. 12) from the final draft of September 29 described in paragraph 3. The only change I made before filing was to insert October 2, 2026 as the date in the certificate of service; the body of the motion was not revised. Paragraph 1 of the motion states that the Wyoming Case "is pending" and recites the settings in that case; paragraph 7 describes the role of the subchapter V trustee in that case; and paragraph 11 states that "No party has moved to transfer or dismiss the Bankruptcy Case." Each of those statements

was accurate when the draft was prepared and was no longer accurate when the motion was filed, nineteen hours and forty-nine minutes after the dismissal order was entered and about sixteen and one-half hours after my email to Mr. Morse. I did not re-read the motion against the changed facts before filing it, and I did not file a notice of the dismissal in this proceeding.

8. I filed ECF No. 12 because the Receiver's motion to remand had been filed in this proceeding nineteen minutes earlier (ECF No. 11, 10:13 a.m.) and the companion motions were already pending in the other two adversary proceedings, and because I expected the Wyoming dismissal to be vacated promptly on a showing that the deficiency documents were being filed. That expectation did not excuse the duty to tell this Court that the case on which the motion rested had been dismissed. The omission was mine. I did not intend to mislead the Court, Constable Rosen, or the Receiver, and I take responsibility for it.

9. **What happened afterward.** *October 2 through 13, 2026.* On October 2, I prepared the schedules and the motion to vacate for the Wyoming Case. On October 5, the Wyoming court denied the emergency stay motion as moot in light of the dismissal (D. Wyo. Doc. 27). On October 6, I filed the motion to vacate the dismissal (D. Wyo. Doc. 28) and the schedules (D. Wyo. Doc. 29). Also on October 6, Constable Rosen filed in this proceeding a Notice of Filing Order Regarding Dismissal of Out of District Case (ECF No. 13); the Receiver had filed a similar notice in Adversary No. 26-03644 on October 5 (Doc. 22). On October 9, the Receiver opposed the motion to vacate (D. Wyo. Doc. 32), and on October 12

I filed an advisory in support of it (D. Wyo. Doc. 33). On October 12, I filed the Plaintiffs' witness and exhibit list for the October 13 status conference (ECF No. 17), which lists the dismissal order, the motion to vacate, and the Receiver's opposition as Exhibits X, Y and Z. That was the first paper I filed in this proceeding that disclosed the dismissal; it should have been filed on October 2.

10. **Denial of the motion to vacate.** *October 13, 2026, 4:12 p.m.* After the status conference, the Wyoming court entered its Order Denying Debtor's Emergency Motion to Vacate the Dismissal Order and Reinstate the Case (D. Wyo. Doc. 34). The dismissal of the Wyoming Case therefore stands. I filed a notice of that order in this proceeding on October 14, 2026 (ECF No. 25) and placed it before the court in Adversary No. 26-03644 on October 15, 2026, as Exhibit G to the Notice of Rulings in Related Proceedings (Adv. No. 26-03644, Doc. 28).

## III. WHAT I HAVE DONE AND WILL DO

11. The Notice of Order Denying Motion to Vacate Dismissal, attaching D. Wyo. Doc. 34, is on file in this proceeding (ECF No. 25) and the same order is before the court in Adversary No. 26-03644 (Doc. 28, Ex. G), so that both courts have the current status of the Wyoming Case on the record.

12. Because I have no staff, the correction is to my own practice. Before I file anything in a removed proceeding, I now check the docket of the underlying bankruptcy case that day and re-read the filing against it, and I will file notice of any order affecting the status of that case in the removed proceeding within one

business day of its entry. The email filter described in paragraph 4 has been changed so that notices from every court deliver to my inbox.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 16, 2026, at Houston, Texas.

**Courtney A. Vincent**

## CERTIFICATE OF SERVICE

I certify that on October 16, 2026, a true and correct copy of this declaration was served through the Court's CM/ECF system on all parties registered to receive electronic notice in this adversary proceeding, including counsel for Defendant Alan Rosen (Felipe S. Guevara and Brian J. Hrach, Harris County Attorney's Office), counsel for Travis B. Vargo (Leslie M. Luttrell, Luttrell + Carmody Law Group), and Ali Choudhri, pro se, and on every party on the service list filed with the Notice of Removal [ECF No. 1-2] by first-class United States mail.

*/s/ Courtney A. Vincent*
**Courtney A. Vincent**