**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**Civil Action No. 4:26-cv-09592**

**Arabella PH 3201 LLC's Objections to Report and Recommendation (Doc. 1)**

# EXHIBIT 2

Adv. ECF 30 (Adv. No. 26-03650)

Motion for Withdrawal of Reference, filed October 20, 2026

**Courtney A. Vincent**
Minnesota Bar No.: 0403083
***Vincent Law, PLLC***
P.O. Box 940129
Houston, Texas 77094
Tel: (713) 223-9300
info@vincentlawpllc.com
Counsel for Plaintiff Arabella PH 3201 LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 26-20432** |
| | § | **(Bankr. D. Wyo.)** |
| **ARABELLA PH 3201 LLC,** | § | **(dismissed October 1, 2026)** |
| | § | |
| **Debtor.** | § | **Adversary No. 26-03650** |
| | § | |
| **ALI CHOUDHRI AND** | § | **Removed from Cause No.** |
| **ARABELLA PH 3201 LLC,** | § | **2026-63841, 133rd Judicial** |
| | § | **District Court, Harris County,** |
| **Plaintiffs,** | § | **Texas** |
| | § | |
| **v.** | § | |
| | § | |
| **ALAN ROSEN, CONSTABLE** | § | |
| **PRECINCT 1,** | § | |
| **HARRIS COUNTY, IN HIS** | § | |
| **OFFICIAL** | § | |
| **CAPACITY,** | § | |
| | | |
| **Defendant.** | | |

## MOTION TO WITHDRAW THE REFERENCE UNDER 28 U.S.C. § 157(d) AND TO ASSIGN AND CONSOLIDATE THIS PROCEEDING WITH *ARABELLA PH 3201 LLC v. VARGO*, NO. 4:26-cv-07537 (S.D. TEX.)

TO THE HONORABLE CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE, AND TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

Arabella PH 3201 LLC ("Arabella"), a plaintiff in this removed proceeding and the plaintiff in *Arabella PH 3201 LLC v. Vargo*, No. 4:26-cv-07537 (S.D. Tex.) (Ganjei, J.) (the "Civil Rights Action"), moves under 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011(a) and Bankruptcy Local Rule 5011-1 for an order of the district court withdrawing the reference of this adversary proceeding, assigning it to the district judge presiding over the Civil Rights Action, and consolidating the two matters under Federal Rule of Civil Procedure 42(a). Under Bankruptcy Local Rule 5011-1 the motion is filed with the Clerk and is first presented to this Court for its recommendation. Arabella asks this Court to recommend withdrawal and, pending the district court's ruling, to defer any order on Constable Rosen's Rule 12(b)(1) and 12(b)(6) Motion (ECF No. 9) and his Motion to Remand or Abstain (ECF No. 11).

## I. SUMMARY

1. This proceeding is Cause No. 2026-63841, the suit Ali Choudhri and Arabella filed in Harris County on September 2, 2026 against Alan Rosen, Constable of Precinct One, in his official capacity, to restrain execution of the writ of possession issued under the July 28, 2026 order in Cause No. 2012-27197-A against 4521 San Felipe Street, Unit 3201, Houston, Texas 77027 (the "Unit"). It was removed to this Court on September 14, 2026. ECF No. 1. The Civil Rights Action, filed September 9, 2026, is Arabella's suit against the Receiver, Travis B. Vargo, individually, The Vargo Law Firm, P.C. and judgment creditor Osama Abdullatif under 42 U.S.C. § 1983 and Texas law, with a jury demand, arising from the same order and the same writ. The Constable is the officer the Receiver

called on to carry out that writ. ECF No. 11 ¶¶ 10, 11. The writ was executed on September 15, 2026.

2. The reference no longer serves any bankruptcy purpose. The Wyoming case of Arabella that supplied the basis for removal was dismissed on October 1, 2026, and reinstatement was denied on October 13, 2026. ECF Nos. 13, 24, 25. The two companion proceedings removed with this one have both been remanded: the D-Case on October 1, 2026 (Adv. No. 26-03645, Doc. 21) and the A-Case on October 16, 2026 (Adv. No. 26-03644, Doc. 32). There is no estate to administer and no plan to confirm. The Constable does not consent to entry of final orders by this Court. ECF No. 11 ¶ 6. What remains is a dispute between non-debtors about the execution of a state-court writ against property titled in a company that was never a party to the case that produced it, which is the subject of the Civil Rights Action already pending before an Article III judge.

3. The question on the Constable's Motion to Remand is therefore not whether a bankruptcy judge should keep this case. It is whether the federal court that already has the same controversy, with original jurisdiction under 28 U.S.C. § 1331 that does not depend on any bankruptcy, should decide the fate of this removed case alongside it. Arabella submits that the choice belongs to the district court under § 157(d).

## II. BACKGROUND

### *A. The writ, the petition and removal*

4. On July 28, 2026, the 333rd Judicial District Court signed an order in Cause No. 2012-27197-A granting the Receiver a writ of possession against the Unit. ECF No. 11 ¶ 11. The writ issued on August 6, 2026, and execution with the assistance of the Constable's office was set for August 20, 2026. *Id.* The judgment the Receiver was appointed to collect runs against Mr. Choudhri. The Constable describes the Unit as titled in a company named Arabella PH 3201 LLC. *Id.* ¶ 17 & Ex. 6. No claim was pleaded against that company or against the Unit in Cause No. 2012-27197-A.

5. On September 2, 2026, Mr. Choudhri and Arabella filed the petition that is now this proceeding. It pleads six counts against the Constable in his official capacity, each for prospective declaratory or injunctive relief and none for damages: that the Unit is Mr. Choudhri's homestead; that execution of the writ against it is wrongful; prospective relief under Article XVI, Section 50(a) and Article I, Section 19 of the Texas Constitution; an injunction against removal of personal property; in the alternative, a declaration that the writ may not issue against property titled in a company never named, served or heard in the cause that produced the writ; and ultra vires relief. ECF No. 1-1. Arabella removed the petition on September 14, 2026 under 28 U.S.C. § 1452(a) on the basis of its Subchapter V case in the District of Wyoming. ECF No. 1. The writ was executed the next morning, September 15, 2026.

6. The Constable moved to dismiss on September 23, 2026 (ECF No. 9) and moved to remand or abstain on October 2, 2026 (ECF No. 11). On October 13, 2026, following a status conference, this Court denied the motion to transfer (ECF No. 20), the emergency motion to enforce the automatic stay (ECF No. 21) and the motion to consolidate (ECF No. 22).

***B. The Civil Rights Action***

7. The Civil Rights Action was filed on September 9, 2026. Arabella sues the Receiver individually under § 1983 for deprivation of property without procedural due process and, in the alternative, for an uncompensated taking; seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202; and pleads trespass to try title, quiet title, trespass, conversion, money had and received and unjust enrichment under Texas law against the Receiver, his firm and Mr. Abdullatif. Civ. Doc. 1. It demands a jury. *Id.* The application for a temporary restraining order was denied on September 11, 2026. Civ. Doc. 7. The Receiver and his firm appeared through counsel on October 1, 2026 and moved to dismiss the same day; Arabella's response is due October 22, 2026. Civ. Docs. 10, 11. An initial pretrial conference is set for December 11, 2026 before Magistrate Judge Ho. Civ. Doc. 5.

8. The two proceedings overlap at every point that matters. Both turn on the July 28, 2026 writ order and the receivership orders on which it rests. Both turn on whether a writ issued in a judgment-collection case against Mr. Choudhri may be executed against property titled in a company that was never a party to that case. Both will require findings about the September 15, 2026 execution, in which the Receiver

acted through the Constable's office. ECF No. 11 ¶ 10. And both present the same threshold defenses: the Constable asserts official immunity, derived judicial immunity and statutory immunity for executing the writ, ECF No. 9, and the Receiver asserts quasi-judicial immunity and the *Barton* doctrine for obtaining it, Civ. Doc. 11.

## III. <u>ARGUMENT</u>

### ***A. The motion is timely and procedurally proper***

9. Section 157(d) permits the district court to withdraw, in whole or in part, any case or proceeding referred to the bankruptcy court "on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). The motion "must be heard by a district judge." Fed. R. Bankr. P. 5011(a). "The withdrawal decision is committed exclusively to the district court." Fed. R. Bankr. P. 5011 advisory committee's note to 1987 amendment. In this District it is filed with the Clerk and, unless the district court orders otherwise, is first presented to the bankruptcy judge for recommendation. Bankr. L.R. 5011-1. This motion is filed promptly after removal and after the October 13, 2026 rulings, before any evidentiary hearing on the merits and before any ruling on the Constable's motions. Arabella is a named plaintiff in this proceeding and is entitled to move.

### ***B. Cause exists under the Holland America factors***

10. The Fifth Circuit directs the district court, in deciding whether cause exists for permissive withdrawal, to consider whether the matter is core or non-core, whether withdrawal would promote uniformity in bankruptcy administration,

whether it would reduce forum shopping and confusion, whether it would foster the economical use of the debtors' and creditors' resources, whether it would expedite the bankruptcy process, and whether a jury has been demanded. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998-99 (5th Cir. 1985). Each factor favors withdrawal here.

11. The proceeding is non-core, and the Constable says so. ECF No. 11 ¶¶ 6, 15-16. A bankruptcy judge cannot enter final judgment in a non-core proceeding without the consent of all parties, 28 U.S.C. § 157(c)(1)-(2), and the Constable has withheld consent. ECF No. 11 ¶ 6; *see* Fed. R. Bankr. P. 7012(b) (responsive pleading "must state whether the party does or does not consent to the entry of final orders or judgment by the bankruptcy court"). As a general rule, dismissal of the bankruptcy case "should result in the dismissal of related proceedings," but nothing in the statute "mandates automatic dismissal," and the decision to retain jurisdiction rests in the court's discretion, weighing "economy, convenience, fairness, and comity." *Querner v. Querner (In re Querner)*, 7 F.3d 1199, 1201-02 (5th Cir. 1993). Those factors are best weighed by the district court that already has the Civil Rights Action, where economy and convenience favor deciding the same controversy once. Every path for this proceeding therefore runs through the district court, either on proposed findings and conclusions or by withdrawal. Withdrawing the reference now simply puts it there directly.

12. Uniformity of bankruptcy administration is not at stake. There is no estate, no creditor body and no plan whose treatment could be affected. What is at stake is

uniformity of decision on a single controversy: whether a writ issued against Mr. Choudhri may be executed against property titled in a company that was never a party to the case in which it issued. That question is pending before the district court in the Civil Rights Action. One Article III judge should answer it once.

13. Withdrawal reduces forum shopping and confusion rather than inviting it. The Constable charges forum shopping. ECF No. 11 ¶¶ 18-20. This motion asks for the opposite of a chosen forum. It asks that this proceeding be sent to the district judge who already holds the related action by random assignment, before whom the Receiver, at whose request the Constable acted, has appeared and moved for relief on the merits. Civ. Docs. 10, 11. Three bankruptcy judges of this District and one district judge have now been asked, in four proceedings, to rule on matters arising from the same receivership, the same writ and the same execution. Consolidation before Judge Ganjei ends that.

14. Withdrawal fosters the economical use of resources. With no estate remaining, the only resources at stake are those of the non-debtor parties, and they are best conserved in the court that already has the Civil Rights Action. The Constable's motion to dismiss this proceeding and the Receiver's motion to dismiss the Civil Rights Action raise overlapping questions: whether the officers who obtained and executed the writ are immune from suit for doing so, and whether a court other than the one that issued the writ may hear a challenge to its execution against property of a non-party. ECF No. 9; Civ. Doc. 11. Deciding those questions

together, on one record, before one judge, is the economical course and avoids inconsistent results on the same facts.

15. No bankruptcy process is pending to expedite. The factor is neutral at worst. Removing this proceeding from the bankruptcy docket serves the bankruptcy system by returning a non-debtor dispute to the district court where, absent the reference, it would be heard.

16. A jury has been demanded. Arabella demanded a jury on all issues so triable in the Civil Rights Action. Civ. Doc. 1. A bankruptcy judge may conduct a jury trial only with the express consent of all parties and a special designation by the district court, 28 U.S.C. § 157(e), neither of which exists. The facts on which this proceeding turns, including what occurred at the Unit on September 15, 2026, are facts a jury will decide in the Civil Rights Action.

### *C. The rulings in the companion proceedings do not decide this motion*

17. Arabella acknowledges that the companion proceedings were remanded. Adv. No. 26-03645, Doc. 21; Adv. No. 26-03644, Doc. 32. Those rulings rest on the premise that a bankruptcy court is not the proper federal forum for a dispute among non-debtors over state-law issues. This motion accepts that premise. It does not ask this Court to keep the proceeding. It asks that the district court, which has the Civil Rights Action regardless of what happens here, decide whether this removed case should be retained and consolidated, retained in part, or remanded. Section 157(d) exists so that the district court can make that call, and a remand entered before it acts would foreclose the choice before it is made.

18. Arabella does not ask the district court to review, modify or set aside any order of the state court. The July 28, 2026 writ order and the receivership orders remain in force under 28 U.S.C. § 1450 unless and until a federal court acts on them, and nothing in this motion asks for that. The relief sought in this proceeding is directed at the execution of the writ against a particular property, not at the state court's judgment. *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382-84 (5th Cir. 2013). Arabella was not a party to the A-Case and is not a "state-court loser" within the doctrine. *Id.* at 382 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

***D. Scope of withdrawal and consolidation***

19. Arabella asks that the reference be withdrawn as to the entire adversary proceeding. Upon withdrawal, Arabella asks that the proceeding be assigned to Judge Ganjei as related to No. 4:26-cv-07537, that the Constable's motions (ECF Nos. 9 and 11) be decided by the district court, and that the two matters be consolidated under Federal Rule of Civil Procedure 42(a) for pretrial purposes, with the question of consolidation for trial reserved.

## IV. REQUEST FOR RELIEF

Arabella asks that this Court recommend to the United States District Court for the Southern District of Texas that the reference of this adversary proceeding be withdrawn under 28 U.S.C. § 157(d), and that pending the district court's decision this Court defer any ruling on ECF Nos. 9 and 11. *See* Fed. R. Bankr. P. 5011(c). Arabella asks that the district court (a) withdraw the reference of Adversary No. 26-03650 in its entirety; (b)

assign the withdrawn proceeding to the Honorable Nicholas J. Ganjei as related to *Arabella PH 3201 LLC v. Vargo*, No. 4:26-cv-07537; (c) consolidate the two matters under Federal Rule of Civil Procedure 42(a) for pretrial purposes; and (d) grant Arabella all other relief to which it is entitled.

Date: October 18, 2026

Respectfully submitted,

*/s/ Courtney A. Vincent*

**Courtney A. Vincent**
Minnesota Bar No.: 0403083
S.D. Tex. Bar No.: 3746531
***Vincent Law, PLLC***
1035 Dairy Ashford, Suite 145
Houston, Texas 77079
**Mailing Address:**
P.O. Box 940129
Houston, Texas 77094
Tel: (713) 223-9300
Fax: (832) 603-4444
**info@vincentlawpllc.com**

**COUNSEL FOR PLAINTIFF**
**ARABELLA PH 3201 LLC**

## CERTIFICATE OF CONFERENCE

On October 17, 2026, the undersigned conferred by email with Felipe S. Guevara and Brian J. Hrach, counsel for Defendant Alan Rosen, regarding the relief requested in this motion. On October 19, 2026, Mr. Guevara responded by email that Defendant is “opposed to your client’s motions and overall positions,” and later that day wrote: “We are opposed to all motions you intend to file.” The motion is therefore presented as opposed.

*/s/ Courtney A. Vincent*
Courtney A. Vincent

## CERTIFICATE OF SERVICE

I certify that on October 18, 2026, a true and correct copy of the foregoing motion and proposed order was served through the Court's CM/ECF system on all parties registered to receive electronic notice in this adversary proceeding, including counsel for Defendant Alan Rosen (Felipe S. Guevara and Brian J. Hrach, Harris County Attorney's Office), counsel for Travis B. Vargo (Leslie M. Luttrell, Luttrell + Carmody Law Group), and Ali Choudhri, pro se.

*/s/ Courtney A. Vincent*
**Courtney A. Vincent**