**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**Civil Action No. 4:26-cv-09592**

**Arabella PH 3201 LLC's Objections to Report and Recommendation (Doc. 1)**

# EXHIBIT 4

Adv. ECF 35 (Adv. No. 26-03650)

Response to Motion to Remand (ECF 11), filed October 23, 2026

**Courtney A. Vincent**
Minnesota Bar No.: 0403083
***Vincent Law, PLLC***
P.O. Box 940129
Houston, Texas 77094
Tel: (713) 223-9300
**info@vincentlawpllc.com**
Counsel for Plaintiff Arabella PH 3201 LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 26-20432** |
| | § | **(Bankr. D. Wyo.)** |
| **ARABELLA PH 3201 LLC,** | § | **(dismissed October 1, 2026)** |
| | § | |
| **Debtor.** | § | **Adversary No. 26-03650** |
| | § | |
| **ALI CHOUDHRI AND ARABELLA PH 3201 LLC,** | § | **Removed from Cause No.** |
| | § | **2026-63841, 133rd Judicial** |
| | § | **District Court, Harris County,** |
| **Plaintiffs,** | § | **Texas** |
| | § | |
| **v.** | § | |
| | § | |
| **ALAN ROSEN, CONSTABLE PRECINCT 1,** | § | |
| **HARRIS COUNTY, IN HIS OFFICIAL** | § | |
| **CAPACITY,** | § | |
| | § | |
| **Defendant.** | | |

**PLAINTIFF ARABELLA PH 3201 LLC'S RESPONSE TO DEFENDANT CONSTABLE ROSEN'S MOTION TO REMAND OR ABSTAIN (ECF NO. 11)**

TO THE HONORABLE CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

Plaintiff Arabella PH 3201 LLC ("Arabella") responds to Defendant Constable Rosen's, in His Official Capacity as Harris County, Texas, Constable of Precinct One, Motion to Remand or Abstain (ECF No. 11) (the "Motion"), filed by Alan Rosen, Constable of Harris County Precinct One, in his official capacity (the "Constable"). Arabella asks that the Court first make the recommendation that Bankruptcy Local Rule 5011-1 contemplates on Arabella's Motion to Withdraw the Reference Under 28 U.S.C. § 157(d) (ECF No. 30) (the "Withdrawal Motion"), and defer ruling on the Motion until the district court acts on it; alternatively, if the Court reaches the Motion, Arabella asks that any remand order be limited to the ground on which it rests. Arabella states:

## I. SUMMARY

1. Arabella is again a debtor in a case under title 11. The Wyoming case on which removal was based, No. 26-20432, was dismissed on October 1, 2026, and reinstatement was denied on October 13, 2026. ECF Nos. 13, 24, 25. On Thursday, October 22, 2026, Arabella filed a new voluntary petition under chapter 11, electing subchapter V, in the United States Bankruptcy Court for the District of Wyoming, Cheyenne Division. *In re Arabella PH 3201 LLC*, No. 2:26-bk-20508 (Bankr. D. Wyo. Oct. 22, 2026), Doc. 1; see ECF No. 34 (Notice of Chapter 11 Filing and Automatic Stay, with the petition as Exhibit A). Its schedules list, as property of the estate, its interest in 4521 San Felipe Street, Unit 3201, Houston, Texas 77027 (the "Unit") and its claims and defenses in this proceeding. No. 2:26-bk-20508, Doc. 1-1 (Schedule A/B, lines 55.1, 75). The two companion proceedings have been remanded. Adv. No. 26-03645, Doc. 21 (Oct. 1,

2026); Adv. No. 26-03644, Doc. 32 (Oct. 16, 2026). This proceeding, a dispute over the execution of the July 28, 2026 writ of possession against the Unit, is the one that remains, and its outcome bears directly on the principal asset of the new estate.

2. That dispute is also before the district court. *Arabella PH 3201 LLC v. Vargo*, No. 4:26-cv-07537 (S.D. Tex.) (Ganjei, J.) (the "Civil Rights Action"), is Arabella's suit under 42 U.S.C. § 1983 and Texas law, with a jury demand, against the Receiver who obtained the writ and at whose request the Constable executed it. ECF No. 11 ¶ 10. Arabella has asked the district court, under 28 U.S.C. § 157(d), to withdraw the reference of this proceeding and consolidate it with the Civil Rights Action. The question of which court should hear this case now belongs to the district court. Arabella asks that this Court make its recommendation on the Withdrawal Motion, which may be heard together with the Motion, and defer ruling on the Motion until the district court has acted.

3. If the Court reaches the Motion, Arabella asks that the remand order go no further than the ground on which it rests. The Motion asks the Court to accept three propositions that remand does not require: that Arabella has no interest in the Unit, that the Constable is immune from the claims against him, and that the removal was an abuse of the bankruptcy process. Each is disputed. None is necessary to a decision under 28 U.S.C. § 1452(b) or § 1334(c). The Order Remanding Case entered in the companion A-Case proceeding on October 16, 2026 shows the

form: it finds that the removed case involves state-law issues and remands it, and nothing more. Adv. No. 26-03644, Doc. 32.

## II. THE COURT SHOULD MAKE ITS RECOMMENDATION ON THE WITHDRAWAL MOTION BEFORE RULING ON REMAND

4. A motion to withdraw the reference "must be heard by a district judge." Fed. R. Bankr. P. 5011(a). The Local Rule assigns this Court a recommending role: unless the district court orders otherwise, the motion "will first be presented to the bankruptcy judge for recommendation." Bankr. L.R. 5011-1. Pending that recommendation and the district court's ruling, this Court "may, on proper terms and conditions, stay a proceeding until the motion is decided." Fed. R. Bankr. P. 5011(c). If this Court remands before the district court acts, the Withdrawal Motion is mooted before the district court can rule on it, and an order remanding under § 1452(b) "is not reviewable by appeal or otherwise by the court of appeals . . . or by the Supreme Court." 28 U.S.C. § 1452(b); *see Patterson v. Dean Morris, L.L.P.*, 448 F.3d 736, 742 (5th Cir. 2006) ("once a matter related to a bankruptcy case is equitably remanded, it is not subject to federal appellate review on any basis" (quoting *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001))). The sequence therefore matters.

5. Deferral costs the Constable nothing, and it protects the new estate. Arabella's petition of October 22, 2026 put the Unit back in a bankruptcy estate and put the automatic stay of 11 U.S.C. § 362(a) back in place. *In re Arabella PH 3201 LLC*, No. 2:26-bk-20508 (Bankr. D. Wyo. Oct. 22, 2026); ECF No. 34. No order of this

Court restrains the Constable from performing any lawful duty. The Constable's motion to dismiss (ECF No. 9) raises immunity defenses that overlap with those the Receiver has raised in his motion to dismiss the Civil Rights Action, Civ. Doc. 11. The district court is positioned to decide whether this proceeding should be retained with the Civil Rights Action, retained in part, or remanded, on one record and without delay.

6. Arabella recognizes that in *Houston Regional Sports Network* the court decided remand before taking up a motion to withdraw the reference. *Hous. Baseball Partners LLC v. Comcast Corp. (In re Hous. Reg'l Sports Network, L.P.)*, 514 B.R. 211, 214 (Bankr. S.D. Tex. 2014). There, the withdrawal motion was filed after the remand hearing had been set, and no related proceeding was pending in a federal court with independent jurisdiction. *Id.* at 213-14. Here the Withdrawal Motion was filed on October 20, 2026, before this response (ECF No. 30), and the same controversy is already before a district judge under 28 U.S.C. § 1331. The recommendation and the Motion can be heard at the same setting.

## III. <u>RESPONSE TO THE GROUNDS OF THE MOTION</u>

### *A. The title question is a merits question*

7. The Motion argues that the bankruptcy courts lack jurisdiction because the Unit is titled in a company of the same name formed in 2021, not in the Arabella company formed in 2026 that filed the Wyoming case. Motion ¶¶ 1 n.1, 17 & Ex. 6. The extent of each company's interest in the Unit is disputed, and it is a merits question. It is not a question of subject-matter jurisdiction, and the Court need not

decide it to rule on the Motion. Jurisdiction under 28 U.S.C. § 1334(b) is measured by whether the outcome of the proceeding "could conceivably have any effect on the estate being administered in bankruptcy." *Wood v. Wood* (*In re Wood*), 825 F.2d 90, 93 (5th Cir. 1987). Arabella's schedules in the new case list its interest in the Unit, which it holds under an assignment from the record title holder, and its claims in this proceeding as estate property. *In re Arabella PH 3201 LLC*, No. 2:26-bk-20508 (Bankr. D. Wyo. Oct. 22, 2026), Doc. 1-1 (Schedule A/B, lines 55.1, 75). Whether the writ may be executed against the Unit could conceivably affect that estate.

8. The Constable, for his part, disclaims any interest in the question. He "has never challenged Plaintiffs' property rights or interests," and has "only executed a writ pursuant to a court order." Motion ¶ 17 n.3. His own exhibit shows that the Unit is titled in a company, not in Mr. Choudhri, who is the only judgment debtor in the A-Case. Motion ¶ 7 & Ex. 6. Whether a writ issued in a collection case against Mr. Choudhri may be executed against property titled in a company that was never a party to that case is the question the petition raises, ECF No. 1-1, and the question the Civil Rights Action raises. Arabella asks that any order entered on the Motion make no finding concerning title to or ownership of the Unit.

***B. Immunity is not a ground for remand***

9. The Motion asks for remand so that the state court may "properly dismiss all claims against Constable Rosen" on his plea to the jurisdiction. Motion ¶¶ 4-5, 14, 24 & Ex. 2. Whether the Constable is immune is the subject of his separate motion

Case 4:26-cv-03592 Document 6-1 Filed in TXSB on 03/26/26 Page 7 of 12

to dismiss, ECF No. 9, and is disputed. The petition seeks only prospective declaratory and injunctive relief against the Constable in his official capacity and disclaims damages. ECF No. 1-1. Immunity does not bar a suit for prospective relief against an official alleged to be acting without legal authority. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 368-69, 372-73 (Tex. 2009). And where specific property has been levied on under a general execution, the levy may be challenged "on the claim that it is not subject to the levy." *Campbell v. Wilder*, 487 S.W.3d 146, 150 (Tex. 2016) (quoting *Carey v. Looney*, 113 Tex. 93, 251 S.W. 1040, 1041-42 (Tex. Comm'n App. 1923, opinion adopted)). The test is "whether injunctive relief can be granted independently of the judgment, not . . . whether the applicant for injunctive relief was a party to the judgment." *Id.* A remand order is not the place to decide that dispute, and Arabella asks that any remand be without prejudice to the claims and defenses of every party.

***C. The removal was not forum shopping***

10. The Motion relies on *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941), for the proposition that a plaintiff that files in state court cannot remove. Motion ¶ 20. *Shamrock Oil* construed a removal statute that limited removal to "the defendant or defendants," and treated Congress's deletion of the earlier "either party" language as "of controlling significance." *Shamrock Oil*, 313 U.S. at 104-08. Section 1452(a) permits "[a] party" to remove "any claim or cause of action in a civil action" over which the district court has jurisdiction under § 1334, 28 U.S.C. § 1452(a), in contrast to § 1441(a)'s "the defendant or the defendants," and

courts read its plain language to extend the removal right beyond the original defendants. *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir. 1985) (under § 1452, "any one party has the right to remove the state court action without the consent of the other parties"); *Lead I JV, LP v. North Fork Bank*, 401 B.R. 571, 577-78 (E.D.N.Y. 2009) (§ 1452(a)'s "plain language grants removal power to any 'party'"); *see also Palisades Collections, LLC v. Shorts*, 552 F.3d 327, 333 (4th Cir. 2008) ("Congress has shown the ability to clearly extend the reach of removal statutes to include counter-defendants, cross-claim defendants, or third-party defendants, *see* 28 U.S.C. § 1452(a)."). The strict-construction language on which the Motion relies "has been qualified by later statutory development." *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 697 (2003).

11. The Motion also characterizes this removal as one more in a series. Motion ¶¶ 3, 14. The removals it catalogues were of the A-Case and the D-Case. *Id.* ¶ 3. This proceeding, Cause No. 2026-63841, had never been removed before. It was removed on September 14, 2026, three days after Arabella filed its Subchapter V petition, and on the basis of that petition. ECF No. 1. The Wyoming case was later dismissed for failure to cure the Clerk's initial-filing deficiency notice, not on any finding of bad faith. ECF No. 13, Ex. 1. Arabella has since filed a new petition in the same court. *In re Arabella PH 3201 LLC*, No. 2:26-bk-20508 (Bankr. D. Wyo. Oct. 22, 2026). Arabella asks that any order entered on the Motion make no finding of bad faith or forum shopping.

*D. Abstention and the equitable factors*

12. Arabella does not contend that this proceeding is core or that it arises under title 11. With the filing of the new case, however, it is no longer a dispute between non-debtors. Arabella is a debtor, the Unit and Arabella's claims in this proceeding are scheduled as property of its estate, and the proceeding is "related to" the new case under 28 U.S.C. § 1334(b). The question under § 1334(c) and § 1452(b), if the Court reaches it, is which court should hear the proceeding. If the reference is withdrawn, that question will be decided by the district court with the proceeding before it.

13. The equitable factors the Motion lists, Motion ¶ 25, come from *Houston Regional Sports Network*, 514 B.R. at 215. Arabella acknowledges that state-law issues predominate. But the Motion's premise, that there is no bankruptcy case left to administer, no longer holds. The first factor, the "effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention," *id.*, now weighs against remand: the Unit is the principal asset of the new estate, and the execution of the writ against it is the subject of this proceeding. In *Houston Regional Sports Network* the court weighed the factors while assuming the reference would be withdrawn, and remanded because the claims had only a remote connection to the estate and no basis for jurisdiction other than § 1334. *Id.* at 216-17. Here the connection to the estate is direct, and factor 4, the "[p]resence of related proceeding commenced in state court or other non-bankruptcy proceeding," *id.* at 215, also points away from remand. The same

controversy over the September 15, 2026 execution is pending in a federal court with jurisdiction under 28 U.S.C. § 1331, in which a jury has been demanded, and remand would split it between two courts with the risk of inconsistent results (factors 11 and 14). Those factors are for the district court to weigh on the Withdrawal Motion.

## IV. ANY REMAND ORDER SHOULD BE LIMITED

14. Removal under § 1452 "is not an all-or-nothing proposition." *Lead I*, 401 B.R. at 588 (quoting *In re Northwood Flavors, Inc.*, 202 B.R. 63, 67 (Bankr. W.D. Pa. 1996)). If the Court grants the Motion, Arabella asks that the order (a) state the ground on which remand rests, as the October 16, 2026 order in Adv. No. 26-03644 did; (b) make no finding concerning title to or ownership of the Unit, the homestead claim, or the Constable's immunity; (c) make no finding of bad faith or forum shopping; (d) be without prejudice to the claims and defenses of every party in the state court and to Arabella's claims in the Civil Rights Action; and (e) state that it does not grant relief from, or determine the scope of, the automatic stay in *In re Arabella PH 3201 LLC*, No. 2:26-bk-20508 (Bankr. D. Wyo. Oct. 22, 2026).

15. Nothing in this response is an admission concerning title to or ownership of the Unit, and nothing in it waives any claim, defense or homestead right of Arabella or of Ali Choudhri. Arabella reserves all of them.

## V. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Arabella asks that the Court make its recommendation on the Withdrawal Motion under Bankruptcy Local Rule 5011-1 and defer ruling on the Motion under Federal Rule of Bankruptcy Procedure 5011(c) until the district court has decided the Withdrawal Motion; alternatively, that any order remanding this proceeding be limited as set out in Part IV; and that the Court grant Arabella such other relief as is just.

Date: October 23, 2026

Respectfully submitted,

*/s/ Courtney A. Vincent*
**Courtney A. Vincent**
Minnesota Bar No.: 0403083
SDTX Bar No.: 3746531
***Vincent Law, PLLC***
1035 Dairy Ashford, Suite 145
Houston, Texas 77079
**Mailing Address:**
P.O. Box 940129
Houston, Texas 77094
Tel: (713) 223-9300
Fax: (832) 603-4444
**info@vincentlawpllc.com**
**ATTORNEY FOR PLAINTIFF ARABELLA PH 3201 LLC**

Joined by Plaintiff Ali Choudhri, pro se:

*/s/ Ali Choudhri*
**Ali Choudhri**
4521 San Felipe, Unit 3201
Houston, Texas 77027
Tel: (281) 630-6627
**ali@jetallcapital.com**
**PLAINTIFF, PRO SE**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on October 23, 2026, a true and correct copy of the foregoing response and proposed order was served through the Court's CM/ECF system on all parties registered to receive electronic notice in this adversary proceeding.

*<u>/s/ Courtney A. Vincent</u>*
**Courtney A. Vincent**